# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| RED BEND LTD., and<br>RED BEND SOFTWARE INC.,<br>　　　　　　　　　　　Plaintiffs,<br><br>-v-<br><br>GOOGLE INC.,<br>　　　　　　　　　　　Defendant. | Civil Action No. 09-CV-11813-DPW<br><br>**FIRST AMENDED COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiffs Red Bend Ltd. and Red Bend Software Inc. ("Red Bend Software") ("Red Bend Ltd." and "Red Bend Software" are referred to herein collectively as "Red Bend"), as and for their complaint against defendant Google Inc. ("Google"), hereby state and allege as follows:

## NATURE OF THE ACTION

1. This is a complaint against Google for patent infringement. Count I sets forth a cause of action for patent infringement of U.S. Patent 6,546,552 (the "'552 Patent") solely owned by Red Bend Ltd.

## THE PARTIES

2. Red Bend Ltd. is an Israeli corporation having its principal place of business at 4 Hacharash St., 12th Floor, Neve Ne'eman B-IZ, Hod Hasharon 45240, Israel.

3. Red Bend Software is a Delaware corporation having its principal place of business at 400-1 Totten Pond Road, Suite 130, Waltham, MA 02451. Red Bend Software is the exclusive licensee within the United States of the '552 Patent.

4. On information and belief, defendant Google is a Delaware corporation having its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

5. On information and belief, defendant Google is a registered foreign corporation in the State of Massachusetts and maintains a regular and established place of business at 20 Park Plaza, Boston, MA 02116.

## JURISDICTION AND VENUE

6. This action arises under the Acts of Congress relating to patents, including Title 35 United States Code § 271 and §§ 281-285.

7. This Court has subject matter jurisdiction under the provisions of Title 28 United States Code §§ 1331 and 1338(a).

8. Upon information and belief, defendant Google does business on a regular and continuous basis in the State of Massachusetts, and in this judicial district.

9. Upon information and belief, defendant Google transacts business with, and/or contracts to supply goods and/or services to, customers located in Massachusetts and in this judicial district. These activities give rise to the causes of action set forth in this Complaint.

10. This Court has personal jurisdiction over Google.

11. Venue is proper within this district under the provisions of Title 28 United States Code § 1391(b)-(c) and § 1400(b).

## FACTUAL BACKGROUND

12. U.S. Patent No. 6,546,552 (the "'552 Patent"), entitled "Difference Extraction Between Two Versions Of Data-Tables Containing Intra-References," is assigned to Red Bend Ltd. The '552 Patent was filed in the United States on August 18, 1999, duly and legally issued on April 8, 2003, and is valid and enforceable. A copy of the '552 Patent is attached hereto as Exhibit A.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,546,552

13. Red Bend restates and realleges the allegations set forth in the preceding Paragraphs 1-12 and incorporates here the allegations of those paragraphs by reference.

14. On information and belief, defendant Google has manufactured, used, sold, and/or offered to sell, in this judicial district and elsewhere in the United States, and/or imported into the United States, systems, products, and/or services that infringe one or more claims of the '552 Patent either literally or under the doctrine of equivalents.

15. On information and belief, defendant Google has manufactured products and provided instructions regarding the use of those products that constitute or effect contributory and/or induced infringement of the '552 Patent.

16. For example, and without limitation, on information and belief, Google's implementation of its differential compression algorithm for making Google Chrome updates significantly smaller (hereinafter "Courgette"), used by Google and, others under the direction and control of Google, in this judicial district and elsewhere in the United States, infringes one or more claims of the '552 Patent.

17. As another example, and without limitation, on information and belief, Google's publication and distribution of the source code for the Courgette algorithm induces others' infringement of one or more claims of the '552 Patent.

18. Defendant Google is liable for directly and indirectly infringing the '552 Patent under 35 U.S.C. § 271.

19. The infringement of the '552 Patent by defendant Google has injured and damaged Red Bend, and will continue to cause Red Bend irreparable harm unless enjoined by this Court.

20. On information and belief, defendant Google has had actual knowledge of the '552 Patent since on or about September 7, 2009.

21. On information and belief, the infringement of the '552 Patent by defendant Google has been willful, deliberate, and intentional.

22. On information and belief, defendant Google is liable for willfully infringing the '552 Patent, thereby making this case exceptional and justifying the imposition of treble damages against defendant and an award of plaintiffs' attorneys' fees under 35 U.S.C. §§ 284-285.

## PRAYER FOR RELIEF

WHEREFORE, Red Bend prays for judgment declaring and/or ordering as follows:

a. That defendant Google has infringed the '552 Patent;

b. That defendant Google has actively induced the infringement by others of the '552 Patent;

c. That defendant Google has contributorily infringed the '552 Patent;

d.  That the infringing, inducing to infringe, and contributorily-infringing actions of defendant Google have been willful, deliberate, and intentional, and in disregard of and/or indifference to Red Bend's patent rights;

e.  In accordance with 35 U.S.C. § 284, that defendant Google be ordered to make or be subjected to a full and prompt accounting for, and to pay to Red Bend, all monetary damages to which Red Bend is entitled (together with prejudgment interest and Red Bend's costs and disbursements) as a consequence of and adequate to compensate for the infringing acts of defendant Google, including but not limited to actual damages, a reasonable royalty, Red Bend's lost profits and lost future profits, and/or other monetary losses, plus interest;

g.  In accordance with 35 U.S.C. § 285, that this case be declared exceptional, and that plaintiffs Red Bend be awarded and Google pay Red Bend's attorneys' fees;

h.  That defendant Google pay Red Bend an amount to be determined covering Red Bend's incidental damages, including but not limited to the injury suffered to Red Bend's good will, plus interest;

i.  That an injunction be entered enjoining and prohibiting the further manufacture, sale, offer for sale, use, provision, or importation by Google of the infringing products or services; and

j.  That Red Bend be awarded its court costs and expenses, and such other and further relief as this Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE**

October 26, 2009

                                  Respectfully submitted,

By: _____
      Daniel Cloherty (BBO# 565772)
      Dwyer & Collora, LLP
      600 Atlantic Avenue - 12th Floor
      Boston, MA 02210-2211
      Telephone:   (617) 371-1000
      Facsimile:    (617) 371-1037

      Robert C. Scheinfeld (RS-2632)
      (Application for Pro Hac Vice
      admission to be submitted)
      Eliot D. Williams (EW-6560)
      (Application for Pro Hac Vice
      admission to be submitted)
      Baker Botts, L.L.P.
      30 Rockefeller Plaza
      44th Floor
      New York, New York 10012-4498
      Telephone:   (212) 408-2500
      Facsimile:    (212) 408-2501

*Attorneys for Plaintiffs Red Bend Ltd. and Red Bend Software Inc.*