UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| RED BEND LTD., and<br>RED BEND SOFTWARE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Civil Action No. 09-cv-11813-DPW<br><br>DECLARATION OF YORAM SALINGER IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION ENJOINING GOOGLE'S INFRINGEMENT |

I, Yoram Salinger, declare as follows:

1. I make this declaration in support of Plaintiffs' motion for a preliminary injunction enjoining Google's infringement. Unless stated as being upon information and belief, the statements made herein are of my own personal knowledge.

2. I am the Chief Executive Officer of Red Bend Software. I assumed this position in August 2001. My duties at Red Bend include managerial responsibility for all of Red Bend's activities and operations, including its research & development, marketing, sales, financing, and other strategic efforts.

3. Red Bend was founded 1999 and is a privately held company with approximately 100 employees worldwide. Red Bend has grown to be the world's leading provider of electronic software distribution technology to reduce the size of software update files, accelerating delivery of software updates to end-users, while using minimal bandwidth. Further information regarding Red Bend may be found at: http://www.redbend.com.

4. Over the last decade, Red Bend has spent a significant amount of money and other resources on its research and development efforts, and on protecting such efforts, as shown by its filing for and obtaining U.S. Patent No. 6,546,552 ("the '552 Patent"), the patent at issue in this case.

5. During that time, Red Bend has also invested a significant amount of money and other resources into marketing its technology covered by the '552 Patent, including through its efforts to license its proprietary software implementation of the techniques covered by the '552 Patent to software developers, service providers, platform owners, and mobile phone manufacturers.

6. A significant portion of Red Bend's revenues is derived from sales and licensing of its proprietary software implementation of the techniques covered by the '552 Patent.

7. Red Bend has been successful in licensing its patented updating technology in the software update market to several companies. This technology has been used both in Internet-delivered update environments and in firmware over the air ("FOTA") implementations.

8. Red Bend's FOTA solution is used in more than 520 million mobile devices by eight of the top ten handset manufacturers, as well as dozens of other leading companies in the mobile, M2M and WiMAX markets who have obtained non-exclusive licenses from Red Bend.

9. Red Bend's non-exclusive licensees are required to pay Red Bend a royalty under their respective license agreements with Red Bend.

10. Red Bend is actively negotiating additional non-exclusive licenses and seeking new partnerships for the expanded use of its updating technology.

11. Red Bend became aware of Google's Courgette on or about July 15, 2009, the date of Google's announcement, and immediately thereafter began conducting an investigation of Google's potential infringement of the '552 Patent.

12. Upon completion of the infringement investigation, I sent Google a cease and desist letter on behalf of Red Bend on September 3, 2009.

13. On September 16, 2009, through the parties' respective lawyers, Red Bend and Google began talks to arrange a meeting to discuss Red Bend's infringement claims.

14. The parties agreed to a truce period during which neither party would file suit against the other for a short period of time.

15. During the truce period, Red Bend again requested that Google remove the offending source code from its website and also requested that Google post a notice on its Internet weblog ("blog") dedicated to its Chrome project, notifying users that they should contact Red Bend for a license before making use of the Courgette code.

16. Google did not remove the code or post the requested notice.

17. The parties' agreed upon truce period ended on October 23, 2009.

18. On October 26, 2009, Red Bend filed the complaint against Google.

19. I met with Google representatives, Linus Upson and David Conway on November 5, 2009 in California in another attempt to reach an amicable resolution.

20. The November 5th meeting ended without resolution.

21. The availability of the infringing Courgette source code on the Internet severely harms Red Bend at least because it is held out as being "open source" and freely available for all to use, without compensation to Red Bend.

22. I believe it is likely that Red Bend's current licensees will cease payment of royalties or refrain from purchasing further licenses from Red Bend because they will be unwilling to pay for techniques they learn to be freely available from Google. For the same reason, I believe it is likely that Red Bend's ability to enter into future licenses with new business partners will be adversely affected.

23. Infringement by users that have downloaded Google's Courgette code is not readily detectable, and Red Bend will therefore have no meaningful mechanism to determine the extent of its damages as a result of that infringement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 17, 2009 at Hod HaSharon, Israel.

By: _____
    Yoram Salinger