UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RED BEND LTD. and RED BEND SOFTWARE INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Civil Action No. 09-cv-11813-DPW |

**DEFENDANT GOOGLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING ON THEIR MOTION FOR A PRELIMINARY INJUNCTION; GOOGLE INC.'S EMERGENCY MOTION FOR MODIFICATION OF BRIEFING SCHEDULE; AND GOOGLE INC.'S EMERGENCY MOTION FOR STATUS CONFERENCE RE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

  Plaintiffs Red Bend Ltd. and Red Bend Software Inc. (collectively, "Red Bend") filed the Complaint against Google on October 26, 2009, three and a half months after learning of and beginning to study the allegedly infringing product. On November 17, 2009, the week before the Thanksgiving holiday, Red Bend served the Complaint, and on the same day filed a motion for a preliminary injunction supported by two conclusory witness declarations and a handful of publicly available documents. Red Bend now demands emergency injunctive relief and an immediate evidentiary hearing in the middle of the holiday season.

  Under Local Rule 7.1, Google's opposition papers are due on December 2, 2009, which is four business days from now and eight from service of the Complaint and the Preliminary Injunction papers. It is not realistic for Google to respond fully to Red Bend's motion in that time period, particularly given the lack of supporting evidence other than naked declarations and Red Bend's failure to provide relevant documents and information to Google. Red Bend's Motion for an Expedited Hearing asks the court to hold a hearing on the preliminary injunction

motion sometime during the week of December 14-18, 2009. This Court recognizes that patent cases are complex, and has even adopted local rules that set out a process for addressing the particular needs of such cases. Red Bend would circumvent the Court's process entirely in favor of what would effectively be a mini-trial less than a month after service of the Complaint. Red Bend's Motion for an Expedited Hearing fails to acknowledge Red Bend's own delay, and offers no justification whatsoever for the requested expedition.

In order to properly oppose Red Bend's motion and avoid unfair surprise at the hearing, Google needs discovery of documents that underlie the declarations but that have not been provided, depositions of the declarants after a reasonable opportunity to examine the documents produced, and a reasonable period of time after the depositions to submit its opposition paper. Google anticipates supporting its opposition paper with fact and expert witness testimony, including at least one expert who will rebut the declaration of Red Bend's expert, Dr. Stephen A. Edwards. Those experts will need to be identified and retained, to undertake an appropriate analysis, and to present their views in appropriate declarations or reports—all undertakings made vastly more difficult by the holiday and the abbreviated briefing calendar. The schedule sought by Red Bend is simply too short to accommodate any of these reasonably necessary steps prior to a hearing on the preliminary injunction motion.[1]

Red Bend has declined to extend the briefing schedule meaningfully or to move back the hearing date it proposed, on the stated ground that it is suffering irreparable harm.[2] But it is

---

[1] Additionally, Google needs to know what claims are genuinely at issue. Red Bend's expert identifies four independent claims and eight dependant claims as the "relevant claims," but provides a claim chart only as to claim 42 - 44. Google respectfully submits that Red Bend should be limited to claim 42-44, but in any event Red Bend must specify by November 25 whether it intends to present evidence on the infringement of any other claims. If Red Bend is seeking a full blown hearing, *inter alia*, on infringement and validity of a dozen claims in the patent, the schedule should be further extended to reflect the scope and complexity of the hearing sought by Red Bend.

[2] Counsel for Google met and conferred with counsel for Red Bend on Friday, November 20, 2009. Red Bend indicated at the time that it was unwilling to agree to have its Motion for Preliminary Injunction heard any later than the requested week of December 14-18. On Monday,

(Footnote Continued on Next Page.)

Google, not Red Bend, at severe risk of being prejudiced. Red Bend seeks an order shutting down Google's updating technology for a web browser used by millions of internet users. Red Bend's delay in seeking that order casts significant doubt on its insistence on a rushed hearing, as well as on the merits of its irreparable harm claim. *See, e.g, Charlesbank Equity Fund II v. Blinds To Go, Inc*., 370 F.3d 151, 163 (1st Cir. 2004) ("[Plaintiff]'s cries of urgency are sharply undercut by its own rather leisurely approach to the question of preliminary injunctive relief. . . . [D]elay between the institution of an action and the filing of a motion for preliminary injunction, not attributable to intervening events, detracts from the movant's claim of irreparable harm."). Red Bend should not be allowed to obtain tactical advantage by delaying for months and then forcing Google to respond to a motion seeking extraordinary relief on short notice over the Thanksgiving holiday—a time when experts and fact witnesses may have limited availability.

Moreover, delay aside, Red Bend's theory of irreparable injury is dubious at best. Red Bend's business is to provide software that allows mobile phone companies to deliver wirelessly firmware updates to devices already in the hands of consumers.[3] Google uses the open source Courgette algorithm to provide software updates to users of its Google Chrome browser.[4] Red Bend does not allege that it and Google are competitors. Under the Supreme Court's recent *eBay, Inc. v. Mercexchange LLC* case, and lower court cases following *eBay*, a patent owner may

---

(Footnote Continued from Previous Page.)

November 23, 2009, Red Bend indicated that it would agree to extend the due date for Google's opposition papers by two days. Because that brief extension will in no way relieve the prejudice to Google, defendant is forced to seek the Court's assistance by this motion.

[3] *See, e.g.,* Corporate Profile *available at* http://www.redbend.com/company/profile.asp (visited Nov. 23, 2009).

[4] *See* Stephen Adams, Smaller is Faster (and Safer Too) available at http://blog.chromium.org/2009/07/smaller-is-faster-and-safer-too.html. Chrome is an open source web browser that Google makes freely available for download without charge. *See* http://www.google.com/chrome. As of November 1, 2009, Chrome was the fourth most widely used web browser, with 3.6% of worldwide usage share. *See* http://marketshare.hitslink.com/browser-market-share.aspx?qprid=0 (visited Nov. 23, 2009).

not be entitled to injunctive relief even after prevailing at a trial on the merits. *eBay, Inc. v. Mercexchange LLC*, 126 S.Ct. 1837 (2006) (holding that permanent injunctive relief against future acts of infringement may be denied even where the patentee succeeded at trial in showing infringement of a valid, enforceable patent). In a concurring opinion joined by three other justices, Justice Kennedy made it clear that permanent injunctive relief may be unwarranted where the patent owner does not compete in the marketplace against the alleged infringer. *Id.* at 1842. Following *eBay*, courts have denied injunctive relief post-trial where the patentee did not actively compete in the same market as the alleged infringer. *See, e.g., z4 Technologies v. Microsoft Corp.*, 434 F. Supp. 2d 437, 440 (E.D. Tex. 2006). Where, as here, the parties are not competitors, Red Bend will not be able to show the required irreparable harm.

Red Bend's apparent theory of irreparable harm—which must be teased from its moving papers—is that because Google has published Courgette as open source software, unknown software developers may use Courgette as the basis for creating software products that do compete with Red Bend. Memo. at 16-17. (Red Bend presents no evidence that any such Courgette-based software product exists or is in development.) It speculates that, if and when such a hypothetical competing Courgette-based software product became available, Red Bend's current customers might stop doing business with Red Bend in favor of this new hypothetical competitor. Memo. at 17-18. (Red Bend offers no evidence that this has actually happened.) Red Bend also suggests that if a hypothetical competing Courgette-based software product became available it would have difficulty in entering into new business relationships with new customers. *Id.* (Again, there is no evidence that this has happened.) As Google will show, Red Bend's theory of irreparable harm is entirely indirect and speculative. This alone will justify the denial of its Motion for Preliminary Injunction. At this stage, the weakness of its theory weighs strongly against the expedited hearing Red Bend seeks, and in favor of vacating the current deadlines until the Court can hold a status conference to set a schedule for the full vetting of the issues presented by Red Bend's Motion.

A/73223804.2/0999992-0000982002

For all of these reasons, Google respectfully urges the Court to deny Red Bend's motion for an expedited hearing on its preliminary injunction. Google in turn moves the Court for an order vacating the current briefing deadlines as to Red Bend's Motion for Preliminary Injunction, and seeks a status conference at which the parties may be heard as to an appropriate schedule for that briefing, the timing of any necessary fact or expert discovery in advance of the hearing, the proper procedure for presentation of relevant claim construction issues, and an appropriate hearing date for Red Bend's Motion for Preliminary Injunction.

For the Court's convenience, we submit as Exhibit A Google's proposed schedule for briefing and hearing on the preliminary injunction motion. Exhibit B hereto is a preliminary list of the discovery the Google intends to propound in order to allow it to prepare its opposition papers and presentation at the hearing.

Dated: November 24, 2009

Google Inc.,

By its attorneys,

/s/ Jonathan M. Albano
Jonathan M. Albano, BBO #013850
jonathan.albano@bingham.com
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA  02110-1726, U.S.A.
617.951.8000

/s/ William F. Abrams
William F. Abrams
william.abrams@bingham.com
BINGHAM McCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223

A/73223804.2/0999992-0000982002

        /s/ Robert C. Bertin
Robert C. Bertin
robert.bertin@bingham.com
Susan Baker Manning
susan.manning@bingham.com
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806, U.S.A.
202.373.6000

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 24, 2009.

        /s/ Jonathan M. Albano, BBO #013850
jonathan.albano@bingham.com

- 6 -

A/73223804.2/0999992-0000982002