# DISCOVERY NECESSARY FOR OPPOSITION TO
# <u>RED BEND'S MOTION FOR PRELIMINARY INJUNCTION</u>

Google intends to seek at least the following discovery as necessary to the preparation of its opposition to Red Bend's Motion for Preliminary Injunction:

**<u>Documents</u>:**

1. Documents relied upon Mr. Yoram Salinger in preparing his declaration.

2. Documents, including license agreements, evidencing any licensing of the patent in suit. *Cf*. Salinger Decl. ¶ 7.

3. Documents, including license agreements, evidencing licensing of Red Bend software allegedly covered by the patent in suit to software developers, service providers, platform owners and mobile phone manufacturers. *See* Salinger Decl. ¶¶ 5 & 6.

4. Documents, including license agreements, evidencing licenses from "eight of the top ten handset manufacturers as well as dozens of other leading companies in the mobile, M2M and WiMAX markets," including any software and patent licenses. *See* Salinger Decl. ¶ 8.

5. Documents evidencing any royalty payments received by Red Bend under any license for the patent in suit, or for any software allegedly covered by the patent in suit. *See* Salinger Decl. ¶¶ 8-9.

6. Technical descriptions of each Red Bend software product alleged to covered by the patent in suit, as well as including marketing literature, functional descriptions, technical descriptions and source code of the software alleged to be covered. *See* Salinger Decl. ¶¶ 5-9.

7. Documents demonstrating any Red Bend sales of any products outside of the mobile devices space, including sales of product to web browser or operating system software providers.

8. All documents that Dr. Edwards identifies in his declaration or Curriculum Vitae, that he relied upon in preparing his declaration, or that he plans to rely upon at the hearing.

9. Documents related to Red Bend's claim that Google infringes or induces the infringement of the patent in suit.

10. Documents related to Red Bend's proposed claim constructions.

11. Documents related to the prosecution of the patent in suit.

12. Documents related to the validity of the patent in suit.

13. All prior art to the patent in suit that Red Bend is aware of, including any correspondence or other communications received by Red Bend identifying prior art that may be relevant to its patents, or identifying other circumstances bearing on the validity of the patent in suit.

14. Documents related to Red Bend's claim that it is suffering irreparable harm, including but not limited to documents related to Red Bend's claim that it is damaged by the alleged infringement, whether Red Bend's purported damages are unquantifiable, Red Bend's business model, customers and product offerings, any licensing of the patent in suit, and any licensing of any software alleged to practice any claim of the patent in suit

15. All documents that Red Bend plans to rely on at the hearing.

**Depositions:**

1. Dr. Stephen A. Edwards

2. Mr. Yoram Salinger

3. Rule 30(b)(6) depositions of Plaintiff regarding:

    - Red Bend's claim that Google infringes or induces the infringement of the patent in suit;

    - Red Bend's proposed claim constructions;

    - the validity of the patent in suit;

    - Red Bend's claim that its software practices the patent in suit, including technical details and functionality; and

    - Red Bend's claim that it is suffering irreparable harm, including but not limited to Red Bend's claim that it is damaged by the alleged infringement, whether Red Bend's purported damages are unquantifiable, Red Bend's business model, customers and product offerings, any licensing of the patent in suit, and any licensing of any software alleged to practice any claim of the patent in suit.