**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| RED BEND LTD., and<br>RED BEND SOFTWARE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Civil Action No. 09-cv-11813-DPW<br><br>**PLAINTIFFS' OPPOSITION<br>TO GOOGLE INC.'S EMERGENCY<br>MOTION FOR MODIFICATION OF<br>THE PRELIMINARY INJUNCTION<br>BRIEFING SCHEDULE** |

Plaintiffs Red Bend Ltd. and Red Bend Software Inc. (collectively "Red Bend") submit this opposition to Defendant Google Inc.'s ("Google") emergency motion for modification of the briefing schedule relating to Red Bend's pending motion for a preliminary injunction to enjoin Google from further infringement of Red Bend's U.S. Patent No. 6,546,552 ("the '552 Patent").

### I.     Preliminary Statement

Red Bend seeks preliminary injunctive relief because, as explained in Red Bend's memorandum in support of its motion for a preliminary injunction (Dkt. 8), Google's Courgette algorithm infringes Red Bend's '552 Patent and Red Bend is being irreparably harmed by Google's continued, open and very public infringement of the '552 Patent. Google's motion for modification of the briefing schedule imposed by the local rules should be denied because: (1) it would delay a hearing on Red Bend's motion for preliminary injunction for three months, during which time Red Bend would continue to suffer irreparable harm; and (2) it would severely prejudice Red Bend by providing Google with plenary, unilateral discovery from Red Bend and 73 days to prepare an opposition to the motion for preliminary injunction, while providing Red Bend with no discovery, and only 7 days to prepare a reply to any new matters raised in Google's opposition. Moreover, Google's motion relies upon numerous misleading statements

NY02:672640.2

1

of fact. For these reasons, Red Bend respectfully opposes Google's motion to modify the briefing schedule.

## II. Google's Attempt to Rebut Red Bend's Showing of Irreparable Harm Is Meritless

### A. Red Bend Has Not Delayed

Google cites *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 163 (1st Cir. 2004) for the proposition that delay between bringing an action and seeking injunctive relief undercuts a movant's claim of irreparable harm. (*See* Google Br. at 3). Red Bend does not dispute that proposition of law, but there simply was no delay here. Red Bend filed this action on October 26, 2009 and filed its motion for a preliminary injunction three weeks later on November 17, 2009. During that three week period, Red Bend was pursuing settlement discussions with Google in an attempt to convince Google to voluntarily refrain from further infringement. The final meeting occurred on November 5, 2009, and Red Bend filed its motion only 12 days later. (*See also* Dkt. 8, Red Bend's Mem. in Support of its Motion for a Preliminary Injunction at 7-8 (setting forth history of parties' attempted resolution discussions, including in person meetings in October and November 2009)). In contrast, in the *Charlesbank* case, the plaintiff "waited more than a year after the commencement of the action to seek an injunction." *Id.* at 163. Thus, Google's cries of delay "for months" (*see* Google Br. at 3) on the part of Red Bend are factually incorrect, and lack merit.

Although Google does not appear to argue that Red Bend unnecessarily delayed between learning of Google's likely infringement and seeking injunctive relief, such an argument would similarly be meritless. During the approximately three months between when Red Bend learned Google was potentially infringing and the filing of this action, Red Bend was diligently investigating Google's potentially infringing activities, and attempting to reach an amicable resolution with Google without court involvement. This type of delay is not only excusable, but also desirable, as it permits the parties to resolve disputes without consuming judicial resources. *See, e.g., Advanced Commc'n Design, Inc. v. Premier Retail Networks, Inc.*, 46 Fed. Appx. 964,

984 (Fed. Cir. 2002) (unpublished table decision) (noting delay in requesting preliminary relief is excused where there are good explanations for the delay, such as negotiations between the parties and recent knowledge of infringement). Indeed, a contrary rule would unnecessarily burden the courts as it would require plaintiffs to bring a motion for preliminary injunction without first investigating and attempting to resolve the matter informally.

### B. Google Will Not Suffer Prejudice By the Grant of Red Bend's Motion

Google takes the position that if any of the parties will suffer harm here, it would be Google, because shutting down Google's Courgette updates would affect millions of Internet users. (Google Br. at 2-3). However, prior to July 15, 2009, the date that Google began implementation of the infringing Courgette updates, Google presumably updated Chrome using a non-infringing technology. Google could simply revert back to that technology, or it could use any prior art techniques that do not infringe the '552 Patent.

Moreover, Google does not (and cannot) explain why it would be harmed if the Court merely ordered it to discontinue publishing the infringing source code on the Internet (as Red Bend requests), in violation of Red Bend's patent rights.

Even if Google would be harmed by being ordered to stop its flagrant (and admittedly abundant (*see* Google Br. at 3 n.4)) infringement, such harm does not outweigh the damage to the patent system that would be done by delaying resolution of Red Bend's motion. "[P]rotection of patents furthers a strong public policy . . . advanced by granting preliminary injunctive relief when it appears that, absent such relief, patent rights will be flagrantly violated." *H.H. Robertson, Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 391 (Fed. Cir. 1987) (citation omitted).

### C. Google and Red Bend are Competitors

Google also asserts that Red Bend and Google are "not competitors," and that as such Red Bend's claim of irreparable harm is therefore "dubious." (Google Br. at 3). On the contrary, Red Bend and Google are indeed competitors, and Red Bend has lost and is likely to

lose more business to Google. (*See* Salinger Decl. ¶¶ 3-4).[1] For this reason, the case law relied upon by Google is inapposite. (*See* Google Br. at 3-4, citing *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006) and *z4 Techs. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 440 (E.D. Tex. 2006)).

In *eBay*, the concurring opinion cited by Google recognized that courts should take into account whether the patentee is *only* in the business of obtaining patent licensing fees, *i.e.,* is not itself commercializing the patent. *See eBay*, 126 S. Ct. at 1842 (Kennedy, J., concurring). That situation is not present here. As fully explained in Red Bend's memorandum in support of its motion for a preliminary injunction and the declaration of Mr. Salinger in support thereof (*see* Dkt. 9), Red Bend is the world's leading provider of software updating technology and is an active supplier in the marketplace. Further, Google's reliance on *z4 Techs.* misses the mark. There, the court found a lack of irreparable harm based on its conclusion that "[t]here is no logical reason that a potential consumer or licensee of z4's technology would have been dissuaded from purchasing or licensing z4's product activation technology for use in its own software due to Microsoft's infringement." 434 F. Supp. 2d at 440. By contrast, Google's continued use and distribution will dissuade consumers and/or licensees from purchasing or licensing Red Bend's updating technology at least because Google is currently offering that technology for free with instructions on how to download the technology from the Internet and put it to use. (*See* Dkt. 8, Red Bend's Mem. in Support of its Motion for a Preliminary Injunction at 16-18). This is not a speculative or hypothetical harm as Google suggests. The harm is real. Thus, Google's arguments regarding irreparable harm lack merit.

At least for the above reasons, including the facts that Red Bend has not delayed, that Google has not and will not suffer prejudice, that Google and Red Bend are indeed competitors,

---

[1] Citations to "Salinger Decl." refer to the Declaration of Yoram Salinger in Opposition to Google's Emergency Motion for Modification of the Preliminary Injunction Briefing Schedule attached hereto as Exhibit A.

and Red Bend is and will continue to suffer irreparable harm pending resolution of its preliminary injunction motion, the schedule should remain as is, with an expedited hearing date.

### III. Google's Proposed Scheduling Order Is Unreasonable

#### A. Google's Proposed Schedule Is Unfairly Prejudicial to Red Bend

Google proposes a schedule that would give it 73 days to develop defenses and prepare an opposition to Red Bend's motion for preliminary injunction, while providing Red Bend with only 7 days to prepare a reply to the matters raised in Google's opposition. The vast disparity in the time allotted for briefing in Google's schedule is alone sufficient to show that it is unfairly prejudicial to Red Bend and should be rejected.

More importantly, Google's schedule seems designed to unnecessarily delay the hearing on Red Bend's motion for preliminary injunction. Google's proposal is to delay that hearing for three months, during which time Google would continue to openly infringe Red Bend's patent and distribute the infringing source code publicly over the Internet. This delay, coupled with ongoing infringement, would irreparably harm Red Bend. *See Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994) ("A strong showing of likelihood of success on the merits coupled with continuing infringement raises a presumption of irreparable harm to the patentee"). "[T]o permit infringement during the pendency of suit would be to grant a license valid as long as the infringer could contest the suit, and encourage others to infringe as well." *Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1581 (Fed. Cir. 1983) (citation omitted).

Worse, Google has known about Red Bend's claims since at least approximately September 9, 2009. Google led Red Bend into believing that it wanted to engage in resolution discussions to avoid litigation. Red Bend, so believing, participated in an in-person meeting with Google on October 21, 2009 and laid out in clear and concise terms the bases of its infringement claims, providing detailed claim charts and intricate technical explanations. For Google to complain now that it does not have sufficient notice or time, and to request an additional 73 days beyond the time it already knew about Red Bend's allegations can only mean one thing:

Google's strategy all along has been to delay, at Red Bend's expense, hoping this Court would never reach the merits of Red Bend's claims.

### B. Red Bend's Proposed Schedule Is Fair And Should Be Adopted

In the event that the Court decides to modify the current schedule for the due date of Google's opposition to Red Bend's motion for a preliminary injunction, Red Bend proposes the following schedule for events relating to its preliminary injunction motion:

| Event | Date |
| --- | --- |
| Both Red Bend and Google exchange relevant documents | December 3, 2009 |
| Deadline for Google to complete depositions of Red Bend's declarants | December 10, 2009 |
| Google's Opposition Brief due | December 14, 2009 |
| Deadline for parties to request documents not previously requested, limited to documents relevant to issues raised in Google's opposition | December 15, 2009 |
| Deadline for parties to produce documents requested on December 15, 2009 | December 18, 2009 |
| Deadline for Red Bend to complete depositions of Google's declarants | December 23, 2009 |
| Red Bend's Reply Brief due | December 31, 2009 |
| Hearing on Red Bend's motion for a preliminary injunction | Week of Jan. 4, 2010 |

Red Bend's schedule provides Google with 17 business days from filing to prepare an opposition and provides Red Bend with 11 business days from the opposition to prepare a reply. The schedule should also permit a full development of the issues and a hearing in early January.

### C. Any Expedited Discovery Should Be Reciprocal

On November 24, 2009, Google sent Red Bend correspondence requesting the production of documents relevant to Red Bend's pending preliminary injunction motion. (Exh.

NY02:672640.2

6

1,[2] 11/24/09 Letter from Google). (*See also* Google Br. at 2). Red Bend informed Google on the same day that it would produce the requested documents on November 30th if Google would similarly agree to produce documents relevant to Red Bend's pending motion. (Exh. 2, 11/24/09 Letter from Red Bend). Google refused that request. (Exh 3, 11/25/09 Letter from Google). Google's position that Red Bend should unilaterally be obligated to produce documents and provide witnesses for deposition while Google withholds relevant information does not pass muster under the Federal Rules. Red Bend is aware of no authority (and Google cites none) that would permit the type of one-sided discovery process Google proposes. *Cf. Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D. 225, 227 (D. Mass. 2003) ("The broad scope of the discovery rules reflects a policy that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" ) (citation omitted).

Accordingly, Red Bend respectfully requests that the Court Order that any discovery conducted in conjunction with Red Bend's preliminary injunction motion be reciprocal. Although Red Bend has already articulated to Google categories of documents it seeks,[3] Red Bend is unable to formulate a complete list of document requests until Google identifies the bases and evidence (if any) upon which it intends to oppose Red Bend's motion.[4]

For the foregoing reasons, Red Bend respectfully requests that Google's motion for modification of the briefing schedule be denied. In the alternative, Red Bend requests that its proposed schedule for the conduct of the preliminary injunction proceedings be adopted.

---

[2] Citations to "Exh. __" refer to the Exhibits attached to the Declaration of Jennifer C. Tempesta submitted contemporaneously herewith.
[3] *See* Exh. 2.
[4] For instance, in the event Google raises an invalidity defense, Red Bend would seek discovery relating and tailored to such defense. *See* Manual for Complex Litigation (4th Ed.) § 33.24. But until Google raises such a defense, it would be premature for Red Bend to seek such discovery.

November 27, 2009                                            Respectfully submitted,

                                          By: __/s/ Daniel J. Cloherty___
                                                Daniel J. Cloherty (BBO# 565772)
                                                Dwyer & Collora, LLP
                                                600 Atlantic Avenue - 12th Floor
                                                Boston, MA 02210-2211
                                                Telephone:  (617) 371-1000
                                                Facsimile:   (617) 371-1037

                                                Robert C. Scheinfeld (admitted PHV)
                                                Eliot D. Williams (admitted PHV)
                                                Jennifer C. Tempesta (admitted PHV)
                                                Baker Botts, L.L.P.
                                                30 Rockefeller Plaza
                                                44th Floor
                                                New York, New York  10012-4498
                                                Telephone:  (212) 408-2500
                                                Facsimile:   (212) 408-2501

                                          *Attorneys for Plaintiffs Red Bend Ltd. and Red Bend Software Inc.*


## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 27, 2009.

                                                                 __/s/ Daniel J. Cloherty___