# EXHIBIT 2

# BAKER BOTTS LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
**NEW YORK**
PALO ALTO
RIYADH
WASHINGTON

November 24, 2009

**BY ELECTRONIC MAIL**

Eliot D. Williams
TEL +1 212.408.2563
FAX +1 212.259.2563
Eliot.Williams@BakerBotts.com

Susan Baker Manning, Esq.
Bingham McCutchen LLP
2020 K Street NW
Washington, DC 20006-1806

Re:   Red Bend Ltd. v. Google Inc., Case No. 09-cv-11813

Dear Ms. Manning:

We write in response to your letter of today's date, in advance of your deadline because Red Bend appreciates the urgency.

### Discovery

Regarding your request that Red Bend produce by November 30, 2009 its documents relating to the contentions made in its motion for a Preliminary Injunction, we are amenable to that request, subject to Google's agreement to make a similar production. It would obviously be inequitable for only one party to have the benefit of discovery prior to the preliminary injunction hearing, and as we can certainly agree, the Federal Rules of Civil Procedure do not countenance litigation by ambush. Accordingly, Red Bend will provide the information requested in your letter, assuming Google similarly agrees to produce the following by November 30, 2009:

> 1) All documents regarding Courgette (and any predecessor or subsequent projects within Google involving the development or use of a differential compression algorithm), including Courgette's development and use, and discussions regarding Google's decision to release Courgette as open source, and to announce Courgette as a "new" algorithm; (2) all documents referencing, reflecting or referring to Red Bend or the patent-in-suit, including all documents indicating when Google first learned of the patent-in-suit and all documents concerning Google's meetings and exchanges with, and considerations regarding, Red Bend in 2008 and 2009 (and earlier, if any); and (3) any and all documents supporting or tending to refute Google's defense to Red Bend's pending preliminary injunction motion.

Because the exchange of documents is likely to raise issues of confidentiality, we propose the attached draft protective order to govern the exchange of discovery materials. We look forward to your comments on our proposal as soon as possible.

NY02:672611.1

### Declaration of Dr. Edwards

As to your contention that "Claim 42 is therefore the only claim at issue for purposes of Red Bend's Motion for a Preliminary Injunction," we disagree. As an initial matter, we are surprised by your flatly incorrect assertion that Professor Edwards "provides a claim chart only as to claim 42." Professor Edwards's declaration contains numerous claim charts as exhibits covering all of the relevant claims. Exhibit A to his declaration is a chart summarizing his opinions regarding the meaning of claim terms and phrases in all of the asserted independent claims (8, 21, 42, and 55). Exhibit B to his declaration is a series of charts summarizing his infringement analysis regarding claims 42, 43, and 44.

Additionally, the text of Professor Edwards's declaration provides a detailed explanation of the bases for his opinion that "all limitations of at least the relevant claims [defined in paragraph 1 of his Declaration to be claims 8-10, 21-23, 42-44 and 55-57] of the '552 patent are met by Google's Courgette and the published source code available to all Internet users." (Edwards Decl. ¶¶ 8, 21-25).

Professor Edwards further explains that the claims not explicitly identified in Exhibit B to his declaration "differ only in a few words" from the claims he explicitly analyzed in those charts. (Edwards Decl. ¶ 8). In particular, as reflected in the attached appendix, claim 8 differs from claim 42 only in the substitution of "executable program" for the phrase "data table." As reflected in Exhibit A of Professor Edwards's declaration, an "executable program is one example of a data table." Claims 9 and 10 are identical to claims 43 and 44, which are addressed in Exhibit B. Claims 55-57 differ from claims 42-44 only in that the word "method" is replaced with "system" and that they introduce a "processing device capable" of performing the steps recited in claims 42-44. As reflected in Professor Edwards's declaration "the difference between a 'system for generating a . . . difference' and a 'method for generating a . . . difference' is insubstantial: it is understood that the method is performed on a processor when Google generates a Courgette patch." (Edwards Decl. ¶ 25). Finally, claims 21-23 differ from claims 42-44 only in that they introduce both of the substitutions mentioned above (i.e. (1) substitution of "executable program" for the phrase "data table" and (2) substitution of the word "method" for "system" and introduction of a "processing device capable" of performing the steps recited in claims 42-44). Accordingly, the declaration of Professor Edwards fully supports Red Bend's contention that at least claims 8-10, 21-23, 42-44 and 55-57 of the '552 Patent are infringed.

Although we agree that the Federal Circuit has held that "the claims of a patent define the invention," this does not require an expert to mindlessly duplicate his earlier testimony when it clearly applies mutatis mutandis to similar claims. *See, e.g., Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1305 (Fed. Cir. 2007) ("we think it desirable for a witness to incorporate earlier testimony in order to avoid duplication"). Accordingly, we must reject your suggestion that claim 42 is the "only claim at issue for purposes of Red Bend's Motion for a Preliminary Injunction."

We look forward to hearing from you quickly regarding the discovery issue discussed above.

Sincerely,

Eliot D. Williams

Enclosures

APPENDIX TO LETTER OF NOVEMBER 24, 2009 FROM WILLIAMS TO MANNING

## COMPARISON OF CLAIMS 42-44 TO CLAIMS 8-10, 21-23, AND 55-57 OF THE '552 PATENT

**Comparison of claims 42-44 to claims 8-10**

~~42.~~**8.** A method for generating a compact difference result between an old ~~data table~~**executable program** and a new ~~data table~~**executable program**; each ~~data table~~**program** including reference entries that contain reference that refer to other entries in the ~~data table~~**program**; the method comprising the steps of: (a) generating a modified old ~~data table~~**program** utilizing at least said old ~~data table~~**program**; (b) generating a modified new ~~data table~~**program** utilizing at least said new ~~data table~~**program**, said modified old ~~data table~~**program** and modified new ~~data table~~**program** have at least the following characteristics: (i) substantially each reference in an entry in said old ~~data table~~**program** that is different than corresponding entry in said new ~~data table~~**program** due to delete/insert modifications that form part of the transition between said old ~~data table~~**program** and new ~~data table~~**program** are reflected as invariant references in the corresponding entries in said modified old and modified new ~~data tables~~**programs**; (c) generating said compact difference result utilizing at least said modified new ~~data table~~**program** and modified old ~~data table~~**program**.

~~43.~~**9.** The method of claim ~~42.~~**8,** further comprising the step of: (d) transmitting said compact difference result over a communication network.

~~44.~~**10.** The method of claim ~~43.~~**9,** wherein said network includes the Internet.


**Comparison of claims 42-44 to claims 55-57**

~~42.~~**55.** A ~~method~~**system** for generating a compact difference result between an old data table and a new data table; each data table including reference entries that contain reference that refer to other entries in the data table; the ~~method~~**system** comprising ~~the steps~~**a processing device capable** of: (a) generating a modified old data table utilizing at least said old data table; (b) generating a modified new data table utilizing at least said new data table, said modified old data table and modified new data table have at least the following characteristics: (i) substantially each reference in an entry in said old data table that is different than corresponding entry in said new data table due to delete/insert modifications that form part of the transition between said old data table and new data table are reflected as invariant references in the corresponding entries in said modified old and modified new data tables; (c) generating said compact difference result utilizing at least said modified new data table and modified old data table.

~~43.~~**56.** The ~~method~~**system** of claim ~~42.~~**55, wherein said processor is** further ~~comprising the step of: (d)~~**capable of** transmitting said compact difference result over a communication network.

~~44.~~**57.** The ~~method~~**system** of claim ~~43.~~**56,** wherein said network includes the Internet.

**Comparison of claims 42-44 to claims 21-23**

~~42.~~ **21.** A ~~method~~**system** for generating a compact difference result between an old ~~data table~~**executable program** and a new ~~data-table~~**executable program**; each ~~data-table~~**program** including reference entries that contain reference that refer to other entries in the ~~data table~~**program**; the ~~method~~**system** comprising ~~the steps~~**a processing device capable** of: (a) generating a modified old ~~data-table~~**program** utilizing at least said old ~~data-table~~**program**; (b) generating a modified new ~~data-table~~**program** utilizing at least said new ~~data-table~~**program**, said modified old ~~data-table~~**program** and modified new ~~data-table~~**program** have at least the following characteristics: (i) substantially each reference in an entry in said old ~~data table~~**program** that is different than corresponding entry in said new ~~data-table~~**program** due to delete/insert modifications that form part of the transition between said old ~~data-table~~**program** and new ~~data-table~~**program** are reflected as invariant references in the corresponding entries in said modified old and modified new ~~data-tables~~**programs**; (c) generating said compact difference result utilizing at least said modified new ~~data-table~~**program** and modified old ~~data-table~~**program**.

~~43.~~ **22.** The ~~method~~**system** of claim ~~42.~~**21, wherein said processor is** further ~~comprising the step of: (d)~~**capable of** transmitting said compact difference result over a communication network.

~~44.~~ **23.** The ~~method~~**system** of claim ~~43.~~**22,** wherein said network includes the Internet~~.~~