Red Bend Software, Inc. et al v. Google
Doc. 20 Att. 3

# EXHIBIT 3

Dockets.Justia.com

BINGHAM

Susan Baker Manning
Direct Phone: 202.373.6172
Direct Fax: 202.373.6472
susan.manning@bingham.com

November 25, 2009

**VIA ELECTRONIC MAIL**

Eliot D. Williams, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, NY 10012-4498

Re: *Red Bend Ltd. v. Google Inc.*, Case No. 09-cv-11813

Dear Mr. Williams:

I write in response to your letter of yesterday evening. Red Bend assumes that the parties are similarly situated as to the Motion for a Preliminary Injunction. This is not the case.

Google reiterates its request that Red Bend promptly produce documents supporting or tending to refute its infringement and irreparable injury contentions because Google has a right to defend itself, and to obtain the evidence necessary to do so. You may refer to the papers we filed yesterday for the discovery that Google needs Red Bend to produce and the schedule upon which we believe this should be done. Neither Google nor the Court is obligated to take Red Bend's word on issues such as, for example, validity and irreparable injury. Having moved for a preliminary injunction, Red Bend cannot be heard to claim that it has any equivalent need for additional evidence to support its already-filed motion. If Red Bend believes that it cannot bear its burden of proof based on the declarations and documents submitted—a proposition with which we agree—then the proper course is for Red Bend to withdraw the motion, and for the parties to proceed to discovery in the usual course. Red Bend cannot, however, use the preliminary injunction motion as a way to jump-start discovery several months early.

Moreover, the categories of documents Red Bend asks Google to produce are overbroad in the extreme, sweeping in potentially large volumes of documents that are either redundant or entirely irrelevant to the already-filed preliminary injunction motion. As Red Bend emphasizes in its papers, Courgette is published as open source code. It is available for download, and Red Bend has in fact had the Courgette code since mid-July. Red Bend does not need, and is not entitled to, anything more at this stage. As to documents supporting Google's defense to the preliminary injunction motion, we will submit evidence in support of our opposition when it is filed.

We will review Red Bend's proposed protective order, and respond under separate cover.

Sincerely yours,

Susan Baker Manning

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

+1.202.373.6000
+1.202.373.6001
bingham.com

A/73226338.1