UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RED BEND LTD. and RED BEND
SOFTWARE INC.,

        Plaintiffs,

   v.

GOOGLE INC.,

        Defendant.

Civil Action No. 09-cv-11813-DPW

**DEFENDANT GOOGLE INC.'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR MODIFICATION OF BRIEFING SCHEDULE**

     Nothing in Plaintiffs' Opposition to Google's Emergency Motion for Modification of Briefing Schedule—or even in its Motion for a Preliminary Injunction—shows that Red Bend is being irreparably harmed *at all*, much less that it would be harmed by an extension to the schedule to allow the parties to address the preliminary injunction in a fair and orderly fashion. Google wants to get to the merits of the Motion for a Preliminary Injunction. But it also wants to ensure that those merits are fairly and adequately addressed—something that cannot be done on the expedited schedule Red Bend seeks, or even on the slightly extended schedule it proposes in the alternative. There should be a meaningful opportunity for Google to discover the basis for Red Bend's claims, and to prepare and present its evidence and arguments in opposition, many of which will implicate complex issues of patent law. The schedule Google proposes is more than fair to Red Bend while also giving Google a chance to get to the bottom of Red Bend's allegations. Google respectfully requests that its proposed schedule be adopted.

## I. GOOGLE'S PROPOSED SCHEDULING ORDER WILL NOT PREJUDICE RED BEND.

Red Bend will not be prejudiced by the requested modification of the briefing schedule.[1] As shown in Google's opening Emergency Motion for Modification of Briefing Schedule, Red Bend's own significant delay in filing suit, and longer delay in seeking extraordinary relief, weighs heavily against any claim that it might be prejudiced by being required to move forward in an orderly fashion. And Red Bend's only argument that it would be prejudiced by a modification of the briefing schedule is its generic—and, as we have already shown, highly dubious—assertion of irreparable harm. Red Bend cannot insist that the Court rush to an immediate hearing on its irreparable injury allegations merely on the ground that it alleges irreparable injury; Red Bend can justify expedition based only on evidence, and in fact it has presented none.

### A.    Red Bend's delay

Although Red Bend denies that it has delayed in seeking extraordinary relief, the facts are otherwise. By its own admission, Red Bend has known about Google's allegedly infringing open source Courgette algorithm for months. *See* Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction ("Memo.") at 7. Having begun to study Courgette in mid-July, Red Bend waited two months before notifying Google of its purported patent rights, and almost three and a half months before filing suit on October 26, 2009. *Id*. at 7-8. Red Bend waited another three weeks, until November 17, 2009, to serve Google, and on the same day filed a motion for preliminary injunction.[2] That four-plus month delay was entirely of Red Bend's choosing. The

---

[1] At the same time it filed its Emergency Motion for Modification of Briefing Schedule, Google made an Emergency Motion for Status Conference re Plaintiffs' Motion for Preliminary Injunction. Although not noted in the Opposition, the parties contacted Chambers on Wednesday, November 25, 2009 to request that status conference jointly and to inquire as to the Court's available calendar. In light of the agreed-upon extension of the opposition date to December 4, the parties jointly requested a status conference prior to that date. Later that day, the Court issued its order setting the upcoming December 2, 2009 status conference.

[2] Red Bend complains that under Google's proposed schedule Google would have 73 days from the time of Red Bend's filing to prepare its opposition, a time that includes three

(Footnote Continued on Next Page.)

teaching of *Charlesbank* that delay weighs against any claim of irreparable harm is fully applicable, whether the delay is calculated from the filing of the complaint (as in *Charlesbank*) or from learning of the alleged infringement (as here). *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 163 (1st Cir. 2004) ("The longer the delay, the more pervasive the doubt."). *See also, e.g., Nutrition 21 v. United States*, 930 F.2d 867, 872 (Fed. Cir. 1991) (seven month delay was "substantial" and "suggests that the status quo does not irreparably damage" the plaintiff); *Abbott Labs. v. Selfcare, Inc.*, 17 F. Supp. 2d 43, 50 (D. Mass. 1998) ("if it took nine months for Abbott to examine the accused devices and assess the intricacies of the home pregnancy test market, it would seem manifestly unfair to be quick to enter a preliminary injunction against the defendants after they had less than two months' notice that their products are accused"); *Wang Lab. v. Mitsubishi Elecs. Am.*, 1993 U.S. Dist. LEXIS 15075 *39-40 (C.D. Cal. May 24, 1993) ("Significant delay between a patentee's awareness of infringement and the application for a preliminary injunction undercuts the argument that the patentee's injury is truly irreparable[.]")

Red Bend does not deny that it would be greatly—and unfairly—advantaged by taking four months to study the allegedly infringing product, to marshal its evidence and argument, and to prepare its moving papers, and then require Google to oppose in just two weeks. The prejudice to Google would be profound.[3] Red Bend, however, merely argues that a longer schedule will harm "the patent system," *not that it will harm Red Bend*. Opp. at 3. And, of

---

(Footnote Continued from Previous Page.)

major holidays. Opp. at 5. If fails to note that it took far longer—125 days—to prepare and file its preliminary injunction motion.

[3] Red Bend's argument that Google will not be prejudiced by a grant of the Motion for a Preliminary Injunction is irrelevant to the scheduling issues. *Cf.* Opp. at 3. That issue will be addressed on the merits of the Motion for a Preliminary Injunction, and is not before the Court at this point. *See Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375-76 (Fed. Cir. 2009) (court is to consider the balance of equities when exercising its discretion to grant or deny preliminary injunction).

course, the patent system argument assumes that Red Bend has justified the preliminary injunction, which, as Google will show, it has not.

> B. **There is no evidence that Red Bend will be harmed as a result of the briefing and hearing schedule Google proposes.**

As noted in Google's Motion, Red Bend's theory of irreparable harm is that because Google has published Courgette as open source software, unknown software developers may use Courgette as the basis for creating software products that compete with Red Bend. It presents no evidence that any such Courgette-based software product exists or is in development. Red Bend further speculates that, if and when such a hypothetical competing Courgette-based software product became available, its current customers might stop doing business with Red Bend in favor of this new hypothetical competitor, and that Red Bend might have difficulty in entering into new business relationships with new customers. Red Bend offers no evidence that either hypothetical situation has actually happened, or even will be likely to happen.

Red Bend's opposition to Google's proposed schedule is premised on these unsubstantiated claims of harm. Opp. at 5. Red Bend goes too far when it asks the Court to assume that the modified schedule will harm it. Here, as with the preliminary injunction motion itself, Red Bend must demonstrate likely harm, but it has failed to do so.[4]

---

[4] Red Bend asks this Court to presume irreparable harm. The requested presumption is contrary to *eBay, Inc. v. Mercexchange LLC*, in which the Supreme Court rejected just such a "general rule" of entitlement and "categorical" grants of injunctive relief in patent cases. 126 S.Ct. 1837, 1841 (2006) (holding that permanent injunctive relief may be denied even where the patentee succeeded at trial in showing infringement of a valid, enforceable patent). Although the Federal Circuit has not addressed the issue explicitly, the majority of the district courts that have considered the matter have held that the presumption of irreparable harm in preliminary injunction cases involving patents did not survive eBay. *See, e.g., Voile Mfg. Corp. v. Dandurand*, 551 F. Supp. 2d 1301 (D. Utah 2008) ("eBay eliminated the presumption of irreparable harm in preliminary injunction cases") (noting majority position and citing cases).

## C. Courgette and Chrome Do Not Compete With Red Bend's Products

Red Bend's business is to provide software that allows mobile phone companies to wirelessly deliver firmware updates to devices already in the hands of consumers.[5] Red Bend argues that it competes with Google, and submits a declaration from Yoram Salinger, its CEO. Although as Mr. Salinger notes, Google has a broad range of business activities, his carefully worded declaration does *not* claim that Courgette, the only product Red Bend accuses of infringing, is relevant to Red Bend's business. Declaration of Yoram Salinger in Opposition to Google's Emergency Motion for Modification of the Preliminary Injunction Briefing Schedule ¶ 3. *See also* First Amended Complaints at ¶¶ 16-17 (identifying only Cougette as an allegedly infringing product). As is well known, Google has developed an open source operating system for mobile devices called Android. Red Bend does not, and cannot, contend that Android is at issue in this action, or that Courgette is used to update Android software running on mobile devices. Courgette is used to update the Chrome web browser running on PCs.[6] Red Bend does not accuse anything other than Courgette of infringing.

Mr. Salinger's bare-bones assertion, based on "information and belief," that Red Bend's customers "and/or potential customers have used or are considering use of Google's update software instead of Red Bend's update software" is utter speculation and entitled to no weight whatsoever. *Cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (equitable relief may not be premised upon speculative claims of future injury); *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 163 (1st Cir. 2004) ("'tenuous or overly speculative forecast of

---

[5] *See, e.g.,* Corporate Profile *available at* http://www.redbend.com/company/profile.asp (visited Nov. 23, 2009).

[6] *See* Stephen Adams, Smaller is Faster (and Safer Too), *available at* http://blog.chromium.org/2009/07/smaller-is-faster-and-safer-too.html ("We have just started using a new compression algorithm called Courgette to make Google Chrome updates small."). Chrome is an open source web browser that Google makes freely available for download without charge. *See* Why use Google Chrome? *available at* http://www.google.com/chrome/intl/en/features.html ("Google Chrome is a web browser that runs web pages and applications with lightning speed.")

anticipated harm'" cannot suffice to show irreparable injury) (quoting *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19 (1st Cir. 1996)); *Matrix Group Limited, Inc v. Rawlings Sporting Goods Company, Inc.*, 378 F.3d 29, 34 (1st Cir. 2004) (affirming denial of preliminary injunction where irreparable injury claim was "speculative and unsubstantiated"); *In re Rare Coin Galleries of America, Inc.*, 862 F.2d 896, 902 (1st Cir. 1988) ("Speculation or unsubstantiated fears of what may happen in the future cannot provide the basis for a preliminary injunction."). Such baseless speculation is Red Bend's only rationale for opposing the time-frames of Google's proposed schedule.

## II. RED BEND'S PROPOSED ALTERNATIVE SCHEDULE DOES NOT PROVIDE ADEQUATE TIME FOR GOOGLE'S OPPOSITION, AND WOULD UNFAIRLY ADVANTAGE PLAINTIFFS.

There are two principal problems with Red Bend's proposed alternative schedule. First, Red Bend seeks the benefits of plenary discovery—and its concomitant burdens on Google—as part of the preliminary injunction process. This is wholly unjustified. Red Bend has no right to take discovery to support its already-filed Motion. Although Google does not oppose giving Red Bend limited discovery after Google files its opposition such as, for example, depositions of its declarants, that discovery should be narrowly focused on the issues presented by the forthcoming opposition. The parties can address Red Bend's desire for broader discovery once discovery in fact opens.

Second, Red Bend would rush the parties through the preliminary injunction process on a time-line that is only incrementally better than the default schedule, and one that would still prejudice Google by denying it reasonable time to investigate Red Bend's assertions, and to prepare an opposition. And Red Bend would do so for no reason other than Red Bend's speculative claim of harm.

### A. Red Bend May Not Use Its Preliminary Injunction Filing to Jump Start Discovery.

Red Bend does not dispute that Google should be able to take discovery related to Red Bend's Preliminary Injunction Motion so as to defend itself. After all, neither Google nor the

- 6 -

Court is obligated to take Red Bend's word on issues such as, for example, validity and irreparable injury. Red Bend misses the mark, however, when it assumes that it is similarly entitled to discovery.

Red Bend has already filed its Preliminary Injunction Motion. Having done so, Red Bend cannot claim that it has any equivalent need for discovery of evidence to support its already-filed motion. Red Bend may not file first and gather evidence later. If Red Bend believes that it cannot bear its burden of proof based on the declarations and documents submitted—a proposition with which Google agrees—then the proper course is for Red Bend to withdraw the motion, and for the parties to proceed to discovery in the usual course. Red Bend cannot, however, use the preliminary injunction motion as a way to jump-start discovery several months early.

On November 24, Google requested that Red Bend produce by November 30 documents supporting or tending to refute the infringement and irreparable injury claims made in the Preliminary Injunction Motion. Declaration of Jennifer C. Tempesta in Support of Plaintiffs' Opposition to Google Inc.'s Emergency Motion for Modification of the Preliminary Injunction Briefing Schedule ("Tempesta Decl.") (Dkt. 20), Ex. 1. Red Bend refused to produce such documents unless Google would produce at the same time:

> 1) All documents regarding Courgette (and any predecessor or subsequent projects within Google involving the development or use of a differential compression algorithm), including Courgette's development and use, and discussions regarding Google's decision to release Courgette as open source, and to announce Courgette as a "new" algorithm; (2) all documents referencing, reflecting or referring to Red Bend or the patent-in-suit, including all documents indicating when Google first learned of the patent-in-suit and all documents concerning Google's meetings and exchanges with, and considerations regarding, Red Bend in 2008 and 2009 (and earlier, if any); and (3) any and all documents supporting or tending to refute Google's defense to Red Bend's pending preliminary injunction motion.

*Id.*, Ex. 2. Google declined to comply with this manifestly unreasonable demand. *Id.*, Ex. 3.

As Google explained to Red Bend, Red Bend's first demand that Google produce "[a]ll documents regarding Courgette" in two mere business days was wildly overbroad and unduly burdensome. Moreover, as Red Bend acknowledges in its papers, Courgette is published as open source code. It is available for download, and Red Bend has in fact had the Courgette code since mid-July. It is difficult to imagine how any document Google might have could be more pertinent than the code itself. Red Bend does not need, and is not entitled to, anything more at this stage, especially when the issue before this Court is whether Red Bend's *already-filed* Preliminary Injunction Motion demonstrates that Courgette likely infringes a valid, enforceable patent. *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008) (party seeking preliminary injunction bears the burden of proving 1) that it is likely to succeed on the merits; 2) that it is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest); *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375-76 (Fed. Cir. 2009) (to obtain a preliminary injunction, a patent-owner must establish, among other things, "that it will likely prove infringement, and that it will likely withstand challenges, if any, to the validity of the patent").

As to the second broad request, most of the documents appear to be irrelevant.[7] Regarding the third category, Google has already assured Red Bend that it will submit evidence in support of its opposition at the time of filing. Tempesta Decl., Ex. 3. But there is no cause to require Google to produce its supporting evidence well in advance. That would do nothing but impose another burden on Google at a time when it is working diligently to marshal the evidence and prepare its opposition, while unfairly advantaging Red Bend by giving it yet more time to review newly obtained discovery.

---

[7] Categories like "all documents referencing, reflecting or referring to Red Bend" are obviously overbroad. Indeed, the category is so broad that it goes well beyond documents "relevant to any party's claim or defense." Fed R. Civ. P. 26(b). Documents that are merely "relevant to the subject matter" of the action are discoverable upon a showing of good cause. *Id*.

Google stands by its already-stated willingness to provide the evidence that will back up its opposition. Google is also amenable to allowing Red Bend to depose its declarants prior to the filing of a reply (assuming the Court authorizes a reply). But Google opposes Red Bend's requests that Google be required to produce documents before filing its opposition, to produce broad categories of documents not pertinent to the specific issues addressed in its forthcoming opposition papers, or to respond to seriatim document requests during the preliminary injunction process.

### B. Google's proposed schedule sets out an appropriate and fair time-table.

Both parties propose deadlines for Red Bend's production of relevant documents,[8] Google's depositions of Red Bend's declarants, the opposition, the reply, and the hearing. Under Red Bend's proposal, the process would be abbreviated by six weeks compared to Google's proposed schedule.

Red Bend's proposal would do little to alleviate the threat of prejudice to Google. First, Red Bend proposes to extend the time for Google to file its opposition by just six business days beyond what it has already agreed to. Under Red Bend's proposed schedule, Google would receive an unknown number of documents, rush to review and digest that evidence, and then take both fact and expert depositions—to say nothing of preparing the actual opposition papers for the Court's review—all by December 14.

That is simply an unreasonably short period of time for Google to prepare its presentation on the complex issues of patent law necessarily implicated by Red Bend's Motion, including non-infringement, invalidity, and claim construction—issues that are normally addressed under this Court's Local Patent Rules in just over a year. And, of course, Google's briefing will not be

---

[8] Red Bend would require Google to produce discovery at the same time, a suggestion Google opposes for the reasons discussed above.

so limited; it will also address the preliminary injunction-specific issues such irreparable harm—an issue on which Red Bend necessarily holds most of the evidence.

After the filing of Google's opposition, Red Bend would allocate for itself a second round of discovery requests, to which Google would be required to respond in just four days. While Google is amenable to moving quickly, the breadth of Red Bend's opening document requests suggests that this turn-around time is wholly unreasonable. As noted above, Red Bend has had the Courgette source code for months, and Google has agreed to produce additional supporting evidence with its opposition. Red Bend does not need broad discovery—and certainly not the seriatim discovery it proposes—because it has or will soon have all the documents it needs to respond to Google's opposition papers.

Google's proposed schedule lays out a proper path forward. Red Bend should be required to produce documents relevant to the issues raised in its Motion, and to do so quickly. (Google proposed December 22.) Google should be given a reasonable time to review and analyze that evidence. It should then be able to depose Red Bend's declarants. (Google proposed a January 15 deadline, driven in part by the intervening holidays.) Once it has obtained that evidence, Google should be allowed reasonable time to prepare and file its opposition papers. (Google proposed January 29, 2009, two weeks after the key depositions.)

Red Bend objects that Google's Proposed Scheduling Order includes a reply brief due one week after Google's opposition. Opp. at 1. Red Bend argues in the first instance that the Preliminary Injunction should be briefed on the time-tables little-extended from those set out in the Court's local rules. *Id*. *See also supra* n.1. Under those rules, Red Bend would *not* as a matter of course be entitled to reply. *See* L.R. 7.1(b)(3) (reply briefs may be submitted only with leave of court). Google's proposal is more than reasonable and in fact would advantage Red

- 10 -

A/73228581.1/3010182-0000343244

Bend by allowing it to reply without seeking further leave of Court,[9] while also preventing the prejudice that might result from an eve-of-hearing filing.

Google does not oppose Red Bend's request for eleven business days to reply If Google opposes on January 29 as proposed, the eleventh business day following would be February 15. If Red Bend wishes to file a reply on that day, it would be appropriate to move the hearing from the week of February 15 to the week of February 22 so as to allow all parties an opportunity to prepare their presentations of evidence.

| Preliminary Injunction Process Event | Google's Proposal | Red Bend's Proposal |
|---|---|---|
| Red Bend's production of requested documents<br><br>[Red Bend proposes, and Google opposes, mutual production] | December 22, 2009 | December 3, 2009 |
| Last day for Red Bend to make Mr. Salinger and Dr. Edwards available for deposition on the subjects discussed in their declarations | January 15, 2010 | December 10, 2009 |
| Google to file opposition to Red Bend's preliminary injunction motion. | January 29, 2010 | December 14, 2009 |
| Parties to request production of additional documents relevant to Google's opposition | None proposed<br><br>[Google opposes seriatim requests] | December 15, 2009 |
| Parties to produce additional documents requested | None proposed<br><br>[Google opposes seriatim requests; will produce documents in support of its opposition] | December 18, 2009 |
| Red Bend to complete depositions of Google's declarants | None proposed | December 23, 2009 |

---

[9] Numerous courts that allow replies as a matter of course require that they be filed one week after any opposition. *See, e.g.,* N.D Cal. L.R. 7-3.

| Preliminary Injunction Process Event | Google's Proposal | Red Bend's Proposal |
|---|---|---|
| Red Bend to file any reply brief in support of preliminary injunction motion. | February 5, 2010<br><br>[Google amendable to February 15 to accommodate Red Bend's requested time for reply] | December 31, 2009 |
| Hearing on Preliminary Injunction Motion, including any technology tutorial and argument on claim construction issues | Week of February 15, 2010<br><br>[Google amenable to moving to week of February 22 to accommodate Red Bend's requested time for reply] | Week of January 4, 2010 |

For these reasons, and the reasons set forth in Google's Emergency Motion for Modification of Briefing Schedule, Google respectfully requests that the Court vacate the current briefing schedule, and adopt Google's proposed schedule for briefing and hearing Red Bend' Motion for Preliminary Injunction.

Dated: November 30, 2009

Google Inc.,

By its attorneys,

Jonathan M. Albano, BBO #013850
jonathan.albano@bingham.com
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726, U.S.A.
617.951.8000

William F. Abrams (*pro hac vice*)
william.abrams@bingham.com
BINGHAM McCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223

Robert C. Bertin(*pro hac vice*)
robert.bertin@bingham.com
Susan Baker Manning (*pro hac vice*)
susan.manning@bingham.com
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806, U.S.A.
202.373.6000

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 30, 2009.

      /s/ Jonathan M. Albano, BBO #013850
      jonathan.albano@bingham.com