UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RED BEND LTD. and<br>RED BEND SOFTWARE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 09-cv-11813<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT GOOGLE INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' INDIRECT INFRINGEMENT CLAIMS

#### INTRODUCTION

Defendant Google Inc. hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss in part the Amended Complaint filed by Plaintiffs Red Bend Ltd. and Red Bend Software Inc. (collectively, "Red Bend") for failure to state a claim upon which relief can be granted. Red Bend accuses Google in conclusory terms of directly infringing its U.S. Patent No. 6,546,552 ("the '552 patent"), of contributory infringement, and also of inducing others to infringe the '552 patent. What Red Bend's Amended Complaint lacks, however, is facts. Red Bend fails to allege any facts that could support its claims for contributory infringement or inducement. Federal Rule of Civil Procedure 8 and binding Supreme Court precedent require more. Google therefore respectfully urges the Court to dismiss Red Bend's Amended Complaint insofar as it purports to make claims for inducement and contributory patent infringement.

**STATEMENT OF FACTS**

Red Bend filed suit on October 26, 2009, filing on that day both a Complaint (Dkt. 1) and later a First Amended Complaint (Dkt. 5).[1] It waited another three weeks, until November 17, 2009, to serve the Complaint on Google, and on the same day filed a motion for preliminary injunction. The Amended Complaint is the operative pleading in the case. Fed. R. Civ. P. 15(a)(1).

According to the Amended Complaint, Red Bend Ltd., an Israeli corporation, owns the '552 patent, and Red Bend Software, a Delaware corporation, is the exclusive U.S. licensee of the '552 patent. (Amd. Comp. ¶ 1-3.) Red Bend alleges that the '552 patent, entitled "Difference Extraction Between Two Versions Of Data-Tables Containing Intra-References," was filed on August 18, 1999, and issued on April 8, 2003. (*Id*. ¶ 12.)

The Amended Complaint alleges that Google infringes one or more claims of the '552 patent under 35 U.S.C. § 271 through "implementation of its differential compression algorithm for making Google Chrome updates significantly smaller (hereinafter 'Courgette')." (*Id*. ¶ 16; *see also id.* ¶¶ 14, 18.) In a wholly conclusory manner, Red Bend also alleges that "Google has manufactured products and provided instructions regarding the use of those products that constitute or effect contributory and/or induced infringement," and that "Google's publication and distribution of the source code for the Courgette algorithm induces others' infringement of one or more claims of the '552 Patent." (*Id*. ¶¶ 17, 18.) Red Bend fails to allege that any third party has actually taken the source code and done anything with it that could directly infringe the '552 patent. Nor does Red Bend allege that Google is aware of infringement by any third party.

---

[1] The differences between the Complaint and the Amended Complaint are not substantive.

# ARGUMENT

## I. LEGAL STANDARD FOR MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 S. Ct. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 S. Ct. at 555, 557).

The Supreme Court elaborated upon *Twombly's* plausibility standard in *Iqbal*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

129 S. Ct. at 1949 (internal citations and quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" should not be considered by the court, and do not suffice to push a complaint over the line from possibility to plausibility. *Id.* This pleading standard promulgated under *Twombly* and *Iqbal* applies not only to claims for direct infringement, but applies to claims of contributory infringement and inducement. *Id.* at 1953; *see also Mallinckrodt Inc. v. E-Z-EM Inc.*, No. 09-228-JJF, __ F. Supp. 2d __, 2009 WL 4023134 at *4 (D. Del. Nov. 20, 2009).

## II. RED BEND'S CLAIMS OF INDIRECT INFRINGEMENT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6)

Red Bend's claims of contributory patent infringement and induced patent infringement are deficient under Rule 8 and should be dismissed. Rule 8(a)(2) requires that Red Bend include

in its Amended Complaint facts that would allow the Court to "draw the reasonable inference that" Google has induced or contributed to the infringement of Red Bend's patents. *Iqbal*, 129 S. Ct. at 1949. Red Bend's Amended Complaint is wholly devoid of facts supporting its indirect infringement claims and, accordingly, those claims fail under Rule 8.

### A. Red Bend's Claim for Contributory Infringement Should Be Dismissed

The Patent Act contemplates liability for indirect, in addition to direct, infringement. 35 U.S.C. § 271. "Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement." *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004); *see also Mallinckrodt,* 2009 WL 4023134, at *3 ("In order to prevail on an indirect infringement claim, a plaintiff must first demonstrate direct infringement, then establish that the defendant possessed the requisite knowledge or intent to be held vicariously liable.") (internal quotation omitted); *see also, e.g., Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement of infringement or contributory infringement without an underlying act of direct infringement.").

Contributory infringement arises when one sells a component of a patented machine, or an apparatus for practicing a patented process, knowing that it is made or especially adapted for infringing use, and that it has no substantial non-infringing use. 35 U.S.C. § 271(c); *MacNeill Eng'g Co., Inc. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201 (D. Mass. 1999) ("The material elements of contributory infringement . . . are (1) knowledge that an article is being used as a material element in an infringing product and (2) a showing that the article being used is not a staple item of commerce with no substantial noninfringing uses.") (internal quotations and citations omitted).

The Amended Complaint fails to state a claim for contributory patent infringement. It avers only that "defendant Google has manufactured products and provided instructions regarding those products that constitute or effect contributory . . . infringement of the '552

patent." (Comp. ¶ 15.) This recitation of a legal conclusion does not suffice to state a claim. *Iqbal,* 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions").

The only facts entitled to the presumption of truth in Red Bend's bare allegation of contributory infringement are that Google has manufactured a product (elsewhere identified in the Amended Complaint as Courgette) and has provided instructions regarding that product. These facts, standing alone, are insufficient to establish a plausible claim for contributory infringement. *Iqbal*, 129 S. Ct. at 1949 ("[F]acts that are merely consistent with a defendant's liability . . . stop short of the line between possibility and plausibility of entitlement to relief") (internal quotations omitted).

Red Bend's contributory infringement claim is deficient under Rule 8 for at least three reasons. First, Red Bend fails to allege that any third party has in fact directly infringed the '552 patent. There can be no contributory without a related direct infringement by someone somewhere. *See, e.g., Advanced Analogic Techs, Inc. v. Kinetic Techs, Inc.*, No. C-09-1360, 2009 WL 1974602, at *1 (N.D. Cal. July 8, 2009) (dismissing plaintiff's claims of inducement and contributory infringement on the ground that plaintiff failed to allege direct infringement by a third party). Second, Red Bend fails to allege that the source code for Courgette, which Google has posted as open source software code, has become a "component" or "material element" of any separate infringing product. In fact, no products other than Google's Chrome product and the Courgette source code itself are named in the Complaint. Finally, Red Bend fails to allege that Google "knew that the combination for which [its] component was especially designed was *both* patented and infringing." *Mallinckrodt,* 2009 WL 4023134 at *4 (emphasis added) (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)). Here, there are no factual allegations that Google knew its product was a component of an infringing product. Moreover, there are no allegations that Courgette was especially designed to infringe or, in other words, that there are no substantial non-infringing uses. In this regard, Red Bend merely identifies Courgette as a "differential compression algorithm … for making updates smaller,"

with no allegations that Courgette is any more related to the '552 patent than any of the other differential compression algorithms for software updates that are in common use and have been for a long time. Since Red Bend's complaint fails to allege facts that support these necessary elements, Red Bend has failed to state a plausible claim for contributory infringement and this claim must be dismissed.

### B. Red Bend's Claim for Inducing Infringement Should Be Dismissed

Inducement, a second type of indirect infringement liability, arises when one party actively induces another party to infringe. 35 U.S.C. § 271(b). As with contributory infringement, direct infringement by a third party is a fundamental prerequisite of induced infringement. *Dynacor*, 363 F.3d at 1272; *see also Linear Tech.*, 379 F.3d at 1326.

The Amended Complaint alleges that "upon information and belief, defendant Google has manufactured products and provided instructions regarding those products that constitute or effect . . . induced infringement of the '552 patent." (Amd. Comp. ¶ 15.) The Amended Complaint further alleges that "Google's publication and distribution of the source code for the Courgette algorithm induces others' infringement of one or more claims of the '552 patent." (*Id*. ¶ 17.) Under *Iqbal*, the legal conclusion that Google induces others to infringe may not be accepted as true in determining whether Red Bend has presented a plausible claim for inducement. 129 S. Ct. at 1949. As with its claims for contributory infringement, the only facts entitled to an assumption of truth are that Google has manufactured Courgette, has provided instructions regarding that product, and has published and distributed the source code for the Courgette algorithm. Without more, these facts are insufficient to establish a plausible claim for inducing patent infringement. *Iqbal*, 129 S. Ct. at 1949.

Here too, Red Bend has failed to allege that the use of Google's product, source code and instructions resulted in direct infringement by a third party. *See Diomed, Inc. v. Angiodynamics, Inc.*, 450 F. Supp. 2d 130, 148 (D. Mass. 2006) (To prove that one has induced infringement under § 271(b), "the patentee must show, first that there has been direct infringement[.]"); *Ondeo Nalco Co. v. Eka Chemicals, Inc.*, No. 01-537, 2002 U.S. Dist. LEXIS 26195, at *5 (D. Del.

Aug. 10, 2002) (dismissing counterclaim for induced infringement because counterclaim plaintiff failed to allege direct infringement by a party other than counterclaim defendant).

Moreover, Red Bend fails to allege that Google knew or should have known that providing Courgette along with instruction for use or publishing the source code for the algorithm would cause others to infringe the '552 patent. *Diomed*, 450 F. Supp. 2d at 148 ("[T]he patentee must show . . . that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."); *Malinckrodt,* 2009 WL 4023134 at *4 (to induce infringement, an alleged infringer must either have known "or should have known his actions would induce actual infringements") (citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc)). Red Bend fails to allege any facts showing that Google intentionally or actively induced any party to infringe; it rests only on legal conclusions to that effect. *Iqbal*, 129 S. Ct. at 1949. Since Red Bend's complaint fails to allege facts that support these necessary elements, Red Bend has failed to state a plausible claim for inducement and this claim must be dismissed.

## III.  CONCLUSION

Red Bend's claims of contributory infringement and inducing infringement are insufficient under Rule 8 and should therefore be dismissed.

Dated: December 1, 2009

Respectfully Submitted,

Google Inc.,

By its attorneys,

/s/ Susan Baker Manning
Jonathan M. Albano, BBO #013850
jonathan.albano@bingham.com
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA  02110-1726, U.S.A.
617.951.8000

- 7 -

A/73227309.6

> William F. Abrams
> william.abrams@bingham.com
> BINGHAM McCUTCHEN LLP
> 1900 University Avenue
> East Palo Alto, CA 94303-2223
>
> Robert C. Bertin
> robert.bertin@bingham.com
> Susan Baker Manning
> susan.manning@bingham.com
> BINGHAM MCCUTCHEN LLP
> 2020 K Street, NW
> Washington, DC 20006-1806, U.S.A.
> 202.373.6000

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 1, 2009.

> /s/ Susan Baker Manning
> susan.manning@bingham.com