UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RED BEND LTD. and <br> RED BEND SOFTWARE INC., <br>         Plaintiffs, <br>   v. <br> GOOGLE INC., <br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) NO. 09-cv-11813 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| GOOGLE INC., <br>        Counterclaim-Plaintiff, <br>   v. <br> RED BEND LTD. and <br> RED BEND SOFTWARE INC., <br>        Counterclaim-Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT GOOGLE INC.'S ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant Google Inc., by its undersigned attorneys, hereby answers Plaintiffs Red Bend Ltd. and Red Bend Software, Inc.'s First Amended Complaint ("the Complaint") filed in the above captioned action in accordance with the numbered paragraphs in the Complaint. Specific responses to the averments of Red Bend Ltd. and Red Bend Software, Inc. (collectively, "Red Bend") are set forth below, but except as otherwise specifically admitted, all averments of the Complaint are hereby denied.

A/73234524.2

## NATURE OF THE ACTION

1. This is a complaint against Google for patent infringement. Count I sets forth a cause of action for patent infringement of U.S. Patent 6,546,552 ("the '552 Patent") solely owned by Red Bend Ltd.

**Answer**

Google admits that Red Bend has filed a complaint, and that Count I of said complaint purportedly sets forth a cause of action for infringement of the '552 patent. Google specifically denies that it, either directly or indirectly, has infringed or is infringing the '552 patent. Except as admitted, Google lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and therefore denies the same.

2. Red Bend Ltd. is an Israeli corporation having its principal place of business at 4 Hacharash St., 12th Floor, Neve Ne'eman B-IZ, Hod Hasharon 45240, Israel.

**Answer**

Google admits that Red Bend Ltd. purports to be properly organized and existing as a corporation under the laws of the State of Israel with a principal place of business located at 4 Hacharash St., 12th Floor, Neve Ne'eman B-IZ, Hod Hasharon 45240, Israel. Except as admitted, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies the same.

3. Red Bend Software is a Delaware corporation having its principal place of business at 400-1 Totten Pond Road, Suite 130, Waltham, MA 02451. Red Bend Software is the exclusive licensee within the United States of the '552 Patent.

**Answer**

Google admits that Red Bend Software purports to be properly organized and existing as a corporation under the laws of the State of Delaware with a principal place of business located at 400-1 Totten Pond Road, Suite 130, Waltham, MA 02451. Except as admitted, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies the same.

4. On information and belief, defendant Google is a Delaware corporation having its principal place of business located at 1600 Amphitheater Parkway, Mountain View, CA 94043.

**Answer**

Google admits the allegations contained in paragraph 4.

5. On information and belief, defendant Google is a registered foreign corporation in the State of Massachusetts and maintains a regular and established place of business at 20 Park Plaza, Boston, MA 02116.

**Answer**

Google admits that it is a registered foreign corporation in the State of Massachusetts. Google denies that it maintains a regular and established place of business at 20 Park Plaza, Boston, MA 02116.

**JURISDICTION AND VENUE**

6. This action arises under the Acts of Congress relating to patents, including Title 35 United States Code § 271 and §§ 281-285.

**Answer**

Google admits that the Complaint purports to assert claims under Acts of Congress relating to patents. Google denies that it, either directly or indirectly, infringes, has infringed, or will infringe the '552 patent, and further denies that Red Bend is entitled to any relief under Title 35 United States Code § 271 and §§ 281-285.

7. This Court has subject matter jurisdiction under the provisions of Title 28 United States Code §§ 1331 and 1338(a).

**Answer**

Google admits that Plaintiffs' Complaint purports to assert claims for patent infringement over which this court has subject matter jurisdiction under the provisions of Title 28 United States Code §§ 1441 and 1338(a).

8. Upon information and belief, defendant Google does business on a regular and continuous basis in the State of Massachusetts, and in this judicial district.

**Answer**

Google admits the allegations contained in paragraph 8.

9. Upon information and belief, defendant Google transacts business with, and/or contracts to supply goods and/or services to, customers located in Massachusetts and in this judicial district. These activities give rise to the causes of action set forth in this Complaint.

**Answer**

Google admits that it transacts business with, and/or contracts to supply goods and/or services to, customers located in Massachusetts and in this judicial district. Except as expressly admitted, Google denies the remaining allegations contained in paragraph 9.

10. This Court has personal jurisdiction over Google.

**Answer**

Paragraph 10 contains a legal conclusion to which no answer is required. To the extent an answer is required, Google admits that this Court has personal jurisdiction over it.

11. Venue is proper within this district under the provisions of Title 28 United States Code § 1391(b)-(c) and § 1400(b).

**Answer**

Paragraph 11 contains a legal conclusion to which no answer is required. To the extent an answer is required, Google admits the allegations contained in paragraph 11.

**FACTUAL BACKGROUND**

12. U.S. Patent No. 6,546,552 (the "'552 Patent"), entitled "Difference Extraction Between Two Versions Of Data-Tables Containing Intra-References," is assigned to Red Bend Ltd. The '552 Patent was filed in the United States on August 18, 1999, duly and legally issued on April 8, 2003, and is valid and enforceable. A copy of the '552 Patent is attached hereto as Exhibit A.

**Answer**

Google admits that the '552 patent is on its face entitled "Difference Extraction Between Two Versions Of Data-Tables Containing Intra-References." Google admits that the face of the patent indicates that it was filed in the United States on August 18, 1999, and that it issued on April 8, 2003. Google admits that a copy of the '552 patent is attached to the Complaint as Exhibit A. Google lacks knowledge or information to form a belief as to the assignment of the '552 patent and therefore denies the allegation. Google specifically denies that the '552 patent is valid or enforceable against Google.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,546,552

13. Red Bend restates and realleges the allegations set forth in the preceding Paragraphs 1-12 and incorporates here the allegations of those paragraphs by reference.

**Answer**

Google incorporates by reference each of its answers to paragraphs 1-12 above, as if fully set forth herein.

14. On information and belief, defendant Google has manufactured, used, sold, and/or offered to sell, in this judicial district and elsewhere in the United States, and/or imported into the United States, system, products, and/or services that infringe one or more claims of the '552 Patent either literally or under the doctrine of equivalents.

**Answer**

Google denies the allegations contained in paragraph 14.

15. On information and belief, defendant Google has manufactured products and provided instructions regarding the use of those products that constitutes or effect contributory and/or induced infringement of the '552 Patent.

**Answer**

Google denies the allegations contained in paragraph 15.

16. For example, and without limitation, on information and belief, Google's implementation of its differential compression algorithm for making Google Chrome updates significantly smaller (hereinafter "Courgette"), used by Google and, others under the direction and control of Google, in this judicial district and elsewhere in the United States, infringes on or more claims of the '552 patent.

**Answer**

Google admits that it possesses a differential compression algorithm known as Courgette for making Google Chrome web browser updates. Except as expressly admitted, Google denies the remaining allegations contained in paragraph 16.

17. As another example, and without limitation, on information and belief, Google's publication and distribution of the source code for the Courgette algorithm induces other's infringement of one or more claims of the '552 Patent.

**Answer**

Google admits that it has published the source code for the Courgette algorithm. Except as expressly admitted, Google denies the remaining allegations contained in paragraph 17.

A/73234524.2

18. Defendant Google is liable for directly and indirectly infringing the '552 Patent under 35 U.S.C. § 271.

**Answer**

Google denies the allegations contained in paragraph 18.

19. The infringement of the '552 Patent by defendant Google has injured and damaged Red Bend, and will continue to cause Red Bend irreparable harm unless enjoined by this Court.

**Answer**

Google denies the allegations contained in paragraph 19.

20. On information and belief, defendant Google has had actual knowledge of the '552 Patent since on or about September 7, 2009.

**Answer**

Google admits that it received correspondence dated on its face September 3, 2009 referencing the '552 patent. Except as expressly admitted, Google denies the allegations contained in paragraph 20.

21. On information and belief, the infringement of the '552 Patent by defendant Google has been willful, deliberate, and intentional.

**Answer**

Google denies the allegations contained in paragraph 21.

22. On information and belief, defendant Google is liable for willfully infringing the '552 Patent, thereby making this case exceptional and justifying the imposition of treble damages against defendant and an award of plaintiffs' attorneys' fees under 35 U.S.C. §§ 284-285.

**Answer**

Google denies the allegations contained in paragraph 22.

**PRAYER FOR RELIEF**

WHEREFORE, Red Bend prays for judgment declaring and/or ordering as follows:

a. That defendant Google has infringed the '552 Patent;

b. That defendant Google has actively induced the infringement by others of the '552 Patent;

c. That defendant Google has contributorily infringed the '552 Patent;

d. That the infringing, inducing to infringe, and contributorily-infringing actions of defendant Google have been willful, deliberate, and intentional, and in disregard of and/or indifference to Red Bend's patent rights;

e. In accordance with 35 U.S.C. § 284, that defendant Google be ordered to make or be subjected to a full and prompt accounting for, and to pay to Red Bend, all monetary damages to which Red Bend is entitled (together with prejudgment interest and Red Bend's costs and disbursements) as a consequence of and adequate to compensate for the infringing acts of defendant Google, including but not limited to actual damages, a reasonable royalty, Red Bend's lost profits and lost future profits, and/or other monetary losses, plus interest;

g. [sic] In accordance with 35 U.S.C. § 285, that this case be declared exceptional, and that plaintiffs Red Bend be awarded and Google pay Red Bend's attorneys' fees;

h. [sic] That defendant Google pay Red Bend an amount to be determined covering Red Bend's incidental damages, including but not limited to the injury suffered to Red Bend's good will, plus interest;

i. [sic] That an injunction be entered enjoining and prohibiting the further manufacture, sale, offer for sale, use, provision, or importation by Google of the infringing products or services; and

j. [sic] That Red Bend be awarded its court costs and expenses, and such other and further relief as this Court may deem just and equitable.

**Answer**

Google denies that Red Bend is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

Red Bend's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE: INVALIDITY

The claims of the '552 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL

Red Bend is barred, in whole or in part, from obtaining any relief sought in the Complaint by the doctrine of prosecution history estoppel, and Red Bend is estopped from claiming that the '552 patent covers any accused Google product or its use.

### FOURTH AFFIRMATIVE DEFENSE: LACHES AND ESTOPPEL

By its delay in asserting the claims stated in the First Amended Complaint and otherwise through their conduct, Red Bend is barred, in whole or in part, from obtaining relief sought in the Complaint by the doctrines of laches and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE: NO INFRINGEMENT**

Google has not infringed and does not directly infringe, contributorily infringe, or induce infringement of any valid and enforceable claim of the '552 patent.

**SIXTH AFFIRMATIVE DEFENSE: ADEQUATE REMEDY AT LAW**

Red Bend's claim for injunctive relief is barred because Red Bend has an adequate remedy at law.

**RESERVATION OF RIGHTS**

Google reserves the right to assert any additional defenses that discovery may reveal.

**PRAYER FOR RELIEF**

WHEREFORE, Google denies that any of its products, services, or processes infringe any valid and enforceable claim of the '552 patent, and it further denies that Red Bend is entitled to any judgment against Google whatsoever. Google prays for relief on the Complaint as follows:

A. That the relief requested by plaintiff in its Complaint be denied, that judgment be entered for Google, and that the Complaint be dismissed with prejudice with costs and attorneys' fees incurred in defending against Red Bend's First Amended Complaint awarded to Google

B. Such other and further relief as has been requested by Google in its Counterclaims.

C. Such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS OF DEFENDANT AND COUNTERCLAIM-PLAINTIFF GOOGLE, INC.

By this counterclaim against Counterclaim-Defendants Red Bend Ltd. and Red Bend Software Inc. (collectively "Red Bend"), Counterclaim-Plaintiff Google Inc. seeks a declaration that it has not infringed U.S. Patent 6,546,552 ("the '552 Patent") and that the '552 Patent is invalid.

### THE PARTIES

1. Google is a Delaware corporation having its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

2. On information and belief, Red Bend Ltd., is an Israeli corporation having its principal place of business at 4 Hacharash St., 12th Floor, Neve Ne'eman B-IZ, Hod Hasharon 45240, Israel.

3. On information and belief, Red Bend Software is a Delaware corporation having its principal place of business at 400-1 Totten Pond Road, Suite 130, Waltham, MA 02451.

### JURISDICTION

4. This counterclaim is for declaratory judgment arising under the Patent Laws of the United States, Title 35 and the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202.

5. Present, genuine, and justiciable controversies exist between Google and Red Bend regarding infringement of U.S. Patent No. 6,546,552 under the patent laws of the United States, Title 35 of the United States Code, §§ 101, *et seq*.

6. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

7. By filing suit in this district, Red Bend has purposefully availed itself of the benefits and protections of the laws of the district and is therefore subject to personal jurisdiction in the District of Massachusetts. In addition, this Court has personal jurisdiction over the Counterclaim-Defendants because Red Bend Software has its principal place of business in Massachusetts, and Red Bend Ltd. has purposefully availed itself of the district by conducting business through Red Bend Software, its purported exclusive U.S. licensee of the '522 patent.

8. Venue is proper in this district under 28 U.S.C. § 1391 and by virtue of Red Bend asserting, pursuant to 28 U.S.C, § 1400, a claim for patent infringement in this District in response to which these Counterclaims are asserted.

## STATEMENT OF CLAIM

9. As pled by Counterclaim Defendants, Red Bend Ltd. is the sole owner of the '552 patent.

10. As pled by Counterclaim Defendants, Red Bend Software is the exclusive U.S. licensee of U.S. Patent 6,546,552, entitled "Difference Extraction Between Two Versions Of Data-Tables Containing Intra-References."

11. On October 26, 2009, Red Bend filed a Complaint in the District of Massachusetts accusing Google of infringing the '552 patent. Specifically, Red Bend accused Google of infringing the '552 patent by implementing its differential compression algorithm known as Courgette, and by publishing and distributing the source code for the

Courgette algorithm. Also on October 26, 2009, Red Bend filed a First Amended Complaint in the District of Massachusetts alleging the same.

12. Google disputes the validity of the '552 Patent and denies that it has infringed the '552 Patent.

13. On information and belief, Red Bend's allegations are without substantial basis thereby making this case exceptional under 35 U.S.C. § 285 and entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action due to Red Bend's knowledge that Google not infringe any valid claim of the '552 patent and/or that the '552 patent is invalid and/or unenforceable against Google.

14. There is substantial and actual controversy between Google and Red Bend over whether Google infringes the '552 patent and whether the '552 patent is valid.

15. Red Bend's false allegations of infringement relating to the invalid '552 patent have placed a cloud over Google's business.

16. There exists a clear and serious threat to Google's business so long as these issues regarding the '552 patent remain unresolved. Google therefore needs and seeks resolution of the issues asserted in this Counterclaim to lift this cloud over Google's business. Google is entitled to declaratory relief in order to avoid wrongful injury to the reputation of its goods and services in the marketplace and other direct injury suffered from Red Bend's false allegations.

## COUNT I: NON-INFRINGEMENT

17. Google restates and realleges each of the foregoing paragraphs of the counterclaim as if fully set forth herein.

18. Red Bend has alleged in the Complaint that Google is infringing the '552 patent.

19. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2201, between Google and Red Bend as to whether Google infringes the '552 patent.

20. Google and its products, services, and processes have not infringed and are not presently infringing, any claim of the '552 patent.

### COUNT II: INVALIDITY

21. Google restates and realleges each of the foregoing paragraphs of the counterclaim as if fully set forth herein.

22. Red Bend has alleged in the Complaint that the '552 patent is valid and enforceable.

23. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2201, between Google and Red Bend as to whether the '552 patent is valid and enforceable against Google.

24. The claims of the '552 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### PRAYER FOR RELIEF

WHEREFORE, Google prays for judgment in its favor and against Red Bend Ltd., and Red Bend Software as follows:

A. Dismissal of the Complaint with prejudice;

B. Denial of all relief sought by Red Bend Ltd. and Red Bend Software, Inc.;

C. A declaratory judgment that Google and its products, services and processes have not and are not presently infringing the '552 patent;

D. A declaratory judgment that the '552 patent, and each and every asserted claim thereof, is invalid;

E. A declaration that this case is exceptional under 35 U.S.C. § 285;

F. An award to Google for its costs and attorneys' fees incurred in defending against Red Bend's claims; and

G. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

**GOOGLE RESPECTFULLY DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE**

Dated: December 7, 2009

Respectfully Submitted,
Google Inc.,

By its attorneys,
/s/ Susan Baker Manning
Jonathan M. Albano, BBO #013850
jonathan.albano@bingham.com
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726, U.S.A.
617.951.8000

William F. Abrams
william.abrams@bingham.com
BINGHAM McCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223
650.849.4400

Robert C. Bertin
robert.bertin@bingham.com
Susan Baker Manning
susan.manning@bingham.com
BINGHAM McCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806
202.373.6000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 7, 2009.

/s/ Jonathan M. Albano
jonathan.albano@bingham.com