**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

RED BEND LTD., and
RED BEND SOFTWARE INC.,

        Plaintiffs,

    v.

GOOGLE INC.,

        Defendant.

Civil Action No. 09-cv-11813-DPW

Jury Trial Demanded

**RED BEND LTD. AND RED BEND SOFTWARE INC.'S**
**REPLY TO GOOGLE INC.'S COUNTERCLAIMS**

Plaintiffs Red Bend Ltd. and Red Bend Software Inc. (collectively "Red Bend"), submit

this Reply to Defendant Google Inc.'s ("Google") Counterclaims, which are set out in Defendant

Google Inc.'s Answer to Plaintiff's First Amended Complaint and Counterclaim dated December

7, 2009.

For its Reply to the numbered paragraphs of Google's Counterclaims, Red Bend avers

that it:

**THE PARTIES**

1.      On information and belief, admits the allegations of Paragraph 1.

2.      Admits the allegations of Paragraph 2.

3.      Admits the allegations of Paragraph 3.

**JURISDICTION**

4.      Admits that Google's Counterclaims purport to arise under the Declaratory

Judgment Act and the Patent Laws of the United States.

5.       Admits the allegations of Paragraph 5.

6.       Admits the allegations of Paragraph 6.

7.       Admits that this Court has personal jurisdiction over Red Bend Software Inc. and Red Bend Ltd. as a result of their invoking the jurisdiction of this Court. Red Bend Software Inc. further states that it is resident in this State. The remaining allegations of this paragraph are denied.

8.       Admits that venue is proper in this District.

## STATEMENT OF CLAIM

9.       Admits the allegations of Paragraph 9.

10.       Admits the allegations of Paragraph 10.

11.       Admits the allegations of the first and third sentences of Paragraph 11. Red Bend denies that the allegations of the second sentence of Paragraph 11 properly summarize the contents of Red Bend's First Amended Complaint, the contents of which are incorporated herein by reference.

12.       On information and belief, admits the allegations of Paragraph 12.

13.       Denies the allegations of Paragraph 13.

14.       Admits the allegations of Paragraph 14.

15.       Denies the allegations of Paragraph 15.

16.       Denies the allegations of Paragraph 16.

## COUNT I: NON-INFRINGEMENT

17.       Responding to Paragraph 17, Red Bend incorporates by reference the averments of Paragraphs 1 through 16 of this answer.

18.       Admits the allegations of Paragraph 18.

19.       Admits the allegations of Paragraph 19.

20.     Denies the allegations of Paragraph 20.

## COUNT II: INVALIDITY

21.     Responding to Paragraph 21, Red Bend incorporates by reference the averments of Paragraphs 1 through 20 of this answer.

22.     Admits the allegations of Paragraph 22.

23.     Admits the allegations of Paragraph 23, except denies that there is an actual controversy between Google and Red Bend regarding the enforceability of the '552 Patent.

24.     Denies the allegations of Paragraph 24.

## AFFIRMATIVE DEFENSES

In further answering Google's Answer and Counterclaims, Red Bend incorporates by reference the averments contained in Paragraphs 1 through 22 of its First Amended Complaint as though fully set forth herein.  Red Bend additionally pleads the following to the extent, if at all, they are considered by the Court to be affirmative defenses:

1.     The '552 patent is not invalid.

2.     Google has infringed, contributed to the infringement of, and/or induced infringement of one or more claims of the '552 Patent, and continues to infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '552 Patent, as set forth in the First Amended Complaint.

3.     Google has failed to state a claim upon which relief can be granted.

4.     Google's allegations of unenforceability and its allegations of Paragraph 13 of its Counterclaims, for example, should be stricken for failure to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure.

5.      On information and belief, Google has known about the '552 Patent at least as early as 2008, and Google has willfully infringed the '552 Patent.  As such, Google has unclean hands.

## RESERVATION OF AFFIRMATIVE DEFENSES

6.      Red Bend reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

## PRAYER FOR RELIEF

Wherefore, Red Bend prays for judgment upon Google's Counterclaims as follows:

A.      That Google's Counterclaims be dismissed with prejudice and that Google take nothing thereunder;

B.      That judgment be entered in favor of Red Bend upon the bases set forth in its First Amended Complaint;

C.      That Red Bend be awarded its costs, disbursements, and attorneys' fees in connection with this action; and

D.      That Red Bend be awarded such other and further relief as the Court may deem just and proper.

## A JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE

December 21, 2009

Respectfully submitted,


By:     */s/ Jennifer C. Tempesta*

Daniel Cloherty (BBO# 565772)
Dwyer & Collora, LLP
600 Atlantic Avenue - 12th Floor
Boston, MA 02210-2211
Telephone:     (617) 371-1000
Facsimile:     (617) 371-1037

Robert C. Scheinfeld (RS-2632)
(Admitted Pro Hac Vice)
Eliot D. Williams (EW-6560)
(Admitted Pro Hac Vice)
Jennifer C. Tempesta (JT-4841)
(Admitted Pro Hac Vice)
Baker Botts, L.L.P.
30 Rockefeller Plaza
44th Floor
New York, New York  10012-4498
Telephone:     (212) 408-2500
Facsimile:     (212) 408-2501

*Attorneys for Plaintiffs Red Bend Ltd. and*
*Red Bend Software Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 21, 2009.

*/s/ Jennifer C. Tempesta*