UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RED BEND LTD. and <br> RED BEND SOFTWARE INC., <br>                     Plaintiffs, <br> v. <br> GOOGLE INC., <br>                     Defendant. <br><br> GOOGLE INC., <br>                   Counterclaim-Plaintiff, <br> v. <br> RED BEND LTD. and <br> RED BEND SOFTWARE INC., <br>                  Counterclaim-Defendants. | CIVIL ACTION <br> NO. 09-cv-11813 |

## GOOGLE'S EMERGENCY MOTION TO COMPEL DEPOSITIONS OR IN THE ALTERNATIVE STRIKE DELARATIONS OF YORAM SALINGER AND STEPHEN EDWARDS AND/OR PRECLUDE REPLY BRIEFING

Defendant Google, Inc. ("Google") moves pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1 for an order compelling Red Bend Ltd. and Red Bend Software, Inc. (collectively, "Red Bend") to make its preliminary injunction witnesses, Yoram Salinger and Dr. Stephen Edwards, appear forthwith for deposition or, in the alternative, to strike their declarations and/or preclude Red Bend from filing a reply brief in support of its motion for preliminary injunction.

I.   BACKGROUND

Red Bend filed the Complaint against Google on October 26, 2009, three and a half months after learning of and beginning to study the Courgette open source code it accuses of infringing. On November 17, 2009, Red Bend served the Complaint, and on the same day filed a motion for a preliminary injunction supported by the conclusory declarations of Yoram Salinger, Red Bend's President and Chief Executive Officer, and Dr. Stephen Edwards, Red Bend's hired expert (collectively, the "Declarants").[1] Red Bend's motion seeks the extreme order of shutting down Google's security, feature and functionality updating technology for Google's Chrome web browser used by millions of internet users, requiring Google to take down the published open source code, and to publish a statement regarding Red Bend's purported patent rights.[2]

Red Bend, concurrently with filing its motion for preliminary injunction, moved for an expedited hearing on its motion. (Doc. No. 10) Google opposed the expedited schedule. (Doc. No. 18) The parties each briefed their positions on the timing, sequence and scope of discovery needed for the preliminary injunction phase of this case. (*Id.* at 18-2; Doc. No. 19 at p. 6) While the suggested dates for discovery and briefing differed, the scope of discovery did not. Included in each of the parties' proposals were cutoff dates for production of documents, *depositions of witnesses*, and briefing of the parties positions. *Id.*

The parties appeared before the Court for a scheduling hearing on December 2, 2009. The Court heard the parties' arguments for the differing scheduling dates and set discovery and briefing schedules under which document production was to be complete by December 22, 2009, Google's opposition brief is due by January 25, 2010 with Red

---

[1] One of Red Bend's attorney's, Jennifer C. Tempesta, also submitted a declaration attaching several documents.

[2] See Browser Market Share available at http://marketshare.hitslink.com/browser-market-share.aspx?qprid=0

Bend's reply brief due by February 5, 2010. The Court set a hearing on the preliminary injunction motion for February 17, 2010.

The parties further discussed with the Court the need for live witnesses at the February 17th hearing. Magee Aff. Ex. 1 at 9:17-12:14. The Court concluded that live witnesses for cross-examination at the hearing would not be necessary. *Id*. at 11:12-17.

To meet the Court's December 22, 2009 deadline, Google processed tens of millions of documents at significant cost in terms of both attorney time and vendor fees. Magee Aff. Ex. 2. Google also expended significant time and effort throughout the Christmas and New Year's holiday weeks to review Red Bend's document production. In its production, Red Bend did not produce a single document from either of the Declarants leaving Google with only their conclusory declarations as evidence.[3] As discussed below, Google has done all this even though Red Bend's motion does not even make out a *prima facie* case.

On Monday, January 4, 2010, Susan Baker Manning, counsel for Google wrote to Eliot Williams, counsel for Red Bend, seeking the availability of the Declarants for deposition. Magee Aff. Ex. 3. On January 6, 2010, Mr. Williams surprisingly responded that Red Bend would not make the Declarants available for deposition. Magee Aff. Ex. 4. Mr. Williams' selectively cited the Court's December 2, 2010 discussion of the lack of need for live witnesses for cross-examination at the February 17, 2010 hearing as justification for Red Bend's refusal to produce the Declarants for deposition. *Id* Ms. Manning immediately wrote to Mr. Eliot regarding Red Bend's refusal to make Mr.

---

[3] The parties agreed to identify the custodians for the documents they produced. Although Red Bend identified the custodians for its documents, the declarants were not among them. Google's Request for Production No. 3 seeks "All documents and things reviewed or relied upon by Yoram Salinger in preparing any declaration or other testimony in this action, or that he plans to reference or rely upon at any hearing or at trial." Similarly, Google's Request for Production No. 4 seeks "All documents and things reviewed or relied up on by Dr. Stephen A. Edwards in preparing any declaration or other testimony in this action, in preparing any report related to this action, or that he plans to reference or rely upon at any hearing or at trial."

Salinger or Dr. Edwards available and called for a meet and confer over the issue. Magee Aff. Ex. 5.

Counsel for Google attempted in good faith to resolve this dispute without the expense and burden of motion practice. On January 6, 2010, counsel for Google contacted counsel for Red Bend via email and telephone conference in an effort to secure the Declarants' deposition appearance. Mr. Williams responded that Red Bend would not produce the Declarants for the preliminary injunction phase of the case. Google seeks emergency relief because Red Bend's injunction motion is set for hearing on February 17, 2010 with Google's opposition brief thereto due by January 25, 2010.

## II. ARGUMENT

### A. Google Is Entitled To Depose The Declarants Concerning Red Bend's Unsupported Claims Of Infringement And Irreparable Injury.

Google will be left at a substantial disadvantage without the deposition testimony of the Declarants. Red Bend does not claim that Google's alleged direct infringement of the patent-in-suit irreparably harms it. Rather, Red Bend's theory of irreparable harm is that because Google has published Courgette as open source software, unknown software developers *may* use Courgette as the basis for creating software products that compete with Red Bend. Mr. Salinger posits without explanation that "it is *likely* that Red Bend's current licensees will cease payment of royalties or refrain from purchasing further licenses from Red Bend because they will be unwilling to pay for techniques they learn to be freely available from Google." Salinger Decl. at 22 (emphasis added). Red Bend and Mr. Salinger present *no* evidence that any such Courgette-based software product exists or is in development.

Red Bend further speculates that, if and when such a hypothetical competing Courgette-based software product became available, its current customers might stop

doing business with Red Bend in favor of this new hypothetical competitor, and that Red Bend might have difficulty in entering into new business relationships with new customers. *Id.* Red Bend offers *no* evidence that this hypothetical situation has actually happened either, or even will be likely to happen.

To establish that it is likely to suffer irreparable harm in the absence of preliminary relief, Red Bend must demonstrate that it likely will suffer an irreparable injury—that is, an injury that is not remote or speculative, but actual and imminent—in the absence of an injunction *for the relief it is seeking*. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S.Ct. at 375-76 (internal citations omitted). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (equitable relief may not be premised upon speculative claims of future injury); *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 163 (1st Cir. 2004) ("'tenuous or overly speculative forecast of anticipated harm'" cannot suffice to show irreparable injury) (quoting *Ross-Simons of Warwick, Inc. v. Baccarat, Inc*., 102 F.3d 12, 19 (1st Cir. 1996)); *Matrix Group Limited, Inc v. Rawlings Sporting Goods Company, Inc*., 378 F.3d 29, 34 (1st Cir. 2004) (affirming denial of preliminary injunction where irreparable injury claim was "speculative and unsubstantiated"); *In re Rare Coin Galleries of America, Inc*., 862 F.2d 896, 902 (1st Cir. 1988) ("Speculation or unsubstantiated fears of what may happen in the future cannot provide the basis for a preliminary injunction."). Google is entitled to discover whether there is any basis at all for Mr. Salinger's speculation that Red Bend could be harmed, or if, as appears likely, the preliminary injunction motion is a mere pretext for imposing early litigation costs on Google.

Dr. Edwards's declaration is similarly speculative. Red Bend asserts in its

moving papers that "Internet users/software developers and companies" use the Courgette source code and therefore directly infringe. Mot. at 12. Red Bend relies exclusively on paragraph 25 of Dr. Edwards' declaration and the claim chart he attaches as Exhibit C. But the Court will search both in vain for *any* evidence that any third party has ever actually used Courgette in an infringing way. *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement."); *Mallinckrodt Inc. v. E-Z-EM Inc.*, No. 09-228-JJF, __ F. Supp. 2d __, 2009 WL 4023134 at *3 (D. Del. Nov. 20, 2009) ("In order to prevail on an indirect infringement claim, a plaintiff must first demonstrate direct infringement, then establish that the defendant possessed the requisite knowledge or intent to be held vicariously liable.") (internal quotation omitted); *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement of infringement or contributory infringement without an underlying act of direct infringement."). Rather, Dr. Edwards merely suggests that it is *possible* that a third party may have used Courgette to create a patch for Chrome. Edwards Decl., Ex. C. ("anyone . . . *would be able to* use the code"), *id*. ("The posted Courgette code *can easily be* compiled…"); *id*. ("The user *is instructed*…") (emphasis added to each). Google should be able to investigate through deposition the basis for Dr. Edwards' opinions in order to expose the lack of factual basis for Red Bend's claims. Red Bend should not be allowed to rely on mere speculation while at the same time unilaterally foreclose discovery into the Declarants' statements. Red Bend should either make its witnesses available immediately, or the Court should strike their declarations.

### B. Red Bend's Bare-Boned Motion And Supporting Declarations Should Not Be Allowed To Be Fleshed Out Through Reply Briefing.

Red Bend should not be allowed to cure its substantial deficiencies associated with its request for preliminary injunction by introducing additional evidence with its reply papers. If an affidavit is used to support a motion, it must be served with the motion. Fed. R. Civ. Pro. 6(c); *Marshall Durbin Farms, Inc. v. Natn'l Farmers Org., Inc.*, 446 F.2d 353, 358 (5th Cir. 1971) (reversing preliminary injunction granted on affidavits not filed with the motion).

Reply memoranda are restricted to arguments made in reply to matters put into issue by opposition briefs. *See Litton Industries, Inc. v. Lehman Bros., Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991). Therefore, Red Bend cannot use its reply brief to introduce evidence to compensate for deficiencies in its moving papers. *Lempert v. Singer*, 766 F. Supp. 1356, 1368 (D. V.I. 1991) (evidence in support of new argument in reply memorandum not allowed because failure to raise issues in moving papers was a failure to meet burden of initially stating a basis for the motion). This is particularly important given that Red Bend has failed to provide documents from the Declarants and now refuses to provide the Declarants for deposition. Google would otherwise effectively be deprived of an opportunity to defend against this motion. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (unfair to allow 'new' evidence in reply without affording an opportunity to respond). Red Bend must be required to meet its burden in its opening papers, and cannot be permitted to sand-bag Google in a reply memorandum.

WHEREFORE, Google respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, compelling Mr. Salinger and Dr, Edwards to appear forthwith for deposition or in the alternative strike Mr. Salinger's and Dr. Edwards' declarations and/or preclude Red Bend from filing a reply brief in support of its motion for preliminary injunction.

A/73259659.3

Google requests an emergency hearing on its motion to evaluate its merit and determine the need for responsive briefing.

## LOCAL RULE 7.1 and 37.1 CERTIFICATION

Pursuant to Local Rules 7.1(A)(2) and 37.1(A), counsel for Google certify that they have conferred with counsel for Red Bend and have attempted in good faith to resolve or narrow the issues presented in this motion.

Dated: January 8, 2010

Respectfully Submitted,

Google Inc.,

By its attorneys,

/s/ David M. Magee                .
Jonathan M. Albano, BBO # 013850
jonathan.albano@bingham.com
David M. Magee, BBO # 652399
david.magee@bingham.com
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA  02110-1726, U.S.A.
617.951.8000

William F. Abrams
william.abrams@bingham.com
BINGHAM McCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223
650.849.4400

Robert C. Bertin
robert.bertin@bingham.com
Susan Baker Manning
susan.manning@bingham.com
BINGHAM McCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806
202.373.6000

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by federal express, on January 8, 2010.

      /s/ David M. Magee
    David M. Magee, BBO # 652399