EXHIBIT 1

```
 1                 UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
 2

 3   _____

 4   RED BEND SOFTWARE, INC.,

 5                    Plaintiff,        Civil Action
                                        No. 09-11813-DPW
 6   v.
                                        December 2, 2009,
 7   GOOGLE, INC.                       10:55 a.m.

 8                    Defendant.
     _____
 9

10

11         TRANSCRIPT OF SCHEDULING CONFERENCE

12       BEFORE THE HONORABLE DOUGLAS P. WOODLOCK

13             UNITED STATES DISTRICT COURT

14           JOHN J. MOAKLEY U.S. COURTHOUSE

15                   1 COURTHOUSE WAY

16                   BOSTON, MA   02210

17

18

19

20
                    DEBRA M. JOYCE, RMR, CRR
21                   Official Court Reporter
                  John J. Moakley U.S. Courthouse
22                 1 Courthouse Way, Room 5204
                         Boston, MA  02210
23                       617-737-4410

24

25
```

```
 1  talking about the taint that perhaps would apply to Red Bend
 2  during this period of time where Google is using its muscle and
 3  marketing muscle to advertise to the world that its code is
 4  open.
 5          THE COURT:  Okay.  So, you know, if David has to wait
 6  a bit to bring down Goliath, I'm not sure that's material here.
 7          So I think I understand what your concerns are, and
 8  they're reasonable concerns, I'm just not persuaded that it
 9  justifies what I might call distorting the schedule a bit,
10  including the schedule for me to be able to absorb these
11  materials.
12          MR. SCHEINFELD:  Well, your Honor, I've tried my best.
13          THE COURT:  Okay.  And you can report to your client
14  that you did, that you faced an obdurate and unreasonable
15  judge.
16          (Discussion off the record.)
17          THE COURT:  So if we set this -- I'm going to set it
18  and then work my way back for hearing on the afternoon, let's
19  say, 2:30 on Wednesday, February 17th.  Do the parties
20  realistically think they're going to have live testimony here
21  or want to have live testimony?
22          MR. SCHEINFELD:  Yes, your Honor.
23          THE COURT:  Like what?
24          MR. SCHEINFELD:  We would propose at this point in
25  time hearing from two of our witnesses, our principal and our
```

```
 1  expert.
 2          THE COURT:  What are they going to talk about?
 3          MR. SCHEINFELD:  Well, harm, our principal is going to
 4  talk --
 5          THE COURT:  Let me tell you -- why is it that I can't
 6  just take your -- take their depositions -- take their
 7  affidavits on this?  I always like to make new friends, but I'm
 8  not sure that I need to meet them here.
 9          MR. SCHEINFELD:  Well, your Honor could take their
10  declarations, but then we would want the opportunity to cross.
11          THE COURT:  Let's see what I think about that.  Do you
12  want to press your luck by telling me --
13          MR. SCHEINFELD:  You're doing so well.
14          MS. BAKER MANNING:  Well, I will tell you, your Honor,
15  certainly if Red Bend intends to present their witnesses live,
16  I think it would make sense to have live witnesses as well.
17          THE COURT:  My default on this at this point is
18  declarations or affidavits from the witnesses that you intend
19  to introduce here.
20          MS. BAKER MANNING:  And would cross be introduced
21  through deposition testimony, your Honor?
22          THE COURT:  I don't know what cross would be necessary
23  yet.  And what I think I would say is in the argument on the
24  17th, I'll hear you on the question of whether or not you think
25  it is necessary to have cross-examination.  And then I'll
```

1  schedule time if I think it's appropriate. But we're dealing
2  with a preliminary injunction here, and I'm not sure that --
3  because it's not going to be resolved in a final form at this
4  stage that I think that live testimony is going to be that
5  helpful, but I certainly don't know enough about it, that a
6  kind of desire of your clients to speak in open court is not
7  enough for me, and the chance to practice cross-examination
8  skills is not enough for me either.
9      So it's got to be something that tells me it's going
11:10 10 to be material to my disposition of the matter that couldn't
11 fairly have been anticipated by the parties here.
12      I view live testimony generally as important for
13 purposes of dealing with witnesses' credibility, and I'm not
14 sure credibility is going to be that much of an issue here.
15 Maybe it will, I don't know. Won't be the first time I'm
16 surprised, but the time at which I'll make a determination
17 about that I think is going to be at the hearing on this.
18      So what I'm carving out is, as I said, 2:30 on
19 February 17th.
11:10 20     That then, I think, works us back here, just using the
21 time frame that Google has in its, I think, reply, so Google --
22 let's see --
23      MS. BAKER MANNING: We had proposed, your Honor,
24 anticipating a hearing the week of the February 15th, which is
25 where we are. We had suggested we file an opposition on

```
 1    January 29th, which I believe is a Friday.
 2              THE COURT:  Okay.  So January 29th for the opposition.
 3    Here the parties' depositions' schedule and production of
 4    document schedule I don't understand -- apart from wanting to
 5    expedite it more on the part of Red Bend, I don't see that as a
 6    problem.  Is it?
 7              MR. SCHEINFELD:  No, it's not, your Honor.  But if I
 8    may address the time of Google's opposition.  If that's the
 9    case, your Honor, we would only have six days to file a reply,
10    and we would -- I would like more time to do that.  I'm not
11    suggesting that we push back the hearing.  What I'd like to
12    have is Google's opposition due a week or two earlier than
13    January 29th to give Red Bend time to reply, more time to
14    reply.
15              THE COURT:  So what you had the last time under your
16    proposal is nine days?
17              MR. SCHEINFELD:  That's correct, your Honor.
18              THE COURT:  Okay.  The 25th, January 25th for Google's
19    opposition to the motion for preliminary injunction.  But in
20    terms of the document production and that sort of thing, the
21    development of time periods, do I have to impose one or do you
22    think you can work it out without coming back to me?
23              MR. SCHEINFELD:  I think we'll be able to work that
24    out.
25              MS. BAKER MANNING:  There is one issue I would like to
```