EXHIBIT 5

Susan Baker Manning
Direct Phone: 202.373.6172
Direct Fax: 202.373.6472
susan.manning@bingham.com

January 6, 2010

**VIA ELECTRONIC MAIL**

Eliot D. Williams, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
44th Floor
New York, NY 10012-4498

    Re:   *Red Bend Ltd. v. Google Inc.*, Case No. 09-cv-11813

Dear Mr. Williams:

We have received your letter of this afternoon. RedBend's refusal to make its witnesses available for deposition prior to the hearing on its preliminary injunction motion is utterly unreasonable, unsupported by the Court's comments at the December 2, 2009 hearing, and threatens to gravely prejudice Google. If RedBend does not confirm by the close of business today that it will make its witnesses available, we will bring an emergency motion to strike or in the alternative compel the witnesses to appear for their depositions next week.

RedBend is wrong to suggest that the Court has directed the parties not to take depositions. The portion of the hearing transcript from which RedBend selectively quotes is a discussion of whether the Court would hear live testimony at the February 17, 2010 hearing. Nothing in the transcript prohibits the taking of depositions.

Google also has a right to know what, if any, evidence the witnesses rely upon. Mr. Salinger's and Dr. Edwards's declarations are, on their face, merely speculative. Google's ability to depose RedBend's witnesses is particularly important given RedBend's complete failure to make a *prima facie* case in support of its preliminary injunction motion. Red Bend bears the burden of proving that it is entitled to the extraordinary relief it seeks. As I pointed out in my December 29, 2009 letter, RedBend has literally *no* non-speculative evidence to support its irreparable injury claim,[1] and it

---

[1] *See Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 375-76 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.") (internal citations omitted); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (equitable relief may not be premised upon speculative claims of future injury); *In re Rare Coin Galleries of America, Inc.*, 862 F.2d 896, 902 (1st Cir. 1988) ("Speculation or unsubstantiated fears of what may happen in the future cannot provide the basis for a preliminary injunction.").

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T +1.202.373.6000
F +1.202.373.6001
bingham.com

A/73259347.1/3005005-0000343244

invites the Court to error by urging it to presume irreparable injury.[2] Its infringement allegations are equally flawed, consisting entirely of superficial and conclusory descriptions of Courgette, while failing to cite even once to the Courgette code—code RedBend concedes it has been studying since mid-summer. Its indirect infringement allegations are worse; Dr. Edwards does not so much as claim that any third party is actually using the Courgette code, only that a third party *could* do so.[3]

In short, RedBend's motion is baseless. Google is entitled to depose RedBend's witnesses to so confirm.

If Red Bend will not make its witnesses available, Google will have no choice but to seek emergency relief. We would like to speak with you today. As I am traveling this evening, we would like to speak with you at 4:00 pm. Please confirm.

Sincerely yours,

Susan Baker Manning

---

[2] *eBay, Inc. v. Mercexchange LLC*, 126 S.Ct. 1837, 1841 (2006); *Automated Merchandising Systems v. Crane Co.*, 2009 WL 4878643, * 3 (Fed. Cir. Dec. 16, 2009) (*eBay* unambiguously "discarded" the "presumption of irreparable harm, based just on proof of infringement")

[3] *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement." ); *Mallinckrodt Inc. v. E-Z-EM Inc.*, No. 09-228-JJF, __ F. Supp. 2d __, 2009 WL 4023134 at *3 (D. Del. Nov. 20, 2009) ("In order to prevail on an indirect infringement claim, a plaintiff must first demonstrate direct infringement, then establish that the defendant possessed the requisite knowledge or intent to be held vicariously liable.") (internal quotation omitted); *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement of infringement or contributory infringement without an underlying act of direct infringement.").