UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| RED BEND LTD., and<br>RED BEND SOFTWARE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Civil Action No. 09-cv-11813-DPW<br><br>**PLAINTIFFS' OPPOSITION<br>TO GOOGLE INC.'S EMERGENCY<br>MOTION TO COMPEL DEPOSITIONS<br>OR IN THE ALTERNATIVE STRIKE<br>DECLARATIONS OF YORAM SALINGER<br>AND STEPHEN EDWARDS AND/OR<br>PRECLUDE REPLY BRIEFING** |

Plaintiffs Red Bend Ltd. and Red Bend Software Inc. (collectively "Red Bend") submit this opposition to Defendant Google Inc.'s ("Google") emergency motion to compel depositions or to strike the declarations of Yoram Salinger and Stephen Edwards and/or preclude reply briefing relating to Red Bend's pending motion for a preliminary injunction to enjoin Google from further infringement of Red Bend's U.S. Patent No. 6,546,552.

### I.  Preliminary Statement

Google's "emergency" motion is a tactical device designed to prematurely argue the merits of its opposition to Red Bend's preliminary injunction motion, and to needlessly force Red Bend to incur expenses in preparing this opposition. Google's emergency motion should be denied in its entirety at least because: (1) the Federal Rules of Civil Procedure and the Local Rules do not permit depositions at this time, and the preliminary injunction schedule entered by the Court does not contemplate the taking of depositions prior to the hearing on Red Bend's preliminary injunction motion − instead, "the Court Order[ed] the parties to file Declaration's [sic] in lieu of live testimony" and did not provide a schedule relating to depositions (12/2/2009

1

Docket Entry); (2) the shortened briefing schedule does not allow time for reciprocal depositions, nor give Red Bend an opportunity to even notice depositions as Google still has not revealed to Red Bend the names of its declarants, expert(s), or the theory of its defense (if any); (3) Google's alleged need for depositions is without basis; (4) Google's proposed deposition schedule is unreasonable, as Google failed to advise Red Bend of its desire to take depositions until January 4th of this week (after having Red Bend's motion since November 17th and all of its documents for weeks), demanding witnesses, including one from Israel, be produced on the East Coast for depositions on a mere 9 days notice during a time when Red Bend's lead counsel will be out of the country; and (5) Google fails to qualify for emergency relief because Google's "emergency" is of its own making − Google should have requested the depositions weeks ago, permitting this issue to be resolved pursuant to a standard motion on notice. The Court should therefore deny Google's motion and proceed with the Preliminary Injunction hearing on February 17, 2010 using documentary evidence and witness declarations, as originally Ordered at the conference on December 2nd.

## II. Depositions Prior to the Preliminary Injunction Hearing Are Not Permitted Under the Rules, nor Contemplated by the Schedule Entered on December 2, 2009

Pursuant to Fed. R. Civ. P. 26(d)(1), the taking of depositions is premature prior to a Rule 26(f) conference without Court order or the parties' stipulation. *See also* D. Mass. L.R. 26.2. The Court's Minute Order of December 2, 2009 enunciated the proper scope of discovery prior to the preliminary injunction hearing:

> Defendant's Motion for Modification of Briefing Schedule is GRANTED to the extent that opposition to the defendant's Motion for Preliminary Injunction is due by 1/25/10, and a reply is due by 2/5/10; rolling document production shall be completed by 12/22/09; the Court Orders the parties to file Declaration's [sic] in lieu of live testimony as to the 2/17/10 Preliminary Injunction

> Hearing; the Court will make a determination at said hearing if live testimony is necessary.

(12/2/2009 Docket Entry). This scheduling Order does not authorize or otherwise contemplate depositions. Thus, it is clear that the requested depositions should not go forward at this time. Moreover, at the status conference on December 2, 2009, the Court explicitly considered, but rejected, the possibility of depositions prior to the February 17th hearing:

> THE COURT: My default on this at this point is declarations or affidavits from the witnesses that you intend to introduce here.
>
> MS. BAKER MANNING: And *would cross be introduced through deposition testimony*, your Honor?
>
> THE COURT: I don't know what cross would be necessary yet. And what I think I would say is in the argument on the 17th, I'll hear you on the question of whether or not you think it is necessary to have cross-examination. And then I'll schedule time if I think it's appropriate. . . . but *the time at which I'll make a determination about that I think is going to be at the hearing on this*.

(Tempesta Decl.[1] Exh. 1, 12/2/09 Hearing Tr. at 10:17-11:17 (emphasis supplied)). Thus, Google's motion should be denied.

### III. Red Bend Would Be Prejudiced By Google's Proposed Unilateral Depositions

The shortened briefing schedule does not allow time for reciprocal depositions. Red Bend will not be able to effectively take the depositions of Google's witnesses in the short time period allotted for Red Bend's Reply. Red Bend cannot even notice depositions because Google still has not revealed to Red Bend the names of its declarants or expert(s), nor has Google disclosed the bases (if any) for its opposition to Red Bend's motion. Additionally, Google's proposal would require that Red Bend's declarants, including its expert witness, be deposed before knowing what any of Google's defenses will be in its opposition or what positions its

---

[1] Citations to "Tempesta Decl." refer to the Declaration of Jennifer C. Tempesta in Support of Red Bend's Opposition to Google's Emergency Motion submitted contemporaneously herewith.

3

expert(s) will take. This would likely amount to an ambush of Red Bend's expert witness and CEO. Such one sided discovery would severely prejudice Red Bend, and Google has made no showing of a compelling reason for such an unfair process.

### IV. Google Does Not Need Depositions Now

Google argues that the depositions of Red Bend's declarants are required in connection with the preliminary injunction hearing because "Google also has a right to know what, if any, evidence the witnesses rely upon." (Magee Decl.[2] Exh. 5, 1/6/2010 Letter to Baker Botts LLP). However, the declarations are clear, and the evidence relied upon will be conveyed in connection with the parties' briefs. If Google alleges and believes that Red Bend has not met its burden, the time to take that position is in its opposition, not in an ancillary "emergency" discovery motion. Google does not need deposition testimony to make that argument. There simply is no need for depositions in the preliminary injunction context, where, as here, there will not be live testimony. It appears that Google is seeking to unnecessarily increase the parties' litigation costs and engage in a fishing expedition. If, during the hearing the Court determines that live testimony would be appropriate, then Red Bend agrees that the parties should take the depositions of the relevant witnesses.[3]

### V. Google's Proposed Schedule Is Unreasonable

Google's proposed deposition schedule is unreasonable and its prolonged delay in notifying Red Bend that it intended to seek depositions suggests Google is not acting in good

---

[2] Citations to "Magee Decl." refer to the Affidavit of David Magee in Support of Google's Emergency Motion (Docket No. 32).

[3] As Google points out in its emergency motion (*see* Google Br. at 2), Red Bend did propose that the parties conduct depositions prior to the preliminary injunction hearing (*See* Docket No. 19). However, Red Bend did so because it was under the impression that live testimony would be proffered in connection with the preliminary injunction hearing. Since no live testimony will be offered, depositions are unnecessary and would simply waste the parties' resources.

faith. Google had Red Bend's motion and declarations since November 17th (*see* Docket No. 9) and as of the hearing on December 2nd, knew that its opposition was due on January 25th. But, Google failed to notify Red Bend that it was seeking to depose Red Bend's witnesses until January 4th (*see* Magee Decl. Exh. 3, 1/4/10 Letter to Baker Botts LLP) − only 9 days in advance of Google's proposed deposition dates − and only formally noticed the depositions on January 6th (*see* Tempesta Decl. Exh. 2, Deposition Notices and Subpoena). Importantly, one of Red Bend's declarants, Mr. Salinger, is the company's CEO and resides in Israel. He would be extremely inconvenienced by having to drop his work obligations to fly to the U.S. on only 9 days notice, just because Google chose to delay until the eve of its briefing deadline to seek depositions. Further, Red Bend's lead counsel will be out of the country during the week of January 14th, when Google seeks to take these depositions.[4]

## VI. Google's Proposal to Preclude Reply Briefing Is Unfounded

Google's argument that Red Bend should be precluded from filing a reply brief lacks merit. The schedule relating to Red Bend's preliminary injunction motion specifically allows for Red Bend to file a reply brief. (12/2/09 Docket Entry, setting reply due date as 2/5/10). To the extent Google's theory is that Red Bend is not permitted to supplement the preliminary injunction record using documents Google produced after Red Bend filed its preliminary injunction motion, the Court has previously rejected that argument:

> MS. BAKER MANNING: . . . It doesn't seem to make any sense why they get additional discovery while we're preparing an opposition to further support the motion that they've already filed, and presumably have -- at least they feel that they have adequately supported.
>
> THE COURT: Why not? I don't see that at all.

---

[4] If the Court determines that Google is entitled to take the depositions prior to the hearing, Red Bend respectfully requests that the depositions occur at a later date.

5

(Tempesta Decl. Exh. 1, 12/2/09 Hearing Tr. at 13:15-13:20).

Red Bend intends to rely on documents produced by Google in its reply brief in responding to Google's expected opposition arguments. Google's spends two pages of its "emergency" discovery motion previewing the merits of its arguments in opposition. (*See* Google Br. at 5 (addressing irreparable harm requirement for preliminary relief) and 6 (addressing requirements to prove indirect infringement)). Google has designated its internal documents as "Confidential" or "Attorneys' Eyes Only" which prevents Red Bend from publicly disclosing the details of those documents at this time. However, in connection with Red Bend's reply brief, Red Bend will seek to file under seal, and the Court will see numerous Google documents that undermine Google's arguments, including documents showing that Google distributed the infringing source code in open source with the specific intention that it be widely adopted by the entire software industry, and that Google alone benefit from the goodwill of providing this patented technology to the industry. Those facts alone are sufficient to show Red Bend is being irreparably harmed by Google's ongoing infringing conduct.

The authority cited by Google recognizes the propriety of addressing issues raised in opposition briefing in a reply. *See Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991) (*rev'd on other grounds*) 967 F.2d 742 (2d. Cir. 1992) (Clearly, reply papers may properly address new material issues raised in the opposition papers . . ."). None of the authority cited by Google precluded the filing of a reply brief. (*See* Google Br. at 7, citing *Litton*, 767 F.Supp. at 1235; *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996); *Lempert v. Singer*, 766 F.Supp. 1356, 1368 (D.V.I. 1991)).

Finally, Google's statement that "Red Bend has failed to provide documents from the Declarants" is at best misleading. (Google Br. at 7). In addition to the documents attached to

6

those declarants' declarations, Red Bend has produced all documents upon which its expert and CEO relied as well as numerous other documents Google has requested. Indeed, Red Bend has produced over 7800 pages of documents in compliance with the Court's order.

## VII. Google Does Not Qualify For Emergency Relief

Google's motion is styled as an "emergency motion." However, the purported emergency is one of Google's own making. Google knew the identity of Red Bend's declarants on November 17th – it should have sought depositions in a timely manner. Google's choice to sit for seven weeks during an expedited schedule before even suggesting that a deposition would be requested prior to the upcoming preliminary injunction hearing should not be countenanced.

## VIII. Request for Fees

As discussed above, Google's "emergency" motion seeks relief precluded by the Federal Rules, the Local Civil Rules, this Court's Minute Order of December 2, 2009, and the Court's statements at the hearing of the same date. The depositions it seeks are unnecessary and it delayed far too long before attempting to seek this discovery. Its motion is not substantially justified, and Google should therefore be ordered to pay Red Bend's fees in opposing this motion. *See* Fed. R. Civ. P. 37(a)(5)(B).

## IX. Conclusion

For the foregoing reasons, Red Bend respectfully requests that Google's emergency motion be denied in its entirety and that Red Bend be awarded its fees incurred in opposing this motion. In the alternative, if the Court grants Google's motion to compel, Red Bend requests that the depositions be scheduled for a later date and that Red Bend be entitled to take the depositions of Google's declarants.

January 10, 2010                                      Respectfully submitted,

                                                      By:     */s/ Jennifer C. Tempesta*

                                                      Daniel Cloherty (BBO# 565772)
                                                      Dwyer & Collora, LLP
                                                      600 Atlantic Avenue - 12th Floor
                                                      Boston, MA 02210-2211
                                                      Telephone:    (617) 371-1000
                                                      Facsimile:    (617) 371-1037

                                                      Robert C. Scheinfeld (admitted PHV)
                                                      Eliot D. Williams (admitted PHV)
                                                      Jennifer C. Tempesta (admitted PHV)

                                                      Baker Botts, L.L.P.
                                                      30 Rockefeller Plaza
                                                      44th Floor
                                                      New York, New York  10012-4498
                                                      Telephone:    (212) 408-2500
                                                      Facsimile:    (212) 408-2501

                                                      *Attorneys for Plaintiffs Red Bend Ltd. and Red Bend Software Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 10, 2010.

                                                      By:     */s/ Jennifer C. Tempesta*

                                                              Jennifer C. Tempesta