# EXHIBIT 2

| | |
|---|---|
| RED BEND LTD. and<br>RED BEND SOFTWARE INC., )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>GOOGLE INC., )<br> )<br>Defendant. )<br> )<br> )<br>GOOGLE INC., )<br> )<br>Counterclaim-Plaintiff, )<br>v. )<br> )<br>RED BEND LTD. and )<br>RED BEND SOFTWARE INC., )<br> )<br>Counterclaim-Defendants. )<br> )<br> ) | CIVIL ACTION<br>NO. 09-cv-11813 |

## <u>DEPOSITION NOTICE - YORAM SALINGER</u>

PLEASE TAKE NOTICE that commencing at 9:00 a.m. on January 14, 2010 defendant and counterclaim-plaintiff Google Inc. will take the deposition upon oral examination of Yoram Salinger at the offices of Bingham McCutchen LLP, One Federal Street, 25th floor, Boston, Massachusetts 02110.

The deposition will be taken pursuant to Rule 30 of the Federal Rules of Civil Procedure before an officer authorized to administer oaths and will continue from day to day until completed, Saturdays, Sundays, and legal holidays excepted. The deposition will be recorded by stenographic means, and may also be recorded by videotape and audiotape. The stenographic recordation method may provide for the instant visual

display of the testimony at deposition.  Should any counsel desire to participate in such a

live feed, such counsel must provide appropriate equipment.

Please advise no later than January 11, 2010 if the witness requires a translator.

You are invited to attend and examine the witness.


Dated: January 6, 2010

Respectfully Submitted,
Google Inc.,

By its attorneys,

Jonathan M. Albano, BBO # 013850
jonathan.albano@bingham.com
David M. Magee, BBO # 652399
david.magee@bingham.com
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA  02110-1726, U.S.A.
617.951.8000

William F. Abrams
william.abrams@bingham.com
BINGHAM McCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223
650.849.4400

Robert C. Bertin
robert.bertin@bingham.com
Susan Baker Manning
susan.manning@bingham.com
BINGHAM McCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806
202.373.6000

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth Austern, hereby certify that on this 6th day of January, 2010, copies of the

foregoing:

DEPOSITION NOTICE - YORAM SALINGER

were served upon the following party as indicated:

VIA FEDEX AND E-MAIL
Daniel Cloherty
Dwyer & Collora, LLP
600 Atlantic Avenue - 12th Floor
Boston, MA 02210-2211
Telephone: (617) 371-1000
Facsimile: (617) 371-1037

Robert C. Scheinfeld
Eliot D. Williams
Jennifer C. Tempesta
Baker Botts, L.L.P.
30 Rockefeller Plaza
44th Floor
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 408-2501

_____
Elizabeth Austern

RED BEND LTD. and
RED BEND SOFTWARE INC.,

                Plaintiffs,

      v.

GOOGLE INC.,

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION
NO. 09-cv-11813

## NOTICE OF SUBPOENA ISSUANCE TO STEPHEN A. EDWARDS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Federal Rules of Civil Procedure 45, Defendant and Counter-Plaintiff Google Inc. has issued the attached subpoena to Stephen A. Edwards.

Dated: January 6, 2010

Google Inc.,

By its attorneys,

Jonathan M. Albano, BBO #013850
jonathan.albano@bingham.com
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726, U.S.A.
617.951.8000

William F. Abrams
william.abrams@bingham.com
BINGHAM McCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223

Robert C. Bertin
robert.bertin@bingham.com
Susan Baker Manning
susan.manning@bingham.com
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806, U.S.A.
202.373.6000

-1-

# UNITED STATES DISTRICT COURT
### for the

Southern District of New York

| | | |
|---|---|---|
| RED BEND LTD., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   Misc. ___ (09-cv-11813-DPW) |
| GOOGLE INC. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts        ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Stephen A. Edwards, 1214 Amsterdam Avenue, MC 0401 New York, NY 10027-7003

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Bingham McCutchen, LLP<br>399 Park Avenue<br>New York, NY | Date and Time:<br><br>01/15/2010 9:00 am |
|---|---|

The deposition will be recorded by this method:  _Stenographic means, audio and/or video recording_

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___01/06/2010___

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Google Inc.____ _____ , who issues or requests this subpoena, are:

Susan Baker Manning, 2020 K St. NW, Washington DC, 20006, susan.manning@bingham.com, (202) 373-6172

Civil Action No. Misc. ___ (09-cv-11813-DPW)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

## DOCUMENT REQUESTS

1. To the extent not already produced by Red Bend in Civil Action No. 09-cv-11813-DPW (D. Mass.), all documents supporting or tending to refute the infringement, validity or irreparable harm contentions made in Red Bend's Motion for a Preliminary Injunction, the supporting Memorandum, or the supporting declarations of Yoram Salinger and Dr. Stephen A. Edwards.

2. To the extent not already produced by Red Bend in Civil Action No. 09-cv-11813-DPW (D. Mass.), all documents and things reviewed or relied up on by Dr. Stephen A. Edwards in preparing any declaration or other testimony in this action, in preparing any report related to this action, or that he plans to reference or rely upon at any hearing or at trial.

3. To the extent not already produced by Red Bend in Civil Action No. 09-cv-11813-DPW (D. Mass.), all documents referenced in the November 17, 2009 declaration of Dr. Stephen A. Edwards.

4. To the extent not already produced by Red Bend in Civil Action No. 09-cv-11813-DPW (D. Mass.), all documents and things related to the contention that Google has infringed the '552 patent, and all documents and things relied upon by Dr. Stephen Edwards to make his declaration.

5. To the extent not already produced by Red Bend in Civil Action No. 09-cv-11813-DPW (D. Mass.), all documents, including but not limited to dictionary definitions, citations to learned treatises and prior art, related to the proposed construction of any claim term, phrase, or clause of the '552 patent, including but not limited to those claim constructions referenced in Exhibit A to Dr. Edwards's November 17, 2009 declaration.

## CERTIFICATE OF SERVICE

I, Elizabeth Austern, hereby certify that on this 6th day of January, 2010, copies of the

foregoing:

NOTICE OF SUBPOENA ISSUANCE TO STEPHEN A. EDWARDS

were served upon the following party as indicated:

VIA FEDEX AND E-MAIL
Daniel Cloherty
Dwyer & Collora, LLP
600 Atlantic Avenue - 12th Floor
Boston, MA 02210-2211
Telephone: (617) 371-1000
Facsimile: (617) 371-1037

Robert C. Scheinfeld
Eliot D. Williams
Jennifer C. Tempesta
Baker Botts, L.L.P.
30 Rockefeller Plaza
44th Floor
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 408-2501

_____
Elizabeth Austern