UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RED BEND LTD. and<br>RED BEND SOFTWARE INC.,<br>  Plaintiffs,<br>v.<br>GOOGLE INC.,<br>  Defendant.<br><br>GOOGLE INC.,<br>  Counterclaim-Plaintiff,<br>v.<br>RED BEND LTD. and<br>RED BEND SOFTWARE INC.,<br>  Counterclaim-Defendants. | CIVIL ACTION<br>NO. 09-cv-11813 |

**JOINT MOTION FOR RULING ON OUTSTANDING ISSUES
AND ENTRY OF PROTECTIVE ORDER**

Defendant and counterclaim-plaintiff Google, Inc. and plaintiffs, Red Bend, Ltd. and Red Bend Software, Inc. (collectively, "Red Bend") agree that a protective order is necessary in this case to ensure that each side's trade secrets and confidential information will be properly protected and used only for purposes of this litigation. The parties have engaged in extensive negotiations over the terms of a proposed protective order and have agreed on all of them save three. These outstanding issues are:

1. access to Red Bend's documents designated as "Confidential Attorneys' Eyes Only" by Google's in-house counsel (Protective Order ¶ 10(b)); and

2. access to Google's documents designated as "Confidential Attorneys' Eyes Only" or "Confidential" by Red Bend's outside Israeli counsel (Protective Order ¶¶ 6(h) and 10(i)).

Because the parties are at an impasse, and it is important that a protective order be

entered as soon as possible, the parties seek the Court's assistance in determining the outstanding issues. The parties therefore jointly move pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the entry of a protective order governing discovery and disclosure of confidential information in this case substantially in the form attached hereto as <u>Exhibit A</u> and indicating therein, the Court's ruling on the three disputed paragraphs. In support of their motion, the parties each submit their position on the outstanding issues as follows:

## I. GOOGLE'S STATEMENT

### A. Introduction

Google's in-house lawyers are deeply involved in the defense of this action. Red Bend, however, will not agree that Google's in-house counsel may access confidential information, unless Google agrees as a *quid pro quo* that Red Bend's foreign outside counsel, who are not litigating the case, have the same access. These issues are unrelated and, in any event, Red Bend's position is contrary to First and Federal Circuit precedent. As discussed below, it would be in error to categorically deny in-house counsel access to confidential information. Red Bend persists in seeking to do just that because it sees the issue as a bargaining chip.

Time is short. Google's opposition to Red Bend's Preliminary Injunction Motion is due on January 25, 2010, and the Court is to hold a hearing on February 17, 2010. Although the parties have exchanged document discovery, they have agreed that all documents marked confidential will be treated as outside-counsel-only and may only be disclosed to their experts until the Court enters a protective order. Among other things, Google needs to provide its in-house counsel with access to the documents and information they need to aid Google in opposing the preliminary injunction. Although Google diligently attempted to resolve these issues through negotiation, and strongly believes they should have been so resolved, it simply cannot be further hampered by Red Bend's intransigence.

**B.    The Court Should Allow Google's Proposed Paragraph 10(b) and Deny Paragraphs 6(h) and 10(i) of the Proposed Protective Order**

The Court has broad discretion to fashion a protective order that will prevent the disclosure of confidential information, or to limit its dissemination. The Federal Rules of Civil Procedure provide:

> [T]he court may, for good cause issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including...requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed in only a specific way....

Fed. R. Civ. P. 26(c)(1)(g). The party seeking a protective order bears the burden of showing that good cause exists for the issuance of the requested order. *Public Citizen v. Ligett Group, Inc.*, 858 F.2d 775,789 (1st Cir. 1988). Federal Rule of Civil Procedure 26(c) "is highly flexible" and "requires an individualized balancing of the many interests that may be present in a particular case." *See Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391 at 402 (1st Cir. 2005); *In re Sealed Case (Medical Records)*, 381 F.3d at 1214-17; *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 596-97, 599 (1st Cir. 1980).

Google is represented in this action by its outside counsel, Bingham McCutchen LLP. Bingham attorneys work closely with Google's in-house counsel, including Chester Day, Associate Litigation Counsel, Catherine Laquevera, Senior Litigation Counsel, and others to defend Google in the action. On December 7, 2009, Google proposed a form of protective order to Red Bend. The parties engaged in extensive negotiations and discussions. Red Bend has now agreed to all of the provisions of the Protective Order except for paragraph 10(b). That paragraph provides:

> 10. Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY and information contained therein shall be available only to:…
>
> b. Up to three (3) in-house counsel with responsibility for managing this litigation and up to three (3) employees in a party's legal department necessary to assist them in this litigation (i.e., clerical staff or paralegals), all of whom have signed the form attached hereto as Attachment A;

Exhibit A at 10(b).

The Federal Circuit has held that in-house counsel may not be categorically denied access to confidential information. "[D]enial of access sought by in-house counsel on the sole ground of their status as in-house counsel is error. In further proceedings, access should be denied or granted on the basis of each individual counsel's actual activity and relationship with the party represented, without regard to whether a particular counsel is in-house or retained." *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1469 (Fed. Cir. 1984). "Like retained counsel [] in-house counsel are officers of the court, are bound by the same Code of Professional Responsibility, and are subject to the same sanctions. In-house counsel provide the same services and are subject to the same types of pressures as retained counsel." *Id.* at 1468. *See also Bailey v. Dart Container Co.*, 980 F.Supp. 560, 583 (D. Mass. 1997) ("[The Company] can better protect and control the use of confidential information in the hands of its in house counsel and experts as opposed to its outside counsel and experts."); *E.I. DuPont de Nemours and Company v. Phillips Petroleum Company*, 219 U.S.P.Q. 37, 39 (D. Del. 1982).

Even in the face of clear precedent, Red Bend refuses to agree to the provision that would allow Google's in-house lawyers access to confidential information **unless** Google agrees to allow Red Bend's outside foreign counsel to have similar access. *See* correspondence between

E. Williams and S. Manning attached hereto as Exhibit B. Red Bend has informed Google that the only Israeli attorney that they were willing to disclose is Iris Pappo, an attorney who generally advises Red Bend on non-IP matters. *Id.* Ms. Pappo and the remaining unknown attorneys are not admitted to practice in any U.S. jurisdiction, are resident in Israel, and not actively involved in the litigation of this case.

Google cannot agree to the requested provision. It is not clear whether or how the protective order could be enforced against a foreign national who is not a party to the action, who has not (and cannot) appear as counsel in the action, who is not admitted to practice anywhere in the United States, and who is outside the personal jurisdiction of this (and apparently every other) U.S. federal court.[1] The facts to date from Red Bend are that it wants to provide Google's confidential information to Ms. Pappo and further undisclosed members of the Israeli bar who are not involved in the litigation of this case. Red Bend suggests that a judgment (not the order itself) would be enforceable against the Israeli attorneys. *Id.* In support of its position, Red Bend provided Google with close to forty pages of documents written in Hebrew while at the same time refusing to provide an English translation for Google's evaluation. *Id.* While Google made every effort to resolve this issue by mutual agreement, it cannot agree to provide highly sensitive trade secrets and confidential information to unknown individuals against whom it may be difficult or impossible to enforce the Court's Protective Order.

Nor, given that Red Bend's foreign counsel is not actively representing Red Bend in the litigation, is there any need to entrust him or her with Google's trade secrets or other confidential information. Red Bend's counsel of record, Baker Botts LLP, will of course have full access to Google's confidential information and will be able to advise its client consistent with the terms of the Protective Order. In any case, the issue is separate from whether Google's in-house

---

[1] Although the parties exchanged several letters on this point, it is in fact difficult to regard Red Bend's correspondence as a serious effort to resolve the matter. Among other things, Red Bend asked Google to rely on several documents in Hebrew, but refused to provide English-language translations.

counsel may appropriately access confidential information, and Red Bend's effort to use that issue as a bargaining chip is inappropriate.

### C. Conclusion

The only provision to which Red Bend objects is appropriate and necessary for Google's defense of the case, and Red Bend's objection is contrary to Federal Circuit law. Google therefore respectfully requests that the Court enter Google's proposed protective allowing proposed paragraph 10(b) and denying paragraphs 6(h) and 10(i).

## II. RED BEND'S STATEMENT

Throughout the parties' negotiations relating to the content of a stipulated protective order, Google has insisted that its in-house counsel obtain access to Red Bend's "Confidential Attorneys' Eyes Only" ("AEO") information − the category of confidential information that discloses commercially sensitive competitive information. This type of provision, embodied in Google's proposed Protective Order ¶ 10(b), is unwarranted. To the extent Google is permitted to disclose Red Bend's competitively sensitive documents to its in-house counsel employees, Red Bend should be permitted to share Google's AEO documents with its outside Israeli counsel, who function in a similar capacity as Google's in-house counsel.

Red Bend does not have in-house counsel. Thus, Red Bend proposes that if Google's in-house counsel is given access to Red Bend's confidential and AEO information, then Red Bend's outside Israeli counsel, who frequently advise Red Bend on general legal matters, and who originally assisted Red Bend in selecting and retaining Baker Botts, should be permitted to view Google's confidential and AEO information under similar provisions (*i.e.,* proposed Protective Order ¶¶ 6(h) and 10(i)).

In a good faith attempt to alleviate Google's purported concerns with providing its confidential information to a non-U.S. resident: (1) Red Bend provided Google with documents establishing that the ethics rules governing Israeli attorneys are very similar to those governing

U.S. attorneys; (2) Red Bend presented authority that any judgment respecting the Protective Order obtained in the U.S. would be enforceable under the Israeli Foreign Judgments Act; and (3) Red Bend's Israeli counsel agreed to submit to the jurisdiction of the courts in Massachusetts and waive defenses of personal jurisdiction and service of process.

It would be inequitable for the Court to accept Google's proposed Protective Order ¶ 10(b) without adopting a similar provision for Red Bend's Israeli counsel who functions in much the same role as Google's in-house counsel. We note that Red Bend's Israeli counsel is just as necessary for Red Bend as Google's in-house counsel is for Google. For instance, the Baker Botts attorneys handling this matter are (unlike Israeli outside counsel) not familiar with all aspects of Red Bend's business or its risk-management processes. Nor are the Baker Botts attorneys fluent in Hebrew, the native language of Red Bend's management personnel. Further, Google's proposal would prevent Baker Botts from sharing with Red Bend's management drafts of briefs it intends to submit on Red Bend's behalf (to the extent those briefs contain Google's AEO information). Additionally, for similar reasons, Baker Botts may be unable to share with Red Bend's management briefs that Google files under seal in this case. This will put Red Bend at a strategic disadvantage vis-à-vis Google if its in-house counsel would be permitted such access. This harm would only be ameliorated if Red Bend's Israeli counsel is permitted to review these materials and provide comments to Baker Botts.

Alternatively, if the Court will not accept Red Bend's proposal in this regard, Red Bend respectfully requests that the Court reject Google's proposed ¶ 10(b) in its entirety, so that neither party obtains a strategic advantage as a result of the Protective Order.

### III. GOOGLE'S RESPONSE

Throughout its response, Red Bend attempts to draw parallels between its unidentified outside Israeli counsel who are not involved in this litigation and advise Red Bend on "general legal matters" and Google's in-house attorneys, who are actively involved in the day to day planning and prosecution of this litigation. However, the capacities in which Red Bend's Israeli

counsel, and the jurisdictions under which the court's orders may be enforced could not be more different. Red Bend knows this and has significantly delayed this process, now requiring the Court's involvement, in its attempt to use Google's in-house access to information as a bargaining chip.

Red Bend asserts that a provision in the protective order granting in-house counsel access to confidential is "unwarranted." Red Bend goes no further in describing the who, what and how this provision is unwarranted other than to say that it is "inequitable." In fact, Red Bend cannot articulate why paragraph 10(b) is unwarranted because this is a common provision included in many patent related protective orders. Mr. Williams, Red Bend's lead counsel has litigated this very issue before. In *Kara Technology Incorporated v. Stamps.com Inc.,* 05-cv-01890 at Doc. 40 (C.D. Ca. 2005), attached as Exhibit C, Mr. Williams argued on behalf of his client, Kara Technology, that in-house counsel at Stamps.com should not be permitted access to Kara's confidential information. *Id*. The court concluded that the in-house counsel was not a "competitive decisionmaker" and not involved in "marketing, sales or product design." Kara was unable to articulate a particularized harm from the disclosure of information to Stamp.com's in-house counsel and as a result, in-house counsel was permitted access to the information. Similarly, Red Bend is unable to describe any particularized harm that would result from Google in-house counsel's access to Red Bend's information.

Red Bend's described efforts to alleviate Google's concerns regarding it's outside Israeli counsel are not helpful. A simple review of the materials provided by Red Bend reveals that the documents are all in Hebrew. While Red Bend's Israeli counsel may be able to read the documents, it is equally true that neither Red Bend's litigation counsel nor Google can read and understand Hebrew. *Id*. Red Bend refuses to provide a translation for Google to consider. *Id*. Further, Red Bend's purported summary of the documents reveals that it does not believe that the Court has authority to issue orders controlling its Israeli counsel. To the contrary, Red Bend suggests that any judgment obtained (against its Israeli counsel, non-parties to this litigation) by Google may be enforceable in Israel. This provides Google no security.

Red Bend's suggestion that it's management personnel will not be able to communicate with litigation counsel is silly. Red Bend Software Inc. is headquartered in Waltham, MA. It has no trouble operating its business and selling its products to U.S. companies. Further, Mr. Salinger, Red Bend's President and CEO has not had any trouble communicating with Google during meetings.

Finally, Red Bend suggests that it would be put at a strategic disadvantage were Google's in-house attorneys, who are actively involved in the prosecution of this litigation, allowed access to its information without its unidentified Israeli attorneys, not involved in this litigation, being afforded the same access. The irrelevance of this assertion is obvious. Israeli counsel's involvement in "assist[ing] Red Bend in selecting and retaining Baker Botts" doesn't reach the minimum threshold for having access to confidential information.

For this and the foregoing reasons, Google respectfully requests that the Court enter Google's proposed protective allowing proposed paragraph 10(b) and denying paragraphs 6(h) and 10(i).

## IV. RED BEND'S RESPONSE

### A. Summary

Red Bend objects to Google's attempt to place Red Bend at a strategic disadvantage by demanding that Red Bend agree to a protective order that permits Google's in-house counsel to review the briefs and other materials filed under seal, or draft briefs and other documents which contain material designated attorneys' only in this case, in order to provide input and advice to Google's outside litigation counsel, but refuses Red Bend's outside litigation counsel the same assistance and support. Red Bend only seeks to permit its Israeli outside counsel (that functions as its in-house counsel) permission to view information that is highly relevant to Red Bend's case, so that Red Bend may benefit from the same type of advice Google would like to receive from its in-house counsel.. Any other result would be highly inequitable, raising Due Process concerns and potentially impairing Red Bend's Sixth Amendment right to counsel.

### B. Red Bend's Compromise Position

In an effort to reach a compromise, Red Bend is willing to limit its request for access to Google's confidential information to <u>one</u> of its Israeli outside counsel, in particular Ms. Iris Pappo. Ms. Pappo has been Red Bend's outside counsel since its inception, knows its business and culture, and has consulted and continues to consult on this case. Red Bend will further agree (whether or not Ms. Pappo is granted access) to include Google's proposed ¶ 10(b) for <u>one</u> in-house Google attorney who is not involved in Google's competitive decision-making.

### C. Discussion

Google relies on *U.S. Steel Corp. v. United States,* 730 F.2d 1465, 1469 (Fed. Cir. 1984) for the proposition that in-house counsel may not categorically be denied access to confidential information. Importantly, *U.S. Steel* merely states the generally-recognized proposition that access to information by counsel should be evaluated on an individual basis and supports withholding access to in-house counsel "where in-house counsel are involved in competitive decisionmaking." *Id.* at 1468 n. 3. The court's reasoning in *U.S. Steel* is instructive:

> Denial or grant of access, however, cannot rest on a general assumption that one group of lawyers are more likely or less likely inadvertently to breach their duty under a protective order. . . . [T]he factual circumstances surrounding each individual counsel's activities, association, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or accidental disclosure.

*Id.* at 1468. Although Google complains that Red Bend is categorically denying access to its in-house counsel, Google is being unreasonable because it has not offered any specifics regarding whether the in-house counsel at issue are involved in competitive decision-making. If those counsel are involved in competitive decision-making, they should not have access to Red

Bend's highly sensitive information at least because of the likelihood of inadvertent disclosure. *See id. See also Bailey v. Dart Container Corp. of Michigan*, 980 F.Supp. 560, 583 (D. Mass. 1997) (recognizing that "[t]he risk of competitive injury is particularly high when the opposing party is a business competitor" and allowing access to only one in-house attorney under protective order provisions).

Red Bend has negotiated in good faith with Google regarding the three paragraphs in dispute.[2] As explained in Red Bend's statement, Google's stated concerns regarding the disclosure of its confidential information to Red Bend's outside Israeli counsel are adequately addressed by Red Bend's proposal. Google's attempt to "categorically deny" access to Red Bend's Israeli counsel is particularly ironic in view of Google's position regarding access by its own in-house counsel and should not be permitted.

## **LOCAL RULE 7.1 and 37.1 CERTIFICATION**

Pursuant to Local Rules 7.1(A)(2) and 37.1(A), counsel for the parties certify that they have conferred with eachother and have attempted in good faith to resolve or narrow the issues presented in this motion.

---

[2] Google states that Red Bend "asked Google to rely on several documents in Hebrew, but refused to provide English-language translations." (Google Statement at n.1). In the relevant correspondence, counsel for Red Bend summarized the contents of the Hebrew documents for counsel for Google and represented the accuracy of those summaries to counsel for Google. Neither Red Bend nor counsel for Red Bend have complete translations of the documents.

| Respectfully Submitted, | Dated: January 15, 2010 |
|---|---|
| RED BEND LTD, RED BEND SOFTWARE INC.<br><br>By its attorneys,<br><br>*/s/ Jennifer C. Tempesta*<br><br>Daniel Cloherty (BBO# 565772)<br>Dwyer & Collora, LLP<br>600 Atlantic Avenue - 12th Floor<br>Boston, MA 02210-2211<br>Telephone:   (617) 371-1000<br>Facsimile:   (617) 371-1037<br><br>Robert C. Scheinfeld (admitted PHV)<br>Eliot D. Williams (admitted PHV)<br>Jennifer C. Tempesta (admitted PHV)<br><br>Baker Botts, L.L.P.<br>30 Rockefeller Plaza<br>44th Floor<br>New York, New York  10012-4498<br>Telephone:   (212) 408-2500<br>Facsimile:   (212) 408-2501 | GOOGLE, INC.<br><br>By its attorneys,<br><br>/s/ David M. Magee<br><br>Jonathan M. Albano, BBO # 013850<br>jonathan.albano@bingham.com<br>David M. Magee, BBO # 652399<br>david.magee@bingham.com<br>BINGHAM McCUTCHEN LLP<br>One Federal Street<br>Boston, MA  02110-1726, U.S.A.<br>617.951.8000<br><br>William F. Abrams<br>william.abrams@bingham.com<br>BINGHAM McCUTCHEN LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303-2223<br>650.849.4400<br><br>Robert C. Bertin<br>robert.bertin@bingham.com<br>Susan Baker Manning<br>susan.manning@bingham.com<br>BINGHAM McCUTCHEN LLP<br>2020 K Street, NW<br>Washington, DC 20006-1806<br>202.373.6000 |

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by federal express, on January 15, 2010.

/s/  David M. Magee
David M. Magee, BBO # 652399