EXHIBIT B

## Manning, Susan Baker

| | |
|---|---|
| **From:** | Eliot.Williams@bakerbotts.com |
| **Sent:** | Friday, December 11, 2009 4:48 PM |
| **To:** | Manning, Susan Baker; jennifer.tempesta@bakerbotts.com |
| **Cc:** | Robert.Scheinfeld@bakerbotts.com; Abrams, William F.; Bertin, Robert C.; Austern, Elizabeth |
| **Subject:** | RE: Red Bend Ltd. v. Google Inc., Case No. 09-11813 (D. Mass.) |

**Attachments:** BB cmts -google's proposed PO .DOC; PO redline NY02 673726 1.DOC

Susan:

Our markup of the protective order is attached.

Re. 10(b), Red Bend may accept a provision which gives Google's in-house counsel access to Red Bend's Highly Confidential materials if Red Bend can share Google's Highly Confidential materials with its outside Israeli counsel who frequently provide it with general legal advice. Let's discuss telephonically on Monday.

**ELIOT D. WILLIAMS**
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2563 - Direct dial
(212) 259-2563 - Direct fax
eliot.williams@bakerbotts.com
PGP Public Key available upon request

---

This e-mail (including any attachment) is confidential and may be privileged under federal or state law. Use or disclosure of this material by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please contact the author at eliot.williams@bakerbotts.com and delete this e-mail from each computer on which it was received.

---

**From:** Manning, Susan Baker [mailto:susan.manning@bingham.com]
**Sent:** Friday, December 11, 2009 3:04 PM
**To:** Tempesta, Jennifer C.
**Cc:** Scheinfeld, Robert C.; Williams, Eliot D.; Abrams, William F.; Bertin, Robert C.; Austern, Elizabeth
**Subject:** RE: Red Bend Ltd. v. Google Inc., Case No. 09-11813 (D. Mass.)

Hi Jennifer --
Can Red Bend be available at 1:00 pm? I am open at 10:30 am, but have a hard stop at 10:45 and want to make sure we have enough time for a productive call.

Also, can you please advise as to Red Bend's views on the proposed PO?

thanks,
Susan

Susan Baker Manning
*Partner*
T 202.373.6172
F 202.373.6001
susan.manning@bingham.com
B I N G H A M
Bingham McCutchen LLP
2020 K Street NW
Washington, DC 20006-1806

**From:** jennifer.tempesta@bakerbotts.com [mailto:jennifer.tempesta@bakerbotts.com]
**Sent:** Thursday, December 10, 2009 11:33 PM
**To:** Manning, Susan Baker
**Cc:** Robert.Scheinfeld@bakerbotts.com; Eliot.Williams@bakerbotts.com; Abrams, William F.; Bertin, Robert C.; Austern, Elizabeth
**Subject:** RE: Red Bend Ltd. v. Google Inc., Case No. 09-11813 (D. Mass.)

Susan,

We are available to discuss the issues raised in our letter on Monday at 10:30 am. Please use the following dial-in information for the call: 1-888-453-4271; passcode: 2124082571.

Best,

Jennifer C. Tempesta
Baker Botts, L.L.P.
30 Rockefeller Plaza
New York, NY 10112

Phone: (212) 408-2571
Fax: (212) 259-2571
E-mail: jennifer.tempesta@bakerbotts.com

NOTICE: This message is intended solely for use of the individual(s) to whom it is addressed and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.

**From:** Manning, Susan Baker [mailto:susan.manning@bingham.com]
**Sent:** Thursday, December 10, 2009 9:55 PM
**To:** Tempesta, Jennifer C.
**Cc:** Scheinfeld, Robert C.; Williams, Eliot D.; Abrams, William F.; Bertin, Robert C.; Austern, Elizabeth
**Subject:** RE: Red Bend Ltd. v. Google Inc., Case No. 09-11813 (D. Mass.)

Hi Jennifer --
Thanks for your letter. Unfortunately, I cannot do a call at 11:30 am tomorrow. I agree that it makes sense for the parties to talk, and soon. Based on a quick review of your letter, I see at least some potential areas of compromise. That said, I trust you'll understand that insisting on a written response prior to a proposed 11:30 am call to a letter sent after the close of business is not productive. Let's discuss.

Can Red Bend be available to discuss discovery issues at 10:00 am on Monday? Alternatively I could do 1:00 pm on Monday.

thanks,
Susan

Susan Baker Manning
*Partner*
T 202.373.6172
F 202.373.6001
susan.manning@bingham.com
B I N G H A M
Bingham McCutchen LLP
2020 K Street NW
Washington, DC 20006-1806

**From:** jennifer.tempesta@bakerbotts.com [mailto:jennifer.tempesta@bakerbotts.com]
**Sent:** Thursday, December 10, 2009 6:33 PM
**To:** Manning, Susan Baker
**Cc:** Robert.Scheinfeld@bakerbotts.com; Eliot.Williams@bakerbotts.com; Abrams, William F.; Bertin, Robert C.; Austern, Elizabeth
**Subject:** Red Bend Ltd. v. Google Inc., Case No. 09-11813 (D. Mass.)

Susan,
Please see the attached correspondence.
Best Regards,
Jennifer C. Tempesta
Baker Botts, L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Phone: (212) 408-2571
Fax: (212) 259-2571
E-mail: jennifer.tempesta@bakerbotts.com
NOTICE: This message is intended solely for use of the individual(s) to whom it is addressed and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.

<<12.10 Ltr to Manning Re RB Doc Requests.pdf>>

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

# BINGHAM

Susan Baker Manning
Direct Phone: 202.373.6172
Direct Fax:     202.373.6472
susan.manning@bingham.com

December 17, 2009

**VIA ELECTRONIC MAIL**

Eliot D. Williams, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
44th Floor
New York, NY 10012-4498

> **Re:** *Red Bend Ltd. v. Google Inc.*, Case No. 09-cv-11813
> **Proposed Stipulated Protective Order**

Dear Eliot:

I write to follow up on our conversation of December 14, 2009 regarding the protective order proposed by Google and marked up by Red Bend.

Google agrees to Red Bend's proposed changes in ¶¶ 5(a), 11, 12(c) (addition of "but not keep" only), 12(g), 12(h), 16 (and a parallel change in Attachment A), 17, 23, 24(c), 27, 32, and 34. Per our conversation, I have made further agreed upon revisions to ¶¶ 7, 12(c) (last sentence only), and 36.

In paragraph 6(c), I have modified Google's proposed language to allow two non-attorney employees who meet the relevant criteria to access Confidential information. Based on our conversation, I understand that Red Bend is amenable to paragraph 6(c) so modified.

In paragraph 12(c), we have deleted the last sentence and move the clarification that the Bates numbered source code documents are part of the producing party's production. I trust this is acceptable.

With that, I believe there are five outstanding issues to resolve: (1) in-house counsel's access to Confidential Attorney's Eyes Only information; (2) access to Confidential and Confidential Attorney's Eyes Only information by Red Bend's Israeli outside counsel; (3) the handling of source code; (4) the precise language of the prosecution bar provisions; and (5) the scope of expert discovery.

**In-house counsel.** On the issue of in-house counsel, we ask that Red Bend agree to the language of paragraph 10(b) as originally proposed. Google's in-house legal staff is actively involved in defending Google in this litigation. As noted in previous correspondence, it is reversible error for a court to categorically deny in-house counsel access to confidential information. *See U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984) ("Like retained counsel, however, in-house counsel are officers of the court, are bound by the same Code of Professional Responsibility, and are subject to the same sanctions. In-house counsel provide the same services and are subject to the

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

+1.202.373.6000
+1.202.373.6001
bingham.com

A/73243697.1

same types of pressures as retained counsel.") (holding that it was error to categorically deny in-house counsel access to confidential information).

**Red Bend's outside Israeli counsel.** I understand that Red Bend would like to have its Israeli outside counsel be able to access Confidential Attorney's Eyes Only information. From our conversation, I understand that this particular outside attorney effectively acts as Red Bend's general counsel, advising it on a variety of non-IP matters. We have a number of serious concerns about this proposal. We understand that the counsel in question is not admitted to practice in any U.S. jurisdiction, is resident in Israel, and is not actively litigating the case. It is not clear to us whether or how the protective order could be enforced against a foreign national who is neither present in the United States nor admitted to practice here. Even if the attorney agreed in writing to submit to the jurisdiction of the District of Massachusetts, it is not clear whether or how that writing might be enforced. While we cast no personal aspersions on this particular lawyer, you will understand that Google cannot agree to provide Confidential Attorney's Eyes Only information to an individual against whom it may be difficult or impossible to enforce the Protective Order.

Further, we understand that Israeli counsel's primary (and perhaps only) role is to provide strategic counsel to Red Bend, and that he is not actively litigating the matter. It thus seems highly doubtful that Red Bend actually needs Israeli counsel to have access to Confidential Attorney's Eyes Only information—desirable perhaps, given the apparent long-term relationship, but not needed. Baker Botts will, of course, have access to Confidential Attorney's Eyes Only information and will be able to advise its client consistent with the terms of the Protective Order.

**Source code.** As to the handling of confidential source code, we have agreed to Red Bend's suggested limitation in ¶ 12(h) on the number of paper copies of source code documents that may be made. We view this as needless, and potentially intrusive, but agree to this and certain other modifications in ¶ 12 in the spirit of cooperation and in the hope of moving these issues forward to resolution. Please confirm that Red Bend is in turn amenable to Google's suggestion in ¶ 12(c) as to the number of consecutive and total pages that may be printed, if warranted, by the reviewing party.

As discussed, we view Red Bend's proposed edit to ¶ 12(d) and new ¶ 12(e) regarding the supervision of persons viewing the source code (all of whom will be bound by the Protective Order) as unnecessary and potentially disruptive, and have therefore deleted them from this draft.

**The Prosecution Bar.** Most of Red Bend's proposed revisions are acceptable. In paragraph 14, Red Bend changed the word "receipt" to "review," and thus the bar commenced upon review of the Prosecution bar materials. In the attached, I have reverted to the original "receipt" language. My concern is that it is relatively straight-forward to track when an individual receives something; when he or she first reviews it can be more difficult to discern after-the-fact. We would prefer a more transparent, less debatable rule.

**Scope of expert discovery.** Red Bend had proposed to delete in its entirety ¶ 40, which addresses the scope of expert discovery. The only substantive disagreement I am aware of with the provision as proposed was with regard to the discoverability of communications between a testifying expert and counsel. I'd like to resolve this issue

sooner rather than later if possible. I have therefore reinstated ¶ 40, but revised it to provide that such communications are discoverable. Please let me know if that is acceptable to Red Bend.

Please let us know your position on these issues as soon as practicable. If there are outstanding issues, I am available to discuss and resolve them.

Sincerely yours,

Susan Baker Manning



## Manning, Susan Baker

| | |
|---|---|
| **From:** | Eliot.Williams@bakerbotts.com |
| **Sent:** | Monday, December 21, 2009 7:35 PM |
| **To:** | Manning, Susan Baker |
| **Cc:** | Robert.Scheinfeld@bakerbotts.com; jennifer.tempesta@bakerbotts.com; zzm google/red bend (ext) |
| **Subject:** | RE: Red Bend v. Google - Revised PO |

**Attachments:** BB cmts to revised PO NY02 674297 1.DOC; REDLINE PO.doc

Susan:

We still await your response to our correspondence regarding Red Bend's RFP relating to third party access to Google's Courgette source code. Please advise.

Regarding the protective order, I attach a revised Protective Order and a redline against your draft of Thu. afternoon. This is still subject to client approval.

As you will see, we accepted most of your changes.

Regarding 6(c): We had previously proposed four employees, without distinguishing between in-house counsel and other employees. We have accepted your version, but with three (3) non-in house counsel receiving access.

Regarding in-house counsel/Israeli counsel issues:
We have read the *U.S. Steel* case and note that it merely states the generally-recognized proposition that access to information by counsel should be "denied or granted on the basis of each individual counsel's actual activity and relationship with the party represented" and supports withholding access to in-house counsel "where in-house counsel are involved in competitive decisionmaking."

Rather than probe into the various day-to-day tasks of Google's in-house counsel who seek access in this case, however, we are prepared to concede on this point if Google will accept our provision 10(i). You will note that Attachment A has been revised to make clear that persons signing the attachment are submitting to the jurisdiction of the courts in Massachusetts and waive defenses of personal jurisdiction and service of process. We note that Israeli counsel is just as necessary, if not more so, for Red Bend as Google's in-house counsel is for Google. For instance, the Baker Botts attorneys handling this matter are not fluent in Hebrew, nor are they familiar with all aspects of Red Bend's business or its management's risk-management processes. We urge Google to reconsider its position on this provision.

Regarding source code:
We have added an Attachment B, which will be on-display in the source code viewing room, and have accepted your other changes, with the exception that the total number of source code pages should not exceed 250 without prior agreement. This is substantial change from our

previous proposal of 100 pages, and we believe it should be more than sufficient for this case.

Prosecution bar:
We have accepted your changes.

Expert discovery:
We are prepared to agree that drafts and notes are not discoverable unless relied upon by the expert, but are not willing to limit deposition questioning to pre-defined categories as Google has proposed.

**ELIOT D. WILLIAMS**
**BAKER BOTTS** L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2563 - Direct dial
(212) 259-2563 - Direct fax
eliot.williams@bakerbotts.com
PGP Public Key available upon request

This e-mail (including any attachment) is confidential and may be privileged under federal or state law. Use or disclosure of this material by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please contact the author at eliot.williams@bakerbotts.com and delete this e-mail from each computer on which it was received.

**From:** Manning, Susan Baker [mailto:susan.manning@bingham.com]
**Sent:** Thursday, December 17, 2009 3:16 PM
**To:** Williams, Eliot D.
**Cc:** Scheinfeld, Robert C.; Tempesta, Jennifer C.; zzm google/red bend (ext)
**Subject:** Red Bend v. Google - Revised PO

Dear Eliot -- I attach a revised version of the protective order, a redline showing change in this document over the original protective order we proposed on December 7, and related correspondence. I look forward to hearing from you.

regards,
Susan

Susan Baker Manning
*Partner*
T 202.373.6172
F 202.373.6001
susan.manning@bingham.com
B I N G H A M
Bingham McCutchen LLP
2020 K Street NW

1/11/2010

Washington, DC 20006-1806

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

# BINGHAM

Susan Baker Manning
Direct Phone: 202.373.6172
Direct Fax:    202.373.6472
susan.manning@bingham.com

December 22, 2009

**VIA ELECTRONIC MAIL**

Eliot D. Williams, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
44th Floor
New York, NY 10012-4498

Re:  *Red Bend Ltd. v. Google Inc.*, Case No. 09-cv-11813

Dear Eliot:

We've reviewed Red Bend's further markup of the proposed protective order.  Google is amenable to Red Bend's suggested changes in ¶¶ 6(c) (addition of "all of whom" only), 10(b), 10(d), 12(c), 12(d), and in Attachment A.

As to the other proposed change to paragraph 6(c), Google agreed at Red Bend's request to modify the provision so as to allow a second non-attorney employee to access confidential information.  We understood that Red Bend wanted to change the provision from one to two employees so as to allow access for both Mr. Salinger, its CEO and the primary client decision-maker, and Red Bend's IP manager, who we understand works with Mr. Salinger and outside counsel on matters related to the litigation.  Despite our concerns about whether this was actually necessary, and the increased risk of improper use of confidential information, we nevertheless agreed to add a second individual as an accommodation to Red Bend.  We do not agree to the proposed further change to allow three non-attorneys to view confidential information.  We are willing to allow two non-attorneys to do so as previously discussed.

As to Red Bend's desire to give its Israeli outside counsel[1] access to information designated by Google as "Confidential Attorney's Eyes Only," we continue to believe that this proposed provision is unwarranted, unworkable, and fails to protect Google's highly sensitive trade secrets and business information.  Red Bend has yet to state what important purpose would be served in this litigation by allowing outside non-litigation counsel to review and analyze Google's "Confidential Attorney's Eyes Only" information.  Although you mentioned that litigation counsel are not fluent in Hebrew and are not "familiar with all aspects of Red Bend's business or its management's risk-

---

[1] I gather that Red Bend wishes to give specific individuals access to Google's "Confidential Attorney's Eyes Only" information, but thus far these persons have not been identified to us.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

+1.202.373.6000
+1.202.373.6001
bingham.com

A/73250274.1

management processes," it is unclear to us how translation issues or Red Bend's risk-management process relates to any perceived need for non-litigation counsel to access Google's "Confidential Attorney's Eyes Only" information.

As we have discussed, one of Google's most significant concerns is for the enforceability of the Protective Order. It is not clear how as a practical matter the Protective Order could be enforced in the event of a violation by individuals who have not appeared in the case, who cannot appear in the case because they are not admitted to practice anywhere in the United States, and who are not present in the United States. We appreciate that Attachment A now specifies that the signer submits to the Court's jurisdiction, but in practice it seems that the Court and the parties would have little recourse if an non-citizen abroad were to simply ignore that or other provisions of the Protective Order. I have previously raised this concern both in our conversations and in correspondence. If Red Bend as a workable solution, we would be willing to consider it.

Given Google's concerns for the confidentiality of its most sensitive information, the apparent lack of genuine need for the requested change, and the serious problems regarding enforceability, we cannot agree to Red Bend's proposed addition of ¶ 10(i). We hope Red Bend will reconsider, and that we are able to come to agreement on these two outstanding issues.

As to the proposed modification of Paragraph 40, we have some concerns that the provision is less clear as revised. There is obviously some relationship between a final expert report and a draft thereof. Under the single sentence version of Paragraph 40 that Red Bend proposes, we understand that an expert would not necessarily rely upon an earlier draft within the meaning of this paragraph such as to make the draft discoverable. In other words, the exception does not swallow the rule. In addition, we understand that usual activities such as, for example, checking notes or checking an earlier draft to confirm that all necessary edits have been made would not constitute reliance such as to make the notes or drafts discoverable. Please confirm whether this is consistent with your understanding the of the provision as proposed.

Sincerely yours,

Susan Baker Manning

# BAKER BOTTS LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
**NEW YORK**
PALO ALTO
RIYADH
WASHINGTON

December 30, 2009

## BY ELECTRONIC MAIL

Eliot D. Williams
TEL +1 212-408-2563
FAX +1 212-259-2563
eliot.williams@bakerbotts.com

Susan Baker Manning, Esq.
Bingham McCutchen LLP
2020 K Street NW
Washington, DC 20006-1806

Re: _Red Bend Ltd. v. Google Inc._, Case No. 09-cv-11813

Dear Susan:

We write in response to your letter of December 22, 2009 regarding the proposed stipulated protective order.

### Non-Employee Access to Confidential Information

We do not believe it would be equitable for you to be able to share Confidential information freely with three of Google's in-house counsel employees, while limiting Red Bend to only two employees. We are prepared to concede on this issue however, if Google will accept Red Bend's proposal regarding access to Israeli counsel, discussed below.

### Israeli Counsel

Red Bend continues to strongly believe that its Israeli outside counsel will need access to Google's Confidential[1] and Attorney's Eyes Only information in this case. We note that Red Bend's Israeli counsel functions in much the same role as Google's in-house counsel. To the extent you accuse Red Bend of failing to "state what important purpose would be served in this litigation by allowing" Israeli outside counsel to review Google's Confidential or Attorneys Eyes Only information, we note that the same is true for Google's in-house counsel being given access to Red Bend's materials.

As a practical matter, Google's proposed protective order would prevent Baker Botts from sharing with Red Bend's management drafts of briefs it intends to submit on Red Bend's behalf (to the extent those briefs contain Google's Attorney's Eyes Only information). Additionally, for similar reasons, we may be unable to share with Red Bend's management briefs that Google files under seal in this case. This will put Red Bend at a strategic disadvantage vis-à-vis Google (whose in-house counsel would be permitted such access). This harm would only

---

[1] In this regard, Red Bend further suggests adding the following text as new section 6(h), which was inadvertently omitted from our most-recent draft: "Up to two outside Israeli counsel who have signed the form attached hereto as Attachment A."

be ameliorated if Israeli counsel were permitted to review these materials and provide comments to Baker Botts, as well as to monitor our work in this case in order to provide independent advice to Red Bend's management regarding the quality of our representation. We assume Google's in-house counsel serves a similar role for Google.

Regarding Google's concerns about the enforceability of the Order against Israeli counsel, we enclose for your reference the following:

1. The Ethic Rules of the Israeli Bar

2. The Israeli Bar Act of 1961

3. The Israeli Enforcement of Foreign Judgments Act of 1958

These documents establish that the ethics rules governing Israeli attorneys are very similar to those governing U.S. attorneys. Additionally, we believe that any judgment respecting the Protective Order obtained in the U.S. would be enforceable under the Israeli Foreign Judgments Act.

As to your statement that the identity of Israeli counsel has not been provided to you, we would of course do so prior to permitting those persons to access Google's Attorney's Eyes Only information. At this time, we suspect one of the persons provided such access would be Iris Pappo, whose biography is attached hereto.

We encourage Google to reconsider its objection to this provision. Red Bend will not agree to a protective order that gives Google employees (regardless of whether or not they are attorneys) access to Red Bend's Attorney's Eyes Only information without permitting similar access to Red Bend's Israeli outside counsel. If Google will not accept Red Bend's proposal in this regard, we suggest removing the provision that would give in-house counsel access to Attorney's Eyes Only materials.

Expert Reports

We agree that under paragraph 40 of Red Bend's most recent proposed protective order, an expert would not necessarily rely on an earlier draft of a report such as to make all drafts discoverable. Additionally, we agree that checking notes or earlier drafts to ensure that necessary edits were made would not constitute reliance such as to make those notes/drafts discoverable.

We look forward to Google's timely response.

Very truly yours,

S/
Eliot D. Williams

Encls.

# חוק אכיפת פסקי-חוץ, תשי"ח-1958

רבדים בחקיקה

בתי משפט וסדרי דין – משפט בינלאומי פרטי – פסקי חוץ

## תוכן ענינים

| | | | | |
|---|---|---|---|---|
| סעיף 1 | הגדרה | | Go | 2 |
| סעיף 2 | אין אכיפה אלא לפיחוק זה | | Go | 2 |
| סעיף 3 | תנאים לאכיפה | | Go | 2 |
| סעיף 4 | הדדיות באכיפה | | Go | 2 |
| סעיף 5 | מועד לאכיפה | | Go | 2 |
| סעיף 6 | הגנה מפני אכיפה | | Go | 2 |
| סעיף 7 | סייג לאכיפה | | Go | 3 |
| סעיף 8 | אכיפה של פסק זמני וצו ביניים | | Go | 3 |
| סעיף 9 | סמכות לאכיפה | | Go | 3 |
| סעיף 10 | הוצאה לפועל של פסק חוץ אכיף | | Go | 3 |
| סעיף 11 | הכרה בפסקי חוץ | | Go | 3 |
| סעיף 12 | ביטולים | | Go | 3 |
| סעיף 13 | ביצוע ותקנות | | Go | 3 |

נבו הוצאה לאור בע"מ nevo.co.il המאגר המשפטי הישראלי

# חוק אכיפת פסקי-חוץ, תשי"ח-1958 [*]

| | | |
|---|---|---|
| הגדרה | 1. | בחוק זה — |

"פסק-חוץ" - פסק דין שניתן על ידי בית משפט במדינה זרה בענין אזרחי, לרבות פסק דין לתשלום פיצויים או נזקים לצד שנפגע, אף כשלא ניתן בענין אזרחי.

| אין אכיפה אלא לפי חוק זה | 2. | לא ייאכף בישראל פסק-חוץ אלא לפי חוק זה. |

| תנאים לאכיפה | 3. | בית משפט בישראל רשאי להכריז פסק-חוץ כפסק אכיף אם מצא שנתקיימו בו תנאים אלה: |

  (1) הפסק ניתן במדינה שלפי דיניה בתי המשפט שלה היו מוסמכים לתתו;

  (2) הפסק אינו ניתן עוד לערעור;

(תיקון מס' 1) תשל"ה-1974   (3) החיוב שבפסק ניתן לאכיפה על פי הדינים של אכיפת פסקי דין בישראל, ותכנו של הפסק אינו סותר את תקנת הציבור;

  (4) הפסק הוא בר-ביצוע במדינה בה הוא ניתן.

| הדדיות באכיפה | 4. | (א) פסק-חוץ לא יוכרז אכיף אם ניתן במדינה שלפי דיניה אין אוכפים פסקים של בתי המשפט בישראל. |

  (ב) על פי בקשת היועץ המשפטי לממשלה רשאי בית המשפט לאכוף פסק-חוץ, אף כשלא נתקיימה הדדיות כאמור בסעיף קטן (א).

| מועד לאכיפה | 5. | לא ייזקק בית המשפט לבקשת אכיפה של פסק-חוץ שהוגשה כעבור יותר מחמש שנים מיום מתן הפסק, אלא אם הוסכם בין ישראל לבין המדינה בה ניתן הפסק על תקופה אחרת, או אם מצא בית המשפט סיבה מיוחדת המצדיקות את האיחור. |

| הגנה מפני אכיפה (תיקון מס' 3) תש"ן-1990 | 6. | (א) פסק-חוץ לא יוכרז אכיף אם הוכח לבית המשפט אחד מאלה: |

  (1) הפסק הושג במרמה;

  (2) האפשרות שניתנה לנתבע לטעון טענותיו ולהביא ראיותיו לפני מתן הפסק לא היתה, לדעת בית המשפט, סבירה;

(תיקון מס' 1) תשל"ה-1974   (3) הפסק ניתן על ידי בית משפט שלא היה מוסמך לתתו על-פי כללי המשפט הבין-לאומי הפרטי החלים בישראל;

  (4) הפסק נוגד פסק דין אחר שניתן באותו ענין בין אותם בעלי דין ושעודנו בר-תוקף;

  (5) בעת הגשת התביעה בבית המשפט במדינה הזרה היה משפט תלוי ועומד, באותו ענין ובין אותם בעלי דין, בפני בית משפט או בית דין בישראל.

(תיקון מס' 3) תש"ן-1990   (ב) לענין סעיף קטן (א)(3), לא יראו אדם כמי שהסכים לסמכותו של בית משפט שנתן נגדו פסק חוץ (להלן - חייב בדין) בשל כך שהתייצב בפני אותו בית המשפט, בין על תנאי ובין ללא תנאי, ועשה בדבר אחת או יותר מאלה:

  (1) כפירה בסמכותו של בית המשפט או מחאה נגדה;

  (2) ביטול ההליך או עיכובו לצורך העברת הסכסוך לבוררות או להכרעת בית משפט במדינה אחרת;

  (3) שחרור נכסים שנתפסו או צפויים להיתפס, או הגנה עליהם.

(תיקון מס' 3) תש"ן-1990   (ג) אין נפקא מינה אם בנוסף לטענות כאמור בסעיף קטן (ב) טען החייב בדין טענות

---

\* פורסם ס"ח תשי"ח מס' 244 מיום 20.2.1958 עמ' 68 (ה"ח תשי"ו מס' 285 עמ' 105).

תוקן ס"ח תשל"ה מס' 752 מיום 19.12.1974 עמ' 27 (ה"ח תשל"ד מס' 1116 עמ' 172) – תיקון מס' 1.

ס"ח תשל"ח מס' 879 מיום 30.12.1977 עמ' 44 (ה"ח תשל"ח מס' 1302 עמ' 246) – תיקון מס' 2.

ס"ח תש"ן מס' 1305 מיום 14.2.1990 עמ' 91 (ה"ח תשמ"ט מס' 1943 עמ' 119) – תיקון מס' 3.

2

נבו הוצאה לאור בע"מ nevo.co.il המאגר המשפטי הישראלי

לגופו של הסכסוך או שהשתתף בהליך בכל דרך אחרת, ובלבד שעשה כן לפני שניתנה החלטתו הסופית של אותו בית המשפט לעניין הסמכות.

סייג לאכיפה 7. פסק-חוץ לא יוכרז אכיף אם אכיפתו עלולה לפגוע בריבונותה של ישראל או בבטחונה.

אכיפה של פסק זמני וצו ביניים 8. רשאי בית המשפט, אם ראה צידוק לכך בנסיבות העניין, לאכוף פסק-חוץ זמני או צו ביניים בעניני מזונות, אף כשהוא ניתן עוד לערעור, ובלבד שנתקיימו בו שאר התנאים האמורים בחוק זה.

(תיקון מס׳ 2) תשל״ח-1977 9. (בוטל).

הוצאה לפועל של פסק-חוץ אכיף (תיקון מס׳ 2) תשל״ח-1977 10. (א) פסק-חוץ שהוכרז אכיף, דינו לעניין הוצאה לפועל כדין פסק שניתן כדין בישראל.

(חיקון מס׳ 2) תשל״ח-1977 (ב) פסק חוץ שהוכרז אכיף ושחויב בו אדם בתשלום במטבע חוץ, יקוים החיוב בישראל בתשלום במטבע ישראלי לפי שער החליפין ביום התשלום; אולם החייב יצא ידי חובתו לפי פסק החוץ גם אם ישלם את המגיע ממנו לפי פסק החוץ באותו מטבע חוץ, הכל בכפוף לדינים החלים אותה שעה על הפיקוח על מטבע חוץ.

(תיקון מס׳ 2) תשל״ח-1977 (ג) שר המשפטים, באישור שר האוצר וועדת הכספים של הכנסת, יקבע בתקנות דרכים לקביעת שער החליפין של מטבע חוץ לעניין סעיף זה.

הכרזה בפסקי-חוץ (תיקון מס׳ 2) תשל״ח-1977 11. (א) בית משפט או בית דין בישראל יכיר בפסק חוץ שנתמלאו לגביו כל אלה:

(1) חל עליו הסכם עם מדינת חוץ;

(2) ישראל התחייבה באותו הסכם להכיר בפסקי חוץ מאותו סוג;

(3) ההתחייבות אינה חלה אלא על פסקי חוץ הניתנים לאכיפה על פי חוק בישראל;

(4) נתמלאו בו תנאי ההסכם.

(ב) אגב דיון בעניין הנמצא בסמכותו ולצורך אותו עניין רשאי בית משפט או בית דין בישראל להכיר בפסק חוץ, אף אם סעיף קטן (א) אינו חל עליו, אם ראה שמן הדין והצדק לעשות כן.

(תיקון מס׳ 3) תש״ן-1990 (ג) בהליכים לעניין הכרה בפסק-חוץ לפי סעיף זה יחולו הוראות סעיף 6(ב) ו-(ג).

ביטולים 12. בטלים —

(1) פקודת פסקי דין (איכוף-גומלין);

(2) פקודת פסקי דין (איכוף גומלין - מצרים);

(3) פקודת העורדות קיום צוואות (מבריטניה וממושבות בריטיות);

(4) תקנות פסקי דין נכריים, 1928.

ביצוע ותקנות 13. שר המשפטים ממונה על ביצוע חוק זה והוא רשאי להתקין תקנות בכל הנוגע לביצועו, ובתקנות לפי סעיף זה הוא רשאי לקבוע סדרי דין מיוחדים בבקשות אכיפה במידה הדרושה לקיום הסכם בין ישראל לבין מדינת חוץ זרה.

דוד בן-גוריון
ראש הממשלה

פנחס רוזן
שר המשפטים

יצחק בן-צבי
נשיא המדינה

נבו הוצאה לאור בע״מ nevo.co.il המאגר המשפטי הישראלי

עורכי דין

חוק לשכת עורכי הדין, תשכ"א-1961

דברים בחקיקה

## תוכן עניינים

| | | | |
|---|---|---|---|
| 7 | Go | הקמת הלשכה | סעיף 1 |
| 7 | Go | תפקידי הלשכה | סעיף 2 |
| 7 | Go | פעולות הלשכה שברשות | סעיף 3 |
| 7 | Go | הלשכה   תאגיד | סעיף 4 |
| 8 | Go | מקום מושב הלשכה | סעיף 4א |
| 8 | Go | הלשכה   גוף מבוקר | סעיף 5 |
| 8 | Go | פרק שני: מוסדות הלשכה | |
| 8 | Go | מוסדות הלשכה | סעיף 6 |
| 8 | Go | סייג לכהונה | סעיף 6א |
| 8 | Go | ללא כותרת | סעיף 7 |
| 9 | Go | ראש הלשכה | סעיף 8 |
| 9 | Go | ממלא מקום ראש הלשכה | סעיף 8א |
| 9 | Go | בחירת ראש לשכה בידי המועצה | סעיף 8ב |
| 10 | Go | העברת ראש הלשכה מכהונתו | סעיף 8ג |
| 10 | Go | המועצה הארצית | סעיף 9 |
| 12 | Go | מילוי מקום שהתפנה במועצה הארצית | סעיף 9א |
| 12 | Go | הפסקת הכהונה עקב היעדרות מישיבות המועצה | סעיף 9ב |
| 13 | Go | תקופת כהונה | סעיף 10 |
| 13 | Go | הועד המרכזי | סעיף 11 |
| 14 | Go | חבר הועד המרכזי שמקומו נתפנה | סעיף 11א |
| 14 | Go | ניהול ישיבות הועד המרכזי וקביעת סדר היום | סעיף 11ב |
| 14 | Go | מחוזות לשכת עורכי הדין | סעיף 12 |
| 15 | Go | רישום חברי הלשכה במחוזות | סעיף 12א |
| 15 | Go | הרכב של ועד מחוזי | סעיף 13 |
| 16 | Go | בית הדין המשמעתי הארצי | סעיף 14 |
| 16 | Go | בתי דין משמעתיים המחוזיים | סעיף 15 |
| 17 | Go | כשירות לכהונה כחבר בית דין משמעתי | סעיף 16 |
| 18 | Go | תום כהונת חברי בתי הדין המשמעתיים | סעיף 17 |
| 18 | Go | פקיעת כהונת חבר בית דין משמעתי | סעיף 17א |
| 19 | Go | השעיה מכהונה של חבר בית דין משמעתי | סעיף 17א1 |
| 19 | Go | חילופי חברים בבית דין משמעתי | סעיף 17ב |
| 19 | Go | יושב ראש, סגנים והרכב | סעיף 18 |
| 20 | Go | מבקר הלשכה | סעיף 18א |
| 20 | Go | ועדות האתיקה | סעיף 18ב |
| 21 | Go | הפרקליטים | סעיף 18ג |
| 21 | Go | ועדת המינויים | סעיף 18ד |
| 22 | Go | סדרי העבודה של המוסדות | סעיף 19 |

1

| | | | |
|---|---|---|---|
| 22 | Go | פרק שלישי: תחום המקצוע וייחודו | |
| 22 | Go | ייחוד פעולות המקצוע | סעיף 20 |
| 22 | Go | שמירת הוראות | סעיף 21 |
| 23 | Go | זכות ייצוג על ידי עורך דין | סעיף 22 |
| 23 | Go | סניגור חוץ במקרים מיוחדים | סעיף 23 |
| 23 | Go | פרק רביעי: הכשרה למקצוע | |
| 23 | Go | הוראה כללית | סעיף 24 |
| 23 | Go | השכלה משפטית גבוהה | סעיף 25 |
| 24 | Go | הודעה להכרה במכללה חוץ תקציבית למשפטים | סעיף 25א |
| 25 | Go | הכרה במכללה למשפטים | סעיף 25ב |
| 25 | Go | הכרה במכללה למשפטים כמוסד מוכר להשכלה גבוהה | סעיף 25ג |
| 25 | Go | דין מוסד שהוכר לפני תחילת סעיף 25ב | סעיף 25ד |
| 25 | Go | דין תלמידי מכללה למשפטים | סעיף 25ה |
| 26 | Go | תנאים לרישום מתמחה | סעיף 26 |
| 27 | Go | תנאים חריגים לרישום מתמחה | סעיף 26א |
| 27 | Go | סירוב הלשכה לרשום מתמחה | סעיף 27 |
| 27 | Go | ללא כותרת | סעיף 28 |
| 27 | Go | מאמנים | סעיף 29 |
| 28 | Go | ביטול אישור | סעיף 30 |
| 28 | Go | ללא כותרת | סעיף 31 |
| 28 | Go | מספר המתמחים | סעיף 32 |
| 28 | Go | העסקת המתמחים | סעיף 33 |
| 28 | Go | המשך התמחות אצל מאמן אחר | סעיף 34 |
| 29 | Go | תקופת ההתמחות | סעיף 35 |
| 29 | Go | ללא כותרת | סעיף 36 |
| 29 | Go | ייצוג שולחי המאמן | סעיף 37 |
| 29 | Go | בחינות בדיני ישראל | סעיף 37א |
| 30 | Go | בחינות התמחות | סעיף 38 |
| 30 | Go | תכנית הבחינות וסדריהן | סעיף 39 |
| 30 | Go | ועדה בוחנת | סעיף 40 |
| 30 | Go | משמעת מקצועית של מועמדים | סעיף 41 |
| 31 | Go | דין מתמחה כדין עובד | סעיף 41א |
| 31 | Go | פרק חמישי: חברות בלשכה | |
| 31 | Go | הוראה כללית | סעיף 42 |
| 31 | Go | פרסום מוקדם והתנגדויות | סעיף 43 |
| 31 | Go | סירוב הלשכה לקבל חבר | סעיף 44 |
| 32 | Go | ללא כותרת | סעיף 45 |
| 32 | Go | רישום בפנקס, תעודה ועיסוק במקצוע | סעיף 46 |
| 32 | Go | ביטול חברות | סעיף 47 |
| 32 | Go | פקיעת חברות | סעיף 48 |
| 32 | Go | השעיית חברות | סעיף 49 |
| 32 | Go | שמירת מרות וזכויות | סעיף 50 |
| 33 | Go | חבר הלשכה שהושעה | סעיף 50א |
| 33 | Go | חידוש חברות | סעיף 51 |
| 33 | Go | סייג לחידוש חברות | סעיף 52 |
| 33 | Go | הפסקת חברותם של חברי הלשכה לתקופת כהונתם כשופטים או כדיינים | סעיף 52א |
| 33 | Go | חברות מוגבלת | סעיף 52ב |
| 33 | Go | פרק שישי: אתיקה מקצועית ושיפוט משמעתי | |

2

| | | |
|---|---|---|
| 33 | Go | שמירת כבוד המקצוע | סעיף 53 |
| 34 | Go | סייג לייצוג בשל חברות בועדת מינויים | סעיף 53א |
| 34 | Go | סייג לייצוג בשל עילת פסלות של שופט | סעיף 53ב |
| 34 | Go | החובה כלפי הלקוח וכלפי בית המשפט | סעיף 54 |
| 34 | Go | הסדרת פרסומת | סעיף 55 |
| 35 | Go | איסור שידול לשם השגת עבודה | סעיף 56 |
| 35 | Go | שימוש בתארים | סעיף 57 |
| 35 | Go | איסור שותפות | סעיף 58 |
| 35 | Go | איסור העסקה | סעיף 59 |
| 35 | Go | סייגים לעיסוק בחברת עורכי דין | סעיף 59א |
| 36 | Go | שם החברה | סעיף 59ב |
| 36 | Go | הגבלת שיתוף בהכנסות | סעיף 59ג |
| 36 | Go | איסור השתתפות למי שהושעה | סעיף 59ד |
| 37 | Go | אחריות החברה בנזיקין | סעיף 59ה |
| 37 | Go | שמירת אחריות ודינים | סעיף 59ו |
| 37 | Go | עיסוק אחר | סעיף 60 |
| 37 | Go | עבירות משמעת | סעיף 61 |
| 37 | Go | שיפוט בתי הדין המשמעתיים | סעיף 62 |
| 38 | Go | אי תחולה על רשם | סעיף 62א |
| 38 | Go | הזכות להגיש קובלנה | סעיף 63 |
| 38 | Go | שיפוט מקומי | סעיף 64 |
| 38 | Go | אי תלות | סעיף 64א |
| 38 | Go | סדרי הדין | סעיף 65 |
| 38 | Go | פומביות הדיון | סעיף 65א |
| 39 | Go | סמכויות עזר | סעיף 66 |
| 40 | Go | ראיות | סעיף 67 |
| 40 | Go | העברת תיקים ומסמכים | סעיף 67א |
| 40 | Go | ענשים | סעיף 68 |
| 40 | Go | השעיה על תנאי | סעיף 68א |
| 40 | Go | הפעלת השעיה על תנאי | סעיף 68ב |
| 41 | Go | תקופת השעיה בזו אחר זו | סעיף 68ג |
| 41 | Go | תחילת השעיה שהופעלה | סעיף 68ד |
| 41 | Go | השעיה חופפת | סעיף 68ה |
| 41 | Go | החלטות אחרונות של בית הדין | סעיף 69 |
| 42 | Go | החלטה ברוב | סעיף 69א |
| 42 | Go | העמדת פסק דין לעיון הציבור | סעיף 69ב |
| 43 | Go | ערעור לבית הדין המשמעתי הארצי | סעיף 70 |
| 43 | Go | ערעור לבית המשפט המחוזי בירושלים | סעיף 71 |
| 44 | Go | סמכויות בית המשפט שלערעור | סעיף 71א |
| 44 | Go | דחיית הביצוע | סעיף 72 |
| 44 | Go | ערעור על פסק דין נגד מתלונן | סעיף 73 |
| 44 | Go | ביצוע חיובים כספיים | סעיף 74 |
| 45 | Go | הרשעה בפלילים | סעיף 75 |
| 45 | Go | ערעור | סעיף 76 |
| 45 | Go | הודעה על הרשעה בפלילים | סעיף 77 |
| 45 | Go | השעיה זמנית | סעיף 78 |
| 46 | Go | מעמד היועץ המשפטי לממשלה | סעיף 79 |
| 46 | Go | דין משמעת ודין פלילי | סעיף 80 |
| 46 | Go | פרק שביעי: עניני שכר טרחה | |

3

| | | | |
|---|---|---|---|
| 46 | Go | תעריף מינימלי | סעיף 81 |
| 47 | Go | תעריף מקסימלי | סעיף 82 |
| 47 | Go | אישור תעריפים | סעיף 83 |
| 47 | Go | איסור שכר לפי תוצאות | סעיף 84 |
| 47 | Go | איסור שכר כולל | סעיף 85 |
| 47 | Go | הפרת סעיפים 82 85   עבירת משמעת | סעיף 86 |
| 47 | Go | החזרת שכר מופרז | סעיף 87 |
| 47 | Go | זכות עיכוב | סעיף 88 |
| 47 | Go | חוות דעת הלשכה בענין שכר טרחה | סעיף 89 |
| 47 | Go | פרק שביעי א': ממונה במקום עורך דין במקרים מיוחדים | |
| 48 | Go | מינוי ממונה | סעיף 89א |
| 48 | Go | המינוי כללי או מסוייג | סעיף 89ב |
| 48 | Go | תקופת המינוי | סעיף 89ג |
| 48 | Go | מעמדו של נאמן | סעיף 89ד |
| 48 | Go | סמכות הממונה | סעיף 89ה |
| 48 | Go | הודעה ללקוח | סעיף 89ו |
| 49 | Go | הודעה לערכאה שיפוטית | סעיף 89ז |
| 49 | Go | שכר טרחה והוצאות | סעיף 89ח |
| 49 | Go | פרק שביעי ב': קרן גמלאות | |
| 49 | Go | ללא כותרת | |
| 49 | Go | ללא כותרת | |
| 49 | Go | ללא כותרת | סעיף 89ט |
| 49 | Go | ללא כותרת | סעיף 89י |
| 50 | Go | ללא כותרת | סעיף 89יא |
| 50 | Go | ללא כותרת | סעיף 89יב |
| 50 | Go | ללא כותרת | סעיף 89יג |
| 50 | Go | ללא כותרת | סעיף 89יד |
| 51 | Go | פרק שמיני: הוראות שונות | |
| 51 | Go | סוד מקצועי | סעיף 90 |
| 51 | Go | אישור של יפוי כוח | סעיף 91 |
| 51 | Go | העברת יפוי כוח | סעיף 92 |
| 51 | Go | מימון פעולות הלשכה | סעיף 93 |
| 52 | Go | אגרות בעד שירותים | סעיף 94 |
| 52 | Go | תקציב | סעיף 95 |
| 52 | Go | הסגת גבול המקצוע | סעיף 96 |
| 52 | Go | התחזות | סעיף 97 |
| 52 | Go | שלילת תביעת שכר | סעיף 98 |
| 57 | Go | פרק תשיעי: הוראות מעבר | |
| 57 | Go | עורכי דין רשומים | סעיף 99 |
| 57 | Go | חברות של עורכי דין במקרים מסויימים | סעיף 100 |
| 57 | Go | חישוב ותק מאמנים | סעיף 101 |
| 58 | Go | חישוב תקופת התמחות | סעיף 102 |
| 58 | Go | הפחתת תקופת התמחות למי ששירת שירות מיוחד | סעיף 102א |
| 58 | Go | שמירה בחינות | סעיף 103 |
| 58 | Go | שמירת לימודים | סעיף 103א |
| 58 | Go | שמירת מינוים | סעיף 104 |
| 58 | Go | המשך פעולות ורציפות | סעיף 105 |
| 58 | Go | עבירות משמעת לפני תחילת ה | סעיף 105א |
| 58 | Go | העברת סמכויות וחיובים חוק תשכ"ג 1963 | סעיף 106 |

4

| | | | |
|---|---|---|---|
| 59 | Go | תיאום חיקוקים | סעיף 106א |
| 59 | Go | רואי חשבון | סעיף 107 |
| 59 | Go | פרק עשירי: הפעלת החוק | |
| 59 | Go | הבחירות הראשונות למוסדות הלשכה | סעיף 108 |
| 59 | Go | התקנת כללים | סעיף 109 |
| 60 | Go | ביצוע ותקנות | סעיף 110 |
| 60 | Go | ביטולים ושמירת תקנות | סעיף 111 |
| 60 | Go | כותבי בקשות | סעיף 112 |
| 60 | Go | תחילת תוקף | סעיף 113 |
| 60 | Go | תוספת | |

5

# עורכי דין

## חוק לשכת עורכי הדין, תשכ"א-1961*

---

\* פורסם ס"ח תשכ"א מס' 347 מיום 22.6.1961 עמ' 178 (ה"ח תשי"ט מס' 395 עמ' 370).

תוקן ס"ח תשכ"ב מס' 355 מיום 7.12.1961 עמ' 15 (ה"ח תשכ"ב מס' 482 עמ' 18)—תיקון מס' 1.

ס"ח תשכ"ג מס' 391 מיום 21.3.1963 עמ' 66 (ה"ח תשכ"ג מס' 554 עמ' 244)—תיקון מס' 2.

ס"ח תשכ"ג מס' 404 מיום 16.8.1963 עמ' 145 (ה"ח תשכ"ג מס' 567 עמ' 314)—תיקון מס' 3.

ס"ח תשכ"ה מס' 441 מיום 8.1.1965 עמ' 25 (ה"ח תשכ"ד מס' 603 עמ' 108)—תיקון מס' 4.

ס"ח תשכ"ח מס' 515 מיום 22.12.1967 עמ' 12 (ה"ח תשכ"ז מס' 735 עמ' 170)—תיקון מס' 5.

ס"ח תשל"א מס' 635 מיום 5.8.1971 עמ' 178(ה"ח תשל"א מס' 904 עמ' 4)—תיקון מס' 6.

ס"ח תשל"א מס' 635 מיום 5.8.1971 עמ' 180 (ה"ח תשל"א מס' 921 עמ' 90)—תיקון מס' 7.

ס"ח תשל"ב מס' 647 מיום 17.2.1972 עמ' 36 (ה"ח תשל"ב מס' 980 עמ' 156)—תיקון מס' 8.

ס"ח תשל"ו מס' 800 מיום 10.3.1976 עמ' 126 (ה"ח תשל"ה מס' 1171 עמ' 181)—תיקון מס' 9.

ס"ח תשל"ז מס' 830 מיום 25.11.1976 עמ' 7 (ה"ח תשל"ז מס' 1222 עמ' 148) — תיקון מס' 10.

ס"ח תשל"ח מס' 908 מיום 10.8.1978 עמ' 198 (ה"ח תשל"ח מס' 1142 עמ' 6) — תיקון מס' 11.

ס"ח תש"ם מס' 968 מיום 13.4.1980 עמ' 108 (ה"ח תשל"ט מס' 1382 עמ' 84) — תיקון מס' 12.

ס"ח תש"ם מס' 968 מיום 13.4.1980, עמ' 110 (ה"ח תשל"ט מס' 1393 עמ' 142) — תיקון מס' 13.

ס"ח תשמ"ה מס' 1155 מיום 7.8.1985 עמ' 197 (ה"ח תשמ"א מס' 1546 עמ' 407) — תיקון מס' 14 ; ר' סעיף 7 לענין הוראות מעבר (תוקן ס"ח תשמ"ז מס' 1206 מיום 5.3.1987 עמ' 39 (ה"ח תשמ"ז מס' 1808 עמ' 76) בסעיף 21 לתיקון מס' 15 ; תחילתו ביום 7.8.1985).

ס"ח תשמ"ז מס' 1206 מיום 5.3.1987 עמ' 36 (ה"ח תשמ"ז מס' 1808 עמ' 76) — תיקון מס' 15.

ס"ח תשמ"ט מס' 1278 מיום 4.7.1989 עמ' 64 (ה"ח תשמ"ח מס' 1902 עמ' 288) — תיקון מס' 16 : ר' סעיף 4 לענין תוקף.

ס"ח תש"ן מס' 1313 מיום 4.4.1990, עמ' 119 (ה"ח תש"ן מס' 1983 עמ' 150) — תיקון מס' 17.

ס"ח תשנ"א מס' 1360 מיום 20.6.1991 עמ' 172 (ה"ח תשנ"א מס' 2043 עמ' 170) — תיקון מס' 18 (המשך הרפורמה בהשכלה גבוהה) תשנ"א-1991.

ס"ח תשנ"ב מס' 1383 מיום 13.2.1992 עמ' 72 (ה"ח תשנ"א מס' 2070 עמ' 319) — תיקון מס' 19 בסעיף 20 לחוק בתי המשפט (מס' 15), תשנ"ב-1992.

ס"ח תשנ"ג מס' 1406 מיום 7.1.1993 עמ' 20 (ה"ח תשנ"ג מס' 2143 עמ' 2) — תיקון מס' 20 בסעיף 31 לחוק הסדרים במשק המדינה (תיקוני חקיקה להשגת יעדי התקציב), תשנ"ג-1992.

ס"ח תשנ"ד מס' 1477 מיום 4.8.1994 עמ' 272 (ה"ח תשנ"ג מס' 2201 עמ' 340) — תיקון מס' 21.

ס"ח תשנ"ד מס' 1477 מיום 4.8.1994 עמ' 272 (ה"ח תשנ"ג מס' 2200 עמ' 336) — תיקון מס' 22.

ס"ח תשנ"ד מס' 1482 מיום 5.9.1994 עמ' 364 (ה"ח תשנ"ד מס' 2302 עמ' 628) — תיקון מס' 23.

ס"ח תשנ"ה מס' 1518 מיום 11.4.1995 עמ' 189 (ה"ח תשנ"ה מס' 2368 עמ' 337) — תיקון מס' 24.

ס"ח תשנ"ח מס' 1661 מיום 19.3.1998 עמ' 176 (ה"ח תשנ"ח מס' 2667 עמ' 158) — תיקון מס' 25.

ס"ח תש"ס מס' 1732 מיום 17.3.2000 עמ' 134 (ה"ח תש"ס מס' 2835 עמ' 158) — תיקון מס' 26 ; ר' סעיפים 16-18 לענין תחילה, הוראות מעבר והוראות מיוחדות.

ס"ח תש"ס מס' 1738 מיום 28.5.2000 עמ' 182 (ה"ח תשנ"ח מס' 2725 עמ' 406) — תיקון מס' 27 בסעיף 2(א) לחוק הסדרת פרסומת של בעלי מקצוע (תיקוני חקיקה), תש"ס-2000.

ס"ח תשס"ב מס' 1823 מיום 15.1.2002 עמ' 96 (ה"ח תשס"א מס' 2982 עמ' 527) — תיקון מס' 28 בסעיף 4 לחוק חופש העיסוק (הקלה בהגבלות — גיל, תושבות ועיסוק אחר) (תיקוני חקיקה), תשס"ב-2002.

ס"ח תשס"ג מס' 1891 מיום 27.5.2003 עמ' 384 (ה"ח הממשלה תשס"ג מס' 23 עמ' 251) — תיקון מס' 29.

ס"ח תשס"ד מס' 1932 מיום 21.3.2004 עמ' 327 (ה"ח תשס"ב מס' 3150 עמ' 747) — תיקון מס' 30 בסעיף 6 לחוק נושאי משרה שיפוטית (מניעה מלשבת בדין) (תיקוני חקיקה), תשס"ד-2004.

ס"ח תשס"ה מס' 2020 מיום 8.8.2005 עמ' 745 (ה"ח הממשלה תשס"ד מס' 77 עמ' 298) — תיקון מס' 31 בסעיף 16

6

| | |
|---|---|
| הקמת הלשכה | 1. מוקמת בזה לשכת עורכי הדין (להלן — הלשכה), שתאגד את עורכי הדין בישראל ותשקוד על רמתו וטהרו של מקצוע עריכת הדין. |
| תפקידי הלשכה | 2. הלשכה — |
| | (1) תרשום מתמחים, תפקח על התמחותם ותבחנם; |
| | (2) תסמיך עורכי דין על ידי קבלתם כחברי הלשכה; |
| (תיקון מס' 33)<br>תשס"ס-2009 | (3) תקיים שיפוט משמעת לחבריה ולמתמחים; הכל בהתאם לחוק זה. |
| פעולות הלשכה | 3. הלשכה רשאית, בין השאר — |
| | (1) לחוות דעתה על הצעות חוק בעניני בתי המשפט וסדרי דין; |
| (תיקון מס' 34)<br>תש"ע-2009 | (2) לתת סעד משפטי למעוטי אמצעים; |
| | (3) לשמש בורר ולמנות בוררים; |
| | (4) לפעול להגנת עניניהם המקצועיים של חברי הלשכה; |
| | (5) לייסד קרנות ביטוח, קרנות פנסיה ומוסדות אחרים של עזרה הדדית לחברי הלשכה; |
| | (6) ליזום פעולות ומפעלים של מחקר המשפט בכלל, והמשפט העברי בפרט, ולהשתתף בפעולות ומפעלים כאלה; |
| | (7) לעסוק בהוצאת ספרות משפטית. |
| הלשכה — תאגיד | 4. הלשכה היא תאגיד, כשר לכל חובה, זכות ופעולה משפטית. |
| מקום מושב הלשכה<br>(תיקון מס' 5)<br>תשכ"ז-1967 | 4א. מקום מושבה של הלשכה הוא ירושלים. |
| הלשכה — גוף מבוקר | 5. הלשכה תעמוד לבקרתו של מבקר המדינה. |
| | **פרק שני: מוסדות הלשכה** |
| מוסדות הלשכה | 6. אלה מוסדות הלשכה: |
| (תיקון מס' 24)<br>תשנ"ה-1995 | (1) ראש הלשכה; |
| | (2) המועצה הארצית; |
| | (3) הועד המרכזי; |
| | (4) הועדים המחוזיים; |
| | (5) בית דין משמעתי ארצי; |
| | (6) בתי דין משמעתיים מחוזיים; |
| (תיקון מס' 24)<br>תשנ"ה-1995 | (7) מבקר הלשכה; |
| (תיקון מס' 32)<br>תשס"ח-2008 | (8) ועדת אתיקה ארצית; |
| (תיקון מס' 32)<br>תשס"ח-2008 | (9) ועדות אתיקה מחוזיות. |

---

לחוק בתי משפט לעניינים מינהליים (תיקון מס' 15), תשס"ה-2005.

<u>ס"ח תשס"ח מס' 2160</u> מיום 3.7.2008 עמ' 595 (<u>ה"ח הממשלה תשס"ח מס' 388</u> עמ' 602) — תיקון מס' 32; ר' סעיף 27 לענין תחילה, תחולה והוראות מעבר (תוקף <u>ס"ח תשס"ט מס' 2201</u> מיום 29.6.2009 עמ' 149 — תיקון מס' 32 (תיקון)) תשס"ט-2009).

<u>ס"ח תשס"ט מס' 2203</u> מיום 23.7.2009 עמ' 165 (<u>ה"ח הממשלה תשס"ט מס' 436</u> עמ' 348) — תיקון מס' 33 בסעיף 6 לחוק ההתייעלות הכלכלית (תיקוני חקיקה ליישום התכנית הכלכלית לשנים 2009 ו-2010), תשס"ט-2009; ר' סעיף 7 לענין תחילה.

<u>ס"ח תש"ע מס' 2215</u> מיום 26.11.2009 עמ' 248 (<u>ה"ח הכנסת תש"ע מס' 280</u> עמ' 11) — תיקון מס' 34; ר' סעיף 4 לענין תחילה.

נבו הוצאה לאור בע"מ nevo.co.il המאגר המשפטי הישראלי

6א. כהונה בתפקיד שאליו נבחר או נתמנה חבר לשכה בידי הוועד המרכזי, לא תהא ליותר משלוש תקופות כהונה רצופות, והוא הדין במי שנבחר או נתמנה בידי המועצה הארצית, למעט לכהונה של חבר בוועד המרכזי; סעיף זה לא יחול על עובד הלשכה המועסק על ידיה בשכר.

סייג לכהונה
(תיקון מס׳ 24)
תשנ״ה-1995

7. (בוטל).

(תיקון מס׳ 24)
תשנ״ה-1995

8. (א) ראש הלשכה ייבחר על ידי חברי הלשכה מבין חבריה, לארבע שנים, במועד שתקבע המועצה הארצית ובלבד שלא יהא בפגרת הקיץ של בתי המשפט; הבחירות יהיו אישיות, כלליות, שוות, חשאיות, ישירות וארציות.

ראש הלשכה
(תיקון מס׳ 24)
תשנ״ה-1995

(ב) (1) לראש הלשכה ייבחר המועמד שיקבל את מספר הקולות הגדול ביותר, ובלבד שיקבל לפחות שני חמישיות מהקולות הכשרים ;

(2) לא קיבל שום מועמד שיעור קולות כאמור בפסקה (1), יקוימו, כעבור שבועיים, בחירות חוזרות ובהן יעמדו לבחירת שני המועמדים שיקבלו בבחירות הראשונות את המספרים הגדולים ביותר של קולות כשרים ; המועמד שיקבל בבחירות החוזרות את המספר הגדול ביותר של קולות כשרים — הוא הנבחר.

8א. (א) המועצה הארצית תבחר ממלא מקום לראש הלשכה מבין חברי הוועד המרכזי בבחירות שוות, אישיות וחשאיות.

ממלא מקום ראש
הלשכה
(תיקון מס׳ 9)
תשל״ו-1976
(תיקון מס׳ 15)
תשמ״ז-1987

(ב) נבצר מראש הלשכה זמנית למלא את תפקידו, ישמש ממלא מקומו כראש הלשכה במקומו.

8ב. (א) התפטר ראש הלשכה, נפטר או נבצר ממנו, דרך קבע, למלא את תפקידו והכל אם השלים שלוש שנים לפחות בתפקיד, תבחר המועצה הארצית ראש לשכה במקומו בבחירות שוות, אישיות וחשאיות.

בחירת ראש לשכה
בידי המועצה
(תיקון מס׳ 15)
תשמ״ז-1987
(תיקון מס׳ 24)
תשנ״ה-1995

(א1) התפטר ראש הלשכה, נפטר או נבצר ממנו דרך קבע למלא את תפקידו לפני שהשלים שלוש שנים לפחות בתפקיד, יבחרו חברי הלשכה ראש לשכה בבחירות מיוחדות.

(תיקון מס׳ 24)
תשנ״ה-1995

(א2) הבחירות המיוחדות ייערכו במועד שתקבע המועצה הארצית ולא יאוחר מ-90 ימים מהיום שבו התפנה תפקיד ראש הלשכה ; על הבחירות המיוחדות יחולו הוראות סעיף 8.

(תיקון מס׳ 24)
תשנ״ה-1995

(ב) ראש לשכה שנבחר לפי סעיף זה יכהן עד תום תקופת הכהונה של ראש הלשכה שבמקומו נבחר.

8ג. (א) המועצה הארצית רשאית, בהחלטה שהתקבלה ברוב של לא פחות משני שלישים מחבריה, להעביר את ראש הלשכה מכהונתו. החלטה כאמור יראוה כהחלטת המועצה על התפזרותה.

העברת ראש הלשכה
מכהונתו
(תיקון מס׳ 24)
תשנ״ה-1995

(ב) הבחירות למועצה הארצית ולראש הלשכה ייערכו לא יאוחר מתום* שישים ימים מיום ההחלטה כאמור.

(ג) המועצה הארצית לא תדון בהעברת ראש הלשכה מכהונתו, אלא על פי הצעת הוועד המרכזי שנתקבלה ברוב של שני שלישים לפחות מחבריה ; הוועד המרכזי לא ידון בהצעה כאמור אלא על פי פנייה של רוב חבריו או רוב חברי המועצה הארצית.

(ד) הוועד המרכזי לא יציע להעביר את ראש הלשכה מכהונתו, אלא אם כן חלפה שנה מיום בחירתו ; וזאת לאחר שניתנה לראש הלשכה ההזדמנות לטעון טענותיו בפני הוועד המרכזי והמועצה הארצית, בעצמו, או באמצעות נציגו שאינו חבר המועצה הארצית ; הוועד המרכזי יקבע, באישור המועצה הארצית, את הנוהל לעניין זה.

(ה) דיוני המועצה הארצית לפי סעיף זה ייערכו בישיבה שנועדה לעניין זה בלבד או בישיבות סמוכות זו לזו שנועדו כאמור ; הדיון יתחיל לא יאוחר מעשרים ימים לאחר החלטת הוועד המרכזי ; למועד הישיבה הראשונה תימסר לכל חברי המועצה הארצית הודעה בכתב, לפחות עשרה ימים מראש.

---

* במקור כתוב ״מתוך״.

נבו הוצאה לאור בע״מ nevo.co.il המאגר המשפטי הישראלי

9. (א) המועצה הארצית תורכב מאלה:

(1) ראש הלשכה וראשי הלשכה שקדם לו;

(2) המנהל הכללי של משרד המשפטים;

(3) פרקליט המדינה;

(4) הפרקליט הצבאי הראשי;

(5) עשרים ושמונה חברים שנבחרו חברי הלשכה במועד הבחירות לראש הלשכה בבחירות כלליות, שוות, יחסיות, חשאיות, ישירות וארציות;

(6) שלושה חברים מכל מחוז, שהם יושב ראש־הועד המחוזי ושני חברי הלשכה הרשומים באותו מחוז שייבחרו על ידי הועד המחוזי בבחירות חשאיות.

(ב) התפנה ראש הלשכה שקדם לראש הלשכה המכהן אותה שעה, מחבריותו במועצה הארצית, נפסל, או נבצר ממנו דרך קבע לכהן בה, יבוא במקומו ראש לשכה שקדם לו והוראה זו תחול באותו אופן כל אימת שנתפנה מקומו של ראש לשכה קודם.

9א. (א) מי שהיה לחבר המועצה הארצית מכוח סעיף 9(א)(5) או מכוח סעיף קטן זה וחדל מכהונתו לפני הבחירות לפי אותו סעיף, יבוא במקומו המועמד ששמו בא ברשימת המועמדים של אותו חבר אחרי שמות המועמדים שנבחרו בבחירות הקודמות למועצה הארצית או שהיו לחברי המועצה הארצית מכוח סעיף קטן זה, לפי העניין.

(ב) נכנס המועמד כאמור בסעיף קטן (א) בדרך זו כבר קודם לכן, או היה פסול או לא יכול היה להיות חבר המועצה הארצית מכל סיבה אחרת, או הודיע בכתב ליושב־ראש המועצה הארצית שאין ברצונו להיות חבר המועצה, יבוא במקומו המועמד ששמו בא אחריו ברשימת המועמדים האמורה, וכן הלאה.

(ג) לא היה ברשימת המועמדים מי שימלא את המקום הפנוי כאמור בסעיף קטן (א), ימנה ראש הלשכה תחתיו חבר לשכה אחר, בהתייעצות עם הציבור שמטעמו הוצעה מועמדותו של החבר שמקומו נתפנה.

(ד) חבר המועצה הארצית שבחר בו ועד מחוזי כאמור בסעיף 9(א)(6) ושחדל מכהונתו שלא עקב בחירתו של ועד אחר תחתיו, יבחר הועד המחוזי תחתיו חבר לשכה אחר הרשום באותו מחוז.

(ה) (בוטל).

9ב. (א) חבר המועצה הארצית שנעדר מישיבות המועצה שלושה חדשים רצופים, ואם היו בשלושה חדשים פחות משלוש ישיבות — משלוש ישיבות רצופות, יחדל מכהונתו כחבר המועצה, בתנאים ובמועד שנקבעו בסעיף זה או על פי.

(ב) תנאים להפסקת כהונה כאמור הם כי —

(1) המועצה הארצית לא נתנה רשות מראש להיעדרות חבר המועצה;

(2) יושב ראש המועצה הארצית שלח לחבר המועצה, מיד אחרי הישיבה השניה שממנה נעדר, הודעה במכתב רשום הכוללת פירוט הישיבות של המועצה הארצית שממנו נעדר וציון העובדה שהההודעה נשלחה מכוח סעיף קטן זה.

(ג) ראה יושב ראש המועצה הארצית שחבר המועצה נעדר מישיבות המועצה כאמור בסעיף קטן (א) ושנתמלאו התנאים שבסעיף קטן (ב), ישלח לו הודעה במכתב רשום; ההודעה תפרט את הישיבות שממנו נעדר חבר המועצה ואת קיום התנאים שבסעיף קטן (ב) ותצוין שנשלחה מכוח סעיף קטן זה.

(ד) לא הגיש חבר המועצה הארצית, תוך תקופה שנקבעה בכללים לענין זה, בקשה ליושב ראש המועצה לביטול ההודעה לפי סעיף קטן (ג), יחדל מכהונתו כחבר המועצה הארצית בתום תקופה זו, זולת אם יושב ראש המועצה הארצית ביטל את ההודעה לפני כן כאמור בסעיף קטן (ה); הגיש בקשה כאמור, תדון בה המועצה הארצית, ואם החליטה לדחותה, יחדל המבקש מכהונתו עם קבלת ההחלטה.

(ה) יושב ראש המועצה הארצית רשאי לבטל הודעה לפי סעיף קטן (ג) אם הוכח לו שהיעדרותו של חבר המועצה הארצית נגרמה בשל מחלתו של החבר, שירותו בצבא־הגנה לישראל

9

נבו הוצאה לאור בע״מ nevo.co.il המאגר המשפטי הישראלי

או שליחות ציבורית שלו.

(ו) חבר המועצה הארצית, שאילולא האמור בסעיף קטן זה היה חדל מכהונתו מחמת היעדרות מישיבות המועצה ושנתחייו לא בא חבר אחר של הלשכה בדרך האמורה בסעיף 9א(א), ימשיך לכהן כחבר המועצה הארצית על אף האמור בהוראות אחרות של סעיף זה, עד שייבחר או יתמנה אדם אחר תחתיו.

10. תקופת כהונתו של ראש הלשכה תהא עד לבחירתו של אחר תחתיו; תקופת כהונתם של חברי המועצה הארצית תהא עד לבחירתם או עד למינויים של אחרים תחתם, לפי הענין. תקופת כהונתם של חברי הועד המרכזי והועדים המחוזיים תהא עד לבחירתם של אחרים תחתם.

תקופת כהונה
(תיקון מס׳ 12)
תשכ״ם-1980
(תיקון מס׳ 15)
תשמ״ז-1987

11. (א) הועד המרכזי הוא המוסד המבצע של הלשכה, ובידו כל סמכויות הלשכה שלא יוחדו בחיקוק למוסד אחר מוסדותיה.

הועד המרכזי

(ב) הועד המרכזי יורכב מאלה:

(1) ראש הלשכה, והוא יהיה היושב ראש;

(תיקון מס׳ 24)
תשנ״ה-1995

(2) 16 חברים שתבחר המועצה הארצית מבין חבריה בדרך הבאה:

(תיקון מס׳ 29)
תשס״ג-2003

(א) כל שלושה חברי המועצה הארצית מכל מחוז, כמפורט בסעיף 9א(6), יבחרו אחד מביניהם להיות חבר הועד המרכזי;

(ב) חברי המועצה הארצית הנותרים, שאינם נמנים עם המפורטים בסעיף 9א(6) כאמור, יבחרו מביניהם 11 חברים לועד המרכזי בבחירות שוות, יחסיות וחשאיות.

(תיקון מס׳ 29)
תשס״ג-2003

(ג) מועדי בחירת הועד המרכזי לענין סעיף זה וסדרי הבחירות ייקבעו בכללים.

(תיקון מס׳ 24)
תשנ״ה-1995

11א. (א) התפטר נציג מחוזי בועד המרכזי, נפטר או נבצר ממנו דרך קבע למלא את תפקידו, יבחרו נציגי אותו ועד מחוזי במועצה הארצית את מחליפו.

חבר הועד המרכזי שקיומו נתפנה
(תיקון מס׳ 24)
תשנ״ה-1995

(ב) חבר הועד המרכזי שבחירתה המועצה, שהתפטר מתפקידו כחבר הועד המרכזי, נפטר או נבצר ממנו דרך קבע למלא את תפקידו, תבחר המועצה הארצית חבר אחר תחתיו מבין חבריה.

11ב. (א) יושב ראש הועד המרכזי ינהל את ישיבות הועד המרכזי ויקבע את סדר יומן.

ניהול ישיבות הועד המרכזי וקביעת סדר היום
(תיקון מס׳ 24)
תשנ״ה-1995

(ב) ביקשו שליש מחברי הועד המרכזי לכלול נושא בסדר היום, יכלול היושב ראש את הנושא לדיון בישיבה הראשונה שתתקיים לאחר שקיבל את הבקשה.

12. ואלה המחוזות של לשכת עורכי הדין:

מחוזות לשכת עורכי הדין
(תיקון מס׳ 26)
תש״ם-2000

(1) מחוז ירושלים, שתחומו אזור שיפוטו של בית המשפט המחוזי בירושלים;

(2) מחוז תל אביב, שתחומו אזור שיפוטו של בית המשפט המחוזי בתל אביב-יפו;

(3) מחוז חיפה, שתחומו אזור שיפוטו של בית המשפט המחוזי בחיפה;

(4) מחוז הצפון, שתחומו אזור שיפוטו של בית המשפט המחוזי בנצרת;

(5) מחוז הדרום, שתחומו אזור שיפוטו של בית המשפט המחוזי בבאר שבע.

12א. (א) כל חבר הלשכה יהיה רשום באחד ממחוזות הלשכה שבתחומו נמצא מקום עבודתו או מקום מגוריו, לפי בחירתו; החבר יודיע ללשכה על פי איזה מקום הוא מבקש להירשם; חבר לשכה לא יירשם ביותר ממחוז אחד.

רישום חברי הלשכה במחוזות
(תיקון מס׳ 26)
תש״ם-2000

(ב) הוראות בדבר סדרי הרישום ובדבר שינויים בו, לרבות התנאים להעברת הרישום ממחוז למחוז, ייקבעו בכללים.

13. (א) בכל מחוז יהיה ועד מחוזי, אשר יבחר על ידי חברי הלשכה הרשומים באותו מחוז ומביניהם, בבחירות כלליות, שוות, יחסיות, חשאיות וישירות.

הרכב של ועד מחוזי
(תיקון מס׳ 5)
תשכ״ח-1967
(תיקון מס׳ 26)
תש״ם-2000

(ב) יושב-ראש ועד מחוזי יבחר על ידי חברי הלשכה הרשומים באותו מחוז ומביניהם, במועד הבחירות לועד המחוזי, בבחירות כלליות, שוות, אישיות, חשאיות וישירות.

(תיקון מס׳ 26)
תש״ם-2000

10

(ג) חבריו ועד מחוזי יבחרו ממלא מקום ליושב ראש הועד המחוזי מבין חבריו בבחירות שוות, אישיות וחשאיות.

(תיקון מס' 9)
תשל"ו-1976

(ד) נבצר מיושב ראש ועד מחוזי זמנית למלא את תפקידו, ישמש ממלא מקומו כיושב ראש הועד המחוזי במקומו.

(תיקון מס' 15)
תשמ"ז-1987

(ה) התפטר יושב ראש ועד מחוזי, נפטר או נבצר ממנו, דרך קבע, למלא את תפקידו, יבחר הועד המחוזי יושב ראש ועד מחוזי במקומו בבחירות שוות, אישיות וחשאיות.

(תיקון מס' 15)
תשמ"ז-1987

(ו) יושב ראש הועד המחוזי שנבחר לפי סעיף קטן (ה) יכהן עד תום תקופת הכהונה של יושב ראש הועד המחוזי שבמקומו נבחר.

(תיקון מס' 15)
תשמ"ז-1987

(ז) ועד מחוזי לא יפעל בבחירתו להחלטות הועד המרכזי.

(תיקון מס' 26)
תש"ס-2000

14. (א) חברי בית הדין המשמעתי הארצי ימונו על ידי ועדת המינויים שהוקמה לפי הוראות סעיף 18ב (בפרק זה – ועדת המינויים) לתקופה של ארבע שנים מבין חברי הלשכה הכשרים לכך ; מספר חברי בית הדין הארצי ייקבע בכללים.

בית הדין המשמעתי
הארצי
(תיקון מס' 15)
תשמ"ז-1987
(תיקון מס' 32)
תשס"ח-2008

(ב) מי שכיהן כחבר בית הדין המשמעתי הארצי שלוש תקופות בזו אחר זו, לא ימונה לתפקיד זה בתקופה הסמוכה לאחריהן.

(תיקון מס' 15)
תשמ"ז-1987
(תיקון מס' 26)
תש"ס-2000
(תיקון מס' 32)
תשס"ח-2008

15. (א) בכל מחוז של הלשכה יהיה בית דין משמעתי מחוזי אשר חבריו ימונו על ידי ועדת המינויים לתקופה של ארבע שנים, מבין חברי הלשכה הרשומים באותו מחוז, הכשירים לכך ; מספר החברים של כל בית דין משמעתי מחוזי ייקבע בכללים.

בתי הדין המשמעתיים
המחוזיים
(תיקון מס' 15)
תשמ"ז-1987
(תיקון מס' 26)
תש"ס-2000
(תיקון מס' 32)
תשס"ח-2008

(ב) מי שכיהן כחבר בית דין משמעתי מחוזי שלוש תקופות בזו אחר זו, לא ימונה לתפקיד זה בתקופה הסמוכה לאחריהן.

(תיקון מס' 15)
תשמ"ז-1987
(תיקון מס' 26)
תש"ס-2000
(תיקון מס' 32)
תשס"ח-2008

16. (א) כשיר לכהן כחבר בית הדין המשמעתי הארצי - מי שהיה חבר הלשכה לפחות שמונה שנים ; כשיר לכהן כחבר בית דין משמעתי מחוזי - מי שהיה חבר הלשכה לפחות חמש שנים ; ואולם לא יכהן כחבר בית דין משמעתי -

כשירות לכהונה
כחבר בית דין
משמעתי
(תיקון מס' 15)
תשמ"ז-1987
(תיקון מס' 32)
תשס"ח-2008

(1) מי שהורשע בבית משפט או בבית-דין צבאי בעבירה שיש עמה קלון ;

(2) מי שהורשע בבית דין משמעתי בעבירה משמעת והוטל עליו עונש השעיה או הוצאה מן הלשכה, או שהוטל עליו עונש אחר אך טרם עברו עשר שנים מיום הרשעתו.

(ב) חבר המועצה הארצית וחבר ועד מחוזי אינם כשירים להתמנות או לכהן כחבר בית דין משמעתי.

(תיקון מס' 32)
תשס"ח-2008

17. (א) תקופת כהונתם של חברי בתי הדין המשמעתיים תהא עד למינוי אחרים תחתם.

תום כהונת חברי בתי
הדין המשמעתיים
(תיקון מס' 15)
תשמ"ז-1987
(תיקון מס' 32)
תשס"ח-2008

(ב) חבר בית דין משמעתי שהחל לדון בענין פלוני רשאי לסיימו גם לאחר שתמה תקופת כהונתו.

(תיקון מס' 32)
תשס"ח-2008

(ג) (בוטל).

17א. כהונת חבר בית דין משמעתי נפסקת באחת מאלה :

פקיעת כהונת חבר
בית-דין משמעתי
(תיקון מס' 15)
תשמ"ז-1987

(1) התפטר במסירת כתב התפטרות ליושב ראש ועדת המינויים ;

(תיקון מס' 32)
תשס"ח-2008

(2) ועדת המינויים החליטה כי נבצר ממנו, דרך קבע, למלא את תפקידו, ומסרה לו על כך הודעה בכתב ;

(תיקון מס' 32)
תשס"ח-2008

(3) נתקיימה בו אחת הנסיבות המונעות בעדו להיבחר לחבר בית-דין משמעתי לפי סעיף 16 ;

(4) חדל להיות חבר הלשכה ;

11

(5) ועדת המינויים מצאה כי קיימות עובדות שבשלהן אין הוא ראוי לכהן כחבר בית דין משמעתי, ומסרה לו על כך הודעה בכתב.

(תיקון מס' 32)
תשס"ח-2008

17א1. הוגש נגד חבר בית דין משמעתי כתב אישום בבית משפט או בית דין צבאי בשל עבירה שיש עמה קלון, או הועמד לדין משמעתי לפי חוק זה או לפי דין אחר, רשאית ועדת המינויים להשעותו מכהונתו, במסירת הודעה בכתב, עד למתן פסק דין סופי בעניינו או עד לסיום ההליכים המשמעתיים נגדו, לפי העניין.

השעיה מכהונה של חבר בית דין משמעתי
(תיקון מס' 32)
תשס"ח-2008

17ב. התפנה מקומו של חבר בית דין משמעתי, תמנה ועדת המינויים במקומו חבר בית דין, שיכהן באותו בית דין ליתרת תקופת כהונתו.

מילופי חברים בבית דין משמעתי
(תיקון מס' 32)
תשס"ח-2008

18. (א) חברי כל בית דין משמעתי יבחרו מביניהם באישור ועדת המינויים יושב ראש בית הדין וארבעה סגני יושב ראש (להלן - הנשיאות).

(ב) שלושה מחברי הנשיאות יהיו מנין לכל פעולות של הנשיאות; לא תיפגע פעולתו של הנשיאות מחמת שנתפנה מקומו של חבר מחבריה; נתפנה מקומו של יושב ראש בית דין, תהא כל סמכות שנתייחדה לו לפי חוק זה נתונה בידי הנשיאות עד שימונה יושב ראש.

(ג) כל בית דין משמעתי ידון בשלושה; הנשיאות תקבע את אלה מבין חברי בית הדין שישבו לדין בעניין פלוני.

יושב ראש, סגנים והרכב
(תיקון מס' 15)
תשמ"ז-1987
(תיקון מס' 16)
תשמ"ט-1989
(תיקון מס' 32)
תשס"ח-2008

(תיקון מס' 16)
תשמ"ט-1989

(ד) ובצאת מחבר בית דין משמעתי, זולת אב בית הדין, להשתתף בדיון, יתקיים הדיון, על אף האמור בסעיף קטן (ג), לפני שני חברי בית הדין הנותרים, אלא אם החליט אב בית הדין על דחיית הדיון; הוראה זו תחול אף אם אם התחיל הדיון לפני שלושה ונבצר מאחד מהחברים שאינו אב בית הדין להמשיך בו.

(תיקון מס' 3)
(תיקון מס' 13)
תשמ"ם-1980
(תיקון מס' 32)
תשס"ח-2008

18א. (א) ללשכה יהא מבקר פנימי, והוא ייבחר על ידי המועצה הארצית בבחירות חשאיות לתקופת כהונה שלא תפחת מחמש שנים; לעניין חוק הביקורת הפנימית, התשנ"ב-1992, יראו כאילו הלשכה היא גוף ציבורי כמשמעותו בחוק האמור.

(ב) מי שכיהן כמבקר שתי תקופות כהונה לא יהיה כשיר להיבחר לכהונה נוספת.

מבקר הלשכה
(תיקון מס' 24)
תשנ"ה-1995

18ב. (א) בוועדת האתיקה הארצית יהיו חברים אלה:

(1) חברי הלשכה שימנה הוועד המרכזי באישור ועדת המינויים, ובלבד שלא ימונה מי שמתקיים בו האמור בסעיף 16(א)(1) או (2);

(2) נציגי ציבור שהתקיימו בהם תנאי הכשירות כאמור בסעיף קטן (ג), שתמנה ועדת המינויים.

(ב) בכל מחוז של הלשכה תהיה ועדת אתיקה מחוזית שבה יהיו חברים אלה:

(1) חברי הלשכה הרשומים באותו מחוז שימנה הוועד המחוזי של אותו מחוז באישור ועדת המינויים, ובלבד שלא ימונה מי שמתקיים בו האמור בסעיף 16(א)(1) או (2);

(2) נציגי ציבור שהתקיימו בהם תנאי הכשירות כאמור בסעיף קטן (ג), שתמנה ועדת המינויים.

(ג) כשיר לכהן כנציג ציבור בוועדת האתיקה הארצית או בוועדת אתיקה מחוזית (בסעיף זה - ועדת אתיקה) מי שהתקיימו בו כל אלה:

(1) הוא משפטן ואינו חבר הלשכה, או שהוא חבר הלשכה שחברותו בה מוגבלת כאמור בסעיף 52ב;

(2) הוא לא הורשע בעבירה פלילית או בעבירת משמעת, שמפאת חומרתה, מהותה או נסיבותיה אין הוא ראוי לשמש נציג ציבור בוועדת האתיקה.

(ד) (1) המספר הכולל של חברי ועדת אתיקה ייקבע בכללים;

(2) מספר נציגי הציבור שימנה בוועדת המינויים בוועדת אתיקה לא יעלה על רבע מהמספר הכולל של חברי ועדת האתיקה; בוועדת אתיקה שמספר חבריה פחות מ-11, לא יפחת מספר נציגי הציבור שימונו כאמור ממחבר אחד, ובוועדה שמספר חבריה הוא 11 לפחות, לא יפחת מספר נציגי הציבור משניים.

ועדות האתיקה
(תיקון מס' 32)
תשס"ח-2008

נבו הוצאה לאור בע"מ nevo.co.il המאגר המשפטי הישראלי

(ה) הוועד המרכזי או הוועד המחוזי, יבחר מבין חברי ועדת האתיקה הארצית או ועדת אתיקה מחוזית שאינם נציגי ציבור, לפי העניין, את יושב ראש הוועדה; בחירה כאמור טעונה אישור ועדת המינויים.

(ו) חבר בוועדת אתיקה יתמנה לתקופה של ארבע שנים וניתן לחזור ולמנותו, ובלבד שלא יכהן יותר משתי תקופות כהונה רצופות.

(ז) כהונתו של חבר וועדת אתיקה נפסקת באחת מאלה:

    (1) הוא התפטר במסירת כתב התפטרות ליושב ראש ועדת המינויים;

    (2) נתקיימה בו אחת הנסיבות המונעות בעדו לכהן כחבר ועדת אתיקה לפי סעיפים קטנים (א) עד (ג), לפי העניין;

    (3) ועדת המינויים החליטה כי נבצר ממנו, דרך קבע, למלא את תפקידו או מצאה כי מתקיימות לגביו עובדות שבשבילהן אין הוא ראוי לכהן כחבר ועדת האתיקה, ומסרה לו על כך הודעה בכתב.

(ח) ועדת אתיקה מחוזית לא תפעל בסתירה להחלטות ועדת האתיקה הארצית.

<div dir="rtl">

**18ג.** (א) ליד ועדת האתיקה הארצית וליד כל ועדת אתיקה מחוזית יפעל פרקליט; כשיר להתמנות לפרקליט מי שהתקיימו בו תנאי הכשירות לכהונה בבית דין משמעתי מחוזי כאמור בסעיף 16(א) והוא אינו חבר באחד ממוסדות הלשכה.

(ב) הפרקליטים יבררו תלונות על עבירות משמעת של עורכי דין המטופלות בידי ועדת האתיקה שהם פועלים לידה ויעבירו אותן בצירוף המלצתם, וכן יציגו את ועדת האתיקה שהם פועלים לידה בהליכים לפני בתי הדין המשמעתיים ולפני בתי המשפט, וייצגו לה בכל עניין הקשור בכך.

(ג) הפרקליטים יועסקו בידי הלשכה בשכר; הוראות בדבר דרכי מינויים והפסקת כהונתם ייקבעו בכללים, ובלבד שכהונתו של פרקליט לא תופסק שלא בהסכמתו, אלא באישור ועדת המינויים והחלטתה שהתקבלה ברוב חבריה.

(ד) לצורך מילוי תפקידיו לפי סעיף זה רשאי פרקליט להסתייע בחבר הלשכה, בין אם הוא עובד הלשכה ובין לאו.

</div>
<div dir="rtl" style="text-align:left">
הפרקליטים
(תיקון מס׳ 32)
תשס״ח-2008
</div>

<div dir="rtl">

**18ד.** (א) ועדת המינויים תהיה בת שבעה חברים, ואלה הם:

    (1) שופט לשעבר של בית המשפט העליון או נשיא לשעבר של בית משפט מחוזי, שמונה שר המשפטים בהתייעצות עם ראש לשכת עורכי הדין, והוא יהיה היושב ראש;

    (2) שני חברי הלשכה המשמשים בתפקיד מתפקידי השירות המשפטי בשירות המדינה, ברשות מקומית או בתאגיד שהוקם בחוק, שימנה שר המשפטים;

    (3) שני חברי הלשכה שתבחר המועצה הארצית;

    (4) שני חברי הלשכה כמפורט להלן:

        (א) לעניין החלטות ועדת המינויים בדבר בית הדין המשמעתי הארצי, וועדת האתיקה הארצית והפרקליט הפועל לידה — שני חברי הלשכה שיבחר הוועד המרכזי;

        (ב) לעניין החלטות ועדת המינויים בדבר בית דין משמעתי מחוזי, וועדת אתיקה מחוזית והפרקליט הפועל לידה — שני חברי הלשכה הרשומים במחוז הנוגע בדבר, שיבחר הוועד המחוזי של אותו מחוז.

(ב) כשיר לכהן כחבר ועדת המינויים לפי פסקאות (2) עד (4) של סעיף קטן (א) — מי שהתקיימו בו תנאי הכשירות לכהונה בבית דין משמעתי מחוזי הארצי כאמור בסעיף 16(א).

(ג) חבר ועדת המינויים יתמנה לתקופה של ארבע שנים, וניתן לחזור ולמנותו ובלבד שלא יכהן יותר משתי תקופות כהונה רצופות.

(ד) ועדת המינויים תקבע את סדרי עבודתה ואת נוהלי דיוניה, ככל שלא נקבעו בחוק זה או על פיו.

</div>
<div dir="rtl" style="text-align:left">
ועדת המינויים
(תיקון מס׳ 32)
תשס״ח-2008
</div>

<div dir="rtl">

**19.** מוסדות הלשכה יקבעו את סדרי עבודתם ודיוניהם במידה שלא נקבעו בחוק זה, בתקנות או

</div>
<div dir="rtl" style="text-align:left">
סדרי העבודה של
המוסדות
</div>

<div style="text-align:center">13</div>

בכללים.

### פרק שלישי: תחום המקצוע וייחודו

ייחוד פעולות | 20. הפעולות המנויות להלן, לא יעשה אותן דרך עיסוק, או בתמורה אף שלא דרך עיסוק, אלא עורך דין; ואלה הפעולות:

(1) ייצוג אדם אחר וכל טיעון ופעולה אחרת בשמו לפני בתי משפט, בתי דין, בוררים וגופים ואנשים בעלי סמכות שיפוטית, או מעין שיפוטית;

(2) ייצוג אדם אחר וכל פעולה אחרת בשמו לפני —

משרד ההוצאה לפועל;

לשכת רישום המקרקעין;

הפקיד המוסמך לענין חוק בתים משותפים, תשי"ג—1952;

רשם החברות;

רשם השותפויות;

רשם האגודות השיתופיות;

רשם הפטנטים והמדגמים;

רשם סימני המסחר;

פקיד השומה ונציג מס ההכנסה לענין פקודת מס הכנסה;

המנהל לענין חוק מס שבח מקרקעין, תש"ט—1949;

מנהל מס עזבון לענין חוק מס עזבון, תש"ט—1949.

(3) עריכת מסמכים בעלי אופי משפטי בשביל אדם אחר, לרבות ייצוג אדם אחר במשא ומתן משפטי לקראת עריכת מסמך כזה;

(4) ייעוץ וחיווי דעת משפטיים.

שמירת הוראות | 21. הוראות סעיף 20 אינן פוגעות באלה:

(1) סמכויותיהם של היועץ המשפטי לממשלה ונציגיו;

(2) ייצוג לפני בתי דין דתיים ולפני בתי דין צבאיים;

(3) ייצוג לפני בית משפט, בית דין, גוף או אדם אחר שהייצוג לפניהם מוסדר בחיקוק, לרבות הוראות סעיף 236 לפקודת מס הכנסה;

(4) סמכויותיו של סוכן פטנטים לפי פקודת הפטנטים והמדגמים ולפי פקודת סימני המסחר, 1938;

(5) זכותם של רואי חשבון למלא תפקידים שהותרו להם על פי דין;

(6) ייצוג של ארגון עובדים או מעבידים או של חבר בהם על ידי נציגו של ארגון כזה, בבוררות לעניני עבודה או בקשר להסכם עבודה;

(7) חיווי דעת משפטי על ידי אדם שנתבקש לכך על ידי עורך דין או על ידי רשות מרשויות המדינה;

(תיקון מס' 14) תשמ"ה-1985 | (8) ייצוג לפני בוררים כשאחד מבעלי הדין בבוררות הוא תושב חוץ או תאגיד הרשום בחוץ לארץ, על ידי תושב חוץ המוסמך לעריכת דין במדינה שהוא תושב בה.

זכות ייצוג על ידי עורך דין | 22. אדם שיֵֵיפה כוחו של עורך דין זכאי להיות מיוצג על ידי אותו עורך דין לפני כל רשויות המדינה, רשויות מקומיות וגופים ואנשים אחרים הממלאים תפקידים ציבוריים על פי דין; אין בהוראה זו כדי לגרוע מכל סמכות לדרוש נוכחותו או פעולתו האישית של האדם המיוצג, ואין בה כדי לפגוע בחיקוק המסדיר את הייצוג לפני רשות, גוף או איש כאמור.

סניגור-חוק במקרים מיוחדים (תיקון מס' 5) תשכ"ח-1967 | 23. אדם שאינו אזרח ישראלי והוא נאשם בעבירה שדינה מיתה, לפי חוק למניעתו ועונשתו של הפשע השמדת עם, תש"י-1950, או לפי חוק לעשיית דין בנאצים ובעוזריהם, תש"י-1950, או שמתנהלת נגדו חקירה בשל עבירה כזאת, רשאי למנות לעצמו, כסניגור שאינו עורך דין כמשמעותו בחוק זה, אם הוא מוסמך לעריכת דין בחוץ לארץ; שר המשפטים רשאי לאשר את המינוי בנסיבות מיוחדות ולאחר התייעצות עם המועצה הארצית של הלשכה;

סניגור שמינויו אושר כאמור, דינו לענין זה כדין עורך דין כמשמעותו בחוק זה; שר המשפטים
רשאי, בנסיבות מיוחדות, בהסכמת נשיא בית המשפט העליון, ומשהועמד הנאשם לדין —
בהסכמת בית המשפט שלפניו הועמד הנאשם לדין, לבטל אישור שניתן; בוטל האישור — בטל מינויו של
הסניגור.

### פרק רביעי: הכשרה למקצוע

| | | |
|---|---|---|
| הוראה כללית | 24. | אדם כשיר להיות עורך דין אם נתקיימו בו אלה: |
| | | (1) הוא בעל השכלה משפטית גבוהה; |
| | | (2) עבר תקופת התמחות; |
| | | (3) עמד בבחינות הלשכה; |
| | | הכל לפי המפורט בפרק זה. |

| | | |
|---|---|---|
| השכלה משפטית גבוהה<br>(תיקון מס' 18)<br>תשנ"א-1991 | 25. | אלה בעלי השכלה משפטית גבוהה לענין סעיף 24: |
| | | (1) בוגר של פקולטה למשפטים במוסד בישראל או בוגר של מכללה למשפטים שהוכרו כמוסד להשכלה גבוהה בהתאם לחוק המועצה להשכלה גבוהה, תשי"ח-1958; |
| (תיקון מס' 5)<br>תשכ"ח-1967 | | (2) בוגר בלימודי משפט במוסד בחוץ לארץ שהוכר, לענין הוראה זו, על ידי האוניברסיטה העברית בירושלים כמוסד להשכלה גבוהה; או מי שלמד במוסד כאמור ועמד בבחינות בהיקף ובתכנות אשר לדעת האוניברסיטה העברית בירושלים ראוי להיחשב כמקנה לו השכלה משפטית גבוהה; |
| (תיקון מס' 26)<br>תשנ"ח-1998 | | (א2) בוגר בלימודי משפט, במוסד בישראל בעל רשיון לפי סעיף 25ב או לפי סעיף 25ט לחוק המועצה להשכלה גבוהה, התשי"ח-1958, שהוא שלוחה או סניף של מוסד בחוץ לארץ, ובלבד שהמוסד בחוץ לארץ הוכר לפי פסקה (2); |
| (תיקון מס' 3)<br>תשכ"ג-1963 | | (3) מי שהוסמך בחוץ לארץ לעריכת דין ושימש בחוץ לארץ לפחות שנתיים עורך דין או בתפקיד שיפוטי, ומי ששימש בחוץ לארץ לפחות שנתיים בתפקיד שיפוטי שרק בעל השכלה משפטית גבוהה כשיר לו; |
| (תיקון מס' 18)<br>תשנ"א-1991 | | (4) מי שסיים לימודיו במכללה למשפטים שהוכרה לענין זה על-פי האמור בסעיף 25בב. |

| | | |
|---|---|---|
| הוועדה להכרה במכללות חוץ-תקציביות למשפטים<br>(תיקון מס' 18)<br>תשנ"א-1991 | 25א. | (א) שר המשפטים ימנה ועדה של אחד עשר חברים (להלן — הוועדה להכרה) לשם הכרה במכללה חוץ-תקציבית למשפטים (בסעיף זה ובסעיפים 25ב עד 25ה — מכללה למשפטים); וימנה לה יושב ראש כאמור בסעיף קטן (ב). |
| | | (ב) אלה חברי הוועדה: |
| | | (1) שני חברים שימנה שר המשפטים, שאחד מהם יהיה הוא היושב ראש, והם ייקבעו מבין — היועץ המשפטי לממשלה, המנהל הכללי של משרד המשפטים, המשנים ליועץ המשפטי לממשלה; |
| | | (2) שני פרופסורים למשפטים מתוך רשימה שיגישו הדיקנים של הפקולטות למשפטים; |
| | | (3) שופט בדימוס שימנה נשיא בית המשפט העליון; |
| | | (4) חבר המזכירות הפדגוגיות של משרד החינוך והתרבות שימנה שר החינוך והתרבות; |
| | | (5) שני חברים של לשכת עורכי הדין שיקבע הועד המרכזי של הלשכה; |
| | | (6) רואה חשבון שתקבע לשכת רואי חשבון בישראל; |
| | | (7) כלכלן שיקבע נגיד בנק ישראל; |
| | | (8) חבר שיקבע מרכז השלטון המקומי בישראל. |
| | | (ג) לא נקבע אחד מהאמורים בסעיף קטן (ב) לוועדה, תוך שלושה חדשים מתחילתו של סעיף זה או מיום פקיעת תוקפה של המינוי, יקבע שר המשפטים את החבר, כאמור בסעיף קטן (ב), במקום אותו גוף. |

(ד) תקופת כהונתה של הוועדה להכרה תהיה חמש שנים.

(ה) נתפנה מקומו של חבר הוועדה או שנבצר ממנו דרך קבע למלא את תפקידו, ימונה חבר אחר במקומו לתקופת הכהונה של אותה ועדה.

(ו) הוועדה תקבע את סדרי עבודתה ונהלי דיוניה, במידה שלא נקבעו בחוק זה או על-פיו.

<div dir="rtl">

25ב.  (א) הוועדה להכרה רשאית להכיר במכללה למשפטים לעניין סעיף 25(4), ובלבד שנתקיימו בה כל אלה:

    (1)  משך הלימודים אינו קצר משלוש שנים;

    (2)  נקבעו אמות מידה לקבלת תלמידים;

    (3)  היקף הלימודים דומה לנהוג בפקולטה של מוסד להשכלה גבוהה;

    (4)  המכללה תקיים, שלא ממקורות של תקציב המדינה, קרן מילגות או תענוג בפועל מילואה, לסיוע לתלמידים הזקוקים לכך, לתשלום שכר הלימוד; הסיוע יינתן ל-20% לפחות מן התלמידים בשיעור של 25% לפחות משכר הלימוד המקובל במכללה.

(ב) ביטול הכרה שניתנה למכללה למשפטים, לרבות מפאת שהפרה או שחדל להתקיים בה תנאי מהתנאים האמורים בסעיף קטן (א), ייעשה בידי הוועדה להכרה על-פי ההליכים והכללים לביטול הכרה במוסד על-פי חוק המועצה להשכלה גבוהה, התשי"ח-1958, בשינויים המחויבים, ובלבד שלא תהיה הגבלה של חופש הדעה והמצפון.

</div>

<div dir="rtl">

25ג.  (א) מכללה למשפטים שהוכרה לעניין סעיף 25, רשאית להגיש בקשה להכרה כמוסד מוכר על-פי סעיף 9 לחוק המועצה להשכלה גבוהה, התשי"ח-1958.

(ב) ניתנה הכרה למכללה למשפטים לעניין סעיף 25, ולצורך ההכרה כמוסד מוכר כאמור בסעיף קטן (א), היא שינתה את צורת התאגדותה, אם התמזגה עם תאגיד אחר, בין קיים ובין חדש, רואים את ההכרה שניתנה לה כמכללה למשפטים לעניין סעיף 25, כאילו ניתנה להתאגדות החדשה, ובלבד שלא היה כרוך בשינוי זה כל דבר אחר שיכול היה להשפיע על הכרה זו.

</div>

<div dir="rtl">

25ד.  (א) מוסד שהוכר לעניין סעיף 25 לפני תחילתו של סעיף 25ב, בין בארוחה זמני ובין דרך קבע, דינה של ההכרה בו יהא כל לכל דבר ועניין, כדין הכרה בלתי מסויגת במכללה למשפטים; ביטול ההכרה כמוסד כאמור יהיה בידי הוועדה להכרה על-פי הוראות סעיף 25ב(ב).

(ב) מוסד כאמור בסעיף קטן (א), שלא קיבל הכרה בידי הוועדה להכרה על-פי האמור בסעיף 25ב עד תום ארבע השנים האמורות, יפקע תוקף תקפה של ההכרה שניתנה לו; ואולם ימשיכו לראות בו מוסד שהוכר כאמור, לגבי מי שהחל את לימודיו במוסד לפני שפקע תוקף של ההכרה.

</div>

<div dir="rtl">

25ה.  דינם של תלמידי מכללה למשפטים אצל רשויות המדינה ומוסדות ציבוריים, יהיה כדין תלמידים במוסד מוכר להשכלה גבוהה.

</div>

26.  אלה רשאים להירשם כמתמחים:

    (1)[1]  מי שזכיר בפקולטה כאמור בסעיף 25(1) תעודת בוגר או אישור שמילא אחר דרישות הפקולטה לקבלת תעודת בוגר או אישור שסיים את תקופת לימודיו בפקולטה ונותרו לו לא יותר משני עניין בחינות כדי למלא אחר דרישות הפקולטה לקבלת תעודת בוגר. בפסקה זו, "פקולטה" – לרבות מכללה למשפטים כמשמעותה בסעיף 25(1);

    (2)  בוגר כאמור בסעיף 25(2) או (2א) לאחר שהוכיח ידיעה מספיקה בשפה העברית, ולאחר שעמד בבחינות הלשכה בדיני ישראל, פרט לבחינות שפוטר מהן בהתאם לתקנות, אולם רשאי הוא להירשם כמתמחה גם אם עדיין לא עמד בשחתיים מבחינות אלה;

    (3)  מי שנתקיימו בו התנאים האמורים בסעיף 25(3), לאחר שהוכיח ידיעה מספיקה

<div dir="rtl">

**הכרה במכללה למשפטים**
(תיקון מס' 18)
תשנ"א-1991

**הכרה במכללה כמוסד מוכר להשכלה גבוהה**
(תיקון מס' 18)
תשנ"א-1991

**דין מוסד שהוכר לפני תחילת סעיף 25ב**
(תיקון מס' 18)
תשנ"א-1991

**דין תלמידי מכללה למשפטים**
(תיקון מס' 18)
תשנ"א-1991

**תנאים לרישום מתמחה**
(תיקון מס' 3)
תשכ"ג-1963
(תיקון מס' 14)
תשמ"ה-1985
(תיקון מס' 18)
תשנ"א-1991

(ותיקון מס' 25)
תשנ"ח-1998

</div>

---

<div dir="rtl">

[1]  ר' כללי לשכת עורכי הדין (התחמחות) (הוראת שעה), תשס"ז-2007: ק"ת תשס"ז מס' 6554 מיום 23.1.2007 עמ' 477. ר' כללי לשכת עורכי הדין (התחמחות) (הוראת שעה), תשס"ח-2008: ק"ת תשס"ח מס' 6653 מיום 6.3.2008 עמ' 604.

</div>

נבו הוצאה לאור בע"מ   nevo.co.il   המאגר המשפטי הישראלי

בשפה העברית;

(4) מי שקיבל במכללה כאמור בסעיף 25(4) אישור שסיים את תקופת לימודיו במכללה ועמד בדרישות לקבלת תעודה סיום הלימודים.

<div dir="rtl">

26א. על אף האמור בסעיף 26 רשאית המועצה הארצית באישור ועדת החוקה, חוק ומשפט של הכנסת לקבוע כללים לרישום מתמחה אף במועד מוקדם או מאוחר מהמועד שבו מתקיימים התנאים הקבועים בסעיף האמור.

27. הלשכה רשאית, לאחר שנתנה למועמד הזדמנות לטעון טענותיו לפניה, שלא לרשמו כמתמחה על אף כשירותו לפי סעיף 26, אם נתגלו עובדות שלאורן סבורה הלשכה שהמועמד אינו ראוי לשמש עורך דין. סירבה הלשכה לרשום מתמחה, תודיע למועמד את נימוקיה בכתב.

28. (בוטל).

29. (א) ההתמחות תהיה אצל מאמן; ואלה רשאים להיות מאמנים למתמחים:

(1) שופט בית המשפט העליון ושופט בית משפט מחוזי;

(1א) שופט של בית דין לעבודה;

(2) שופט בית משפט שלום שהוותק שלו כחבר הלשכה וכשופט יחד אינו פחות מחמש שנים;

(2א) שופט תעבורה שנתמנה לפי הפרק הרביעי לפקודת התעבורה, שהוותק שלו כחבר הלשכה וכשופט יחד אינו פחות מחמש שנים;

(3) שופט צבאי משפטאי כמשמעותו בחוק השיפוט הצבאי, תשט״ו-1955, שהוותק שלו כחבר הלשכה וכשופט יחד אינו פחות מחמש שנים;

(4) חבר הלשכה בעל ותק של חמש שנים שאושר על ידי הלשכה כראוי להיות מאמן;

(5) חבר הלשכה בעל ותק של חמש שנים המשמש בתפקיד מתפקידי השירות המשפטי בשירות המדינה, ברשות מקומית או בתאגיד שהוקם בחוק, שנקבעו לענין הוראה זו על ידי שר המשפטים בצו.

(ב) מי שרשאי להיות מאמן לפי פסקאות (1) ו-(1א) של סעיף קטן (א), או מי שרשאי להיות מאמן לפי פסקאות (2) עד (5) לאותו סעיף קטן והוותק שלו, כחבר הלשכה וכשופט יחד, אינו פחות מחמש שנים, רשאי, באישור הלשכה, לאמן שני מתמחים.

30. הלשכה רשאית, לאחר שנתנה לחבר הלשכה הזדמנות לטעון טענותיו לפניה, לבטל אישור שניתן לפי סעיף 29(4) אם נתקיימה אחת מאלה:

(1) הלשכה נוכחה, על פי קובלנה של ועד מחוזי, היועץ המשפטי לממשלה או פרקליטי המדינה, שהחבר לא מילא כראוי את תפקידו כמאמן;

(2) החבר הורשע על ידי בית דין משמעתי ולאור הרשעתו סבורה הלשכה שאין הוא ראוי לשמש מאמן.

31. (בוטל).

32. מספר המתמחים שמאמן אחד יכול לאמן ייקבע בכללים.

33. לא יעסיק מאמן מתמחה אלא בעבודה משפטית.

34. מתמחה המבקש להמשיך את התמחותו אצל מאמן אחר, לא יעשה כן אלא באישור הלשכה.

35. (א) תקופת ההתמחות תהיה שנים-עשר חודשים.

(ב) מי שהתכסך בחון לארץ לעריכת דין או שימש בחון לארץ בתפקיד שיפוטי לפחות שנתיים, ומי ששימש בחון לארץ לפחות שנתיים בתפקיד שיפוטי שרק בעל השכלה משפטית כשיר לו, תהיה תקופת התמחותו שנה, ורשאית הלשכה להפחית תקופה זו ובלבד שלא תפחת מששה חודשים חדשים;

(ב) מי שהתכסך בחון לארץ לעריכת דין או שימש בחון לארץ בתפקיד שיפוטי לפחות שנתיים, ומי ששימש בחון לארץ לפחות שנתיים בתפקיד שיפוטי שרק בעל השכלה משפטית כשיר לו, תהיה תקופת התמחותו שנה, ורשאית הלשכה להפחית תקופה זו ובלבד שלא תפחת מששה חדשים; שימש כאמור פחות משנתיים — רשאית הלשכה להפחית את תקופת
</div>

<div dir="rtl">

(תיקון מס׳ 17) תשנ״ו-1990

(תיקון מס׳ 18) תשנ״א-1991
תנאים חריגים לרישום מתחמחה
(תיקון מס׳ 22) תשנ״ד-1994

סירוב הלשכה לרשום מתחמחה
(תיקון מס׳ 31) תשס״ה-2005

(תיקון מס׳ 31) תשס״ה-2005

מאמנים

(תיקון מס׳ 7) תשל״א-1971

(תיקון מס׳ 10) תשל״ו-1976

(תיקון מס׳ 22) תשנ״ד-1994

(תיקון מס׳ 21) תשנ״ד-1994

ביטול אישור
(תיקון מס׳ 7) תשל״א-1971

(תיקון מס׳ 31) תשס״ה-2005

מספר המתמחים

העסקת המתמחים

המשך התמחות אצל מאמן אחר

תקופת ההתמחות
(תיקון מס׳ 3) תשכ״ג-1963
(תיקון מס׳ 14) תשמ״ה-1985
(תיקון מס׳ 22) תשנ״ד-1994
</div>

ההתמחות שהוא חייב בה ובלבד שלא תפחת משנה.

(ג) (בוטל). <span style="float:left">(תיקון מס׳ 23)<br>תשנ״ד-1994<br>(תיקון מס׳ 3)<br>תשכ״ג-1963</span>

36. (בוטל).

37. בששת החדשים האחרונים לתקופת התמחותו רשאי מתמחה לייצג שולחי מאמנו בבית <span style="float:left">ייצוג שולחי המאמן</span>
משפט השלום, ובלבד שהמאמן יהיה נוכח בבית המשפט או שבית המשפט הרשהו להמשיך
בייצוג אף בהעדר המאמן.

37א. מי שנתקיימו בו התנאים האמורים בסעיף 25(3) חייב להיבחן בבחינות הלשכה בדיני <span style="float:left">בחינות בדיני ישראל<br>(תיקון מס׳ 3)<br>תשכ״ג-1963</span>
מדינת ישראל, פרט לבחינות שפוטר מהן בהתאם לתקנות.

38. (א) בתום תקופת ההתמחות על המועמד לחברות בלשכה להיבחן בבחינות הלשכה <span style="float:left">בחינות התמחות<br>(תיקון מס׳ 3)<br>תשכ״ג-1963</span>
במקצועות מעשיים ; ואולם מי שהוסמך בחוץ לארץ לעריכת דין ושימש בחוץ לארץ לפחות חמש
שנים עורך דין או בתפקיד שיפוטי ומי ששימש בחוץ לארץ לפחות חמש שנים בתפקיד שיפוטי
שרק בעל השכלה משפטית כשיר לו, והוא התחיל בהתמחותו תוך עשר שנים מיום עלייתו ארצה
פטור מבחינה זו.

(ב) מי שנשמע כמתמחה לפי סעיף 26(1) על אף אישור שסיים תקופת לימודיו בפקולטה, <span style="float:left">(תיקון מס׳ 14)<br>תשמ״ה-1985</span>
לא ייבחן בבחינות ההתמחות אלא לאחר שקיבל תעודת בוגר או אישור שמילא אחר דרישות
הפקולטה לקבלת תעודת בוגר ; מי שנשמע לפי סעיף 26(2) או (3) אף לפני שעמד בכל בחינות
הלשכה בדיני ישראל שלא פוטר מהן, לא ייבחן בבחינות ההתמחות אלא לאחר שעמד באותן
הבחינות.

39. תכנית הבחינות לפי הסעיפים 26(2), 37א ו-38 וסדריהן ייקבעו בתקנות. <span style="float:left">תכנית הבחינות<br>וסדריהן<br>(תיקון מס׳ 3)<br>תשכ״ג-1963<br>(תיקון מס׳ 33)<br>תש״ע-2009</span>

40. הבחינות לפי סעיף 38 יהיו בפני ועדה בוחנת של שלושה שהם שופט, והוא יהא יושב <span style="float:left">ועדה בוחנת</span>
ראש, ושני עורכי דין, מהם אחד חבר השירות המשפטי ; וועדה בוחנת תורכב מתוך רשימת בוחנים
שתיקבע על ידי שר המשפטים.

41. בתקופת התמחותו ועד להכרעה סופית בדבר קבלתו כחבר בלשכה נתון המועמד למרותה <span style="float:left">משמעת מקצועית של<br>מועמדים</span>
של הלשכה ולשיפוטה המשמעתי, והלכות האתיקה המקצועיות חלות, בשינויים המחויבים, גם
עליו ; בשל עבירת משמעת רשאי בית דין משמעתי להטיל על מועמד אזהרה, נזיפה, פסילה
להתקבל כחבר הלשכה, לתקופה שלא תעלה על שלש שנים או לצמיתות ; ואם היה בעבירה משום
הפרת חובותיו כמתמחה או פגיעה בטוהר הבחינות — גם ביטול התמחותו, כולה או מקצתה,
וביטול בחינה. על דין המשמעת נגד מועמד יחולו בשינויים המחויבים, הוראות הסעיפים 62 עד
74.

41א. (א) דינו של מתמחה, לכל דבר וענין מן העניינים המפורטים בתוספת, יהיה כדין <span style="float:left">דין מתמחה כדין עובד<br>(תיקון מס׳ 7)<br>תשל״א-1971</span>
עובד וכדי שדל המאמן, ואם היה המאמן שכירו של אחר יראו את האחר כמעבידו של המתמחה ; סעיף
זה אינו חל על חייל המתמחה בצבא-הגנה לישראל.

(ב) שר המשפטים, באישור וועדת העבודה של הכנסת, רשאי לשנות את התוספת, להוסיף
עליה ולגרוע ממנה.

## פרק חמישי: חברות בלשכה

42. אדם הכשיר להיות עורך דין והוא תושב ישראל ובניר יהיה לעורך דין עם קבלתו כחבר <span style="float:left">הוראה כללית<br>(תיקון מס׳ 28)<br>תשס״ב-2002</span>
הלשכה.

43. שמותיהם של המועמדים לחברות בלשכה יתפרסמו בצורה שתיקבע בכללים, ותוך תקופה <span style="float:left">פרסום מועמד<br>והתנגדויות<br>(תיקון מס׳ 33)<br>תש״ע-2009</span>
שתיקבע לכך בכללים רשאי כל אדם להגיש ללשכה התנגדות לקבלת המועמד.

44. (א) הלשכה רשאית, לאחר שנתנה למועמד הזדמנות לטעון טענותיו לפניה, שלא לקבלו <span style="float:left">סירוב הלשכה לקבל<br>חבר<br>(תיקון מס׳ 31)<br>תשס״ה-2005</span>
כחבר הלשכה, על אף כשירותו —

(1) אם המועמד הורשע בעבירה פלילית שיש בה, בנסיבות הענין, משום קלון,

<div align="center">18</div>

והלשכה סבורה שלאור הרשעה זו אין הוא ראוי לשמש עורך דין;

(2) אם נתגלו עובדות אחרות — בין על ידי פסק דין של בית דין משמעתי או על ידי התנגדות שהונגדה לפי סעיף 43, ובין בדרך אחרת — והלשכה סבורה שלאור עובדות אלה אין המועמד ראוי לשמש עורך דין;

(3) (נמחקה).

<table>
<tr><td style="text-align:right">(תיקון מס' 28)<br>תשס"ב-2002<br>(תיקון מס' 31)<br>תשס"ה-2005</td></tr>
</table>

(ב) החליטה הלשכה שלא לקבל מועמד כחבר הלשכה, תודיע לו את נימוקיה בכתב.

**45.** (בוטל).

(תיקון מס' 31)<br>תשס"ה-2005

**46.** החליטה הלשכה לקבל את המועמד, או שבית המשפט העליון ביטל את סירובה לקבלו, תרשום הלשכה את המועמד בפנקס חברי הלשכה ותתן לו תעודת חברות; מיום רישומו רשאי הנרשם לעסוק במקצוע עריכת דין.

רישום בפנקס, תעודה ועיסוק במקצוע

**47.** בית דין משמעתי מחוזי רשאי לבטל רישומו של חבר הלשכה בפנקס החברים ולבטל חברותו בלשכה, אם הוכח בפניו שהרישום הושג במרמה; על החלטת בית הדין המשמעתי לפי סעיף זה יחולו הוראות סעיף 70.

ביטול חברות<br>(תיקון מס' 31)<br>תשס"ה-2005

**48.** חברותו של חבר הלשכה תפקע אם נתקיימה בו אחת מאלה:

פקיעת חברות

(1) הודיע ללשכה בכתב על פרישתו ממנה;

(2) חדל להיות תושב ישראל; המועד בו חדל להיות תושב ישראל ייקבע על ידי הלשכה;

(תיקון מס' 31)<br>תשס"ה-2005

(3) הוכרז פושט רגל;

(4) נידון בבית דין משמעתי להוצאה מן הלשכה והעונש בוצע.

**49.** חברותו של חבר הלשכה תושעה —

השעיית חברות

(1) אם הוכרז בפסק דין פסול-דין מחמת מחלת נפש — כל עוד לא בוטל הפסק, או אם החליטה הלשכה, על סמך תעודה של פסיכיאטר מחוזי, כי הוא אינו מסוגל מחמת מחלת נפש לשמש כעורך דין — כל עוד לא בוטלה ההחלטה.

(תיקון מס' 26)<br>תש"ס-2000<br>(תיקון מס' 31)<br>תשס"ה-2005

(2) אם נידון בבית דין משמעתי להשעיה — למשך תקופת ההשעיה.

**50.** מי שפרש מן הלשכה או שחברותו פקעה מסיבה אחרת, נשאר נתון למרות הלשכה בכל מה שאירע לפני פקיעת החברות; וכן רשאי הוא לגבות שכרו בעד שירותים שנתן לפני כן.

שמירת מרות וזכויות<br>(תיקון מס' 26)<br>תש"ס-2000

**50א.** הוראות חוק זה יחולו על חבר הלשכה שהושעה כשם שהן חלות על חבר הלשכה שחברותו בה מוגבלת כאמור בסעיף 52ב, ככל שאין בסעיפים 59ד ו-97 הוראות מיוחדות לענינו.

חבר הלשכה שהושעה<br>(תיקון מס' 26)<br>תש"ס-2000

**51.** מי שפרש מן הלשכה ומי שחברותו בלשכה פקעה מסיבה אחרת והסיבה בטלה, רשאי לבקש חידוש חברותו בלשכה; על חידוש החברות יחולו הוראות הסעיפים 42 עד 47, בשינויים המחוייבים, ובלבד שהלשכה לא תסרב לחידוש החברות אלא על סמך הרשעה או עובדות שאירעו אחרי פקיעת החברות.

חידוש חברות

**52.** על אף האמור בסעיף 51, מי שנידון להוצאה מן הלשכה לא יבקש חידוש חברותו לפני שעברו עשר שנים מהוצאתו, והלשכה רשאית, לפי שיקול דעתה, להסכים לחידוש החברות או לסרב לו.

סייג לחידוש חברות

**52א.** חברותו של חבר הלשכה שנתמנה שופט או דיין של בית דין דתי תיפסק כל עוד הוא משמש בכהונתו, והוא הדין במי שערב תחילתו של חוק זה היה רשום בפנקס עורכי הדין לפי פקודת עורכי הדין, 1938, ושימש אותה שעה כשופט או דיין כאמור; לענין זה, "שופט" —

הפסקת חברותם של חברי הלשכה<br>המקוימת כהונתם<br>בשופטים או כדיינים<br>(תיקון מס' 1)<br>תשכ"ב-1961

(1) שופט כמשמעותו בחוק השופטים, תשי"ג-1953;

(2) שופט צבאי משפטאי כמשמעותו בחוק השיפוט הצבאי, תשט"ו-1955, המשמש בכהונתו בהיותו בשירותו קבע של צבא-הגנה לישראל.

**52ב.** חבר הלשכה שאינו עוסק בעריכת דין — אם בכלל ואם כנציגו של היועץ המשפטי לממשלה — רשאי להודיע על כך ללשכה בכתב, ומשהודיע וכל עוד לא ביטל הודעתו, יחולו עליו

חברות מוגבלת<br>(תיקון מס' 3)<br>תשכ"ג-1963<br>(תיקון מס' 26)<br>תש"ס-2000

19

הוראות חוק זה למעט הוראת סעיף 60 בשינויים אלה:

(1) לא יעשה פעולות שנתייחדו לפי חוק זה לעורכי דין, ואם עשה פעולה כזאת, דינו כאמור בסעיף 96;

(תיקון מס' 26)
תשס"ט-2000

(2) לא יבחר ולא ייבחר למוסדות הלשכה ולא יתמנה או ייבחר לתפקיד בה למעט לתפקיד נציג ציבור בוועדת האתיקה הארצית או בוועדת אתיקה מחוזית, לפי סעיף 218ב;

(3) אינו חייב בדמי חבר ואגרות אחרות שהלשכה מטילה על חבריה.

**פרק שישי: אתיקה מקצועית ושיפוט משמעתי**

שמירת כבוד המקצוע 53. עורך דין ישמור על כבוד המקצוע של עריכת דין ויימנע מכל דבר העלול לפגוע בכבוד המקצוע.

סייג לייצוג בשל
חברות בוועדת מינויים
(תיקון מס' 24)
תשנ"ה-1995
(תיקון מס' 30)
תשס"ד-2004

53א. עורך דין שהוא חבר בוועדה לבחירת שופטים או בוועדה למינוי חברי בית דין דתי לא ייצג צד בבית משפט, בבית דין דתי או בבית דין לעבודה שהשופטים המכהנים בו נבחרים או מתמנים על יסוד המלצת הוועדה שבה הוא חבר או מכהן, כל עוד הוא חבר באותה ועדה; הוראה זו לא תחול על ייצוג צד בבית המשפט העליון, בבית דין דתי לערעורים או בבית הדין הארצי לעבודה.

סייג לייצוג בשל
ע"ל פסלות של
שופט
(תיקון מס' 30)
תשס"ד-2004

53ב. (א) התבקש עורך דין לקבל על עצמו לייצג צד כהליך בבית משפט, ויש לו יסוד להניח כי קבלת הייצוג תביא לכך שהשופט שנקבע לדון באותו הליך לא ישב בדין בשל התקיימות עילה מעילות הפסלות המפורטות להלן, לא יקבל על עצמו את הייצוג אלא אם כן ההליך הוא הליך קשור להליך קודם שבו ייצג עורך הדין את אותו צד או שבית המשפט התיר את הייצוג לפי בקשה שהגיש עורך הדין;

(1) השופט שנקבע לדון בהליך הוא בן משפחה של עורך הדין או שקיימת ביניהם קרבה ממשית אחרת;

(2) לשופט הדן בהליך או לבן משפחה מדרגה ראשונה של השופט יש עניין כספי ממשי או עניין אישי ממשי בעורך הדין.

(ב) לעניין סעיף זה —

"בית משפט" — לרבות בית דין לעבודה, בית דין צבאי, בית דין רבני, בית דין שרעי ובית דין דתי דרוזי;

"בן משפחה" — בן זוג, הורה, הורה של בן זוג, ילד, אח, סב, נכד וכן ילד או בן זוג של כל אחד מאלה ולרבות מי שהיה אפוטרופוס או מי ששימש משפחתו אומנת של השופט או שהשופט היה אפוטרופסו או שימש משפחתו אומנת שלו;

"בן משפחה מדרגה ראשונה" — בן זוג, הורה, ילד, וכן ילד או בן זוג של כל אחד מאלה ולרבות מי שהיה אפוטרופוס או מי ששימש משפחתו אומנת של השופט או שהשופט היה אפוטרופסו או שימש משפחתו אומנת שלו;

"שופט" — לרבות שופט ונציג ציבור בבית דין לעבודה, שופט צבאי, דיין, קאדי, קאדי-מד'הב, וכן רשם בבית משפט או בבית דין לעבודה;

"הליך קשור" — ביחס להליך קודם — ערעור או בקשת רשות ערעור על הליך קודם, או הליך אחר הקשור קשר ישיר להליך קודם והנוגע לאותה מסכת עובדתית.

החובה כלפי הלקוח 54. במילוי תפקידיו יפעל עורך דין לטובת שולחו בנאמנות ובמסירות, ויעזור לבית המשפט וכלפי בית המשפט לעשות משפט.

הסדרת פרסומות
(תיקון מס' 27)
תשס"ט-2000

55. (א) עורך דין לא יעשה, במישרין או בעקיפין, פרסומת לעיסוקו אלא בהתאם לכללים שתתקין המועצה הארצית באישור שר המשפטים וועדת החוקה חוק ומשפט של הכנסת.

(ב) בכללים כאמור ייקבעו סוגים, צורות ודרכים של פרסומת המותרים לעורכי דין, ובלבד שלא יהיה בהם כדי להטעות את הציבור או לפגוע בו או משום פגיעה בכבוד המקצוע; כן ייקבעו באותם כללים מקרים וצורות שבהם רשאי או חייב עורך דין לציין את שמו ומקצועו.

איסור שידול לשם
השגת עבודה

56. לא ישדל עורך דין, בעצמו או על ידי אחר, כל אדם למסור לידיו עבודה מקצועית.

שימוש בתארים

57. עורך דין ישתמש לציון מקצועו בתואר "עורך דין" או בתואר לועזי מקביל שנקבע

בכללים, ובתואר זה בלבד. אין בהוראה זו כדי למנוע את השימוש בתואר אקדמאי או בתואר שדין אחר מסדיר את השימוש בו.

<div dir="rtl">

58. עורך דין לא יעסוק במקצועו בשותפות עם אדם שאינו עורך דין, ולא ישתף אדם כזה בהכנסותיו – אם ברוטו ואם נטו – בתמורה לשירותים, סיוע או תועלת אחרת לעסקו. אולם רשאי עורך דין לשתף בהכנסותיו את בן זוגו, הצאצאים וההורים של שותף, בהווה או בעבר, שנפטר בעודו חבר הלשכה ושל עורך דין שממונו רכש את עסקו.
<span style="float:left">איסור שותפות<br>(תיקון מס' 5)<br>תשכ"ז-1967<br>חוק (מס' 11)<br>תשל"ח-1978<br>(תיקון מס' 33)<br>תשס"ט-2009</span>

59. עורך דין לא יעסיק במשרדו, בלי היתר מאת הלשכה, אדם שחברותו בלשכה הושעתה - בתקופת ההשעיה, או אדם שהוצא מן הלשכה.
<span style="float:left">איסור העסקה<br>(תיקון מס' 33)<br>תשס"ט-2009</span>

59א. (א) עורך דין לא יעסוק במקצועו כחבר בחברת עורכי דין אלא אם נתקיימו אלה:
<span style="float:left">סייגים לעיסוק<br>בחברת עורכי-דין<br>(תיקון מס' 11)<br>תשל"ח-1978</span>

(1) החברה רשומה בישראל לפי פקודת החברות ואין לה כל הגבלה על ערבות חבריה;
<span style="float:left">(תיקון מס' 33)<br>תשס"ט-2009</span>

(2) מטרות החברה, לפי תזכירה, הן האגדם של עורכי דין, פעולות עזר לעריכת דין, פעולות לניהול החברה ונכסיה ולהשקעת רווחיה ופעולות לוואי הדרושות לאלה, ונקבע בתזכיר ההתאגדות כי לא יהיו לחברה הסמכויות המפורטות בתוספת השניה לפקודת החברות;

(3) כל חברי החברה ומנהליה הם חברי הלשכה.
<span style="float:left">(תיקון מס' 33)<br>תשס"ט-2009</span>

(ב) לא יעסוק עורך דין במקצועו כחבר ביותר מחברת עורכי דין אחת.

59ב. שם של חברת עורכי דין לא יכלול אלא שמם של עורכי דין שהם חברי החברה העוסקים בעריכת דין.
<span style="float:left">שם החברה<br>(תיקון מס' 11)<br>תשל"ח-1978<br>(תיקון מס' 33)<br>תשס"ט-2009</span>

59ג. (א) חברת עורכי דין לא תשתף בהכנסותיה, על אף האמור בתזכירה, בתקנותיה או במסמך אחר, מי שאינו עורך דין, אולם רשאית היא לשתף בהכנסותיה את בן זוגו, הצאצאים וההורים של חבר, בהווה או בעבר, שנפטר בעודו חבר הלשכה או של עורך דין שהחברה רכשה את עסקו.
<span style="float:left">הגבלת שיתוף<br>בהכנסות<br>(תיקון מס' 11)<br>תשל"ח-1978<br>(תיקון מס' 33)<br>תשס"ט-2009</span>

(ב) נפטר חבר או חדל להיות חבר הלשכה ולא הועבר חלקו בחברה, ירכשוהו חברי החברה תוך תקופה, בדרך, במועד ובתנאים שייקבעו בכללים.

59ד. (א) חבר בחברת עורכי דין שהושעתה מחברותו בלשכה לא יהיה זכאי לקבל בתקופת ההשעיה כל תשלום מהחברה בעד שירות שנתנו לפני שהושעה ולא כל חלק מרווחי החברה שהגיעו בשעה שהיה מושעה כאמור, והחברה לא תשלם לו, או לאחר על פי הוראותיו או בשל זכויותיו החברות שלו, דבר שאינו זכאי לקבל לפי סעיף קטן זה.
<span style="float:left">איסור השתתפות למי<br>שהושעה<br>(תיקון מס' 11)<br>תשל"ח-1978</span>

(ב) חבר בחברת עורכי דין שהושעה מחברותו בלשכה לא יפעיל כל זכות או סמכות שיש לו כחבר בחברה או כמנהל או כפקיד החברה, כל זמן שהוא מושעה כאמור, והחברה לא תפעל על פי הוראה כאמור.

59ה. לענין פקודת הנזיקין [נוסח חדש] רואים חברת עורכי דין כאחראית בנזיקין לכל מעשה או מחדל בענין שבו פעלו או חדלו בו חבריה כעורכי דין.
<span style="float:left">אחריות החברה<br>בנזיקין<br>(תיקון מס' 11)<br>תשל"ח-1978</span>

59ו. (א) אין בקיומה של חברת עורכי דין ובהיותו עורך דין חבר בה כדי לגרוע —
<span style="float:left">שמירת אחריות<br>ודינים<br>(תיקון מס' 11)<br>תשל"ח-1978</span>

(1) מאחריותו האישית של עורך הדין כפי שהיתה קיימת לולא החברה או חברותו בה;

(2) מתחולת הוראות חוק זה על עורך הדין.

(ב) עורך דין או שותפות של עורכי דין הממשיכים לעסוק במקצוע במסגרת חברת עורכי דין, לא יראו בכך הפסקת התעסקותם במקצוע לענין כל דין.

60. (א) עורך דין לא יעסוק בעיסוק אחר בנסיבות שבהן עלול היווצר ניגוד ענינים בין עיסוקו כעורך דין לבין העיסוק האחר.
<span style="float:left">עיסוק אחר<br>(תיקון מס' 28)<br>תשס"ב-2002</span>

(ב) בלי לפגוע בכללויות האמור בסעיף קטן (א), תקבע המועצה הארצית, באישור שר

</div>

<div align="center">21</div>

המשפטים ובאישור ועדת החוקה חוק ומשפט של הכנסת, בכללים, נסיבות שיראו אותן כנסיבות שבהן עלול להיווצר ניגוד עניינים כאמור בסעיף קטן (א).

**עבירות משמעת** 61. אלה עבירות משמעת:

(1) הפרת הוראה מהוראות הסעיפים 53 עד 60 או של דין אחר המטיל חיוב או איסור על עורך דין בקשר למקצועו;

(תיקון מס' 33)
תשס"ם-2009 (2) הפרת כלל מכללי האתיקה המקצועית שנקבעו לפי סעיף 109;

(3) כל מעשה או מחדל אחר שאינו הולם את מקצוע עריכת הדין.

**שיפוט בתי הדין המשמעתיים** 62. על עבירת משמעת, אף אם נעברה בחוץ לארץ, יתן עורך דין את הדין לפני בתי הדין המשמעתיים של הלשכה.

אי חחולה על רשם
(תיקון מס' 18)
תשנ"ב-1992 62א. חוק זה לא יחול לגבי עבירות משמעת שעשה עורך דין שהוא רשם של בית משפט או של בית דין, שלגביהן הוא נתון לשיפוט משמעתי לפי סעיף 105א לחוק בתי המשפט [נוסח משולב], התשמ"ד-1984, או לפי סעיף 27(א) לחוק בית הדין לעבודה, התשכ"ט-1969.

הזכות להגיש קובלנה
(תיקון מס' 32)
תשס"ח-2008 63. הועד המרכזי, ועד מחוזי וכן היועץ המשפטי לממשלה ופרקליט המדינה (להלן - קובל) רשאים להגיש קובלנה לבית דין משמעתי בשל עבירת משמעת, בין ביזמתם ובין על פי תלונת אדם אחר; קובל רשאי למנות אדם - דרך כלל או לענין מסוים - לייצגו ולטעון בשמו בכל הליך לפי פרק זה.

שיפוט מקומי
(תיקון מס' 26)
תש"ם-2000 64. (א) הדיון בעבירת משמעת יהיה לפני בית הדין המשמעתי המחוזי של המחוז שבו רשום עורך הדין הנאשם; הוחל בהליכים שלפני הגשת קובלנה במחוז שבו רשום עורך הדין, או הוגשה קובלנה לבית הדין במחוז כאמור, ימשיכו בהליכים באותו מחוז, אף אם בינתיים נרשם עורך הדין במחוז אחר.

(ב) יושב ראש בית הדין המשמעתי הארצי רשאי, לפי בקשת הקובל או הנאשם, להורות על העברת הדיון בקובלנה לבית הדין המשמעתי המחוזי של מחוז אחר, כל עוד לא החל הדיון בה.

(תיקון מס' 32)
תשס"ח-2008 (ג) היה הנאשם חבר בבית דין משמעתי מחוזי תוגש קובלנה לבית דין משמעתי במחוז אחר.

אי-תלות
(תיקון מס' 32)
תשס"ח-2008 64א. במילוי תפקידו אין על חבר בית דין משמעתי מרות זולת מרותו של הדין.

**סדרי הדין** 65. סדרי הדין בבתי הדין המשמעתיים ייקבעו בכללים.

פומביות הדיון
(תיקון מס' 32)
תשס"ח-2008 65א. (א) בית דין משמעתי ידון בפומבי.

(ב) בית דין משמעתי רשאי לדון בעניין מסוים, כולו או מקצתו, בדלתיים סגורות, אם ראה צורך בכך מטעמים שיירשמו, באחת מאלה:

(1) לשם שמירה על ביטחון המדינה או על יחסי החוץ של המדינה;

(2) לשם הגנה על המוסר;

(3) לשם הגנה על עניינו של קטין או חסר ישע כהגדרתו בסעיף 368א לחוק העונשין, התשל"ז-1977 (בחוק זה — חוק העונשין), וכן אדם עם מוגבלות שכלית או אדם עם מוגבלות נפשית, כהגדרתם בחוק הליכי חקירה והעדה (התאמה לאנשים עם מוגבלות שכלית או נפשית), התשס"ו-2005;

(4) לשם הגנה על עניינו של מתלונן או נאשם בעבירת מין או בעבירה על פי חוק למניעת הטרדה מינית, התשנ"ח-1998;

(5) לשם הגנה על עניינו של מתלונן או ניזוק בעבירה לפי סעיף 377א לחוק העונשין;

(6) הדיון הפומבי עלול להרתיע עד מלהעיד עדות חופשית או מלהעיד בכלל;

(7) הדיון הפומבי עלול לפגוע בסוד מסחרי;

(8) הדיון הפומבי עלול לפגוע בצנעת הפרט;

22

(9) הדיון הפומבי עלול להביא לפגיעה ממשית בעניינו המקצועי של הנאשם או בעניינו של אדם אחר, העולה על הפגיעה בעניין הציבורי שבפומביות הדיון.

(ג) החליט בית דין משמעתי על עריכת דיון בדלתיים סגורות, רשאי הוא להרשות לאדם או לסוג בני אדם להיות נוכחים בעת הדיון, כולו או מקצתו.

(ד) המתלונן וכן מי להיות נוכח בדין בבית דין משמעתי בעניין קובלנה שהוגשה על יסוד תלונתו, הערוך בדלתיים סגורות לפי סעיף זה, וכן זכאי הוא שאדם המלווה אותו, לפי בחירתו, יהיה נוכח עמו בדיון כאמור ; ואולם רשאי בית הדין המשמעתי, מטעמים מיוחדים שירשמו, שלא לאפשר את נוכחותו של המתלונן או של האדם המלווה אותו בדיון, כולו או מקצתו.

(ה) על דיון בפומבי ועל דיון בדלתיים סגורות לפי סעיף זה, יחולו ההוראות בדבר איסור פרסום שבסעיף 70(א), (ב), (ד) ו-(ו) לחוק בתי המשפט [נוסח משולב], התשמ״ד-1984 (להלן — חוק בתי המשפט), לפי העניין ובשינויים המחויבים.

(ו) החליט בית דין משמעתי לדון בעניני מסוים בדלתיים סגורות, כולו או מקצתו, יעביר העתק מהחלטתו ליועץ המשפטי לממשלה או למי שהוא הסמיך לכך.

(ז) החלטות בית דין משמעתי לפי סעיף קטן (ב) רשאים לערער הנאשם, הקובל, וכן ועדת האתיקה הארצית או היועץ המשפטי לממשלה אף אם לא היו קובלים, ואדם מעונין ; ערעור לפי סעיף קטן זה יהיה בהתאם להוראות סעיפים 70 ו-71.

סמכויות עזר
(תיקון מס' 13)
תש״מ-1980

66. (א) סעיפים 9 עד 11 ו-27-2(ב) לחוק ועדות חקירה, תשכ״ט-1969, יחולו בשינויים המחויבים בבית הדין המשמעתי כאילו היה היה ועדת חקירה ; אולם —

(1) דמי נסיעה ולינה ושכר בטלה לפי סעיף 27(ב) האמור ישולמו מקופת הלשכה ;

(2) הקנסות שיטיל בית הדין המשמעתי לפי סעיף 11 האמור, יכול שיהיו בסכום שלא יעלה על 300 שקלים ; הקנסות ישולמו לקופת הלשכה.

(ב) מי שלא התייצב בפני בית הדין המשמעתי אף על פי שהוזמן כדין, ולא הצטדק על כך בדרך המניחה את הדעת, רשאי בית הדין, בנוסף לכל אמצעי אחר שינקוט על פי סעיף זה, לחייבו בתשלום ההוצאות בסכום שיקבע, אם נגרמו הוצאות עקב אי-התייצבותו או כפיית התייצבותו.*

ראיות

67. בית דין משמעתי רשאי, מטעמים מיוחדים שיפרט בהחלטתו, לקבל ראיה אף אם לא היתה כשרה להתקבל בבית משפט.

העברת תיקים
ומסמכים
(תיקון מס' 15)
תשמ״ז-1987

67א. ציווה בית משפט או מי שנתונה בידיו סמכות שפיטה לפי סעיף 1(ב) לחוק יסוד : השפיטה, על יושב ראש בית דין משמעתי להמציא תיק בית הדין או כל מסמך המצוי בו, ימציאם היושב ראש בציירוף הודעה בדבר סודיות הדיון.

עונשים
(תיקון מס' 13)
תש״מ-1980
(תיקון מס' 15)
תשמ״ז-1987

68. אלה העונשים שבית דין משמעתי מוסמך להטיל על נאשם שהורשע בשל עבירית משמעת :

(1) אזהרה ;

(2) נזיפה ;

(3) קנס בסכום שלא יעלה על 25,000 שקלים חדשים לכל עבירה, שישולם לקופת הלשכה ;

(4) השעיה לתקופה קצובה שלא תעלה על עשר שנים ;

(5) הוצאה מן הלשכה.

השעיה על תנאי
(תיקון מס' 15)
תשמ״ז-1987

68א. (א) הטיל בית דין משמעתי עונש השעיה, רשאי הוא להורות בגזר הדין שהעונש, כולו או מקצתו, יהיה על תנאי.

(ב) מי שנדון להשעיה על תנאי, לא ישא את ענשו אלא אם כן עבר — תוך התקופה שנקבעה בגזר הדין ושלא תפחת משנה ולא תעלה על שלוש שנים (להלן — תקופת התנאי) — עבירה משמעתית על פי חוק זו שקבע בית הדין בגזר הדין (להלן — עבירה נוספת) והורשע בשל עבירה כזאת תוך תקופת התנאי או לאחריה.

(ג) תקופת התנאי תחחיל מיום מתן גזר הדין, ואם הנידון נושא אותו זמן עונש השעיה — מיום תום אותה השעיה, והכל כשבית הדין המשמעתי לא הורה הוראה אחרת.

68ב. (א) מי שנדון להשעיה על תנאי והורשע בשל עבירה נוספת יצווה בית הדין המשמעתי על הפעלת ההשעיה על תנאי.

(ב) צו לפי סעיף קטן (א) יכול להינתן בידי בית הדין המשמעתי שהרשיע את הנידון בשל העבירה הנוספת והוא יכול להינתן בידי הרכב אחר של בית הדין האמור.

(ג) צו לפי סעיף קטן (א) ניתן לערעור; ערעור כאמור ניתן לכלול בערעור על ההרשעה בעבירה הנוספת.

(ד) לעניין סעיף 69(ב) יראו את הצו שניתן על פי סעיף קטן (א) כהחלטה על השעיה.

68ג. מי שהוטל עליו עונש השעיה בשל עבירה נוספת והופעל נגדו עונש השעיה על תנאי ישא את שתי תקופות ההשעיה בזו אחר זו, זולת אם ציווה בית הדין המשמעתי שהרשיעו בעבירה הנוספת, מטעמים שיירשמו, ששתי התקופות, כולן או מקצתן, יהיו חופפות.

68ד. מי שהופעלה נגדו השעיה על תנאי תחיל לשאת בעונשו מן היום הצו המופעל, זולת אם ציווה בית הדין המשמעתי על יום התחלה אחר.

68ה. (א) מי שנידון במשפט אחד לענשי השעיה בשל עבירות שונות, ולא הורה בית הדין המשמעתי שישאם, כולם או מקצתם, בזה אחר זה, לא ישא אלא את עונש ההשעיה של התקופה הארוכה ביותר.

(ב) מי שנידון להשעיה ולפני שנשא את מלוא עונשו חזר ונידון להשעיה ובית הדין המשמעתי שדן אותו באחרונה לא הורה שישא את עונשי ההשעיה, כולם או מקצתם, בזה אחר זה, לא ישא אלא עונש השעיה אחד והוא של התקופה הארוכה ביותר.

69. (א) בית דין משמעתי רשאי —

(1) להרשיע נאשם בשל עבירה משמעת ולא להטיל עליו עונש;

(2) לחייב נאשם שהורשע בתשלום הוצאות למדינה, ללשכה ולמתלונן בסכום שיקבע בית הדין;

(3) לחייב נאשם שהורשע בשל השגת שכר בנסיבות המהוות עבירת משמעת בהחזרת השכר, כולו או מקצתו;

(4) לחייב נאשם, בשל כל עבירה שהורשע בה, בתשלום פיצויים למתלונן או לאדם אחר שניזוק מן העבירה, בסכום שלא יעלה על 25,000 שקלים חדשים; חייב כאמור אינו פוטר מאחריות לנזק על פי כל דין;

(5) לחייב מתלונן בתשלום הוצאות המשפט למדינה, ללשכה ולנאשם בסכום שיקבע בית הדין, אם הנאשם זוכה ובית הדין מצא שהתלונה הוגשה בקלות ראש או לשם קנטור או ללא יסוד;

(5א) לחייב את הלשכה בתשלום הוצאות ההגנה לנאשם בסכום שיקבע בית הדין, אם הנאשם זוכה ובית הדין מצא שלא היה יסוד להגשת הקובלנה או שנתקיימו נסיבות אחרות המצדיקות זאת; הגיש היועץ המשפטי לממשלה או פרקליט המדינה את הקובלנה, רשאי בית הדין לחייב את אוצר המדינה בתשלום הוצאות כאמור;

(6) לצוות על פרסום פסק הדין, כולו או חלקו, בציון שמו של הנאשם או בלי ציון שמו, הכל כפי שיקבע בית הדין.

(ב) הטיל בית הדין המשמעתי בפסק דינו על הנאשם עונש השעיה או הוצאה מהלשכה, יפורסמו הכרעת הדין וגזר הדין, כולם או חלקם, כפי שיקבע בית הדין, אף אם האמור בסעיף קטן (א)(6), בציון שמו של הנאשם.

(ג) פרסום דבר ההוצאה מהלשכה או ההשעיה יהיה ברשומות, בפרסום מפרסומי הלשכה ובעתון שקבע הועד המרכזי.

(ד) בית דין משמעתי רשאי לתת סעד ביניים מסוגים ובדרכים שייקבעו בכללים.

69א. נחלקו דעות חברי בית הדין, תכריע דעת הרוב; אין רוב לדעה אחת - תכריע הדעה אשר, לדעת אב בית הדין, מקילה עם הנאשם; אולם אם לא היה רוב רעות לגבי סוג העונש או מידתו, או מידת ההשעיה הזמנית, רואים חבר בית הדין שהציע את סוג העונש או מידת העונש או ההשעיה

הפעלת השעיה על
תנאי
(תיקון מס' 15)
תשמ"ז-1987

תקופת השעיה בזו
אחר זו
(תיקון מס' 15)
תשמ"ז-1987

תחילת השעיה
שהופעלה
(תיקון מס' 15)
תשמ"ז-1987

השעיה חופפת
(תיקון מס' 15)
תשמ"ז-1987

החלטות אחרות של
בית הדין

(תיקון מס' 15)
תשמ"ז-1987

(תיקון מס' 26)
תש"ס-2000

(תיקון מס' 13)
תש"ם-1980
(תיקון מס' 16)
תשמ"ט-1989

(תיקון מס' 16)
תשמ"ט-1989

(תיקון מס' 13)
תש"ם-1980
החלטה ברוב
(תיקון מס' 13)
תש"ם-1980

הזמנית החמורים ביותר כאילו הצטרף לדעתו של חבר בית הדין שהציע את ההצעה הקרובה ביותר להצעתו.

העמדת פסק דין לעיון הציבור
(תיקון מס' 32)
תשס"ח-2008

69ב. (א) הלשכה תעמיד לעיון הציבור כל פסק דין של בית דין משמעתי, בציון שמו של הנאשם, ותאפשר לכל המעוניין בכך לקבל העתק ממנו; נערך הדין בבית דין משמעתי או מקצתו, בדלתיים סגורות או שחלחלים בית הדין המשמעתי על איסור פרסום לפי סעיף 70 לחוק בתי המשפט, יורה בית הדין בדבר התנאים, לרבות שינויים והשמטות פרטים, שבהם יועמד פסק הדין לעיון הציבור, ורשאי הוא, מטעמים מיוחדים שיירשמו, להורות כי פסק הדין כולו לא יועמד לעיון הציבור.

(ב) המועצה הארצית רשאית, באישור שר המשפטים, לקבוע בכללים את משך הזמן, המקום והאופן שבהם תעמיד תעמדי הלשכה פסק דין כאמור בסעיף קטן (א) לעיון הציבור, ורשאית היא לקבוע בכללים כאמור אגרה או תשלום בעבור קבלת העתק מפסק הדין.

ערעור לבית הדין המשמעתי הארצי
(תיקון מס' 15)
תשמ"ז-1987

70. על פסק דין של בית דין משמעתי מחוזי רשאים הנאשם והקובל לערער לפני בית הדין המשמעתי הארצי וכן רשאים לערער הועד המרכזי והיועץ המשפטי לממשלה, אף אם לא היו קובלים.

ערעור לבית המשפט המחוזי לעניין בירושלים
(תיקון מס' 5)
תשכ"ז-1967
(תיקון מס' 15)
תשמ"ז-1987
(תיקון מס' 32)
תשס"ח-2008

71. על פסק דין של בית הדין המשמעתי הארצי רשאים הנאשם והקובל לערער לפני בית המשפט המחוזי בירושלים תוך שלושים יום מיום קבלת פסק הדין; וכן רשאים לערער כאמור הועד המרכזי והיועץ המשפטי לממשלה אף אם לא היו קובלים.

סמכויות בית המשפט שלערעור
(תיקון מס' 32)
תשס"ח-2008

71א. בית המשפט שלערעור רשאי לתת כל החלטה שבית הדין המשמעתי היה מוסמך לתתה.

דחיית הביצוע
(תיקון מס' 32)
תשס"ח-2008

72. (א) ביצועו של פסק דין של בית דין משמעתי, לא יעוכב רק בשל שאפשר לערער על פסק הדין ולא שער זה תמו כל ההליכים בערעור שהוגש על פסק הדין.

(תיקון מס' 32)
תשס"ח-2008

(א1)בית הדין המשמעתי, ואם הוגש ערעור – בית הדין שלערעור, רשאי להורות על עיכוב ביצועו של פסק דין של בית הדין המשמעתי עד להכרעה בערעור או עד למועד מוקדם מזה שיקבע, בתנאים או ללא תנאי.

(תיקון מס' 13)
תש"ם-1980

(ב) פסק דין מרשיע שאין עליו עוד ערעור, רשאי בית הדין המשמעתי שהטיל את העונש, ואם היה זה ערעור - בית הדין המשמעתי שהכריע בערעור, לדחות, מטעמים שיירשמו, את ביצועו, כולו או חלק, למועד שיקבע, בתנאים או ללא תנאי.

(תיקון מס' 32)
תשס"ח-2008

(ג) על החלטה לפי סעיף זה יחולו הוראות סעיפים 70 ו-71.

(תיקון מס' 32)
תשס"ח-2008

ערעור על פסק דין נגד מתלונן
(תיקון מס' 15)
תשמ"ז-1987

73. פסק דין של בית דין משמעתי המחייב מתלונן בתשלום בתשלום ההוצאות לפי סעיף 69(א)(4) או (5) ניתן לערער עליו כמו פסק דין של בית משפט שלום בעניין אזרחי.

ביצוע חיובים כספיים
(תיקון מס' 26)
תש"ס-2000

74. (א) חיוב של נאשם בתשלומים לפי סעיף 69(א)(2),(3) או (4), חיוב מתלונן לפי סעיף 69(א)(5) וחיוב של הלשכה לפי סעיף 69(א)(5א) ניתנים להוצאה לפועל כמו פסק דין של בית משפט בעניין אזרחי.

(ב) חיוב המדינה לפי סעיף 69(א)(5א), יבוצע בדרך שמבצעים פסק דין של בית משפט בעניין אזרחי נגד המדינה.

הרשעה בפלילים

75. עורך דין שהורשע בבית משפט או בבית דין צבאי בפסק סופי בשל עבירה פלילית, רשאי בית דין משמעתי מחוזי, על פי בקשת קובל, להטיל עליו אחד העונשים האמורים בסעיף 68, אם מצא שבנסיבות העניין היה בעבירה משום קלון.

ערעור

76. על החלטות בית דין משמעתי מחוזי לפי סעיף 75 יחולו הוראות הסעיפים 70 עד 72.

הודעה על הרשעה בפלילים

77. בית משפט ובית דין צבאי שהרשיעו עורך דין בשל עבירה פלילית ימציא ללשכה, באמצעות היועץ המשפטי לממשלה, העתק מפסק הדין; שר המשפטים רשאי לקבוע, בצו, סוגי עבירות שלגביהן לא יחול סעיף זה.

<table>
<tr><td>השעיה זמנית<br>(תיקון מס' 32)<br>תשס"ח-2008</td><td>78. (א) (בוטל).</td></tr>
</table>

(ב) עורך דין שהורשע בבית משפט או בבית דין צבאי בשל עבירה פלילית, רשאי בית דין משמעתי מחוזי, על פי בקשה קובל ואם מצא שבנסיבות הענין היה בעבירה משום קלון, להשעותו זמנית מלעסוק במקצועו עד להכרעת סופית בבקשה שתהווה לפי סעיף 75; לא הוגשה בקשה כזאת תוך שלושים יום מהיום שפסק הדין המרשיע נעשה סופי, או שבוטלה ההרשעה, בטלה ההשעיה הזמנית.

<div align="right">(תיקון מס' 5)<br>תשכ"ז-1967</div>

(ג) עורך דין שהוגש נגדו כתב אישום בבית משפט או בבית דין צבאי בשל עבירה פלילית, רשאי בית דין משמעתי מחוזי, על פי בקשה קובל ואם מצא שבנסיבות הענין היה בעבירה המיוחסת לעורך דין משום קלון, להשעותו זמנית מעיסוק במקצוע של עורך דין, כולו או חלקו, הכל כפי שיקבע בית הדין, עד הכרעת דינו בבית המשפט או בבית הדין הצבאי; הורשע בדינו — רואים החלטה זו כהחלטה לפי סעיף קטן (ב).

<div align="right">(תיקון מס' 13)<br>תש"ם-1980</div>

(ד) החליט בית הדין על השעיה זמנית על-פי סעיף זה, רשאי הוא לקבוע כי ההחלטה תפורסם בדרך שיורה עליה.

<div align="right">(תיקון מס' 16)<br>תשמ"ט-1989</div>

(ה) על החלטה לפי סעיף זה יחולו הוראות הסעיפים 70 ו-71.

<div align="right">(תיקון מס' 16)<br>תשמ"ט-1989</div>

(ו) ביצועה של החלטה על השעיה זמנית או על פרסום השעיה זמנית לפי סעיף זה לא יעוכב בשל כך בלבד שאפשר עוד לערער על ההחלטה או תמו לא שעדר או לא תמו כל ההליכים בערעור שהוגש.

<div align="right">(תיקון מס' 16)<br>תשמ"ט-1989</div>

(ז) הושעה עורך דין זמנית לפי סעיף זה, תבוא תקופת ההשעיה הזמנית במנין ריצוי העונש שהוטל עליו.

<div align="right">(תיקון מס' 26)<br>תש"ס-2000</div>

<table>
<tr><td>מעמד היועץ<br>המשפטי לממשלה<br>(תיקון מס' 4)<br>תשכ"ה-1965</td><td>79. (א) היועץ המשפטי לממשלה יבא כח רשאי להתייצב, לטעון, להביא ראיות ולחקור עדים בכל דיון לפי פרק זה, אף אם לא היה קובל או מערער.</td></tr>
</table>

(ב) בכל עת עד להכרעת הדין בבית משפטי מחוזי רשאי היועץ המשפטי לממשלה להפסיק הליכים בשל עבירה משמעת של חבר לשכה המשמש בתפקיד מתפקידי השירות המשפטי של המדינה כשהעבירה נעברה במילוי תפקידו או בקשר לתפקידו; הפסקת ההליכים תהיה בהודעה בכתב לקובל, ואם התחיל הדיון — גם לבית הדין המשמעתי; הוגשה הודעה כאמור יופסקו ההליכים, ומותר לחדשם משבוטלה ההודעה.

<table>
<tr><td>דין משמעות ודין<br>פלילי</td><td>80. (א) דיון לפי פרק זה, אין בו כדי לעכב או לבטל דיון בפלילים בשל אותו מעשה או מחדל.</td></tr>
</table>

(ב) הואשם עורך דין בפלילים בשל מעשה או מחדל המשמש עילה גם לדיון בפני בית דין משמעתי לפי פרק זה, רשאי בית הדין המשמעתי להפסיק את דיוניו עד למתן פסק סופי בפלילים.

<div align="center">**פרק שביעי: עניני שכר טרחה**</div>

<table>
<tr><td>תעריף מינימלי<br>(תיקון מס' 20)<br>תשנ"ב-1992</td><td>81. המועצה הארצית של הלשכה רשאית לקבוע תעריף מינימלי לשכר טרחה בעד שירותי עורכי דין, שיהיה בבחינת המלצה לחברי הלשכה, אך לא יחייבם.</td></tr>
</table>

<table>
<tr><td>תעריף מקסימלי</td><td>82. קבע שר המשפטים בתקנות סוגי שירותים מסוימים שיש לקבוע בעדם תעריף מקסימלי לשכר טרחה, תקבע המועצה הארצית של הלשכה את התעריף; משנקבע בתעריף שכר מקסימלי לשירות מסוים, לא יתנה ולא יקבל עורך דין שכר גבוה ממנו, אלא ברשות שניתנה על ידי הועד המחוזי לענין מסוים.</td></tr>
</table>

<table>
<tr><td>אישור תעריפים</td><td>83. תעריפי שכר טרחה לפי הסעיפים 81 או 82 טעונים אישור שר המשפטים.</td></tr>
</table>

<table>
<tr><td>איסור שכר לפי<br>הוצאות</td><td>84. (א) לא יתנה ולא יקבל עורך דין בעד שירותו במשפט פלילי שכר טרחה התלוי בתוצאות המשפט.</td></tr>
</table>

(ב) התנה או קיבל עורך דין שכר טרחה התלוי בתוצאות המשפט במשפט שאינו פלילי, ונראה ללשכה כי השכר מופרז, רשאית היא, על פי בקשת הלקוח, לקבוע את השכר המתאים.

(ג) נקבע תעריף מקסימלי לשכר טרחתו של עורך דין לפי חוק זה או בחיקוק אחר — אין רואים שכר בגבולות התעריף כשכר מופרז.

<div align="center">26</div>

| | |
|---|---|
| איסור שכר כולל | 85. לא יתנה ולא יקבל עורך דין מלקוחו תשלום שיכלול שכר טרחתו והוצאות שהוציא בלי להבחין בין שכר לבין הוצאות ובלי לפרט את ההוצאות. |
| הפרת סעיפים 82-85 – עבירת משמעת (תיקון מס' 20) תשנ"ב-1992 | 86. עורך דין שהתנה או קיבל שכר טרחה בניגוד לסעיפים 82 עד 85, אשם בעבירת משמעת; אולם אין בהפרת הסעיפים 84 או 85 כדי לשלול ממנו שכר ראוי בעד השירות. |
| החזרת שכר מופרז | 87. מי ששילם שכר טרחה למעלה מהמגיע לפי הסעיפים 82, 84 או 86, רשאי לדרוש החזרת היתרה, על אף כל הסכם. |
| זכות עיכוב (תיקון מס' 5) תשכ"ח-1967 | 88. להבטחת שכר טרחתו ולהבטחת החזרת הוצאות שהוציא, רשאי עורך דין לעכב תחת ידו כספי הלקוח שהגיעו לידו בהסכמת הלקוח עקב שירותו ללקוח, פרט לכספים שנשנו לו בפקדון או בבוררות ונל עוד לא נשמן עליהם לטובת לקוחו כדין; ופרט לכספי מזונות לאשה ולקטינים, וכן רשאי הוא לעכב נכסים ומסמכים של לקוחו שבאו לידיו עקב שירותו ללקוח; ובלבד שהגיש תביעה על שכר טרחתו או הוצאותיו תוך שלושה חדשים מיום שהלקוח דרש ממנו בכתב את מה שעוכב כאמור. |
| חוות דעת הלשכה בעניין שכר טרחה | 89. הלשכה תחווה דעתה בכל שאלה בדבר שכר טרחתו של עורך דין אם נדרשה לכך על ידי בית משפט, בית דין, בורר, גוף או אדם בעל סמכות שיפוטית או מעין שיפוטית. |

## פרק שביעי א': ממונה במקום עורך דין במקרים מיוחדים

| | |
|---|---|
| מינוי ממונה (תיקון מס' 6) תשל"א-1971 | 89א. (א) נפטר עורך דין או שפרש מן הלשכה או שחברותו בה בוטלה, הושעתה או פקעה, או שנבצר ממנו למלא את תפקידו (בפרק זה — עורך הדין), ולא הובטח טיפול נאות בענייני לקוחותיו — רשאי בית המשפט המחוזי (בפרק זה — בית המשפט), לבקשת הועד המחוזי, למנות חבר הלשכה בהסכמתו להיות ממונה על ענייני המקצועיים של עורך דין ולטפל בהם. |
| | (ב) הבקשה תובא לידיעתם של לקוחות של עורך הדין בדרך שתיראה לועד המחוזי. |
| | (ג) עורך הדין, אפוטרופוסו או מי שנכסיו של עורך הדין מוקנים לו, יהיו המשיבים בבקשה. |
| | (ד) ראה בית המשפט שקיום הליכי סדר הדין בדרך הרגילה עלול לגרום נזק לגורם לו תקנה או נזק חמור, רשאי הוא בכל עת שלאחר הגשת הבקשה ליתן כל סעד ביניים שיש בו כדי לשמור על ענייניהם של לקוחות של עורך הדין, לרבות מינוי ממונה זמני; והוא יכול לעשות כן על פי צד אחד בלבד. |
| המינוי כללי או מסויין | 89ב. (א) המינוי יכול שיהיה כללי לכל ענייניו המקצועיים של עורך הדין, או מסויג לסוגי עניינים או לעניינים מסוימימים. |
| | (ב) לא יתמנה ממונה לטפל בעניין שהיה בטיפולו של עורך הדין אם הוא מייצג בו צד אחר בעניין. |
| תקופת המינוי | 89ג. תקופת המינוי לא תעלה על שנתיים; אולם רשאי בית המשפט בכל עת, לבקשת הועד המחוזי, להאריך את תקופת המינוי או לקצרה או להפסיק ממונה מעניין שנתמנה לו; כל עוד המינוי בתקפו לא יהא הממונה רשאי להתפטר מתפקידו אלא ברשות בית המשפט. |
| מעמדו של נאמן | 89ד. (א) מנהל עזבונו של עורך הדין, אפוטרופוסו עליו או על יורשיו או נאמן אחר על רכושו (להלן - נאמן) שהוא עצמו עורך דין, לא יטפל בענייניו המקצועיים של עורך הדין אלא אם נתמנה לממונה. |
| | (ב) נתמנה ממונה לטפל בעניין פלוני, לא יטפל בו עורך הדין, כל עוד המינוי בתקפו; עורך הדין והנאמן חייבים להעביר לידי הממונה מסמכים, פקדונות וחפצים אחרים של לקוחות שהיו ברשות עורך הדין, אם דרש זאת הממונה. |
| סמכות הממונה | 89ה. דינו של ממונה, בענייניו שנתמנה להם, כדין מי שקיבל את שיקוחו מידי לקוח של עורך הדין; אולם לא יהא מסמכויות של ממונה לטפל באלה: |
| | (1) עניין שבו יש לעורך דין אחר יפוי כוח מטעם הלקוח והממונה ידע על כך; |
| | (2) עניין שבו סירב הלקוח בהודעה בכתב שהממונה יטפל בו. |
| הודעה ללקוח | 89ו. ממונה יודיע על מינויו, סמוך ככל האפשר ליום המינוי, ללקוחו של עורך הדין אשר בענייניו |

הוסמך לטפל.

| | |
|---|---|
| הודעה לערבאה | 89. יציג עורך הדין בעל דין בהליך משפטי, יודיע הממונה על מינויו לערכאה שבפניה מתנהל ההליך המשפטי. |

| | |
|---|---|
| שכר טרחה והוצאות | 89ח. (א) שכר טרחה והוצאות שקיבל ממונה יועברו לעורך הדין או לנאמן, לפי העניין, בניכוי השכר וההוצאות המגיעים לממונה בעד פעולות שעשה; בית המשפט יקבע את גובה שכר טרחתו של הממונה. |
| | (ב) לא היה בשכר הטרחה וההוצאות שקיבל הממונה כדי לכסות את השכר המגיע לו, וישולמו הלקוחות לעורך הדין שכר טרחה והוצאות של פעולות של פעולות שעשה הממונה, חייבים עורך הדין או הנאמן, לפי העניין, להשלים את שכרו מתוך הסכומים ששילמו הלקוחות כאמור. |

<div align="center">

פרק שביעי ב': קרן גמלאות

(בוטל)

</div>

| | |
|---|---|
| (תיקון מס' 26) תש"ס-2000 | 89ט. (בוטל). |
| (תיקון מס' 26) תש"ס-2000 | 89י. (בוטל). |
| (תיקון מס' 26) תש"ס-2000 | 89יא. (בוטל). |
| (תיקון מס' 26) תש"ס-2000 | 89יב. (בוטל). |
| (תיקון מס' 26) תש"ס-2000 | 89יג. (בוטל). |
| (תיקון מס' 26) תש"ס-2000 | 89יד. (בוטל). |

<div align="center">

פרק שמיני: הוראות שונות

</div>

| | |
|---|---|
| סוד מקצועי | 90. דברים ומסמכים שהוחלפו בין לקוח לבין עורך דין ויש להם קשר עניני לשירות המקצועי שניתנו על ידי עורך הדין ללקוח, לא יגלה אותם עורך הדין בכל הליך משפטי, חקירה או חיפוש, מלבד אם הותר חלקית או חסינותם. |

| | |
|---|---|
| אישור של יפוי-כוח (תיקון מס' 15) תשמ"ז-1987 | 91. יפוי-כוח שניתנו בישראל לעורך דין לפעול בתחום הפעולות שייש להן קשר לשירות המקצועי שנותנו עורך דין ללקוח, לרבות קבלת כספים ודברים אחרים בשביל לקוחו בעניין כזה, שחתימת הלקוח עליו אושרה בכתב על ידי עורך הדין, אינו טעון אישור אחר, על אף האמור בכל דין. |

| | |
|---|---|
| העברת יפוי-כוח | 92. עורך דין שניתנו לו יפוי-כוח לפעול בתחום הפעולות המפורשות בסעיף 20 לקבל כספים ודברים אחרים בשביל לקוחו בעניין כזה, בהסכמת הלקוח, להסמיך בכתב עורך דין אחר לפעול במקומו. |

| | |
|---|---|
| מימון פעולות הלשכה (תיקון מס' 32) תשס"ח-2008 | 93. (א) הלשכה רשאית, על פי החלטת המועצה הארצית, להטיל על חבריה דמי חבר ואגרות למימון פעולותיה. החלטה כאמור תפורסם ברשומות. |
| (תיקון מס' 13) תש"ם-1980 | (ב) חבר הלשכה שלא שילם דמי חבר המוטלים עליו על אף דרישת תשלום בכתב מראש הלשכה, או מחבר הועד המרכזי שבקע ראש הלשכה באישור הלשכה, רשאי בית המשפט, לבקשת הלשכה, לתת צו לתשלום דמי החבר; צו תשלום כזה ניתן להוצאה לפועל כמו פסק דין סופי של בית משפט, אולם תוך חמישה-עשר ימים מיום מסירת הצו לידו, רשאי חבר הלשכה לבקש מבית המשפט, בדרך המרצה, את ביטולו, והצו לא יוצא לפועל לפני תום תקופה זו, ואם הוגשה בקשה כאמור - לפני שנתאשר. |
| (תיקון מס' 14) תשמ"ה-1985 | (ג) לא שילם חבר הלשכה דמי חבר המוטלים עליו עד למועד שנקבע לתשלומם בהחלטת המועצה הארצית, יתווספו לדמי החבר שבפיגור הפרשי הצמדה כמפורש בסעיף קטן (ד). |
| (תיקון מס' 14) תשמ"ה-1985 | (ד) שילם חבר הלשכה את דמי החבר המוטלים עליו אחרי 31 במרס של השנה שבעדה משתלמים דמי החבר, יתווספו לדמי החבר הפרשי הצמדה לפי שיעור עליית המדד מן המדד שפורסם בחודש ינואר של השנה שבעדה משתלמים דמי החבר עד המדד שפורסם לאחרונה לפני התשלום בפועל; לעניין זה, "מדד" - מדד המחירים לצרכן שמפרסמת הלשכה המרכזית לסטטיסטיקה. |

נבו הוצאה לאור בע"מ nevo.co.il המאגר המשפטי הישראלי

(ה)  דין תוספת ההצמדה לפי סעיף זה, לענין גבייתה, כדין דמי החבר.

(תיקון מס' 14)
(תיקון מס' 14א)
תשמ"ה-1985

(ו)  לא שילם חבר הלשכה דמי חבר המוטלים עליו בשל תקופה של שלוש שנים, תשלח לו הלשכה הודעה על חובתו לשלם את דמי החבר תוך 15 ימים; לא שילם החבר חובו תוך תקופה זו, תפקע חברותו בלשכה.

94.  הלשכה רשאית, באישור שר המשפטים, לקבוע אגרות בעד שירותים שהיא נותנת ללא-חברים; האגרות יפורסמו ברשומות.

אגרות בעד שירותים
(תיקון מס' 33)
תשס"ט-2009

95.  תקציב הלשכה ייקבע על ידי המועצה הארצית; תקציבי הועדים המחוזיים - על ידי ועדים אלה.

תקציב

96.  מי שאינו עורך דין ועושה פעולה שנתייחדה לפי חוק זה לעורך דין, דינו - קנס חמשת אלפים לירות.

הסגת גבול המקצוע

97.  מי שמתחזה כעורך דין, ועורך דין העושה בתקופת השעייתו פעולה שנתייחדה לפי חוק זה לעורך דין, דינו - מאסר שנה או קנס חמשת אלפים לירות.

התחזות
(תיקון מס' 33)
תשס"ט-2009

98.  לא יזדקק בית משפט לתביעת שכר בעד שירות שנתן מי שאינו עורך דין, במידה שהיה בו שירות שנתייחד לפי חוק זה לעורך דין.

שלילת תביעת שכר
(תיקון מס' 33)
תשס"ט-2009

## פרק תשיעי: הוראות מעבר

99.  מי שערב תחילתו של חוק זה היה רשום בפנקס עורכי הדין לפי פקודת עורכי הדין, 1938 (להלן - פנקס עורכי הדין), והיא אותו זמן תושב ישראל, יהיה חבר הלשכה מתחילת חוק זה.

עורכי דין רשומים

100.  מי שערב תחילתו של חוק זה היה רשום בפנקס עורכי הדין, ולא היה תושב ישראל, או שהתעסקותו במקצוע הותלתה על ידי המועצה המשפטית, או שנתקיים בו האמור בסעיף 48(3), רשאי הוא להתקבל ללשכה; על קבלתו יחולו, בשינויים המחוייבים, הוראות הסעיפים 42 עד 47; הוא הדין במי ששמו נמחק מפנקס עורכי הדין על פי צו המועצה המשפטית, ועברו מאז עשר שנים, אלא שהלשכה רשאית, לפי שיקול דעתה, להסכים לקבלו לשלטה או לסרב לו.

חברות של עורכי דין
במקרים מסויימים

101.  מי שערב תחילתו של חוק זה היה רשום בפנקס עורכי הדין, תיחשב לו תקופה שהיתה רשומה בתקופת וחק בלענין הסעיפים 16 ו-29, ומי שערב תחילתו של חוק זה היה רשאי לשמש מאמן, ייחשב כאילו אושר להיות מאמן לפי סעיף 29(4).

חישוב וחק מאמנים

102.  מי שהתחיל התמחותו לפני תחילתו של חוק זה, תיחשב לו התמחותו בהתאם לתקנות לפי פקודת המועצה המשפטית, 1938, כהתמחות לפי חוק זה; מי שקוצרה תקופת התמחותו על ידי המועצה המשפטית, תקוצר באותה תקופה גם התמחותו לפי חוק זה, ובלבד שהתחיל התמחותו לפני תחילתו של חוק זה ותוך שנתיים לאחר תחילתו, וסעיף 35(ג) לא יחול עליו.

חישוב תקופת
התמחות
(תיקון מס' 3)
תשכ"ג-1963

102א. מי שלפני ה' באייר תש"ט (4 במאי 1949) שירת שירות מיוחד ליישוב, להקמת המדינה או למדינה, רשאית הלשכה להפחית תקופת התמחותו, ובלבד שלא תפחת משנה.

הפחתת תקופת
התמחות למי ששירת
שירות מיוחד
(תיקון מס' 8)
תשכ"ח-1968

103.  מי שנבחן בהתאם לתקנות לפי פקודת המועצה המשפטית, 1938, ייחשבו לו הבחינות שעמד בהן כבחינות לפי חוק זה.

103א. מי שקיבל מהאוניברסיטה העברית בירושלים אישור שסיים חוק לימודיו המשפטיים לפי תכנית הלימודים של בית הספר הגבוה למשפט ולכלכלה בתל-אביב, רואים אותו, לענין סעיף 24, כבעל השכלה משפטית גבוהה, והוא רשאי להירשם כמתמחה בתנאים האמורים בסעיף 26(2).

שמירת-לימודים
(תיקון מס' 2)
תשכ"ג-1963

104.  מי שנתמנה לפני תחילת חוק זה לפי סעיף 4(3) לפקודת עורכי הדין, 1938, ייחשב כאילו נתמנה לפי סעיף 23 לחוק זה.

שמירת מינוים

105.  כל פעולה שהמועצה המשפטית התחילה בה לפני תחילתו של חוק זה, תסיים אותה היא על אף האמור בסעיף 111, מלבד אם העבירה את המשך הטיפול בה לידי הלשכה לפי תקנות שיתקין שר המשפטים.

המשך פעולות

105א. עבירת משמעת לפי פקודת עורכי הדין, 1938, והתקנות שהותקנו לפיה שנעברה לפני יום תחילתו של חוק זה, והמועצה המשפטית לא התחילה לדון בה לפני אותו יום, תידון לפני בתי הדין

עבירות משמעת לפני
תחילת החוק
(תיקון מס' 1)
תשכ"ב-1961

נבו הוצאה לאור בע"מ    nevo.co.il    המאגר המשפטי הישראלי

המשמעותיים של הלשכה כאילו היתה עבירה משמעת לפי חוק זה שנעברה אחרי תחילתו.

106. כל מקום שחיקוק חוץ מחוק זה מסמיך או מחייב את המועצה המשפטית או את ההסתדרות | העברת סמכויות
עורכי הדין בישראל או מוסד ממוסדותיה או את לשכת הפרקליטים או לשכת עורכי הדין למינוי או | וחיובים
כל פעולה אחרת, תהיה מעתה מוסמכת או מחוייבת לכך המועצה הארצית של הלשכה.

106א. כל מקום בחיקוק, חוץ מחוק זה, המדבר בפנקס עורכי הדין - אף פנקס חברי לשכת עורכי | תיאום חיקוקים
הדין במשמע. | (תיקון מס' 3)
| תשכ"ד-1963

107. הוראת סעיף 60(1) לא תחול על מי שביום קבלת חוק זה בכנסת היה רשום בפנקס עורכי | רואי חשבון
הדין והיה בעל רישיון של רואה חשבון.

## פרק עשירי: הפעלת החוק

108. הבחירות הראשונות לועידה הארצית ולועדות המחוזיות של הלשכה יתקיימו תוך ששה | הבחירות הראשונות
חדשים מיום פרסום חוק זה ברשומות, ויהיו חשאיות ויחסיות; לענין בחירות אלה ולענין כל אחד | למוסדות הלשכה
משאר הדברים שייעשו לפני תחילתו של חוק זה בהתאם לסעיף 19 לפקודת הפרשנות, יראו את מי
שהיה רשום בפנקס עורכי הדין ביום ט"ז בכסלו תשכ"ב (24 בנובמבר 1961) כאילו הוא חבר
הלשכה; לענין סעיף זה תחילתו של סעיף 82א ביום ט"ו בכסלו תשכ"ב (23 בנובמבר 1961);
לביצוע הבחירות ימנה שר המשפטים ועדת בחירות מבין חברי המועצה המשפטית.

109. המועצה הארצית של הלשכה רשאית, באישור שר המשפטים, להתקין כללים (בחוק זה - | התקנת כללים
כללים) בכל ענין הנוגע לארגון הלשכה ופעולותיה, במידה שלא נקבעו הוראות בחוק זה ובמידה
שהסמכות בחוק זה לא ניתנה בחוק זה לשר המשפטים, ולרבות ענינים אלה:

(1) בחירתם, הרכבם וסדרי עבודתם של מוסדות הלשכה, וחלוקת סמכויות הלשכה
ביניהם;

(2) סדרי קבלתם של מתמחים ורישומם, ודרכי הפיקוח על התמחותם;

(3) סדרי קבלת חברים ללשכה, לרבות חידוש החברות לפי חוק זה;

(4) כללי האתיקה המקצועית;

(5) סדרי הדין לפני בתי הדין המשמעתיים;

(6) מתן סעד משפטי למעוטי אמצעים;

(7) מדי עורכי הדין וסדרי לבישתם;

(8) חובותיהם וזכויותיהם של עורכי דין בקשר למילוי תפקידיהם המקצועיים;

(9) חובת עורכי דין לביטוח יפוי כח הניתנים להם בכבוד הלשכה בסכום שייקבע; | (תיקון מס' 5)
| תשכ"ז-1967
(10) תשלום לנציגי ציבור בוועדת האתיקה הארצית ובוועדות אתיקה מחוזיות. | (תיקון מס' 32)
| תשס"ח-2008

כל עוד המועצה הארצית של הלשכה לא התקינה כללים בענין מן הענינים האמורים בסעיף זה,
רשאי שר המשפטים להתקין תקנות באותו ענין שיעמדו בתקפם עד שהמועצה הארצית, באישור
השר, תתקין כללים במקומן; כל עוד גם תקנות כאמור לא הותקנו, תנהג הלשכה, ככל האפשר כפי
שנהוגה המועצה המשפטית.

110. שר המשפטים ממונה על ביצוע חוק זה, והוא רשאי להתקין תקנות לביצועו, בכפוף | ביצוע ותקנות
להוראות סעיף 109.

111. פקודת עורכי הדין, 1938, ופקודת המועצה המשפטית, 1938, בטלות; אולם התקנות | ביטולים ושמירה
שהותקנו לפיהן יעמדו בתקפן, בשינויים הנובעים מחוק זה, כאילו נעשו לפי חוק זה, כל עוד לא בוטלו
בכללים או בתקנות לפי חוק זה.

112. פקודת כותבי בקשות (מתן רשיונות) - בטלה; מי שקיבל רישיון לפי אותה פקודה לפני כ"ח | כותבי בקשות
בניסן תרצ"ה (1 במאי 1935) ורשיונו היה תקף ביום קבלת חוק זה בכנסת, ושר המשפטים או מי
ששר המשפטים מינה לכך, אישר ככתב, תוך שלושה חדשים מאותו יום, שהוא עוסק במתן שירות
כאמור בסעיף 28(3) לפקודת עורכי הדין, 1938, רשאי, על אף האמור בסעיף 20 לחוק זה,
להמשיך במתן שירות כאמור בסעיף 28(3) לפקודת עורכי הדין, 1938, כאילו לא בוטל אותו
סעיף; והוא הדין במי אשר שר המשפטים, או מי ששר המשפטים מינה לכך, אישר בכתב, תוך

נבו הוצאה לאור בע"מ nevo.co.il המאגר המשפטי הישראלי

אותה תקופה, שהוא עסק במתן שירות כאמור מלפני ב' באייר תש"ט (1 במאי 1949) והמשיך לעשות כן עד קבלת חוק זה בכנסת.

113. תחילתו של חוק זה, פרט לסעיף 108, תהא כעבור תשעה חדשים לאחר קבלתו בכנסת. | תחילת תוקף

## תוספת

### (סעיף 41א)

(1) חוק פיצויי פיטורים, תשכ"ג-1963;

(2) חוק שירות התעסוקה, תשי"ט-1959;

(3) חוק החיילים המשוחררים (החזרה לעבודה), תש"ט-1949;

(4) חוק שירות המדינה (מינויים), תשי"ט-1959;

(5) חוק שירות המדינה (משמעת), תשכ"ג-1963;

(6) חוק שירות המדינה (גמלאות) [נוסח משולב], תש"ל-1970;

(7) חוק שירות המדינה (סיוג פעילות מפלגתית ומגבית כספים), תשי"ט-1959;

(תיקון מס' 7)
תשל"א-1971

|  | יצחק בן צבי<br>נשיא המדינה | פנחס רוזן<br>שר המשפטים |
|---|---|---|

דוד בן גוריון
ראש הממשלה

נבו הוצאה לאור בע"מ nevo.co.il המאגר המשפטי הישראלי

בתוקף סמכותה לפי סעיף 109 לחוק לשכת עורכי הדין, התשכ"א-1961 (להלן - החוק), מתקינה המועצה הארצית של לשכת עורכי הדין כללים אלה:

## פרק א': פרשנות

### 1. הגדרות
בכללים אלה -
"בית משפט" - בית משפט, בית דין וכל ערכאה שיפוטית או מעין שיפוטית שהוקמה על פי דין;
"שופט" - בעל תפקיד שיפוטי בבית משפט, בבית דין או בכל ערכאה שיפוטית או מעין שיפוטית, שהוקמה על פי דין;
"ועד מחוזי" - הועד המחוזי של הלשכה שמקום עבודתו של חבר הלשכה הוא בתחום פעולתו.

## פרק ב': הוראת יסוד

### 2. חובת עורך דין
עורך דין ייצג את לקוחו בנאמנות, במסירות, ללא מורא, תוך שמירה על הגינות, על כבוד המקצוע ועל יחס כבוד לבית המשפט.

## פרק ג': משרד עורך הדין

### 3. מקום לקבלת לקוח
(א) עורך דין יקבל את לקוחו במשרדו.

(ב) עורך דין רשאי לפגוש את לקוחו במקום אחר זולת משרדו, ובלבד שיעשה כך  בתנאים ההולמים את כבוד המקצוע.

(ג) עורך דין המשמש יועץ קבוע ללקוח, רשאי לסטות מן האמור בסעיף קטן (א) לשם מתן שירות יעיל לאותו לקוח, בנסיבות ההולמות את כבוד המקצוע.

### 4. ייחוד המשרד (תיקון: תשמ"ח)
(א) משרדו של עורך דין, לרבות חדר ההמתנה וחדר המזכירות וכל חלק אחר ממנו, לא ישמש כל מטרה זולת עבודתו המקצועית של עורך הדין.

(ב) אין בהוראות סעיף קטן (א) כדי לאסור על עורך הדין -
(1) להרשות שמשרדו ישמש מקום משרד רשום של תאגיד שהוא יועצו המשפטי;
(2) לייחד חלק מדירת מגוריו למשרדו;
(3) לפעול במשרדו בעניני ציבור.

(ג) הוראות סעיף זה לא יחולו על עורך דין שביום י"ב בטבת התשכ"ו (4 בינואר 1966) חדרי ההמתנה שלו היו משותפים לו ולאדם אחר, והוא הודיע על כך לועד המרכזי עד יום י"ב בשבט התשכ"ו (3 בפברואר 1966).

### 5. סניפים (תיקון: תשמ"ח)
(א) עורך דין לא יקיים יותר ממשרד אחד, אלא אם כן בכל משרד נמצא עורך דין  שמקום עבודתו הקבוע הוא באותו משרד.

(ב) הועד המרכזי בהתייעצות עם הועד המחוזי שבתחומו סמכותו נמצא משרדו של עורך הדין, רשאי להתיר מטעמים מיוחדים חריגה מהוראת סעיף קטן (א), בתנאים ולתקופה שימצא לנכון.

## פרק ד': פרסום ופרסומת (בוטל) (תיקון: תשס"א)

### 6. - 8. (בוטלו) (תיקון: תשס"א)

## פרק ה': עורך הדין והלקוח

### 9. שכר טרחה רק בכסף
(א) לא יקבל עורך דין שכר טרחה בעד עבודתו המקצועית אלא בכסף.

(ב) אין מניעה, כאשר הדין מאפשר זאת, כי שכר הטרחה יחושב כאחוז מנושא הענין.

### 10. איסור על מתן ערבות

לא יערוב עורך דין ערבות אישית בעניין הנמצא בטיפולו, גם אם אין במתן הערבות טובת הנאה חומרית; ואולם אין בהוראה זו כדי לאסור על עורך דין לקבל אחריות אישית להוצאות עדים או להוצאות משפט אחרות.

### 11. איסור על רכישת טובת הנאה

לא ירכוש לו עורך דין טובת הנאה חומרית, פרט לשכר טרחתו, בעניין שהוא משמש בו נאמן, מפרק, מנהל עזבון או כונס נכסים.

### 11א. (בוטל) (תיקון: תשס"ג)

### 11ב. איסור מתן שירותים משפטיים במקרים מיוחדים (תיקון: תשס"ח)

(א) עורך דין לא ייתן שירות משפטי ללקוח, שהמנה אליו גוף - שאינו עורך דין, שותפות של עורכי דין או חברת עורכי דין - הפועל למטרת רווח ולמטרה זו מפרסם ברבים מתן שירותים משפטיים.

(ב) עורך דין המועסק על ידי מי שאינו עורך דין, שותפות של עורכי דין או חברת עורכי דין (להלן - המעסיק) לא ייתן שירות משפטי למי שאינו מעסיקו אם המעסיק פועל למטרת רווח וגובה תמורה בעד אותו שירות משפטי.

(ג) הוועד המרכזי, בהתייעצות עם ועד מחוז, רשאי להתיר, מטעמים מיוחדים שבטובתם הציבור, חריגה מהוראות אלה, בתנאים ולתקופה שיקבע.

### 12. רשות שלא לקבל עניין לטיפול

עורך דין רשאי, לפי שיקול דעתו שלא לקבל עניין לטיפולו; החליט עורך דין לקבל עניין לטיפולו, יודיע על כך לפונה תוך זמן סביר.

### 13. הפסקת טיפול

(א) קיבל עורך דין עניין לטיפולו, אינו רשאי להפסיק את הטיפול בו אלא אם כן נתגלעו חילוקי דעות בינו ובין לקוחו בנוגע לאופן הטיפול, או שנוצרה מניעה מבחינה חוקית או מבחינת האתיקה המקצועית, או בשל אי תשלום שכר טרחה והוצאות, או מחמת סיבה אחרת המצדיקה את הפסקת הטיפול.

(ב) החליט עורך דין להפסיק טיפולו בעניין לפני סיומו, ייתן, ללא דיחוי, הודעה על כך ללקוחו, וחובה עליו, במידת האפשר, להפסיק את הטיפול באופן שלא יפגע בעניינו של לקוחו.

(ג) היה עניין תלוי ועומד לפני בית המשפט, לא יפסיק עורך דין לייצג את לקוחו אלא בכפוף להוראות כל חיקוק.

### 14. ניגוד אינטרסים

(א) לא ייצג עורך דין לקוח, לא יקבל על עצמו לייצגו ולא ימשיך בייצוגו, אם קיים חשש שלא יוכל למלא את חובתו המקצועית כלפיו, בשל עניין אישי שלו, או בשל התחייבות או חובת נאמנות שיש לו כלפי אחר או בשל עומס עבודה או בשל סיבה דומה אחרת.

(ב) לא ייצג עורך דין צדדים בעלי אינטרסים מנוגדים באותו עניין.

(ג) בעניין שצד בו לקוח קבוע של עורך הדין לא ייצג עורך דין צד אחר, גם אם באותו עניין אין עורך הדין מייצג את הלקוח הקבוע; לעניין הוראה זו, "לקוח קבוע" - לקוח שעורך הדין נותן לו שירותים דרך קבע.

(ד) הוראות סעיפים קטנים (ב) ו-(ג) לא יחולו על עריכת הסכם ועל טיפול בעניין שהצדדים הסכימו, בכתב, כי ייעשה בידי אותו עורך דין.

(ה) עורך דין ולקוחו רשאים להסכים בכתב, לתחום את השירות המקצועי אשר ייתן עורך הדין ללקוח, כדי למנוע התנגשות עם ייצוג לקוח אחר או עם חובה אחרת של עורך הדין, בתנאי שצמצום השירות הינו סביר בנסיבות העניין ואין פוגע בחובת הנאמנות של עורך הדין ללקוחותיו.

### 15. טיעון נגד כשרות הסכם

עורך דין שערך מסמך או השתתף בעריכתו, או שטיפל בעסקה או שהשתתף בטיפול בה, לא יטען לאחר מכן נגד כשרות המסמך או העסקה, ולא ייצג אדם שעניינו מחייב, באופן סביר, טענה כאמור.

### 16. איסור על טיפול נגד לקוח

(א) עורך דין לא יטפל נגד לקוח -

(1) בעניין או בקשר לעניין שטיפל בו למען אותו לקוח;

(2) בעניין אליו יש זיקה של ממש למידע שקיבל עורך הדין מאותו לקוח או מטעמו.

(ב) הוועד המחוזי, או מי שהוא הסמיכו לכך, רשאי להחליט, לפי פניית עורך דין, כי מתן חוות דעת או קיום התייעצות גרידא,

או פעולה במקרה פלוני, לא היה בהם משום טיפול בענין למען לקוח, או כי מידע מסוים אין לו זיקה של ממש לענין, או כי אין במידע שהתקבל כדי למנוע מעורך הדין לטפל בענין, ובלבד שהחלטה כאמור תינתן לפני שעורך הדין יקבל על עצמו את הטיפול בענין האמור.

### 17. עורך דין שדן בענין כשופט
לא ייצג עורך דין אדם בענין שדן בו כשופט או כבורר.

### 18. העברת ענין לעורך דין אחר
על אף הוראה כללית שביופי כוח המרשה להעביר את הטיפול לעורך דין אחר, לא יעביר עורך דין את יפוי הכוח לעורך דין אחר, אלא אם כן נתן לכך הלקוח הסכמה נפרדת ומפורשת בכתב, אולם רשאי עורך דין, על פי הוראה כללית כאמור, לאצול מסמכויותיו לעורך דין אחר או להיעזר בו בפעולותיו.

---

## פרק ו': חובת הסודיות

### 19. שמירת סודיות
עורך דין ישמור בסוד כל דבר שיובא לידיעתו בידי לקוח או מטעמו, תוך כדי מילוי תפקידיו, זולת אם הסכים הלקוח במפורש אחרת; הוראה זו אינה חלה על גילוי בהליך המשפטי, חקירה או חיפוש שאינן חסוי על פי סעיף 90 לחוק.

### 20. שמירת סודיות בידי העובדים
עורך דין יעמיד את העובדים בשירותו על חובתם לשמור על סודיות הענינים המגיעים לידיעתם במהלך עבודתם.

### 21. אי שימוש בידיעה מהלקוח
לא ישתמש עורך דין בידיעה שהגיעה אליו מאת לקוחו במילוי תפקידו, ואשר עורך הדין לא יכול היה לקבלה בדרך אחרת, במאמץ סביר.

---

## פרק ז': איסור על הקלטה

### 22. הקלטת הזולת
(א) לא יקליט עורך דין שיחה עם לקוחו או עם עורך דין אחר, אלא בידיעתם.

(ב) עורך דין המקליט דיון בבית המשפט יודיע על כך לבית המשפט.

(ג) לא יעשה עורך דין שימוש בהקלטה שנעשתה תוך הפרת סעיף זה.

---

## פרק ח': עורך הדין והצד שכנגד

### 23. יחס כלפי הצד שכנגד
עורך דין ינהג בצד שכנגד בדרך ארץ.

### 24. איסור על איומים
עורך דין לא ינקוט באיומים בפנותו לצד שכנגד, אך רשאי הוא -
(1) לפרט אמצעים אשר מרשו ינקוט למימוש זכויותיו;
(2) להפנות את תשומת לבו של הצד שכנגד להוראות כל דין.

### 25. מגע עם אדם מיוצג
(א) עורך דין היודע כי הצד שכנגד מיוצג בענין פלוני בידי עורך דין -
(1) לא יפנה אל הצד שכנגד אלא באמצעות עורך הדין המייצג באותו ענין;
(2) לא ייפגש עם הצד שכנגד לצורך דיון באותו ענין אלא בנוכחות עורך דינו.

(ב) עורך דין רשאי שלא לנהוג בהתאם לאמור בסעיף קטן (א) -
(1) בהסכמתו של עורך הדין של הצד שכנגד;

(2) כאשר קיימת חובה, על פי דין, למסור דבר לצד שכנגד, בתנאי שעורך הדין ימסור העתק לעורך הדין של הצד שכנגד.

---

## פרק ט': עורך הדין וחברו למקצוע

### 26. יחסי חברים (תיקון: תשס"ה)
בכל ענין מקצועי יגלה עורך דין יחס חברי כלפי חברו למקצוע ולא ימנע ממנו כל הקלה בה כדי לפגוע בענינו של לקוח, ובכלל זה יסכים לבקשה לשינוי מועד כאשר חברו נקרא לשירות מילואים פעיל, מצוי בחופשת לידה או בחופשה הנובעת

משמירת הריון, חלה או שרוי באבל; לענין סעיף זה, "פגיעה בענינו של לקוח" - פגיעה משמעותית שיש בה כדי לגרום ללקוח נזק של ממש.

"חופשת לידה" -

לגבי עורך דין - חופשת לידה לפי סעיף 6 לחוק עבודת נשים, התשי"ד-1954 (להלן - חוק עבודת נשים) חופשת אימוץ או חופשה להורה מיועד, לפי הענין, כמשמעותן בחוק עבודת נשים; ואם היא עורכת דין עצמאית - תקופה שבה היתה זכאית לחופשה כאמור, אם היתה עובדת שכירה;

לגבי עורך דין - חופשת לידה לפי סעיף 8(ח) לחוק עבודת נשים, חופשת אימוץ או חופשה להורה מיועד, לפי הענין, כמשמעותן בחוק עבודת נשים; ואם הוא עורך דין עצמאי - תקופה שבה הוא זכאי לדמי לידה לפי סעיף 49 לחוק הביטוח הלאומי [נוסח משולב], התשנ"ה-1995 (להלן - חוק הביטוח הלאומי);

"שמירת הריון" - כהגדרתה בסעיף 58 לחוק הביטוח הלאומי.

### 27. קבלת ענין שבטיפולו של אחר

(א) לא יקבל עורך דין, ביודעין, ענין שהוא בטיפולו של עורך דין אחר אלא אם כן עורך הדין האחר הסכים לכך בכתב, ולא יסרב עורך הדין האחר ליתן הסכמתו כאמור אלא אם כן יש לו בקשר לאותו ענין תביעות או דרישות כספיות מאת הלקוח שעניין לא נתמלאו, ואולם לא יסרב עורך הדין האחר ליתן הסכמתו אם התמלאו תנאים אלה:

(1) הלקוח נתן ערובה מתאימה, לדעת הועד המחוזי או מי שהועד המחוזי הסמיכו לכך, להבטחת הדרישות הכספיות של עורך הדין;

(2) הלקוח הסכים למסור את הנושא השנוי במחלוקת להכרעת הועד המחוזי או מי שהועד המחוזי הסמיכו לענין זה.

(ב) התמלאו התנאים שבסעיף קטן (א)(1) ו-(2), יתן הועד המחוזי היתר לעורך הדין האחר לטפל בענינו של הלקוח.

### 28. ידיעה על טיפול ביד אחר

(א) נודע לעורך דין, לאחר שהחל לטפל בענין פלוני, כי הענין היה בטיפולו של עורך דין אחר, יעכב את המשך הטיפול ולא יחדש אלא לאחר שימציא לו הלקוח הסכמה בכתב של עורך הדין האחר, או שנתקיימו התנאים שבסעיף 27.

(ב) היה הענין הנדון תלוי ועומד בבית משפט ולא נתמלאו התנאים שבסעיף 27, יבקש עורך הדין מבית המשפט לשחררו מחובת הייצוג ועם מתן השחרור יחדל לייצג את הלקוח באותו ענין.

### 29. (בוטל) (תיקון: תשל"ט *)

### 30. שיתוף עורך דין בשכר טרחה

עורך דין המעביר ענין לטיפולו המקצועי של חברו לא יהיה זכאי לחלק בשכר הטרחה אלא אם כן הוסכם במפורש אחרת, ובלבד שאם נגבר מעורך הדין המעביר לטפל בענין בשל הוראות סעיף 14, אסור לו לקבל תשלום כלשהו מעורך הדין המקבל את הענין לטיפולו.

### 31. מחלוקת עם עורך דין

בטרם יפתח עורך דין בשם לקוחו בהליך משפטי נגד עורך דין אחר, יפנה אל אותו עורך דין אחר בכתב, ואם קיימת אפשרות - אף בעל פה, כדי לנסות וליישב את הסכסוך בדרכי שלום, ובלבד שפניה כאמור לא תגרום נזק ללקוח.

### פרק י': עורך דין ובית המשפט

### 32. כבוד לבית המשפט

(א) עורך דין ישמור, בעמידתו לפני בית המשפט, על יחס כבוד לבית המשפט, תוך הגנה על זכויות לקוחו בהגינות, במסירות ותוך שמירה על כבוד המקצוע.

(ב) עורך דין יופיע בבית המשפט הופעה מכובדת ובמדי משפט הולמים כפי שנקבעו בדין.

### 33. כבוד הצד שכנגד

עורך דין יטען טענותיו לפני בית המשפט, בין בעל פה ובין בכתב, בדרך ארץ, תוך שמירה על כבוד הצד שכנגד ועל כבוד כל אדם אחר הקשור בהליך השיפוטי.

### 34. איסור הטעיה

(א) לא יעלה עורך דין, בין בעל פה ובין בכתב, טענה עובדתית או משפטית ביודעו שאינה נכונה.

(ב) האמור בסעיף קטן (א) אין בו כדי למנוע הכחשה בכתב טענות בהליך אזרחי, או כפירה בעובדה בהליך פלילי.

### 35. תשלום לעד

לא ישלם עורך דין, לא יציע לשלם ולא יתן יד לביצוע כל תשלום או תמורה אחרת לעד תמורת עדותו, אם תשלום זה מותנה בתוצאות המשפט.

### 36. עורך דין כעד

(א) לא ייצג עורך דין אדם בהליכים משפטיים, לרבות ערעור, אם הוא עומד להעיד מטעם אותו אדם באחד משלבי ההליכים האמורים; נקרא עורך הדין להעיד מטעמו של אדם אחר שהנ"ל שהוחל לייצג - יחדל מן הייצוג.

(ב) הוראות סעיף קטן (א) לא יחולו על מסירת עדות כשעורך דין נקרא להעיד בידי בעל דין יריב, או בעניין שהוא טכני או ברשות בית המשפט או ברשות הועד המחוזי.

### 37. מגע עם עדים (תיקון: תשמ"ז)
(א) עורך דין רשאי לבוא בדברים עם אדם העשוי להעיד מטעם לקוחו.

(ב) לא יבוא עורך דין בדברים עם אדם העומד, לפי ידיעתו, להעיד במשפט מטעם הצד שכנגד, בעניין הקשור לעדותו, אלא בהסכמת הצד שכנגד, ואם הוא מיוצג - בהסכמת בא כוחו.

(ג) הוראות סעיף קטן (ב) לא יחולו כאשר עומד עורך הדין להזמין לעדות מטעם לקוחו (להלן - הלקוח) אדם שהזמן להעיד מטעם צד אחד, אם נתקיים בו אחד מאלה:
(1) העד הוא הלקוח, ואם הלקוח הוא תאגיד - יושב ראש הדירקטוריון, יושב ראש ההנהלה או המנהל הכללי מטעמו;
(2) בית המשפט או הועד המחוזי או מי שהועד המחוזי הסמיכו לכך, נתן היתר, ורשאי המתיר לקבוע תנאים בהיתר;
(3) במשפט אחר - העד פעל מטעמו של הלקוח בעניין נושא המשפט.

### 38. חקירה נגדית בהגינות
לא ישאל עורך דין, בחקירה נגדית, שאלות הנוגעות למהימנותו של עד, במטרה להטיל דופי באופיו, ואשר אין להן, מבחינה אחרת, נגיעה לעניין הנדון, אלא אם כן יש לחוקר יסוד סביר להאמין שהמשתמע מהשאלה הוא אמת או שיש לו בסיס נאות.

פרק י"א: כספים

### 39. ניהול חשבון פקדון
עורך דין ינהל חשבון בנק נפרד לכספים שהופקדו בידיו בנאמנות.

### 40. העברת כספים ללקוח
(א) עורך דין חייב להודיע ללקוחו ולהעביר על כל סכום כסף שקיבל עבורו, תוך זמן סביר מעת קבלתו.

(ב) עיכב עורך דין, על פי דין, סכומי כסף שקיבל עבור לקוחו, או ניכה, על פי הסכם, כספים מתוכם, יודיע על כך ללקוחו תוך זמן סביר.

### 41. השקעת פקדון
(א) עורך דין המקבל כספים בנאמנות, יודיע על כך ללקוחו מיד ויבקש, בסמוך למועד קבלתם, ממי שעבורו הוא מחזיק את הכספים בנאמנות, הוראות מפורטות התייחסות למסירת הכספים ולהשקעתם.

(ב) קיבל עורך דין כספים בנאמנות ולא נתקבלו, תוך זמן סביר, הוראות בקשר להשקעתם, ישקיע את הכספים באחת מדרכים אלה:
(1) בהתאם לסעיף 6 לחוק הנאמנות, התשל"ט-1979;
(2) בהתאם לסעיף 50 לחוק הכשרות המשפטית והאפוטרופסות, התשכ"ב-1962;
(3) בדרך אחרת שיש בה סיכוי סביר לשמירת ערך הכספים, לפי הנסיבות הידועות באותה עת.

### 42. דין וחשבון כספי
(א) עורך דין ימציא ללקוחו דין וחשבון על מצב חשבונו של הלקוח -
(1) לפי דרישת הלקוח - תוך זמן סביר לאחר הדרישה, ובלבד שהוגשה לא יאוחר משלוש שנים מיום סיום הטיפול;
(2) תוך זמן סביר לאחר סיום הטיפול.

(ב) עורך דין שנדרש בידי לקוחו להמציא לו העתק מקבלות על הוצאות שהוציא או ממסמכים הנוגעים לכספים המוחזקים כפקדון, ימציאם ללקוח תוך זמן סביר; הוראה זו לא תחול כאשר דרישת הלקוח להמציא את המסמכים באה אחרי שעבר זמן סביר או שהמסמכים אינם עוד בידי עורך הדין.

### 43. איסור על הלוואות
לא יתן עורך דין הלוואה או טובת הנאה אחרת כדי לקבל עבודה.

### 44. תשלום בעד הוצאות הלקוח
לא ילווה עורך דין כספים ללקוחו כדי לשלם הוצאות הכרוכות במתן שירות מקצועי ללקוח; ואולם אין בהוראה זו כדי למנוע מעורך דין לשלם את ההוצאות האמורות, או להתחייב לשלמן, ובלבד שיערוך הדין ינקוט אמצעים לגביית הכספים מאת הלקוח, תוך זמן סביר לאחר ששילם את ההוצאות.

### 45. ביטול

כללי לשכת עורכי הדין (אתיקה מקצועית), התשכ"ו-1966 - בטלים.

46. תחילה
תחילתן של כללים אלה שלושה חדשים מיום פרסומם.

---

[1] ק"ת תשמ"ו, 1373; תשמ"ז, 1159; תשמ"ח, 1106; תשמ"ט, 663; תשנ"ר, 932; תשנ"ח, 1009, 1048; תשנ"ט, 670; תשס"א, 631; תשס"ג, 702; **תשס"ה, 882.**

[2] סעיף 2 לכללי לשכת עורכי הדין (אתיקה מקצועית) (תיקון), התשנ"ט-1999 (ק"ת תשנ"ט, 670) קובע לגבי סעיף 29:
"2. תחילה ותחולה
תחילתם של כללים אלה שלושים ימים מיום פרסומם והם יחולו על שירות שהוזמן מיום תחילתם ואילך." (הכללים פורסמו ביום 19.4.99).



### Iris Pappo- a founding partner

Iris Pappo focuses primarily on cross-border transactions, strategic partnerships and joint ventures, and intellectual property licensing.

Iris specializes in large-scale commercial transactions between Israeli companies and major corporations in Asia, Europe and the US. She has implemented a variety of transactions including joint ventures, strategic collaborations, technology licensing, general commercial transactions and mergers and acquisitions across a range of industries including semiconductors, software, telecommunications, media and retail.

In these activities, her clients and counterparts have included some of the world's largest communications carriers, semiconductor, electronics and handset manufacturers and retail groups.

Earlier in her career Iris gained valuable legal experience in the European Union, focusing on competition law. She then led the legal side of the Israel Antitrust Authority's successful thrust to reform Israel's gasoline and food markets in the mid 1990s. She has often had the opportunity to leverage this expertise (and her multi-lingual abilities), adding significant value to her clients' complex international endeavors.

Prior to co-founding **bfp&Co**, Iris co-founded and was a Partner at Eitan Mehulal Law Group, and a partner at the law firm EPLC. Previously, she had served as a Senior Attorney at the Israel Antitrust Authority, and also practiced at Klein & Associes (today KGA Avocats) in Paris, France, and at the European Commission in Brussels.

Iris is a frequent lecturer at various academic and professional education institutions, where she shares her knowledge of international commercial legal affairs.

Admissions
Israel Bar Association
Education
LLB, Tel Aviv University, Israel
Advanced Legal European Studies, The College of Europe, Bruges, Belgium

# BAKER BOTTS LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
**NEW YORK**
PALO ALTO
RIYADH
WASHINGTON

January 6, 2010

**BY ELECTRONIC MAIL**

Eliot D. Williams
TEL +1 212-408-2563
FAX +1 212-259-2563
eliot.williams@bakerbotts.com

Susan Baker Manning, Esq.
Bingham McCutchen LLP
2020 K Street NW
Washington, DC 20006-1806

        Re:    *Red Bend Ltd. v. Google Inc.*, Case No. 09-cv-11813

Dear Susan:

        We write in response to your letter of December 31, 2009 regarding the proposed stipulated protective order. In response to your inquiry, the Foreign Judgments Act of 1958 makes judgments obtained outside of Israel enforceable in that country. Attached is an opinion of the District Court of Jerusalem, from 2004, which applied the Act and enforced an injunction entered by the United States District Court for the Southern District of the State of New York, prohibiting an Israeli company from marketing its products through the internet, under the trademark of the plaintiff (a US company from South Carolina). We believe any judgment Google were to obtain in the US against Israeli counsel for alleged violations of the Protective Order would similarly be enforceable in Israel, resolving Google's concern.

        Also, we note that misconduct of an Israeli attorney would be sanctionable under Israeli Bar Act. For instance, Section 61 provides that a breach of the ethics rules, or "any act or omission which are not appropriate to the legal profession" constitute a discipline violation. Similarly, Section 53 of the Act requires all lawyers avoid any conduct which would harm the integrity of the legal profession. Violation of the Protective Order would certainly qualify as a breach of these sections, constituting a discipline violation subject to disbarment, fines, and/or admonishment, pursuant to Section 68 of the Act. This alone would be enough to ensure that Israeli counsel would not violate his/her obligations under the Protective Order.

        Additionally, although we do not believe it is necessary in view of the above, if Google prefers, Israeli counsel would also be willing to submit disputes regarding compliance with the Protective Order to arbitration. Any arbitration award would be enforceable in Israel pursuant to the provisions of the New York Arbitration Convention.[1]

---

[1] *See* http://www.newyorkconvention.org/new-york-convention-countries/contracting-states.

We look forward to Google's timely response.

Very truly yours,

S/
Eliot D. Williams

Encl.

# בתי המשפט

| בית המשפט המחוזי בירושלים | | הפ 003137/04 | |
|---|---|---|---|
| בפני : | כב' השופט בעז אוקון | תאריך : | 10/10/2004 |

בעניין : AHAVA (USA) INC

המבקשת

## נ ג ד

ג'. דבלין. ג'י. בע"מ (J.W.G. LTS)

המשיבה

| חקיקה : <u>חוק אכיפת פסקי חוץ, תשי"ח-1958</u>, סעיפים 3, 4, 6 |
|---|
| חקיקה : <u>פקודת סימני מסחר [נוסח חדש], תשל"ב-1972</u> |
| חקיקה : <u>תקנות סדר הדין האזרחי, תשמ"ד-1984</u>, תקנה 500 |

מיני-רציו :

* משפט בינלאומי פרטי — פסקי חוץ — אכיפתם

* האם פסק חוץ האוסר על חברה ישראלית לשווק בארצות הברית מוצרים ישראליים באמצעות אתר אינטרנט הוא פסק אכיף לפי חוק אכיפת פסקי חוץ, תשי"ח-1958

המבקשת, חברה אמריקאית, רוכשת מוצרי טיפוח מחברה ישראלית ומפיצה אותם בארה"ב. למבקשת הוקנו הזכויות בסימן המסחר הרשום בארה"ב שתחתיו משווקים המוצרים. המשיבה היא חברה ישראלית המפעילה אתר אינטרנט למכירת מוצרים המיוצרים בישראל לצרכנים ברחבי העולם. בעקבות תביעת המבקשת, ניתן בארה"ב פסק דין נגד המשיבה, המבוסס על שני פסקי דין חלקים: באחד הוצא צו מניעה קבוע נגד המשיבה, האוסר עליה לייבא, לשווק או למכור את המוצרים שהמבקשת מפיצה בארה"ב. בשני חויבה המשיבה בתשלום פיצוי כספי למבקשת. המשיבה התעלמה מפסק הדין והמבקשת הגישה בקשה להכריז עליו כפסק חוץ אכיף.

בית-המשפט קיבל את הבקשה וקבע :

הדיון בהליך האכיפה איננו מקביל לדיון מחדש, והוא אינו מאפשר פרימה של יריעת המחלוקת מיסודה. העילות לתקיפת מוגבלות ומוגדרות, בעיקרן, בסעיפים 3 ו-6 של חוק אכיפת פסקי חוץ, תשי"ח-1958. חובת ההוכחה כי התקיימו התנאים הקבועים בסעיף 3 לחוק, שעניינו "תנאים לאכיפה", רובצת על מי

1

שמבקש את אכיפת פסק-החוץ, ואילו מי שטוען טענת הגנה לפי סעיף 6 - עליו הראיה. בית המשפט האוכף איננו בבחינת ערכאת ערעור על בית המשפט הזר. בית המשפט האוכף גם לא יטה לבחון את מידת התבונה שביסוד פסק החוץ, ובראגיל טענה כללית על היותו של פסק החוץ מוטעה או צודק אי צדק לא יהיה די בה.

המסקנת של "תקנת הציבור" הקבועה בסעיף 3 לחוק מאפשרת לעקר תוצאות בלתי צודקות העלולות לנבוע מהחלת דין זר. תקנת הציבור מתייחסת לפגיעה באינטרס רב משקל. לכן, רק לעיתים נדירות ידחה פסק חוץ מפניה של תקנת הציבור. לא כל החלטה השונה מזו המתחייבת לפי דיני הפנימי נוגדת את תקנת הציבור. עצם ההגנה על הקניין הרוחני אין בה משום פגיעה בתקנת הציבור בישראל. להיפך, תקנת הציבור בישראל כוללת את העיקרון האוסר על נטילת עמלו של הזולת או הסתמכות עליו. עיקרון זה חל גם על סימני מסחר והגנות אחרות שעניינן החוי של המוצר. על כן, האיסור שהוטל על ידי בית המשפט בארה"ב על יסוד דיני סימני המסחר הפנימיים שלו, אינו סותר את תקנת הציבור בישראל. הוא עולה בקנה אחד עם התפיסה השוללת תחרות לא הוגנת. כמו כן, פסק החוץ אינו נוגד את תקנת הציבור בישראל אם ניתנה בו הגנה לבעל סימן מסחר נגד יבואן של ייצוא מקביל. עצם העובדה שהמשיבה רכשה את מוצריה כדין בישראל אינה מקנה לה זכות לפגוע בזכויות קניין רוחני של המבקשת בארצות הברית.

הפרתו של הקניין הרוחני מתבצעת על ידי עצם הפלישה לתחום הבלעדיית של בעל הסימן. פלישה כזו יכולה להתבטא בכל אחד משלביו של המכר: הזמנה להציע הצעות, הצעה, קיבול או ביצוע תוך החזות תוך שימוש בסימן המסחרי. במקרה דנן, המשיבה הזמינה הצעות או הציעה הצעות בתחום פועלתו של הסימן המסחרי של המבקשת. המשיבה נענתה לאותן פניות וביצעה מכירות בתחום המונון על ידי הסימן המסחרי.

לפי סעיף 6 לחוק, פסק החוץ לא יוכרז ולא יאכיף אם ניתן על-ידי בית-משפט שלא היה מוסמך לתתו על פי כללי המשפט הבין-לאומי הפרטי החלים בישראל. לעניין זה די, לכאורה, בקיום מנגנון של המצאה מחוץ לתחום המאפשר לבית המשפט לרכוש סמכות על נתבע מחוץ לתחום, ואין צורך להידרש לבחינת הזהות של התהליכים הדיוניים המאפשרים את רכישתה של אותה סמכות. כפי שיתכן שוני בקביעת ההסדרים הנוגעים לתחליף המצאה כך יתכן שוני גם בכללים הנוגעים להיתר הנחוני לשם המצאה מחוץ לתחום המדינה. ברם, עצם קיומה של אפשרות המצאה כאשר קיימת זיקה מתאימה היא המכרעת, ואין צורך שהזיקה תפורש בצורה זהה.

## פסק-דין

1.    האם פסק חוץ האוסר על חברה ישראלית לשווק בארצות הברית מוצרים ישראליים באמצעות אתר אינטרנט הוא פסק אכיף כמשמעות הדברים ב<u>חוק אכיפת פסקי חוץ, תשי"ח-1958</u> ?

זוהי השאלה המתעוררת בבקשה שהוגשה על-ידי המבקשת, AHAVA (USA) INC ("המבקשת") נגד המשיבה, ג'. דבלין. ג'. י. בע"מ (J.W.G. LTS) ("המשיבה"), להכריז על פסק דין שניתן בבית המשפט הפדראלי במחוז הדרומי של מדינת ניו-יורק של ארצות הברית כפסק אכיף. המדובר בפסק-דין המבוסס

2

על שני פסקי דין חלקיים, האחד מיום 18.6.03 בו הוצא צו מניעה קבוע נגד המשיבה, והאחר מיום 23.10.03 בו חוייבה המשיבה בתשלום פיצוי כספי למבקשת ("פסק הדין").

סיפור המעשה

2.    המבקשת היא חברה שמאוגדת במדינת דרום קרוליינה בארצות הברית. היא רוכשת מוצרים לטיפוח העור והיופי המיוצרים בישראל, על-ידי מעבדות ים המלח בע"מ ("מעבדות ים המלח"). חברה אחרונה זו היא חברה ישראלית, המתמחה בייצור מוצרים המופקים מחומרים מים המלח. המוצרים משווקים תחת הסימן המסחרי "AHAVA".

הסימן המסחרי היה רשום בארצות הברית על שמה של מעבדות ים המלח. למבקשת ניתן תחילה זיכיון להפיץ את מוצרי ים המלח ולהשתמש בסימן המסחרי. ביום 18.12.03 הועברו כל הזכויות בסימן המסחרי "AHAVA" למבקשת.

3.    המשיבה היא חברה הרשומה בישראל אשר מפעילה אתר ברשת האינטרנט כדי למכור לצרכנים ברחבי העולם מוצרים המיוצרים בישראל. משרדי המשיבה, כתובתה וחשבון הבנק שלה נמצאים בישראל. אתר המשיבה מצוי על גבי שרת בפתח תקווה. הוא החל לפעול בחודש אוגוסט 01'. המשיבה מציגה באתר כ-2,000 מוצרים. אחת הקטגוריות באתר היא Dead Sea Cosmetics. בקטגוריה זו כלולים גם מוצרי AHAVA של מעבדות ים המלח. המשיבה רוכשת את המוצרים בישראל, ושולחת אותם, באמצעות חברות שיגור או בדואר, לקונים ברחבי העולם, לרבות קונים בארצות הברית.

4.    ביום 29.1.03 הגישה המבקשת תביעה נגד המשיבה בבית המשפט הפדראלי במחוז הדרומי של מדינת ניו-יורק ארצות הברית ("בית המשפט הפדראלי"). בתביעה נטען שהמשיבה פועלת בניגוד לחוק סימני המסחר ולחוקי המכס והיבוא של ארצות הברית ושל מדינת ניו-יורק. המבקשת גם הגישה בקשה להוצאת צו מניעה זמני נגד המשיבה. הדיון בבקשת לסעד הזמני נקבע ליום 28.2.03. המשיבה התגוננה. ואולם, היא הסמיכה את בא כוחה "לייצג את המשיבה בארצות הברית אך ורק על מנת לטעון לחוסר סמכות בינלאומית של בית המשפט האמריקאי" (תגובת המשיבה, סעיף 21). בהתאם לכך, המשיבה הגישה את תשובתה לתביעה ולצו המניעה ביום 13.2.03. היא התייצבה לדיון בעניין צו המניעה ביום 28.2.03. בית המשפט הוציא, בהחלטה

נבו הוצאה לאור בע"מ nevo.co.il המאגר המשפטי הישראלי

T:\Autorecover\OLK\m04003137-528.doc

מנומקת מיום 17.3.03, צו מניעה זמני נגד המשיבה (תגובת המבקשת, נספח ז). ביום 18.3.03 הודיע בא-כוח המשיבה על התפטרותו מהייצוג.

המשיבה לא שעתה לצו המניעה הזמני.

5.      ביום 18.6.03 נעתר בית המשפט הפדראלי לבקשה להוציא "פסק-דין בהעדר הגנה", וזאת לאחר שהמשיבה "לא שכרה שירותיו של עורך דין חדש עד ליום 25.4.03". בפתח פסק דינו קבע בית המשפט הפדראלי  כי יש לו הסמכות העניינית לדון בתביעה "הנובעת מחוקי זכויות היוצרים של ארצות הברית" (בקשת המבקשת, נספח א'). בפסק עצמו נאסר על המשיבה "לייבא, לשווק או למכור מוצרי יופי וטיפוח הבריאות הנושאים את סימן AHAVA", עוד נאסר על המשיבה "לפגוע במוניטין העסקי של התובעת [המבקשת] על-ידי החזות המיוחד של התובעת". בית המשפט הפדראלי גם הורה למשיבה להמציא למבקשת דיווח בכתב המפרט את הצורה והאופן בו צייתה לצו המניעה.

המשיבה הפרה את הוראות פסק הדין. בשל כך נפתחו נגדה הליכי ביזיון בית משפט (בקשת המבקשת, נספח ב'). בית המשפט הפדראלי קבע ביום 18.8.03 כי המשיבה אכן ביזתה את צו המניעה הקבוע "בכך שהמשיבה למכור מוצרי AHAVA ללקוחות בארצות הברית...". בית המשפט חייב את המשיבה לשלם קנס בשיעור של 1,000 דולר ליום, אם לא תציית להוראות שנקבעו בצו. גם צו זה לא גרם למשיבה לציית לפסק הדין.

6.      ביום 20.10.03 ניתן פסק דין חלקי נוסף, בהעדר הגנה, בנושא הסעד הכספי. פסק הדין ניתן על ידי פקיד בית המשפט, בהתאם להוראה של השופט שדן בתיק, ולפיו חויבה המשיבה בתשלום פיצוי בסכום של 57,488.34 דולר.

7.      המשיבה התעלמה מפסק-הדין. מכאן בקשת המבקשת להכריז כי פסק החוץ, על שני מרכביו, הוא אכיף. המשיבה התנגדה לבקשה. עיקר חיצי התנגדותה כוונו אל סמכותו הבינלאומית של בית המשפט הפדראלי ואל תוכנו של הפסק הפוגע, לשיטת המשיבה, "פגיעה קשה בזכויות היסוד של המשיבה, ביניהן זכות הקניין וזכות חופש העיסוק" (תשובה, סעיף 26). טענות המבקשת

4

ידונו אחת לאחת, אך תחילה, על רגל אחת, יפרשו העקרונות הכלליים הנוגעים <u>לחוק אכיפת פסקי</u>‏ <u>חוץ, תשי"ח-1958</u> ("חוק האכיפה").

כללי

8. אכיפת פסק חוץ נועדה לשים קץ להתדיינות בין צדדים ולכבד את זכויותיהם. "בתי-משפט, כל-כולם לא נועדו הם אלא לעשות צדק בין תובע לבין נתבע. יחסי המדינות אינם נוגעים, מעיקרם, ליחסים אלה שבין פרטים, ביניהם-לבין-עצמם; אשר-על-כן - אומר כב' השופט חשין - ראוי כי נכיר בזכויות ונאכוף חיובים בתיתנו דעתנו אך ורק לצידי הזכות והחובה של הצדדים המתדיינים (ובכפוף לחריגים מסוימים)" (<u>ע"א 970/93 היועמ"ש נ' אגם</u>, פ"ד מט (1) 561, בע' 571). האכיפה גם מעודדת את שיתוף הפעולה בין מערכות המשפט השונות ותורמת להרמוניה ביניהן (שפירא, "הכרה ואכיפה של פסק חוץ" עיוני משפט ה' (תשל"ו) 38). פועל יוצא מכך הוא שהדיון בהליך האכיפה איננו מקביל לדיון מחדש, והוא אינו מאפשר פרימה של יריעת המחלוקת מיסודה. העילות לתקיפת פסק חוץ מוגבלות ומוגדרות, בעיקרן, בסעיפים 3 ו-6 של חוק האכיפה. חובת ההוכחה כי התקיימו התנאים הקבועים בסעיף 3 לחוק האכיפה, שעניינו "תנאים לאכיפה", רובצת על מי שמבקש את אכיפת פסק-החוץ. ואילו, מי שטוען טענת הגנה כאמור בסעיף 6 - עליו הראיה (<u>ע"א 541/77</u>‏ <u>רוזנשיין נ' ספרדום</u>, פ"ד לב (2) 701). נטיית בית המשפט היא "לכבד את הפסק כמות שהוא ולא להרהר אחר מידותיו" (<u>ע"א 221/78 עובדיה נ' סלומון</u>, פ"ד לג(1) 293). בית המשפט האוכף איננו בבחינת ערכאת ערעור על בית המשפט הזר. בית המשפט האוכף גם לא יוטה לבחון את מידת התבונה שביסוד פסק החוץ, ובבגדי טענה כללית "על דבר היותו של פסק החוץ מוטעה או גורם אי צדק לא יהיה די בה" (<u>ע"א 1137/93 אשכר נ' היימס</u>, פ"ד מח(3) 641).

ועתה, לטענות המשיבה.

תקנת הציבור

9. סעיף 3 של חוק האכיפה קובע שפסק חוץ יאכף אם "תכנו של הפסק אינו סותר את תקנת הציבור". הוראה זו, כמו כהוראות אחרות בדין, נועדה למנוע אכיפתם של חיובים, אשר אולי השתכללו מבחינה פורמאלית, אך מבחינה מהותית הם פוגעים פגיעה של ממש בערכי היסוד של התפיסה המשפטית (<u>ע"א 294/91 חברת קדישא קהילת ירושלים נ' קסטנבאום</u>, פ"ד מו(2) 464, בע' 531). המסננת של "תקנת ציבור" מאפשרת לעקר תוצאות בלתי צודקות העלולות לנבוע מהחלת דין זר. תקנת הציבור מתייחסת לפגיעה באינטרס ציבורי כבד משקל. לכן, ההנחה היא ש"רק

5

לעיתים נדירות נדחה מפניה [של תקנת הציבור] פסק חוץ" (ע״א 1137/93 <u>אשכר נ׳ הייחם</u>, פ״ד
מח(3) 641, בע׳ (652).

10.    מהי אותה תקנת הציבור? מדובר במונח מסגרת, ביטוי "גמיש ובלתי ניתן להגדרה
ממצה" (ע׳ שפירא, "הכרה ואכיפה של פסקי חוץ" עיוני משפט ד (תשל״ה) 509, בע׳ (530;
שקית שלא תעמוד עד שלא יוכנס לתוכה משהו. אותו "משהו" הוא ערכי היסוד של
השיטה. על כן לא כל החלטה השונה מזו המתחייבת לפי הדין הפנימי נוגדת את תקנת
הציבור (Loucks V. Standard Oil Co. of New York, 224 NY 99, p. 111 (1918)). יש
המדגישים את האופי המקומי של תקנת הציבור. "תקנת הציבור - אומר שפירא - היא
במהותה מוצר מקומי טיפוסי של החברה בה עסקינן. היא נובעת מהצרכים ומשרתת את
האינטרסים של החברה הנדונה, מבטאת את השלכותיה ומגוננת על ערכיה. כל מדינה
מטפחת, אפוא, תקנת ציבור היא שלה" (שם, בע׳ 530). אך נראה כי דרישות יסוד של
הדין, ובהן "תום לב", "הגינות", "זכויות אדם" אינן נושאות תעודות זהות מדיניות, ואינן
מתנדפות בתחנות הגבול. ההכרה בתפיסה זו התחזקה עם הכרסום שחל "במובנו הארכאי
של עקרון הסוברניות והרחבת הפתח בחומות הריבונות הטריטוריאליות שבין שיטות
המשפט" (קנאור, "המשפט הבינלאומי הפרטי וערעור הריבונות בעידן הגלובליזציה –
החלת משפט ציבורי זר על חוזים עבר-לאומיים", עיוני משפט כ״ז 489 (2003), בע׳ (491).
תהליך זה הרחיב את המונח תקנת ציבור, והקנה לו אופי של תיקון עולם במובן המילולי,
באופן שתכנים ראויים מתוך המשפט הפרטי והציבורי של שיטות משפט זרות מוחלים
בפורום המקומי, במקרה המתאים. בקשר לכך ניתן אף לזהות כללים מנדטוריים
בינלאומיים, אשר גם צדרים לחוזה שהינו "מקומי טהור" אינם יכולים להשתחרר מהם
(קנאור, בע׳ 513). הנטייה להחיל כללים כלליים של תקנת ציבור "עולמית" תגבר ככל שנחלשת
הזיקה בין החוזה לבין המשפט המקומי. חלק מתקנת ציבור כוללת זו הוא עצם הצורך
לאכוף פסקים זרים. כך, נהג בית המשפט של הקהילה האירופית ביחס שבין מדינות השוק
האירופאי ב- 1935-I Case 7/98 Krombaci and Bamberski [2000] ECR. באותו מקרה, בעל
דין בגרמניה התנגד לאכיפת התוצאות האזרחיות של פסק דין פלילי צרפתי בגרמניה.
לטענתו, אין מקום לאכוף את פסק הדין הצרפתי שניתן בהעדר הגנה. בית המשפט הגרמני
הפנה את השאלה לבית המשפט של הקהילה נוכח הסתירה בין התפיסה הצרפתית
המאפשרת אכיפת פסק כזה לבין הגישה הגרמנית. בית המשפט של הקהילה קבע, כי

נבו הוצאה לאור בע״מ nevo.co.il   המאגר המשפטי הישראלי

הבחינה תעשה לפי "תקנת הציבור האירופית", ושיקול הדעת של בתי המשפט של המדינות צריך להיבחן לפי אמת מידה זו. הוא העיר (בפסקה 22):

> Consequently, while it is not for the Court to define the content of the public policy of the contracting state, it is none the less required to review the limits within which the courts of a contracting state may have recourse to that concept for the purpose of refusing recognition to a judgment emanating from a court in another contracting state.

תהליך ההבשלה של תקנת הציבור הציבור האירופאית מתקדם יותר מזה של תקנת ציבור עולמית, נוכח קיומה של הקהילה האירופאית. עם זאת, ניתן לזהות תהליך רחב יותר. הגיונו של התהליך הוא דומה, וגם הוא חותר למציאת מכנה משותף רחב, שאינו מוכתב על פי כללים של מדינות מסוימות ואף אינו מחוייב לכללים אלה, ושביסודרו מטרה גלובאלית משותפת. הכללים המנדטוריים מגשרים על אינטרסים נוגדים של המדינות ומחזקים את שיתוף הפעולה הבינמדינתי בעידן הגלובליזציה, תוך השתתתו על עקרונות של הגינות וצדק.

11. דברים אלה תופסים במיוחד ביחס לאכיפת פסקי חוץ העוסקים בתחום הקניין הרוחני. יחסי המסחר בין המדינות, עליית ערכו של הקניין הרוחני – "הסינדרלה של המאה ה-20", ופגיעותו להעתקות, יצרו סדרה שלמה של הסדרים בינלאומיים. קידום אכיפתם של הסדרים אלה הוא חלק מתקנת הציבור. על כן, ההנחה היא שבעת פרשנות חוק פנימי יעשה מאמץ ליצור הרמוניה ככל-הניתן בין חיובים שהמדינה נטלה על עצמה במישור הבינלאומי לבין הוראות המשפט הפנימי (ברק, פרשנות במשפט (ירושלים, 1993) 575-578). הנחה דומה יש להניח ביחס לתוכנה של תקנת הציבור, שכן תקנת הציבור עצמה מצדיקה הגנה על קניין רוחני זר. ניתן ללמוד על דברים אלה מד"נ 376/90 Anheuser-Busch Incorporated ואח' נ Budejovicky Budvar, Narodni Podnik Ceske ו Budejovice, פ"ד מו(4) 843. אומר כב' השופט ד' לוין:

> עם השנים והתפתחות הטכנולוגיה ויחסי הכלכלה והמסחר הבינלאומיים השתרשה והתרחבה משפחת קנייני הרוח. הם חייבו התייחסות ותשומת לב של מערכות החוק במדינות השונות וכן קביעת הסדרים מוסכמים במערכות הבינלאומיות,

7

כדי שתשתמרנה זכויות קניין אלה לבעליהן. אכן עם השנים
הוסכמו ונחקקו אמנות בינלאומיות וחוקים ספציפיים של
עיקרם, שטרח ועמל להשגתו והטבעת ייחודיותו בקניין זה
האוזרח, שטרח ועמל להשגתו והטבעת ייחודיותו בקניין זה
וכן להגן על האינטרסים הבינלאומיים של המדינה במסגרות
בינלאומיות רחבות יותר. כך למשל  דיני הפטנטים, החוקים
שעניינם סימני מסחר, וכך גם בסוגיה כינויי המקור.

יש לזכור שההגנה על הקניין הרוחני זכתה לתנופה עם פרישׁיית של חוק עשיית עושר ולא
במשפט גם על זכותו של יצרן שאינו בעל קניין רוחני "קלאסי". פרטי ההלכה, שנקבעה ברע"א
5768/94 א.ש.י.ר יבוא יצוׁר והפצה בע"מ נ' פורום אביזורים, פ"ד נב(4) 289, חורגים מגוׁשׁאו
של הליך זה. ואולם כרור מדברי הנשיא ברק (בע' 474-470) כי תחושת היושר והמצפון - מרכיבים
בסיסיים של תקנת הציבור - מציבים גבולות לחופש העיסוק ואינם מכשירים תחרות "פרועה" אלא
מכוונים לקבוע משטר של תחרות איכותית.

12.    הנה כי כן, עצם ההגנה על הקניין הרוחני הרוחני אין בה אפוא משום פגיעה בתקנת הציבור
בישראל. להיפך, תקנת הציבור בישראל כוללת את העיקרון האוסר על נטילת עמלו של הזולת או
הסתמכות עליו (ע"א 23/81 הרשקו נ' אורבוך, פ"ד מב(3) 749, בע' 756). עיקרון זה חל גם על
סימני מסחר והגנה אחרוׁת שעניינם החזי של המוצר. עמד על דברים אלה כב' הנשיא שמגר בע"א
395/88 אורלי ש. (1985) נ' דנדי, פ"ד מה(4) 32. הוא אומר:

אין צורך במיומנות בתחום הפרסומת כדי לדעת שיכול וייכתב
"אהרוׁן" אשר כ"משה" ייראה, ועיקרו של דבר, במקרה דנן,
הכיתוב הלכה למעשה, מדבר בעד עצמו... לא אכחד כי אני
מונחה בכגון דא  גם על ידי הרצון ליישם מדיניות משפטית
ההולמת את תפיסותינו:  מן הראוי שלא לתת יד להטעייה
לסוגיהן. מי שמבקש לייצר מוצרים כדוגמת אלה של
המערערות, מן הנכון שיעשה זאת  בדרך  התחרות האיכותית
או הפרסום בתום לב ולא בצורה של התעטפות בגלימה שאינה
שלו. (ההדגשות הוספו).

עולה שהאיסור שהוטל על ידי בית המשפט הפדראלי על יסוד דיני סימני המסחר הפנימיים
שלו, אינו סותר את תקנת הציבור בישראל. הוא עולה אף בקנה אחד עם התפיסה השוללת
תחרות לא הוגנת. למעשה, בארצות הברית, נוסחו של ההגנה על סימן המסחר המופיעה ב
- Lanham Act —  שעל פיו תבעה המבקשת (המבוא לפסק הדין) "דומה לנוסח לנוסח המקובל

אצלנו" (ע"א 8483/02 אלוניאל נ' מקדונלד), וממילא יהיה קשה להצביע על פערים מהותיים בין השיטות השונות.

13. אלא שהמשיבה טענה כי על פי הדין הפנימי בישראל אין היא מנועה "מלרכוש מוצרים במחירים קמעונאיים ולמכור אותם בכל העולם". היא הדגישה שאין היא מפרה סימן מסחרי בישראל. לפיכך, היא סברה כי זכותה לנהל את עסקיה מעוגנת בזכות היסוד לחופש העיסוק ובזכות היסוד לקניין (תשובה, סעיף 27). המשיבה אף אמרה שהמבקשת אינגה פועלת נגד משווקים אחרים, ועל כן מדובר "בשימוש מפלה, בלתי הוגן וחסר תום לב בהליך המשפטי על מנת לנגח את המשיבה ולמנוע ממנה את זכות היסוד הלגיטימית לעסוק במכירת מוצרים ברשת האינטרנט". היש בדברים אלה כדי לשנות את המסקנה?

התשובה היא שלילית.

המשיבה אכן רוכשת את המוצרים, כדין, בישראל. היא מנסה לשווק אותם גם בארצות הברית. המונח המקובל לאפיק היבוא שלא על ידי היבואן הבלעדי הוא "יבוא מקביל" (רע"א 371/89 ליבוביץ נ' א. את י. אליהו בע"מ, פד"י מ"ד(2) 309). השאלה אם היבוא המקביל פוגע בתחרות ההוגנת אינה פשוטה. לא פעם היבוא המקביל משמש סכר המונע שימושו לרעה במונופול שנוצר באמצעות זכויות הקניין הרוחני. לפיכך נקבע כי עצם הפגיעה שיוצר היבוא המקביל בציפיותיו המסחריות של המפיץ הבלעדי אין בה די. "שיקולים שביסוד התחרות החופשית וחופש העיסוק מובילים למסקנה, כי אף אם קיימת התעשרות של המתחרה על חשבון המפיץ הבלעדי, הרי שאין לומר שהיא 'אינה כדין'" (שם, בע' 328; ראו גם D. Friedman, " Restitution Of Benefits Commission Of A Wrong" 80 Of Property Or The Obtained Through The Appropriation Colum. L. Rev (1980) 504, 512-513.)

אכן, היבוא המקביל מחדד את הצורך לאזן בין חופש העיסוק לבין ההגנה על הקניין. עם זאת, האיזון נעשה על פי דיניה של מדינת החוץ. לא ניתן לומר כי פסק חוץ אשר שלל מבעל הדין את האפשרות לבצע יבוא או יצוא מקביל נוגד את תקנת הציבור בישראל. כך, בבג"ץ 5379/00 BRISTOL-MYERS SQUIBB COMPANY נ' מדינת ישראל, פ"ד נה (4) 447 לא נשללה האפשרות שבעל רישיון ייחודי שנרשם בישראל יהיה זכאי למנוע יבוא מקביל של המוצר המוגן בפטנט לישראל על-ידי צד שלישי המחזיק בהסכם עם בעל הפטנט בחו"ל, המתיר לו לייצר ולשווק

9

את המוצר בכל העולם, ללא כל הגבלות.  בית המשפט (כב' השופט אנגלרד) נדרש ל"שתי גישות בסיסיות נאבקות זו בזו; האחת דוגלת בדוקטרינת המיצוי הלאומי (National Exhaustion) והאחרת - בדוקטרינת המיצוי הבינלאומי (International Exhaustion)" (בע' 463), אך לא שלל אפשרות לפיה הדין אינו מתיר "יבוא מקביל" של מוצר המוגן בפטנט (בע' 469). נכון, אין להקיש מן הדין החל לגבי סימני מסחר על דין היבוא המקביל של פטנטים, וזאת בשל השונו הקיים ביניהם באשר למהות האינטרסים המוגנים (שם, שם), אך ברור כי הגנה כזו - אם היא נקוטה במדינת חוץ על יסוד איזונים ראויים — אינה נוגדת את הדין בישראל.

14.    התוצאה היא שפסק החוץ אינו נוגד את תקנת הציבור בישראל אם ניתנה בו הגנה לבעל סימן מסחר נגד יבואן או יצואן מקביל. עצם העובדה שהמשיבה רכשה רכשה את מוצריה כדין בישראל אינה מקנה לה זכות לפגוע בזכויות קניין רוחני של המבקשת בארצות הברית. מסקנת בית המשפט הפדראלי המבוססת על הדין הפנימי שם אינה גגועה, על פניה, בפגיעה בחופש העיסוק, ואינה מלמדת על שלילה מינית וביה של זכות זו. היא גם אינה נגועה בחוסר איזון בין זכות היבואן המקביל לבין זכות בעל הקניין הרוחני. פגיעה ביבואן מקביל אינה מילה נרדפת לשלילה לא מידרתית של זכות יסוד, גם אם כרוכה בפגיעה זו פגיעה בחופש העיסוק ואף בטובת הכלל. אמת, עצם בלימתו של היבוא המקביל יכולה להיות חשודה. אך המבקשת הצביעה על כך שתוכנו של פסק הדין, כאשר הוא נקרא מתוכו, אינו סותר את תקנת הציבור. המשיבה, בחרה לא להשתתף בדיון שנערך בבית המשפט הפדראלי ומנעה מלהעלות את טענותיה שם. היא אינה יכולה לפתוח את הדיון בשאלת זכותו של היבואן המקביל בגדרו של הליך האכיפה. גם שאלת האפלייה בהפעלת מדיניות ההגנה על זכויות המבקשת אינה פוגמת בפסק החוץ כשלעצמו, שכן לא נטען (ולא יכול היה להיטען) כי בית המשפט הפדראלי הוא שהפעיל מדיניות של הפליה או נתן לה את ידו.

### סמכות בינלאומית

15.    כתב התביעה הומצא למשיבה כדין. עם ביצוע המסירה האישית רכש בית המשפט הפדראלי סמכות אישית על המשיבה (IN PERSONAM). בהמשך לכך נקבע על ידי בית המשפט כי הוא בעל סמכות עניינית מכוח חוקי זכויות היוצרים בארצות הברית. המסמכים שהוצגו על ידי המבקשת במקרה זה "מצביעים על הליך תקין, של בית משפט בר סמכות, שראה עצמו כזה, וחזקה עליו שידע את החוק האמריקאי משהחפעיל את סמכותו ונתן את החלטותיו, מה עוד שהדברים לא נסתרו" בחוות דעת מומחה או בדרך אחרת (כב' השופטת שטרסברג-כהן בע"א 4721/95 <u>אברהם רימון נ' A.E.L. LEASING CO</u>, פ"ד נ(5) 99).

נבו הוצאה לאור בע"מ   nevo.co.il   המאגר המשפטי הישראלי
T:\Autorecover\OLK\m04003137-528.doc

16.    חוק האכיפה קובע, בסעיף 6, כי פסק החוץ לא יוכרז כאכיף אם ''הפסק ניתן על-ידי בית-משפט שלא היה מוסמך לתתו על פי כללי המשפט הבין-לאומי הפרטי החלים בישראל''. המשיבה נזקקה להגנה זו. לשיטתה, לא היה מקום להורות על המצאת כתבי הטענות לידיה, שכן למשיבה ''אין כל נציגות בארצות הברית ואין לה כתובת בארצות הברית... כל פעילותה של המשיבה, לרבות אתר המשיבה, התבצע אך ורק בישראל''. המשיבה סברה כי במצב זה בית המשפט לא רכש סמכות, שכן הזיקה היחידה לארצות הברית היא עצם אפשרותם של תושבי ארצות הברית לבצע ''ממקום מושבם, הזמנה של מוצרים שונים מן האתר, לרבות מוצרי 'AHAVA'' (סעיף 49). על כן, ''במקרה ההפוך'', לא יכול היה בית משפט ישראלי לרכוש סמכות בינלאומית על נתבע שהעילה נגדו מבוססת על פרסום באתר הממוקם מחוץ לישראל. המשיבה הדגישה כי כדי לרכוש סמכות בינלאומית במצב זה יש להצביע על אחד משני תנאים: מגורים או הסכמה לשיפוט (סכומים, ע' 3).

17.    אלא שפעולות המשיבה לא היו מצומצמות לשטח ישראל. אמנם רכישת המוצרים על ידי המשיבה נעשתה בישראל, אך המשיבה דוורה אותם לארצות הברית. המשיבה עצמה ציינה כי ''היא רוכשת את המוצרים בישראל ושולחת אותם בדואר או באמצעות חברת שיגור חבילות – לפי בחירת הקונה – ליעד'' (תשובה, סעיף 13). על רקע זה, הטענה כאילו ''אין לה כל קשר לקבלת המוצר בארץ היעד'' היא מדרש פליאה.

זאת ועוד, לא יכולה להיות מחלוקת ממשית כי אתר האינטרנט של המשיבה מופנה גם לקהל רוכשים המתגורר בארצות הברית. האתר כתוב בשפה האנגלית, המחירים של המוצרים נקובים בדולרים, ומתייחסים לשאלת המיסוי בארצות הברית (סכומי המבקשת, סעיף 5.2). המשיבה עצמה הצהירה כי מאמציה מופנים לשיווק בחו''ל דווקא, וזאת נוכח ''רתיעתם של יבואנים בחו''ל מלייבא למדינותיהם סחורה המיוצרת בישראל... המכירה באמצעות אתרים מסוג זה תורמת תרומה משמעותית לקידום מכירותיהם של יצרנים ישראליים בחו''ל''.

המשיבה נקשרת, אם כן, בחוזה עם צרכנים ברחבי העולם, לרבות ארצות הברית. המשיבה עושה זאת באמצעות פרסום באתר האינטרנט שלה המופנה במיוחד לאותם צרכנים. השאלה אם הפרסום מהווה ''הזמנה להציע הצעות'' או ''הצעה'', וכמה השאלה אם הקיבול נערך בישראל או מחוצה לה, אינן טעונות ליבון, וגם אין ראיות מספיקות כדי להכריע בהן (לצורך הפרסום ראו תגובת

המבקשת, נספח ד'). די לקבוע כי ההסכם שנקשר כולל מרכיב של אספקה למקום מושבו של
הצרכן, והמשיבה היא זו ששומה עליה לבצע את ההסכם.

18.    במצב זה ניתן היה, גם במקרה ההפוך, להמציא למשיבה את כתבי הטענות מחוץ לתחום.
בית משפט ישראלי יכול לרכוש סמכות בינלאומית, על פי תקנה 500 של <u>תקנות סדר הדין האזרחי,</u>
<u>התשמ"ד-1984,</u> אם "התובענה מבוססת על מעשה או על מחדל בתחום המדינה" (פסקה (7)) או
"אם מבקשים צו מניעה לגבי דבר הנעשה או העומד להיעשות בתחום המדינה" (פסקה (6)). הפרתו
של הקניין הרוחני מתבצעת על ידי עצם הפלישה לתחום הבלעדיות של בעל הסימן. פלישה כזו
יכולה להתבטא בכל אחד משלביו של המכר: הזמנה להציע הצעות, הצעה, קיבול או ביצוע של
העחוזה תוך שימוש בסימן המסחרי. כבר נקבע כי "אם נעשה ייבוא של סחורה הנושאת סימן מסחר
מסוים, והנסיבות מראות כי קיימת כוונה מיוחדת למכור את הסחורה הזאת, כשעליה סימן המסחר
אשר הזכות הבלעדית עליו שייכת לתובע... אזי יכול גם יבוא להוות חוליה של השימוש..." (<u>ע"א</u>
<u>155/56 חברת הגרמופון בע"מ לונדון ואח' נ' סימפונים בע"מ,</u> פ"ד יא 821). באותו אופן נקבע,
<u>בע"א 2736/98 Habboud Bros. Co נ' Nike International Ltd,</u> פ"ד נד (1) 614, כי ייבוא לצורך
יצוא הוא בגדר שימוש, ועל כן משלוח הנעליים שיובא לישראל דרך נמל אשדוד ואשר יועד
לשטחי הרשות הפלסטינית, הוא שימוש העולה כדי הפרה לפי <u>פקודת סימני מסחר.</u>

19.    במקרה זה, המשיבה הזמינה הצעות או הציעה הצעות בתחום פועלו של הסימן המסחרי
של המבקשת. המשיבה נענתה לאותן פניות וביצעה מכירות בתחום המוגן על ידי הסימן המסחרי.
אין מדובר בפניות אקראיות של תושב זר מזדמן, אשר גלש באקראי לאתר של המשיבה. מדובר
בתוצאה של פעולה מכוונת שנעשתה על ידי המשיבה. מסקנה עובדתית זו מאפשרת לפסוח על
הצורך לדון במשמעותו של <u>ע"א 565/77 מזרחי נ' Nobel's Explosives Co. Ltd,</u> פ"ד לב(2) 115,
עליו סמכה המשיבה. הלכה זו זכתה אמנם לביקורת, אך היא נותרה על כנה ולא שונתה (<u>רע"א</u>
<u>2752/03 Metallurgique de Gerzat S.A נ' וילנסקי,</u> פ"ד נז(6) 145, בע' 149). באותה פרשה
נקבע כי לא ניתן, על פי סדרי הדין המקובלים בישראל, לבצע המצאה לחו"ל, אם המעשה או
המחדל לא נעשו בישראל אף אם אם הנזק התרחש בה. ואולם, בית המשפט (כב' השופט זוסמן) ציין
במפורש כי התייחסות זו מוגבלת למצב בו "רק הנזק התרחש בישראל", בעוד שכאן עצם ההפרה —
השימוש בסימן המסחרי — נעשית גם בחו"ל על ידי ההזמנה להציע הצעות ואספקת המוצרים. הוא
הדין ביחס לק"פ 117/00 (ירד') רחבם נ' לוי, שגם עליו סמכה המשיבה. בפרשה זו נקבע כי פרסום

12

דבר לשון הרע על ידי הפצתו או הצעתו באמצעות מחשב שנעשה כולו בחו"ל אינו בבחינת לשון הרע שהתבצע בישראל, גם אם נקלט על ידי גולשים ישראליים. מבלי להיכנס לפרטיה של אותה פרשה, די לומר שבמקרה זה מופנה הפרסום אל גולשים בארצות הברית, על מנת שאותם גולשים יתקשרו במישרין עם המשיבה ויזמינו ממנה מוצרים אותם היא משווקת. אין הדבר נדמה לפרסום סתם, אלא מדובר במהלך אחד שתחילתו פרסום הצעה או הזמנה להציע הצעות גם בארצות הברית, על מנת שהמוצר ישלח על ידי המשיבה לשם.

20. על רקע זה אין צורך להידרש לשאלה אם הביטוי "הפסק ניתן על ידי בית משפט שלא היה מוסמך לתתו על פי כללי המשפט הבינלאומי הפרטי החלים בישראל", צריך להתפרש בצורה דווקנית. לכאורה, אין מקום לערוך השוואה טכנית של סדרי הדין הנקוטים בכל מדינה ומדינה. "השוואת משפטים אינה השוואה פורמלית של דין ותוצאתו. השוואת משפטים היא השוואה מהותית של דין ובסיסו", כדברי הנשיא ברק בד"נ 20/82 <u>אדם חומרי בניין בע"מ נ' הרלו את ג'ונס</u>, פ"ד מב (1) 221 (בע' 276). על כן, לכאורה, די בקיום מנגנון של המצאה מחוץ לתחום המאפשר לבית המשפט לרכוש סמכות על נתבע מחוץ לתחום, ואין צורך להידרש לבחינת הזהות של התהליכים הדיוניים המאפשרים את רכישתה של אותה סמכות. כפי שיתכן שוני בקביעת ההסדרים הנוגעים לתחליף המצאה כך יתכן שוני גם בכללים הנוגעים להיתר הנחוץ לשם המצאה מחוץ לתחום המדינה. ברם, עצם קיומה של אפשרות המצאה כאשר קיימת זיקה מתאימה היא המכרעת, ואין צורך שהזיקה תפורש בצורה זהה.

גם אין צורך להידרש לשאלת השימוש באתרי האינטרנט. האינטרנט יכול להציב אתגרים לא פשוטים בכל הנוגע להפעלת הסמכות המקומית, העניינית והבינלאומית (גרנות מאיר ורביה "פירסום — שאלה של גאוגרפיה?", תגובת המבקשת נספח יא; אסיא, דיני מחשבים — הלכה למעשה, סכומי המשיבה, ע' 4). ואולם, האינטרנט אינו הופך את המשפט לוירטואלי, כאילו ארע שבר או כאילו חדלו חוקי הכובד של המשפט לחול על כלי זה, באופן שהוא גורר אותנו למצב דמדומים של קיום מעשה או מחדל שאין עליהם תגובה משפטית מתאימה. השימוש באינטרנט טומן בחובו יתרונות גדולים וכולל אפשרויות הנראות "נאורניות". אך, הוא אינו יכול לשבור את ה"מצור" הרגיל של הדין. המתכון הנכון מצוי בהגיונם של הכללים הרגילים של הדין. הטכניקה הפרסומית יכולה ללבוש ולפשוט צורה. הצורה יכולה להשפיע על דרכי הפעלת הדין המהותי או דרכי קביעת הסמכות של בתי המשפט. אך צורה אינה מכתיבה כללי משחק חדשים, אלא נופלת

נבו הוצאה לאור בע"מ nevo.co.il המאגר המשפטי הישראלי

T:\Autorecover\OLK\m04003137-528.doc

לתוך המשבצת המתאימה בהתאם לתכליתו של הדין השואף לתחולה. במקרה זה, ראוי, לצורך שאלת הסמכות, להתייחס לפעילות של המשיבה בשיווק המוצרים בחו"ל באמצעות האינטרנט, באותה דרך בה היו מתייחסים לפעילות פרסומית ושיווקית אחרת שנעשית בארץ היעד, גם אם יתכן, שלצרכים אחרים, ניתן היה להשקיף על פעילות אחרת על פעילות זו. מי שמנסה לסחור עם צרכנים בארץ יעד מסוימת, אינו יכול לצפות "להשתחרר" מדיני אותה ארץ, ו"הרוצה הכנסות גלובאליות ייטיב לעשות אם ייזהר מסכנות גלובאליות" (רביה, "עסק גלובלי"? חבות גלובלית"), וליתר דיוק יביא בחשבון את אפשרות סמכותו של בית המשפט בארץ היעד (פרידמן, סימני מסחר (ת"א, 98 438).

הדיון בשאלות אלה חורץ למעשה גם את גורל הטענות האחרות של המשיבה.

## למשיבה ניתנה הזדמנות סבירה לטעון את טענותיה

21. המשיבה טענה כי בית המשפט נמנע מלהכריע בשאלת הסמכות תחילה, ועל כן נמנעה המשיבה מלהביא את טענותיה לגופה של עניין. אלא שהייתה זו המשיבה שבחרה שלא להתדיין בארצות הברית. הטעם לכך היה נעוץ בשיקול כלכלי. המשיבה אומרת "עלות ניהול הליך מלא כזה בארצות הברית עלולה להביא לחיסולה של המשיבה" (סעיף 20). המשיבה העלתה טענה זו על דרך הסתם. היא לא טרחה לפרט מהו שיעור שכר הטרחה שנדרש ממנה, ומהם רווחיה. היא הסתפקה באמירה לפיה התקבל ייעוץ מער"ד אמריקאי בשם ראלף פוסטולה, "ידיד משפחה של אחד מעובדי המשיבה" (תצהיר תשובה, ס' 23), אשר הוסמך לטעון בשם המשיבה לחוסר סמכות של בית המשפט הפדראלי. המשיבה הסבירה כי "התמורה עבור שירות זה הינה נמוכה לאין שיעור מניהול מלוא ההגנה". אפילו נניח כי קשיים כלכליים יכולים להוות משענת מספקת לטענה אודות חוסר הזדמנות לטעון טענה בשל יוקר ההליכים במדינה בה ניתן פסק החוץ, לא הונחה תשתית ראייתית מספקת לקביעה כזו. במצב זה, חל הכלל הרגיל לפיו מתן פסק דין במעמד צד אחד בלבד, ובלא דיון לגופו של עניין - אין בו, כשלעצמו, פגיעה בעיקרי הצדק הטבעי, אם זומן הנתבע לדין והעדיף שלא להתייצב לדין (ע"א 1137/93 אשכר נ' היימן, פ"ד מח(3) 641; ע"א 499/79 בן דיין נ' אי. די. אס. אינטרנשיונל בע"מ, פ"ד לח 2 99). "השאלה היא לא אם הנתבע מסיבות סוביקטיביות שלו התקשה להתייצב למשפט ולטפל בהכנת הופעתו אלא - האם אוביקטיבית, בית המשפט שדן בעניינו של הנתבע, מבחינתו, נתן לנתבע הזדמנות סבירה להתייצב לדין וליטול בו חלק" (ע"א 802/89 אינדורקסיס נ' אינדורקסיס, פ"ד מו(2) 366). המשיבה גם אינה יכולה להכתיב לבית המשפט את סדר הדיון בטענותיה, או להיתלות בכך שלא ניתנה החלטה מוקדמת של סמכות אותה היא העלתה. חוק האכיפה צפה שלא ניתן שהנתבע לא יוכל לקיים דיון נפרד בטענת הסמכות.

14

על כן, נקבע בסעיף 6(ג) של החוק כי בעל הדין רשאי להעלות לצד טענת הכפירה בסמכות גם "טענות לגופו של הסכסוך או נ[ל]השתתף בהליך בכל דרך אחרת", כל עוד לא ניתנה החלטת בית המשפט הזר בעניין הסמכות, מבלי שיחשב למי שהסכים לסמכותו של בית המשפט הזר. בדרך זו שומה היה על המשיבה לנהוג. אם המשיבה בחרה לפטר את בא כוחה בעקבות הוצאת צו המניעה הזמני, ובכך לנתק עצמה מאותו הליך, אין היא יכולה להלין כי לא נשמעו טענותיה.

22. במאמר מוסגר, יוער כי הטענה לפיה המשיבה התייצבה לדיון וטענה רק בשאלת הסמכות בגלל טעמי עלות, אינה מתיישבת לגמרי עם חומר הראיות. בהחלטה המנומקת שניתנה בעקבות הבקשה להוצאת צו מניעה זמני (נספח ז לתגובת המבקשת), מונה בית המשפט הפדראלי את הטענות שהציגה לפניו המשיבה. מתברר כי המשיבה העלתה טענות המבוססות על חופש הביטוי העסקי, שימוש הוגן בסימן מסחר, רישיון מכללא לשימוש במסחר, ומיצוי הזכויות בסימן עם מכירתן לבתי עסק בישראל (החלטה, ע' 3). המשיבה נעזרה אם כן בייעוץ משפטי כולל יותר, ואף פרשה את טענותיה (בשלב המוקדם) בפני בית המשפט הפדראלי. המשיבה נאחזה בעוד טענה, והיא טענת הפורום הלא נאות. טענה זו ראוי היה להעלות בבית המשפט הפדראלי. טענה קרובה לזו - הליך תלוי ועומד- נזכרת בסעיף 6 של חוק האכיפה כטענת הגנה, אך זה אינו הדין ביחס ביחס לטענת הפורום הלא נאות. מכל מקום, המשיבה הייתה נצרכת לטענה ממשית יותר מאשר טענתה בדבר אי נוחות. הזיקות המתחבטאות במכירה ובהזמנה להציע הצעות שנעשו בתחומי ארצות הברית, די בהן כדי להדוף את טענת הפורום לא נאות, בעיקר כאשר "לאור המציאות המודרנית וההתפתחויות הטכנולוגיות, אין מייחסים עוד מייחסים עוד למבחן של מירב הזיקות את המשקל שהיו מייחסים לו בעבר לעניין טענת הפורום הבלתי נאות" (ע"א 2736/98 Habboud Bros. Co ‏נ' Nike International Ltd‏, פ"ד נד (1) 614).

מרמה

23. המשיבה טענה כי העברת זכויות הקניין הרוחני לידי המבקשת בארצות הברית על-ידי מפעלי ים המלח לא הייתה אלא קנוניה שנועדה לאפשר למבקשת לתבוע את המשיבה בארצות הברית דווקא (תשובת המשיבה, סעיף 17). המשיבה הצביעה על התכיפות הגבוהה בין מועד העברת הזכויות בסימן המסחרי לבין הדרישה שהופנתה אליה לחדול מפעולות השיווק. המשיבה מייחסת חשיבות גם לעובדה שמעבדות ים המלח מחלה על הזכות למנות חבר במועצת המנהלים, כדי לטשטש את הזיקה הישראלית החזקה של פרשה זו.

15

24.    טענות אלה אינן יוצרות תשתית מספקת לטענת מרמה. לכל יותר מדובר בסדרה של
שאלות, המבוססות על השערות כלליות בנוגע למניעי המבקשת והכשרת הקרקע להגשת ההליך
בארצות הברית. בדיקתן של טענות אלה מובילה לחלל ריק או מבוי סתום, שכן ההסכמים שנערכו
בין מעבדות ים המלח לבין המבקשת אינם הסכמים למראית עין, ואין בהם בדל של מלאכותיות.
טענה כזו של מרמה מחייבת קצת "יותר חומר ופחות אמנות".

25.    יתר על כן, הנתונים עליהם מבוססת טענה זו – הקשרים בין המבקשת לבין מעבדות ים
המלח ומועדי העברת הזכויות בין חברות אלה- פורטו בצורה מלאה בתצהיר שהוגש על ידי
המבקשת לבית המשפט הפדראלי (תגובת המבקשת, נספח ו). ההנחה המקובלת היא שטענת
המרמה תשמע מקום בו הראיות לקיומה מבוססות על אירוע מאוחר שהתרחש לאחר פסק הדין, על
גילוייה של ראיה חדשה שלא ניתן היה לגלותה בשקידה סבירה בעת ההתדיינות או על ראיה
החיצונית למשפט עצמו (ע"א 490/88 המוטראן הקופטי הקדוש של ירושלים והמזרח הקרוב נ׳
עדילה, פ"ד מד(4) 397, 407). ואולם קיימת גם גישה ליברלית יותר כלפי טענות מרמה המוטחות
בפסק חורץ, לפיה ניתן להשתית את הטענה גם על חומר ראיות שהוגש והוכרע בהליך הזר. נראה כי
סוגיה זו טרם הוכרעה ועדיין "לא הוצגו הקווים המדריכים של הטפול בסוגיה זו" (ע"א 3441/01
פלוני נ׳ פלוני). כך או כך, המשיבה לא תוכל לסמוך על טענת המרמה. ראינו כי המשיבה לא יכולה
לטעון כי יש בידיה ראיה חדשה, שכן פרטי הדברים היו ידועים לה כבר בעת ההתדיינות בבית
המשפט הפדראלי. ואולם, גם אם תאומץ הגישה הליברלית יותר, לא יקדם הדבר את עניינה של
המשיבה, הואיל ולא הוגש חומר ראיות המלמד על מרמה.

העדר הדדיות

26.    המבקשת העלתה על יסוד פרשה אחת – Yahoo Inc v. La Ligue Contre Le Racisme -
שנדונה בבית המשפט הפדראלי של קליפורניה של חוסר הדדיות באכיפה. בית המשפט סירב,
באותו עניין, לאכוף פסק דין של בית משפט מוסמך בצרפת כנגד Yahoo הואיל והיה בו משום
הגבלה לא חוקתית על חופש הביטוי. לא ניתן ללמוד מסירוב זה על סירוב, כביכול, לאכוף פסקי
דין הנוגעים להגנה על הקניין הרוחני. בתי המשפט בארצות הברית אינם מזהים את ההגנה על
הקניין הרוחני כפגיעה בזכות לחופש ביטוי (והמשיבה העלתה טענה דומה בהליכי הסעד הזמני).
זאת ועוד, "המושג ההדדיות בסעיף 4(א) לחוק האכיפה פורש לא באורח צר ונוקשה אלא במבט
רחב וחובק-אופק. גם הדדיות מרוככת וממותנת תגשים את תכליתה הכללית והעיקרית של
16

האכיפה, וההתכלית תאצול על הפירוש" (ע"פ 7569/00 גנאדי יגודייב - חיזגויל פיסחזוב נ' מדינת ישראל, פ"ד נו (4) 529, בע' 569). על כן, אין בוחנים אם בית משפט בארצות הברית היה אוכף פסק דין זהה של בית משפט בישראל, מאחר שכלשון הנשיא שמצר "התנאי שבסעיף 4(א) לחוק הנ''ל מתייחס להרדריות הכלליות שבאכיפה ולא להדדיות לגבי סוג ספציאלי של פסקים דווקא" (בע"א 619/89 קסון נ' קסון, פ"ד מה(2) 656, בע' 658).

### סכום דברים

27. המשיבה התייצבה להליכים בבית המשפט הפדראלי הנוגעים למתן סעד זמני למבקשת והעלתה טענת חוסר סמכות, לצד טענות נוספות. לאחר שהוצא הסעד הזמני, החליטה המשיבה שלא לעמוד על משמר זכויותיה. אז ניתן נגדה פסק דין בהיעדר הגנה. פסק הדין מבוסס, בין היתר על סימן המסחר שיש למבקשת במוצרי AHAVA, אשר המשיבה עושה בו שימוש אגב שיווקם של מוצרים אלה בארצות הברית באמצעות אתר האינטרנט הממוקם בישראל. המבקשת הצליחה להראות שהתקיימו התנאים המנויים בסעיף 3 לחוק האכיפה, לרבות עמידה בתקנת הציבור בישראל, והמשיבה לא הצליחה לבסס את טענות ההגנה הנזכרות בסעיף 6 של חוק האכיפה, לרבות הטענה הנוגעת לחוסר סמכות בינלאומית על פי הדין הישראלי.

אשר על כן אני מקבל את מכריי על פסק הדין כבר אכיפה בישראל. המשיבה תישא בהוצאות הליך זה וכן בשכר טרחת עורך דין בסכום של 10,000 ₪ בתוספת מע''מ כדין.

ניתן היום, כ''ה בתשרי תשס''ה (10 באוקטובר 2004), בהעדר הצדדים. המזכירות תמציא העתקים לב''כ הצדדים.

בעז אוקון, שופט

נוסח מסמך זה כפוף לשינויי ניסוח ועריכה

נבו הוצאה לאור בע''מ nevo.co.il המאגר המשפטי הישראלי

T:\Autorecover\OLK\m04003137-528.doc



## Manning, Susan Baker

| | |
|---|---|
| **From:** | Eliot.Williams@bakerbotts.com |
| **Sent:** | Wednesday, January 06, 2010 3:10 PM |
| **To:** | Manning, Susan Baker |
| **Cc:** | Robert.Scheinfeld@bakerbotts.com; jennifer.tempesta@bakerbotts.com; zzm google/red bend (ext); Steven.Liquori@bakerbotts.com; joseph.akalski@bakerbotts.com |

**Subject:** RE: Red Bend v. Google - Revised PO

Ms. Manning:

We've summarized the holding in my letter. I provided a copy of the document as a courtesy. I'm happy to provide a declaration of an Israeli attorney confirming the accuracy of that summary. We are not willing, however, to incur unnecessary translation costs.

Regards,
Eliot

### ELIOT D. WILLIAMS
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2563 - Direct dial
(212) 259-2563 - Direct fax
eliot.williams@bakerbotts.com
PGP Public Key available upon request

---

This e-mail (including any attachment) is confidential and may be privileged under federal or state law. Use or disclosure of this material by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please contact the author at eliot.williams@bakerbotts.com and delete this e-mail from each computer on which it was received.

---

**From:** Manning, Susan Baker [mailto:susan.manning@bingham.com]
**Sent:** Wednesday, January 06, 2010 3:05 PM
**To:** Williams, Eliot D.
**Cc:** Scheinfeld, Robert C.; Tempesta, Jennifer C.; zzm google/red bend (ext); Liquori, Steve; Akalski, Joseph
**Subject:** RE: Red Bend v. Google - Revised PO

Mr. Williams --
As I have previously expressed, it does not move us toward resolution of this issue to ask Google to rely on documents in a foreign language. If you would like Google to consider the document you attach, please provide an English translation.

Susan

---

Susan Baker Manning
*Partner*

T 202.373.6172
F 202.373.6001
susan.manning@bingham.com
B I N G H A M
Bingham McCutchen LLP
2020 K Street NW
Washington, DC 20006-1806

---

**From:** Eliot.Williams@bakerbotts.com [mailto:Eliot.Williams@bakerbotts.com]
**Sent:** Wednesday, January 06, 2010 2:55 PM
**To:** Manning, Susan Baker
**Cc:** Robert.Scheinfeld@bakerbotts.com; jennifer.tempesta@bakerbotts.com; zzm google/red bend (ext);
Steven.Liquori@bakerbotts.com; joseph.akalski@bakerbotts.com
**Subject:** RE: Red Bend v. Google - Revised PO

Susan:
See attached.
-Eliot

**ELIOT D. WILLIAMS**
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2563 - Direct dial
(212) 259-2563 - Direct fax
eliot.williams@bakerbotts.com
PGP Public Key available upon request

---

This e-mail (including any attachment) is confidential and may be privileged under federal or state law. Use or
disclosure of this material by anyone other than a designated addressee is unauthorized. If you are not an
intended recipient, please contact the author at eliot.williams@bakerbotts.com and delete this e-mail from each
computer on which it was received.

---

**From:** Manning, Susan Baker [mailto:susan.manning@bingham.com]
**Sent:** Tuesday, December 22, 2009 6:38 PM
**To:** Williams, Eliot D.
**Cc:** Scheinfeld, Robert C.; Tempesta, Jennifer C.; zzm google/red bend (ext)
**Subject:** RE: Red Bend v. Google - Revised PO

Dear Eliot --
Please see attached correspondence regarding the protective order.

regards,
Susan

---

1/11/2010