UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RED BEND LTD. and RED BEND
SOFTWARE INC.,

                            Plaintiffs,

          v.

GOOGLE INC.,

                            Defendant.

                                  Civil Action No.  09-cv-11813-DPW

GOOGLE INC.,

                       Counterclaim-Plaintiff,

          v.

RED BEND LTD. and
RED BEND SOFTWARE INC.,

                       Counterclaim-Defendants.

## STIPULATED PROTECTIVE ORDER

       To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes

over confidentiality of discovery materials, to adequately protect information the parties are

entitled to keep confidential, to ensure that only materials the parties are entitled to keep

confidential are subject to such treatment, and to ensure that the parties are permitted reasonably

necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R.

Civ. P. 26(c), it is HEREBY ORDERED THAT:

## I.    INFORMATION SUBJECT TO THIS ORDER

       Discovery materials produced in this case may be labeled as one of three categories:

CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and RESTRICTED

A/73264848.1

CONFIDENTIAL - SOURCE CODE, as set forth in Items A-C below. All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information." Any documents derived from or containing Protected Information must also be designated with the appropriate category of confidentiality, according to the terms of this Order.

### A. Information Designated "CONFIDENTIAL"

1. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, reasonably and in good faith considers to constitute or to contain trade secrets or other confidential research and development, technical, sales, marketing, financial, personnel, customer, vendor, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.  Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation "CONFIDENTIAL" in writing.

A/73264848.1

4.     Except as otherwise provided in paragraph 12, any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and mark the appropriate documents CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL - SOURCE CODE prior to furnishing copies to the receiving party.

5.     The following are examples of information that is not Protected Information:

a.     Published advertising or website materials;

b.     Any information which is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order;

c.     Any information that the receiving party can show by written records was already known to it prior to the disclosure, provided that it was either 1) received from the producing party and was not received under an obligation of confidentiality to the producing party, or 2) received from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party;

d.     Any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

e.     Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Protected Information.

A/73264848.1

6.      Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a.      Outside litigation counsel of record and supporting personnel employed in or by the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

b.      Technical advisers and other experts as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B) and their necessary support personnel, subject to the provisions of paragraphs 15-18 herein, and who have signed the form attached hereto as Attachment A;

c.      Up to three (3) in-house counsel with responsibility for managing this litigation, up to three (3) employees in a party's legal department necessary to assist them in this litigation (*i.e.*, clerical staff or paralegals), and up to three (3) employees of a party who either have responsibility for making decisions dealing directly with the litigation in this action or who are assisting outside counsel in preparation for proceedings in this action all of whom have signed the form attached hereto as Attachment A;

d.      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e.      Independent legal translators retained to translate in connection with this action, and independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

f.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; and

g.　　Commercial copy vendors retained by counsel for purposes of this action, and commercial electronic document management vendors retained by counsel for purposes of this action, who have signed the form attached hereto as Attachment A.

**B.　　Information Designated "CONFIDENTIAL ATTORNEYS' EYES ONLY"**

7.　　CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION is limited to information that meets the standard set out about for CONFIDENTIAL INFORMATION and that additionally constitutes commercially sensitive competitive information which is likely to cause harm to the competitive position of the producing party if disclosed to third parties; CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); and financial terms of license and/or settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.　In determining whether information should be designated as CONFIDENTIAL ATTORNEYS' EYES ONLY, each party agrees to use such designation only in good faith.

8.　　Any document or tangible thing containing or including any CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL ATTORNEYS' EYES ONLY" prior to or at the time copies are furnished to the receiving party.

9.　　All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation "CONFIDENTIAL ATTORNEYS' EYES ONLY" in writing.

A/73264848.1

10.     Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY and information contained therein shall be available only to:

a.     Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

b.     Up to three (3) in-house counsel with responsibility for managing this litigation and up to three (3) employees in a party's legal department necessary to assist them in this litigation (*i.e.,* clerical staff or paralegals), all of whom have signed the form attached hereto as Attachment A.  In addition, any in-house counsel wanting access to CONFIDENTIAL ATTORNEYS' EYES ONLY information shall be admitted in this action *pro hac vice* and submit a declaration to the Court that they are not involved in competitive decisionmaking.

c.     Technical advisers and other experts as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B) and their necessary support personnel, subject to the provisions of paragraphs 15-18 herein, and who have signed the form attached hereto as Attachment A;

d.     The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e.     Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

f.     Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions;

g.     Commercial copy vendors retained by counsel for purposes of this action, and commercial electronic document management vendors retained by counsel for purposes of this action, who have signed the form attached hereto as Attachment A;

h.     Independent legal translators retained to translate in connection with this action ;

## C.     Information Designated "RESTRICTED CONFIDENTIAL —SOURCE CODE"

11.     Documents or other things that contain a party's source code shall be considered RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION if they have been designated by the party with the phrase "RESTRICTED CONFIDENTIAL-SOURCE CODE." Parties will so designate source code only if they reasonably and in good faith believe that the source code constitutes or contains confidential and/or trade secret source code or object code. Parties will so designate other documents or things that include confidential and/or trade secret source code or object code only if they reasonably and in good faith believe that the documents or thing constitutes or contains confidential and/or trade secret source code or object cannot reasonably be segregated from the document or thing. Items designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" may be made available for review at a single secure site at the producing party's discretion, either (1) at the producing party's counsel's office or (2) at another single secure site selected by the producing party. The conditions set out in paragraph 12 hereof shall govern the production, review and use of RESTRICTED CONFIDENTIAL - SOURCE CODE INFORMATION.

12.     All source code produced shall be deemed designated as "RESTRICTED CONFIDENTIAL — SOURCE CODE" unless designated otherwise by the producing party.  All

Protected Information designated as "RESTRICTED CONFIDENTIAL — SOURCE CODE,"

shall be subject to the following provisions:

a.      All source code will be made available by the producing party to the

receiving party's outside counsel and/or technical advisors and other experts as described in Fed.

R. Civ. Pro. 26(b)(4)(A) and (B) in a private room on a secured computer without Internet access

or network access to other computers, as necessary and appropriate to prevent and protect against

any unauthorized copying, transmission, removal or other transfer of any source code outside or

away from the computer on which the source code is provided for inspection (the "Source Code

Computer"). The producing party shall be obligated to install such tools or programs reasonably

necessary to review and search the code produced on the platform produced.

b.      The receiving party's outside counsel and/or technical advisors and other

experts as described in Fed. Civ. Pro. 26(b)(4)(A) and (B) shall be entitled to take notes

relating to the source code but may not copy the source code into the notes. Such notes shall be

subject to the provisions of section 12(g), below. No copies of all or any portion of the source

code may leave the room in which the source code is inspected except as otherwise provided

herein. Further, no other written or electronic record of the source code is permitted except as

otherwise provided herein.

c.      The producing party shall make available a laser printer with

commercially reasonable printing speeds for on-site printing during inspection of the code. The

receiving party may print (but not keep) portions of the source code only when reasonably

necessary to facilitate the receiving party's preparation of the case, including when reasonably

necessary to prepare any filing with the Court or to serve any pleadings or other papers on any

other party; to prepare internal attorney work product materials; or to prepare other necessary

case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences. The receiving party shall print in the viewing room only such portions as are reasonably necessary for the purposes for which any part of the source code is printed at the time. In no event may the receiving party print more than 25 consecutive pages and no more than 250 pages of source code in aggregate during the duration of the case without prior written approval by the producing party. Upon printing any such portions of source code in the viewing room, the actual printed pages shall be provided at the time to the producing party, and no originals or copies shall be made or retained by the receiving party. The producing party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL-SOURCE CODE" any pages printed by the receiving party, and such Bates-numbered pages shall constitute part of the source code produced by the producing party in this action. If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days. If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a Court resolution of whether the printed source code in question is not reasonably necessary to any case preparation activity. In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one copy set of such pages to the receiving party within five (5) business days and shall retain one copy set.

d.      A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection. The receiving party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart. The producing party shall

A/73264848.1

be entitled to have a person observe all entrances and exits from the source code viewing room, and to a copy of the log. A copy of Attachment B to this Order shall be prominently displayed to, and the rules set forth therein shall be followed by, all individuals accessing the source code viewing room.

e. Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or technical advisors shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The producing party shall not be responsible for any items left in the room following each inspection session.

f. Other than as provided in Paragraph 12(c) above, the receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

g. The outside counsel and Technical Advisors and other experts as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B) (who have been approved to access source code under paragraphs 15-18) for a receiving party shall maintain and store the bates numbered source code or notes related to such source code (as referenced in paragraph b of this section) at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when it is not in use;

h. The receiving party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the source code provided pursuant to sub-

paragraph 11(c), not including copies attached to court filings, and shall maintain a log of all copies of the source code (received from a producing party) that are provided by the receiving party to any qualified person under sub-paragraph (m) below of this section. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Any paper copies of source code shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of technical advisors who have been approved to access source code under paragraphs 15-18; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a locked and secure location. The producing party shall not unreasonably deny a receiving party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order. The producing party shall be entitled to a copy of the log upon request, and at the conclusion of the litigation.

i.       The receiving party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used. As an example, excerpts of approximately 25 to 40 lines in length would be allowed.

j.       To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped RESTRICTED CONFIDENTIAL — SOURCE CODE or (2) those pages containing quoted source code will be separately bound,

A/73264848.1

and stamped as RESTRICTED CONFIDENTIAL — SOURCE CODE. All SOURCE CODE DOCUMENTS shall be filed under seal in accord with the instructions of the Court.

k.      All paper copies shall be securely destroyed immediately as and when they become no longer necessary in the litigation (*e.g.*, extra copies at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

l.      The Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (*e.g.*, may not scan the source code to PDF - portable document format, or photograph the code). The Receiving Party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court, or to serve any pleadings or other papers on any other party (including expert reports), or to create exhibits for display at trial. Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

m.      Source code will only be made available to individuals specified in Paragraph 10(a) (c) (d) and (e) above (*e.g.*, source code may not be disclosed to in-house counsel).

## II.      PATENT APPLICATION PROSECUTION BAR

13.      The phrase "PROSECUTION BAR materials" refers to those documents that have been designated CONFIDENTIAL ATTORNEYS' EYES ONLY, and RESTRICTED CONFIDENTIAL—SOURCE CODE by the Parties and which are documents comprising or

containing non-public technical information, such as source code, system diagrams, flow charts, white papers, engineering specifications, research and development materials and the like. The following documents and materials shall not be considered or classified as PROSECUTION BAR materials: (i) publications, including patents and published patent applications; (ii) materials regarding third party systems or products that were publicly known, on sale, or in public use before August 18, 1998; and (iii) information that is publicly available.

14.     Any person employed by, providing legal representation to, or associated with a party in this matter and who reviews any of an opposing party's PROSECUTION BAR materials shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this case (including any appeals) engage in any PROSECUTION ACTIVITY as defined hereinafter and involving the technical subject matter of the reviewed PROSECUTION BAR materials on behalf of a party to this action (or successor-in-pertinent-interest) in this case. Furthermore, any such person reviewing PROSECUTION BAR materials involving differential compression algorithms of another party to this action shall not, for a period commencing upon receipt of such information and ending one year following the date a party provides a certification of destruction or return of all Protected Information (pursuant to paragraph 33 of this Protective Order) engage in any PROSECUTION ACTIVITY involving claims on a method, apparatus or system for a differential compression algorithm.

15.     PROSECUTION ACTIVITY shall mean: (1) prepare and/or prosecute or otherwise aid substantively in preparing or prosecuting any patent application (or portion thereof), whether design or utility, and either in the United States or abroad, on behalf of a patentee or assignee of patentee's rights; (2) prepare or otherwise aid substantively in the drafting of patent claim(s) on behalf of a patentee or assignee of patentee's rights; (3) for a patent

-13-

application, reissue, or reexamination proceeding on behalf of the patentee or assignee of patentee's rights, provide substantive advice, counsel or suggestions regarding claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s).

As an example and to avoid doubt, in connection with a reexamination or reissue proceeding, preparing an analysis of Prior Art as compared to the existing claims of a patent or preparing a non-obviousness analysis as compared to the existing claims of a patent would not be PROSECUTION ACTIVITY. As a further example and to avoid doubt, this section does not prevent any attorney from challenging the validity or enforceability of any patent, including without limitation, in proceedings in this court or reexamination or reissue proceedings in the United States or foreign patent offices. The parties expressly agree that the bar to PROSECUTION ACTIVITY set forth herein shall be personal to any attorney who reviews PROSECUTION BAR material and shall not be imputed to any other persons or attorneys at the attorneys' law firm or company. Moreover, the mere fact of a first attorney sending Prior Art to a second attorney, where the second attorney is involved in PROSECUTION ACTIVITY shall not be construed as involvement by the first attorney in PROSECUTION ACTIVITY. Prior Art in that context only shall mean (i) publications, including patents and published patent applications; and (ii) materials or information regarding third party systems or products that were publicly known, on sale, or in public use before August 18, 1998.

## III.   DISCLOSURE OF TECHNICAL ADVISERS

16.     No disclosure of Protected Information to a technical adviser or other expert as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B) or their necessary support personnel shall

A/73264848.1

occur until that person has signed the form attached hereto as Attachment A; and to the extent there has been an objection under paragraph 18, that objection is resolved as discussed below.

17.	A party desiring to disclose Protected Information to a technical adviser or other experts as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B) shall also give prior written notice (same day delivery) to the producing party, who shall have seven (7) business days after such notice is given to object in writing. The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period unless the producing party has prior thereto consented.

18.	A party objecting to disclosure of Protected Information to a technical adviser or other expert as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B) shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting party's consent to the disclosure of Protected Information to a technical adviser or other expert as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B) shall not be unreasonably withheld.  Its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser or other expert as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B) substantially risks non-trivial competitive business or economic harm to that party (under any safeguards proposed), and the objection must describe with particularity the harm risked by the disclosure of the Protected Information.  The objecting party shall have the burden of showing to the Court good cause for preventing disclosure of its

Protected Information to the technical adviser or other expert as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B).

19.     If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser or other expert as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B) refuses to withdraw the request for disclosure, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within seven (7) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the seven (7) business day period shall operate as an approval of disclosure of the Protected Information to the technical adviser or other expert as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B). The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

## IV.     CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

20.     The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

21.     A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best

-16-

efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party may request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

22.     Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## V.     LIMITATIONS ON THE USE OF PROTECTED INFORMATION

23.     All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any other purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

24.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

a.     A present or former director, officer, or employee of a producing party may be examined and may testify at deposition or trial concerning all Protected Information which has been produced by that party and either (1) identifies on its face the director, officer, and/or employee as an author or recipient, (2) concerns a subject matter of which the director, officer and/or employee has knowledge or (3) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify regarding.

b.     Technical advisors or other experts as described in Fed. R. Civ. Pro. 26(b)(4)(A) and (B) of a producing party may be examined and may testify at deposition or trial

concerning all Protected Information which has been produced by that party and all other Protected Information to which he or she is allowed access under the terms of this Protective Order.

c.     Non-parties may be examined or testify at deposition or trial concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any pre-litigation contact or relationship with the producing party or a representative of the producing party, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the party taking the deposition shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from misusing or disclosing Protected Information.

25.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected

Information or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings. No further order of Court is necessary to permit filing under seal of material so designated.

26. Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder. Notwithstanding the foregoing and with regard to material designated as RESTRICTED CONFIDENTIAL—SOURCE CODE, the provisions of Section C are controlling to the extent those provisions differ from this paragraph.

27. Protected Information shall not be copied or otherwise reproduced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information other than RESTRICTED CONFIDENTIAL—SOURCE CODE material into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

-19-

28.     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY" and/or "RESTRICTED CONFIDENTIAL—SOURCE CODE" by the reporter. This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript. Deposition transcripts shall be treated as CONFIDENTIAL ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

29.     Where Protected Information is used at trial, it is the burden of the Designating Party whose documents or materials are being used to make arrangements with the Court to ensure that its Protected Information remains confidential; however, where Protected Information is to be used at trial by a party other than the Designating Party, the Designating Party must be notified at least ten (10) days before trial, so that the Designating Party is able to make arrangements with the Court to ensure that its Protected Information remains confidential.

## VI.     NONPARTY USE OF THIS PROTECTIVE ORDER

30.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

31.     A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty to access to the Protected Information produced by any party in this case.

A/73264848.1

## VII.   NO WAIVER OF PRIVILEGE

32.     Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right or immunity. If any party inadvertently or unintentionally produces materials protected under the attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly (but no later than five (5) business days) after the discovery of the inadvertent or unintentional production and providing a privilege log for the inadvertently or unintentionally produced materials. The recipient(s) shall gather and return all copies of the privileged or immune material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Notwithstanding the above, the recipient may challenge the basis upon which the producing party relies to claim privilege or immunity, and no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

## VIII.  MISCELLANEOUS PROVISIONS

33.     Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record for the party against whom such waiver will be effective.

34.     Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The producing party shall notify the receiving parties promptly (but no later than five (5) business days) after the discovery of the error in writing and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend. In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall upon discovery immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

35.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the receiving party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information, not embodied in physical objects and documents shall remain subject to this Order. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing,

A/73264848.1

outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY information for archival purposes only, except such outside counsel shall not retain any RESTRICTED CONFIDENTIAL-SOURCE CODE materials. If a party destroys Protected Information, the destruction must be by means satisfactory to the producing party, and the party must provide a Certificate of Destruction to the producing party.

36.     If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof within three business days to every party who has produced such documents and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

37.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

A/73264848.1

38.     Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

39.     The United States District Court for the District of Massachusetts, is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the District of Massachusetts.

40.     Testifying experts' draft reports and notes will not be subject to document discovery or deposition, except to the extent relied upon by the expert in the final version of his or her report(s).

**IT IS SO ORDERED.**

Dated: _____          _____
                                        Hon. Douglas P. Woodlock
                                        United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RED BEND LTD. and RED BEND
SOFTWARE INC.,

                     Plaintiffs,

      v.

GOOGLE INC.,

                     Defendant.

Civil Action No.  09-cv-11813-DPW

GOOGLE INC.,

                Counterclaim-Plaintiff,

      v.

RED BEND LTD. and
RED BEND SOFTWARE INC.,

                Counterclaim-Defendants.

## STIPULATED PROTECTIVE ORDER
## ATTACHMENT A

1. My name is (please print) _____.

2. I reside at _____.

3. My present employer is _____.

4. My present occupation or job description is _____

_____ _____.

5. I am an inventor, applicant, assignee, and/or involved in the filing or prosecution of

the following patents and patent applications (identify by number, country, and subject matter if

not published): _____

_____ _____.

6.  I have been engaged as _____ on behalf of _____

_____ in connection with the litigation styled *Red Bend Ltd. v. Google Inc*., Case No. 09-11813, pending in the United States District Court for the District of Massachusetts.

7.  I have read the Stipulated Protective Order dated _____, 2009 entered in the above-captioned litigation (the "Protective Order")**.**  I am fully familiar with and agree to comply with and be bound by the provisions of the Protective Order.  In the event of any dispute regarding my compliance with the terms of the Protective Order, I hereby submit myself to the jurisdiction of the state or federal courts of the State of Massachusetts and waive any defense based on lack of personal jurisdiction, insufficient service of process, or improper venue.  Any motion or complaint seeking an order compelling my compliance with the Protective Order may be served by airmail or overnight delivery at my residence address identified above**.**  I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writing s prepared by me containing any CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information are to be returned to counsel who provided me with such material or destroyed as directed by such counsel.

8.  I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

9.  In accordance with paragraph 17 of the Agreed Protective Order, I have attached my curriculum vitae, current employer, and employment (including consulting) history of the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

10.  I state under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on _____, at _____,

_____

A/73264848.1

# RULES GOVERNING THE USE OF
# SOURCE CODE ROOM

1. You may not copy, remove, transmit or otherwise transfer any source code from any computer in this viewing room including, without limitation, copying the source code onto any other computer or device (such as a USB drive or cell modem).

2. You may take notes relating to the source code, but may not copy the source code into the notes.

3. You may print (but not keep) portions of the source code only when reasonably necessary to facilitate your preparation of the case. You may print no more than 25 consecutive pages and no more than 250 pages of source code in aggregate during the duration of the case. Upon printing, you shall provide the actual printed pages to the producing party, and no originals or copies shall be made or retained by you. The producing party shall thereafter either provide a Bates-numbered version of the printed section to counsel for the receiving party, or shall object to such production.

4. Any notes you make relating to the source code, or Bates-numbered source code excerpts you receive, shall be maintained by you in a manner that prevents duplication of or unauthorized access, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when it is not in use.

5. You may not create electronic images, or any other images, of the source code (e.g., you may not scan or photograph the source code).

6. You may not disclose the source code or your notes regarding the source code to any person, except as specifically authorized by the Stipulated Protective Order.

7. The receiving party shall maintain a daily log of the names of persons who enter the locked room to view the source code, and the times when they enter and depart.

8. Entrances and exits to this room may be monitored to verify compliance with these rules.

A/73264848.1

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, by federal express, on January 19, 2010.

/s/  David M. Magee             .
David M. Magee